1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile:  650.494.0792

6  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
7  DIEK O. VAN NORT (CA SBN 273823)
   DVanNort@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: 415.268.7000
10 Facsimile:  415.268.7522

11 MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
12 MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
13 Washington, District of Columbia 20037
   Telephone: 202.887.1500
14 Facsimile:  202.887.0763

15 Attorneys for Plaintiff
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,<br><br>Defendants. | Case No. 22-cv-02637-EJD<br><br>**DECLARATION OF MARY PRENDERGAST IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DECLARATIONS IN SUPPORT OF *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE** |

I, Mary Prendergast, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I submit this declaration in support of Apple's Administrative Motion to File Under Seal portions of the Declarations of Daniel Murray, Daniel Roffman (including Appendix B), and Bryan Wilson, and Exhibits F-G and O-Q to the Declaration of Bryan Wilson in Support of its *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and an Order to Show Cause.

2. The information that Apple seeks to seal contains its asserted trade secrets and other Apple confidential information, is narrowly tailored, and is not generally known by the public. The information also includes confidential business information that would harm Apple's competitive standing if released. The information also includes personally identifying information, including names, addresses, and phone numbers, of individuals not named in the Complaint that would harm at least those individuals' privacy if released.

3. In accordance with Civil Local Rule 79.5(e), below is an identification of documents the Apple asserts contain confidential information:

| ECF or Exh. No. | Document | Portion(s) to Seal | Basis for Sealing |
|---|---|---|---|
| | Declaration of Daniel Murray in Support of Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause | Highlighted portions. | This document contains confidential Apple information including details of technology Apple has asserted as a trade secret. *See* Murray Declaration ¶¶ 16-23. Public disclosure of this information would cause harm to Apple. *Id.* |
| | Declaration of Daniel Roffman in Support of Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause | Highlighted portions and Appendix B. | The highlighted portions and Appendix B contain confidential Apple information including details of technology Apple has asserted as a trade secret, and also contain technical details, forensic analysis, and personally identifying information of unnamed individuals. Public disclosure of this information would cause harm to Apple and could cause harm to unnamed individuals. |

| ECF or Exh. No. | Document | Portion(s) to Seal | Basis for Sealing |
|---|---|---|---|
| | Declaration of Bryan Wilson in Support of Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause | Highlighted portions. | The highlighted portions contain or refer to personally identifying information of individuals not named in the Complaint. Public disclosure of this information could potentially cause harm to these unnamed individuals. |
| | Exhibits F-G and O-Q to Declaration of Bryan Wilson in Support of Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause | Highlighted portions. | The highlighted portions contain or refer to personally identifying information of individuals not named in the Complaint. Public disclosure of this information could cause harm to these unnamed individuals. |

3.     I have reviewed the Declaration of Daniel Murray in Support of Apple's *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and an Order to Show Cause, and confirm that the document contains detailed descriptions of Apple's trade secrets and other confidential technical information, along with sensitive commercial information. Specifically, the document contains confidential and proprietary information about Apple's SoC design process and chip specifications; information that is not public and represents many years and billions of dollars' worth of proprietary research and development. Courts routinely seal documents that contain trade secret and confidential information. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, No. C 13-03644 SI, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014) (granting a motion to seal "because the documents contain proprietary and confidential information that includes Prolifiq's purported trade secrets."); *see also Pohly v. Intuitive Surgical, Inc.*, No. 15-CV-04113-MEJ, 2017 WL 878019, at *4 (N.D. Cal. Mar. 6, 2017) (same). Apple's trade secrets are not publicly known, and their confidentiality is strictly maintained. Public disclosure of this information would allow competitors to gain insight into detailed aspects of Apple's unreleased products and technical development, which would allow other competitors, besides Defendant, to capitalize on Apple's decades of research and development to the detriment of Apple. The document also describes nonpublic, commercially sensitive information about current and future Apple SoC designs that are highly valuable to Apple and would give competitors an unfair advantage should this information be made public. Such information warrants sealing. *See Dugan v. Lloyds TSB Bank,*

1  *PLC*, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There
2  may be 'good cause' to seal records that . . . contain . . . development or commercial information,
3  or if disclosure of the information might harm a litigant's competitive standing") (citation
4  omitted); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL
5  12789020, at *1 (N.D. Cal. Aug. 8, 2014) (granting motion to seal information that poses a
6  substantial risk of negatively impacting relationships and competitive interests).  Finally, the
7  declaration includes Apple's sensitive commercial information, including information about
8  research and development for specific projects, disclosure of which could damage Apple's
9  competitive standing.  *See Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-2549-WHA (NJV), 2013
10 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . .
11 contain . . . development or commercial information, or if disclosure of the information might
12 harm a litigant's competitive standing") (citation omitted); *see also Verinata Health, Inc. v.
13 Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 12789020, at *1 (N.D. Cal. Aug. 8, 2014)
14 (granting motion to seal information that poses a substantial risk of negatively impacting
15 relationships and competitive interests).

16      4.      I have also reviewed the Declaration of Daniel Roffman in Support of Apple's *Ex*
17 *Parte* Motion for Temporary Restraining Order, Expedited Discovery, and an Order to Show
18 Cause, along with Appendix B to the Roffman Declaration, and confirm that they contain detailed
19 descriptions of technical information related to the internal operations, structure, and workflow of
20 Apple's business, including information about the technical details and organization of Apple's
21 highly confidential engineering projects.  For instance, the declaration and appendix identify
22 forensic details revealing Apple's proprietary project names, internal data policies, and
23 organizational structure.  Such information warrants sealing.  If made public, this information
24 would harm Apple's competitive standing by revealing detail regarding its internal operations,
25 technology infrastructure, and proprietary projects.  *See, e.g.*, *Bofi Fed. Bank v. Erhart*, No. 15-
26 cv-02353-BAS, 2016 WL 4595536, at *2-3 (S.D. Cal. June 22, 2016) (granting motion to seal
27 digital forensics declaration containing file names which revealed confidential information
28 regarding business operations and movant's technology infrastructure); *see also, e.g.*, *In re*

1  *Google Inc. Gmail Litig*., No. 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25,
2  2013) (granting motion to seal sensitive materials relating to how Google technology operates);
3  *Transperfect Global, Inc. v. Motionpoint Corp*., No. C 10-2590 CW, 2013 WL 209678 (N.D.
4  Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about
5  the sealing party's internal business operations and technology).

6        5.    I have also reviewed the Declaration of Bryan Wilson in Support of Apple's *Ex
7  Parte* Motion for Temporary Restraining Order, Expedited Discovery, and an Order to Show
8  Cause and confirm the highlighted portions of both the Declaration and Exhibits F, G, O, P, and
9  Q contain personally identifying information, including names, addresses, and phone numbers,
10 for individuals not named in the Complaint.  These individuals include former Apple employees,
11 none of whom are officers or directors of Apple.  Such personally identifying information of
12 unnamed individuals warrants sealing.  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-
13 CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015); *see also In re Rocket Fuel
14 Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *7 (N.D. Cal. Jan. 24, 2017)
15 (finding good cause to seal "the names of Rocket Fuel employees who are not officers, directors,
16 or named defendants in this matter").

17     I declare under penalty of perjury that the foregoing is true and correct.  Executed at
18 Washington, District of Columbia, on this 20th day of May, 2022.

                                            */s/ Mary Prendergast*
                                            Mary Prendergast

**ATTESTATION OF E-FILED SIGNATURE**

I, Bryan Wilson, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Mary Prendergast has concurred in this filing.

Dated: May 20, 2022

*/s/ Bryan Wilson*
Bryan Wilson