# EXHIBIT D

**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
PALO ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

Writer's Direct Contact
+1 (650) 813-5603
BWilson@mofo.com

April 29, 2022

***Via Federal Express and Electronic Mail***

Bhasi Kaithamana
755 Chateaus Dr.
Coppell, TX 75019
bhasi@yahoo.com

Dear Mr. Kaithamana:

      We represent Apple Inc.  Apple filed a complaint today in the United States District Court for the Northern District of California naming you, your current employer Rivos, and another Rivos employee as defendants.  A copy of the complaint is attached to this letter.  Apple filed this suit seeking the return of its proprietary and trade secret information and to prevent the use or disclosure of that proprietary and trade secret information.  If you return Apple's proprietary and trade secret information in your possession and have not accessed or made use of that information after your departure from Apple, we believe we can resolve this matter cooperatively.

      As part of your employment at Apple, you signed an Intellectual Property Agreement relating to the treatment of Apple proprietary information and intellectual property.  A copy of that agreement is attached.  On August 18, 2021, you executed a Checklist for HWT Departing Employees, acknowledging that you were subject to the Intellectual Property Agreement you had signed with Apple and that you had returned all Apple proprietary and trade secret information in your possession.

      Among other things, the Intellectual Property Agreement on page 2 requires you to "keep all [Apple] Proprietary Information in confidence and trust for the tenure of your employment and thereafter, and that you will not use or disclose Proprietary Information without the written consent of Apple. . . . Upon termination of your employment with Apple, you will promptly deliver to Apple all documents and materials of any kind pertaining to your work at Apple, and you agree that you will not take with you any documents, materials, or copies thereof . . . containing any Proprietary Information."

      Our investigation has shown that you retained Apple proprietary and trade secret information after you resigned from Apple, and that you have taken at least the following actions that give rise to Apple's claims:

SF-4812204

MORRISON | FOERSTER

April 29, 2022
Page Two

- Just prior to your termination, you created a new folder on your Apple-issued computer and copied over Apple documents containing proprietary and trade secret information. Many of the files you copied related to Apple's proprietary and trade secret SoC designs, including for unreleased projects. You continued amassing a collection of Apple's proprietary and trade secret SoC design files until your last day at Apple.
- On August 14, 2021, you renamed that new folder "APPLE_WORK_DOCS" and continued adding Apple documents to it. You connected a USB drive seven times between August 14 and 15, and opened untitled new Excel, Keynote, and Numbers documents on the USB drive. These document names correspond to documents on your computer that contain Apple confidential information, including documents that were marked Apple Proprietary & Confidential. You then viewed file listings for folders with Apple documents containing proprietary and trade secret information. While viewing these file listings, you repeatedly opened documents but then cleared the list of recently opened documents to conceal the documents you were accessing. By the time of your termination, your APPLE_WORK_DOCS folder contained thousands of Apple documents. You copied files to that USB drive during the August 14-15 period.
- Although you acknowledged by executing the Checklist for HWT Departing Employees that you had not wiped your Apple-issued devices, you deleted data from your Apple-issued computer including clearing browsing history, recent applications access list, recent search lists, and many emails.

The actions you have taken to retain Apple proprietary and trade secret information breached your signed agreements with Apple, including at least the Intellectual Property Agreement; and constitute misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1832(a)(1).

You are on notice that you need to take immediate steps to preserve all evidence relating to your retention, use, copying, and transfer of Apple proprietary and trade secret information on or from any device or storage drive, including but not limited to any external hard drives, cloud backups, Time Machine backups, laptops, personal computers or tablets, mobile phones, instant messaging applications, and email. This includes preservation of all metadata associated with these actions and these devices. At this point, because a lawsuit has been filed, you may not delete these items. You should consult with an attorney if you have any questions about this issue or any of the other items raised in this letter.

In addition to preserving this information, you need to immediately cease any use of Apple proprietary and trade secret information and confirm that you have not used or disclosed any of that information. Apple will also need you to enter into a mutually acceptable plan to return to Apple all proprietary and trade secret information in your possession in a manner that will ensure the preservation of the information and all metadata associated with it. In addition, to confirm that the information has not been used or disclosed, Apple asks that you agree to an inspection by a third-party digital forensics analyst of any device or storage drive that contained

SF-4812204

MORRISON | FOERSTER

April 29, 2022
Page Three

or was used to transfer any of your retained Apple proprietary and trade secret information.  This includes, but is not limited to any external hard drives, cloud backups, Time Machine backups, laptops, personal computers or tablets, mobile phones, and instant messaging applications that contained or transferred any such information.

Please confirm in writing by no later than close of business on May 4, 2022 that you will agree to these requests.  Should you have any questions, we can be reached by email at bwilson@mofo.com.  If you are represented by an attorney, please have your attorney contact us directly.

Sincerely,

*Bryan Wilson*

Bryan Wilson

Enclosures

cc:  Rivos, Inc.

SF-4812204