# EXHIBIT J

**quinn emanuel** trial lawyers | chicago

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606-1881 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7488**

WRITER'S EMAIL ADDRESS
**stephenswedlow@quinnemanuel.com**

May 6, 2022

Bryan Wilson
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5603
bwilson@mofo.com

Re:   <u>Apple Inc. v. Rivos, Inc. et al</u>, Case No. 5:22-cv-02637-NC (N.D. Cal.)

Counsel,

We write on behalf of our clients Rivos, Inc. ("Rivos") and Shih-Chieh ("Ricky") Wen with respect to Apple's Complaint filed in the above-referenced case. Please direct all future communications relating to Rivos and Mr. Wen to our firm. (Prior to the filing of Apple's Complaint, Bhasi Kaithamana chose to end his employment at Rivos for reasons unrelated to the allegations in the Complaint. He is represented by separate counsel and we are not writing on his behalf at this time.)

While we do not have any reason to believe either client (or any Rivos employee) has misappropriated any of Apple's trade secrets, we take these allegations very seriously and intend to investigate the basis for Apple's claims. We will undertake to provide you, as Apple's counsel, with adequate assurances that no such misappropriation has occurred. To that end, please provide any and all non-trade secret portions of the "forensic analysis" referenced in Apple's Complaint for Mr. Wen and Mr. Kaithamana's computing devices (as well as any similar forensic information Apple may have collected and/or compiled for the other Rivos employees to whom Apple has sent letters related to the lawsuit). If Apple would prefer to enter into a protective order prior to providing this information, we will prepare a proposed protective order or will consider any proposal you make in that regard.

After we receive the forensic information relating to the alleged trade secret misappropriation, Rivos, for its part, will diligently investigate whether any Apple trade secrets exist or may have

existed on Rivos' computer systems as a consequence of the allegations in Apple's Complaint and letters that it has sent to Mr. Wen, Mr. Kaithamana and other Rivos employees.

Rivos has no desire or intention to use other companies' confidential or proprietary information for any purpose in Rivos' business. Accordingly, Rivos has taken, and continues to take, steps to prevent its employees from bringing any confidential or proprietary information they may have obtained from their former employers, including Apple, to Rivos.

We need access to the forensic information identified in Apple's Complaint and letters to Rivos employees to enable us to forensically search within Rivos for the information Apple has alleged was misappropriated. As set forth above, as soon as we receive that information, we will diligently investigate Apple's claims. In the meantime, because Rivos is willing to cooperatively investigate and confirm that no alleged trade secret misappropriation involving Rivos has occurred, there is no reason for Apple to seek extraordinary or injunctive relief from the Court at the current time. If for any reason Apple disagrees, please communicate with us (as counsel for Rivos) before seeking such relief from the Court.

Finally, Apple's claims against Rivos appear to be based on "information and belief" resulting from Apple's forensic analysis conducted within Apple as to its former employees, rather than on any Rivos-specific conduct. If Apple has any other basis to believe Rivos is a proper defendant in this case, please identify such basis as soon as practicable.

Sincerely,

*/s/ Stephen Swedlow*
Stephen Swedlow