# EXHIBIT K

**MORRISON FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
PALO ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

May 9, 2022

Writer's Direct Contact
650-813-5603
BWilson@mofo.com

By email
stephenswedlow@quinnemanuel.com

Stephen Swedlow
Quinn Emanuel Urquhart& Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL  60606-1881

Re:     *Apple Inc. v. Rivos, Inc., et al.*, Case No. 5:22-cv-02637-NC (N.D. Cal.)

Dear Mr. Swedlow:

Our letter of April 29 asked for certain routine assurances to which your letter does not respond.  We requested that immediate steps be taken by your clients to preserve all documents, records, or devices relating to the retention, use, copying, and transfer of any Apple proprietary and trade secret information, and all associated metadata, by Mr. Wen and by Rivos.  Please let us know whether those steps have been taken, and whether Rivos is taking steps to ensure the other former Apple employees are preserving such information in their possession or Rivos' possession as well.

Our letter to Mr. Wen also asked for confirmation that he has not used or disclosed any Apple proprietary and trade secret information, and that he immediately cease any use of such information.  Responding to these requests on behalf of Mr. Wen should be straightforward, but your letter is silent on those points as well.  We ask that you provide those assurances immediately.

With respect to Rivos, we appreciate your assurance that you have no reason to believe any Rivos employee has misappropriated trade secrets and your offer to provide adequate assurances that no such misappropriation has occurred.  The detailed information in Apple's complaint and letters to each former Apple employee, which we also provided to Rivos, is more than sufficient to begin an investigation.  For example, that information already identified individuals that, at the time of their departure, had full, unencrypted backups of Apple-issued devices, had confidential information in their personal iCloud Drive, or wiped their Apple-issued device after indicating that they had not.

SF-4822339

**MORRISON FOERSTER**

Stephen Swedlow
May 9, 2022
Page Two

There is no reason for Rivos to wait for additional information before investigating, as you suggest is Rivos' intent. Rivos should already be confirming whether it had sufficient onboarding processes in place to prevent former Apple employees from bringing any confidential Apple information to Rivos. Rivos or independent counsel should in addition be conducting interviews with relevant employees to determine whether they have used or referred to any Apple information in their work for Rivos, and whether there is any Apple information present on any electronic devices they are using in the course of their work for Rivos. None of this requires any forensics information from Apple.

As stated in our April 29 letter, we believe that a forensic investigation needs to be conducted by a neutral, third-party forensics investigator, pursuant to a protocol to be agreed upon mutually by the parties. Please advise whether Rivos agrees to this proposal. Apple is willing to provide a third-party forensic examiner with additional information to facilitate the execution of a forensic protocol that would search, identify, and return any Apple proprietary and confidential information that is on Rivos' network.

Your letter also suggests that Rivos is not a proper defendant in this case. In light of the facts pled in the complaint, it is. If Rivos and Mr. Wen are unwilling to agree to the reasonable requests outlined above, there may well be need for Apple to request extraordinary relief. This will depend on Rivos' showing of good faith to remediate.

Finally, your letter states that you represent Mr. Wen and Rivos but you do not represent Mr. Kaithamana. However, Mr. Wallenfelt's letter of May 4 provided an initial response for each of the Rivos employees to whom we sent letters, and we also received correspondence from Kai Wang asking us to direct further communications to Rivos' corporate lawyers. Please let us know if, in addition to Mr. Wen, you represent any of the other former Apple employees who are currently employed by Rivos.

We look forward to hearing from you further on these matters, and ask that you respond by close of business on Wednesday, May 11.

Sincerely,

*Bryan Wilson*

Bryan Wilson

cc: David Eiseman

SF-4822339