# EXHIBIT M

**MORRISON FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
PALO ALTO, SAN DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

May 13, 2022

Writer's Direct Contact
650-813-5603
BWilson@mofo.com

By email

Stephen Swedlow
Quinn Emanuel Urquhart& Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL  60606-1881
stephenswedlow@quinnemanuel.com

Re:     *Apple Inc. v. Rivos, Inc., et al.*, Case No. 5:22-cv-02637-NC (N.D. Cal.)

Dear Mr. Swedlow:

We write in response to your May 11 letter.

We appreciate your confirmation that Mr. Wen and Rivos are complying with their document preservation obligations.  We also acknowledge your initiation of an investigation and your statement that you plan to provide an update regarding that investigation on May 20, 2022 and to complete the investigation and respond to Apple by May 31, 2022.  However, Apple will require more concrete assurances from Mr. Wen and from Rivos to obviate the need to seek interim relief from the Court.

You state that Mr. Wen has not used or disclosed Apple confidential information "in connection with his employment at Rivos" and will agree not to do so.  (May 11, 2022 Swedlow Ltr. ("Letter") at 1.)  Given the amount of Apple confidential information that we understand Mr. Wen took with him when he left Apple, and the sensitivity of that information, we ask that he stipulate to a court order requiring the immediate return of the Apple confidential information in his possession (in a manner that preserves the metadata), and that Mr. Wen refrain from using or disclosing that information.  Further, Apple requests that Mr. Wen commit to a forensic inspection of the devices that contained or were used to transmit Apple confidential information, to be conducted by a neutral third-party vendor, as we have requested.  Please let us know if Mr. Wen will agree.

You also state that Rivos "is willing to consider" a neutral forensic investigation, but that Rivos "must first complete its own investigation" before it can agree.  (Letter at 2.)  You have not articulated any reason for this delay, and without a third-party forensic analysis, the

**MORRISON FOERSTER**

Stephen Swedlow
May 12, 2022
Page Two

update you plan to provide on Rivos' internal investigation will not resolve Apple's concerns. Apple asks that Rivos confirm, by May 17, 2022, its agreement to a forensic investigation by a neutral, third-party forensics investigator, pursuant to a protocol to be agreed upon mutually by the parties. In the alternative, as a compromise, Apple is willing to accept a commitment by Rivos by May 17 to expedited discovery. That discovery will be focused on the retention, use, and disclosure of the confidential information that was taken from Apple, and Rivos' knowledge of it, and would consist of the forensic reports generated from your investigation and no more than five interrogatories, five document requests, and a 30(b)(6) deposition, which we can serve immediately. It would be without prejudice to Apple's right to seek a forensic investigation by a neutral vendor at a later date if appropriate.

You asked for information regarding what Apple "believes a proper forensic investigation should entail," and specifically mentioned the need for search terms. (Ltr. at 2.) Apple is willing to provide search terms on an outside counsel only basis with the understanding that they will be used solely to facilitate a forensic investigation or the expedited discovery of the documents and information requested by Apple. Those terms should be used to assist, but not to restrict, the scope of Rivos' investigation, as Rivos and its employees are in the possession of information that Apple does not have.

A proper forensic investigation also requires examining the cloud storage and devices belonging to the former Apple employees who are now working at Rivos that were used to store or transmit Apple confidential information. In the letters that we provided to the employees (which were copied to Rivos), we have already provided instances where Apple is aware that former employees transferred information from their Apple devices or the cloud during their last days at Apple. We have also identified employees who wiped their Apple devices prior to leaving.

With respect to the individual employees, your letter does not state whether you represent any of the former Apple employees other than Mr. Wen. Unless you tell us otherwise, we assume you do not. Your letter also does not indicate what actions, beyond initial interviews, you are taking to investigate the allegations described in the letters Apple sent to each of these individuals (with copies to Rivos). Please confirm whether you are investigating whether external hard drives, USB drives, cloud storage, and/or other personal storage and computing devices retained by any of the former Apple employees hired by Rivos, including Mr. Wen, contain any Apple confidential information. We ask that you identify which databases, computers, storage devices, and other locations, if any, Rivos will search for Apple confidential information, and how this search will be conducted.

Finally, your May 11 letter states that "Rivos has sufficient onboarding processes in place to prevent the use of other companies' confidential or proprietary information." (May 11, 2022

**MORRISON FOERSTER**

Stephen Swedlow
May 12, 2022
Page Three

Swedlow Ltr. at 1-2.) The only measure you identify, however, is a signed agreement stating that Rivos employees will not disclose such information to Rivos or use it to benefit Rivos. Please identify any other measures that Rivos allegedly uses to prevent Rivos employees from using other companies' confidential or proprietary information to benefit Rivos.

We look forward to hearing from you further on these matters, and ask that you respond by close of business on Tuesday, May 17.

Sincerely,

*Bryan Wilson*

Bryan Wilson

cc:  David Eiseman