# EXHIBIT R

1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
7  DIEK O. VAN NORT (CA SBN 273823)
   DVanNort@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: 415.268.7000
10 Facsimile: 202.887.0763

11 MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
12 MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
13 Washington, District of Columbia 20037
   Telephone: 202.887.1500
14 Facsimile: 415.268.7522

15 Attorneys for Plaintiff
   APPLE INC.

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18

SAN JOSE DIVISION

19

| | |
|---|---|
| 20  APPLE INC., a California corporation, | Case No. 5:22-cv-02637-EJD |
| 21          Plaintiff, | **APPLE INC.'S FIRST SET OF INTERROGATORIES TO** |
| 22      v. | **DEFENDANT RIVOS, INC.** |
| 23  RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA, | Courtroom: 4 Judge: Hon. Edward J. Davila |
| 24          Defendant. | Date Action Filed: April 29, 2022 |
| 25 | |

26

27

28

1  PROPOUNDING PARTY:     PLAINTIFF APPLE INC.

2  RESPONDING PARTY:      DEFENDANT RIVOS, INC.

3  SET NO:                ONE

4       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and as authorized by

5  the Court, Plaintiff Apple Inc. ("Apple") hereby requests that Defendant Rivos, Inc. ("Rivos")

6  answer the following interrogatories in the manner set forth in the Federal Rules of Civil

7  Procedure within 14 days of service.

## **DEFINITIONS**

9       The following words, terms, or phrases shall, for purposes of the Interrogatories, have the

10  meanings specified, unless otherwise expressly stated in the Interrogatories:

11       1.   "You", "Your" and/or "Rivos" means Rivos, Inc., including without limitation, its

12  predecessors, successors, present and former officers, directors, employees, representatives,

13  agents, all persons or entities acting or purporting to act or that have acted or purported to have

14  acted on behalf of any of the foregoing.

15       1.   "Apple" means Apple Inc.

16       2.   "SoC" means system-on-chip.

17       3.   "Computing Device" means any device that includes a processor, memory, and

18  storage capabilities.

19       4.   "External Storage Device" means any device can be connected to (e.g., physically

20  or wirelessly) a Computing Device and used to store data transferred from the Computing Device,

21  including mass storage devices, USB storage drives, network attached storage (NAS) devices,

22  cloud storage services (e.g., iCloud Drive, Google Drive, OneDrive, DropBox), external solid

23  state drives, and external hard drives.

24       5.   "Document" has its broadest meaning under Rule 34(a) of the Federal Rules and

25  includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal

26  Rules of Evidence.

27       6.   "Communication" means any transmission of information between persons by any

28  means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape,

or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

7. "Person(s)" means means natural persons as well as business entities and other organizations and associations, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail Your knowledge of the downloading, transfer or retention of any Apple confidential documents and information relating to SoCs or SoC components by any former Apple employees who are currently working for, or have worked for, Rivos, including the identity of such documents and/or information and the name of the former Apple employees who downloaded, transferred, or retained them.

**INTERROGATORY NO. 2:**

Describe whether and how any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any current or former Apple employee were provided to, downloaded by, transferred to, retained by, disclosed to, received by, accessed by, or used by Rivos, including by identifying who provided such documents and information and the means by which they were provided to, downloaded by, transferred to, retained by, disclosed to, received by, accessed by, or used by Rivos.

**INTERROGATORY NO. 3:**

Describe the current or last known location of any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any former Apple employees who are currently working for, or have worked for, Rivos.

**INTERROGATORY NO. 4:**

Identify all Persons who accessed or viewed any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any current or former Apple employee while such Persons were employed by Rivos or while the information was in Rivos's possession, custody, or control, and when those documents and/or information were accessed or viewed.

Dated:      May _____, 2022           MORRISON & FOERSTER LLP


By: _____
BRYAN WILSON

Attorneys for Plaintiff
APPLE INC.