# EXHIBIT T

1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
7  DIEK O. VAN NORT (CA SBN 273823)
   DVanNort@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: 415.268.7000
10 Facsimile: 202.887.0763

11 MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
12 MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
13 Washington, District of Columbia 20037
   Telephone: 202.887.1500
14 Facsimile: 415.268.7522

15 Attorneys for Plaintiff
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,<br><br>　　　　　Defendant. | Case No.　5:22-cv-02637-EJD<br><br>**APPLE INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN**<br><br>Courtroom: 4<br>Judge: Hon. Edward J. Davila<br><br>Date Action Filed: April 29, 2022 |

1  PROPOUNDING PARTY:    PLAINTIFF APPLE INC.
2  RESPONDING PARTY:     DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN
3  SET NO:               ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and as authorized by the Court, Plaintiff Apple Inc. ("Apple") hereby requests that Defendant Wen Shih-Chieh a/k/a Ricky Wen answer the following interrogatories in the manner set forth in the Federal Rules of Civil Procedure within 14 days of service.

## DEFINITIONS

The following words, terms, or phrases shall, for purposes of the Interrogatories, have the meanings specified, unless otherwise expressly stated in the Interrogatories:

1. "You" and/or "Your" means Wen Shih-Chieh a/k/a Ricky Wen.
2. "Rivos" means Rivos, Inc., including without limitation, its predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.
1. "Apple" means Apple Inc.
2. "SoC" means system-on-chip.
3. "Computing Device" means any device that includes a processor, memory, and storage capabilities.
4. "External Storage Device" means any device that can be connected to (e.g., physically or wirelessly) a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, network attached storage (NAS) devices, cloud storage services (e.g., iCloud Drive, Google Drive, OneDrive, DropBox), external solid state drives, and external hard drives.
5. "Document" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

6.      "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

7.      "Person(s)" means means natural persons as well as business entities and other organizations and associations, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You retained for any period of time after your termination by Apple, including the current location of each such document or information.

**INTERROGATORY NO. 2:**

Describe how each of the Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You identified in response to Interrogatory No. 1 was retained, downloaded, transferred, or received by You, including by identifying any External Storage Device(s) that was or were used to transfer or store such documents and/or information.

**INTERROGATORY NO. 3:**

Describe in detail how, and by whom, each of the Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You identified in response to Interrogatory No. 1 has been accessed, transferred, disclosed, or used by You or any other Person(s) after the end of Your employment with Apple.

**INTERROGATORY NO. 4:**

Describe in detail all Apple confidential document and/or information (excluding personnel documents, such as compensation memoranda and performance evaluations) which you

1  have deleted, wiped, scrubbed, removed, or otherwise rendered inaccessible on Your External
2  Storage Devices since accepting your offer of employment from Rivos, including by identifying
3  when, by whom, and how this occurred.

5  Dated:      May _____, 2022          MORRISON & FOERSTER LLP

7                                        By: _____
8                                             BRYAN WILSON

9                                        Attorneys for Plaintiff
                                         APPLE INC.