# EXHIBIT U

BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 202.887.0763

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 415.268.7522

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,<br><br>    Defendant. | Case No.   5:22-cv-02637-EJD<br><br>**APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO WEN SHIH-CHIEH A/K/A RICKY WEN**<br><br>Courtroom: 4<br>Judge: Hon. Edward J. Davila<br><br>Date Action Filed: April 29, 2022 |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF APPLE INC. |
| RESPONDING PARTY: | DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN |
| SET NO: | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") hereby requests that Defendant Wen Shih-Chieh a/k/a Ricky Wen produce the following documents, electronically stored information, and tangible things specified herein below for inspection and copying at the offices of Plaintiffs' counsel, Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304-1018, or by a mutually agreeable means of electronic delivery, within thirty (30) days. However, the Forensic Images requested in Request for Production No. 1 are to be delivered to a mutually agreeable independent forensic vendor, pursuant to a protocol to be agreed upon between Mr. Wen and Apple.

**DEFINITIONS**

The following words, terms, or phrases shall, for purposes of these Requests, have the meanings specified, unless otherwise expressly stated in the Request:

1. "You" or "Your" means Wen Shih-Chieh a/k/a Ricky Wen.

2. "Rivos" means Rivos, Inc., including without limitation, its predecessors, successors, present and former officers, directors, employees, representatives, agents, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "Apple" means Apple Inc.

4. "SoC" means system-on-chip.

5. "Forensic Image(s)" means the forensic image, or "mirror image," of a storage device using a protocol that preserves all data, including user data and metadata.

6. "Computing Device" means any device that includes a processor, memory, and storage capabilities.

7. "External Storage Device" means any device can be connected to (e.g., physically or wirelessly) a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, network attached storage (NAS) devices,

cloud storage services (e.g., iCloud Drive, Google Drive, OneDrive, DropBox), external solid state drives, and external hard drives.

8. "Document" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

9. "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

**INSTRUCTIONS**

1. Each requested document shall be produced in its entirety, along with any attachments, drafts and copies, including, without limitation, copies that differ by virtue of handwritten notes or markings. If a document responsive to any document request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2. Any document described herein shall be produced as it is kept in the usual course of business, including its original file folder with all similar markings intact, or organized and labeled to correspond to the categories identified in these requests pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

3. All documents shall be produced in the following format (unless otherwise agreed) to the extent practicable:

(a) Each party shall produce documents (both ESI and scanned hard copy)

Single-page group IV TIFFs in at least 300 dpi for black and white images, or

.JPG for images produced in color, except for documents requiring different resolution or page size to make them readable.

(b) An image load file should accompany all images produced in standard IPRO (*.LFP) and Opticon (*.LOG) formats that should reflect the logical document breaks and parent/child relationship between documents. Also to be produced will be a data load file in Concordance delimited (*.DAT) format which shall include the field names for all information to be produced *(e.g.,* production number fields and metadata) in the first line of the DAT file and indicate (at a minimum) appropriate unitization of the documents, including beginning and ending production numbers for (a) each document, and (b) each attachment to each document.

(c) Each party shall provide database load files and cross reference files, e.g., Concordance default delimited file (metadata) and an Opticon-delimited file (image reference files), and including the following fields (to the extent the metadata is available): Beg Bates No., End Bates No., Bates Range, Bates Parentid, Attach Begin, Attach End, Page Count, From/Author, To/Recipient(s), CC, BCC, Email Date Sent, Email Time Sent, Email Date Received, Email Time Received, Email Subject, Custodian, File Name, Document Created Date, Document Last Modified Date, Document Last Accessed Date, File Type, Location/Source, Text Link (path to text), Native Link (path to native file).

(d) All MS Excel, MS Powerpoint, MS Access, and comparable spreadsheet, presentation, and database files, audio and video files, and .dwg files and other files that cannot be reasonably reviewed except on a computer shall

be produced in native format to the extent they do not include privileged redactions. For these native or other format files, the producing party will also provide a single page placeholder referencing the native file with a Bates stamp for the file. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g. "ABC0000001.xls").

(e) Searchable text files at the document level (one text file for each document, rather than one text file for each page of a document) shall be provided for each document bearing the name of the beginning production number for each document (text of native files to be extracted directly from native files where possible; OCR for paper documents). I-PRO and Concordance productions shall have an "OCR text file" to allow the documents to be searchable in either the I-PRO or Concordance format.

(f) All TIFF images shall be branded in the bottom right with a Bates number, beginning with "ABC00000001." Each page will also be branded in the bottom left corner with the appropriate confidentiality designation consistent with any protective order entered.

(g) Parent-child relationships *(i.e.,* the association between an attachment and its parent document) shall be preserved. The attachment shall be produced adjacent to the parent document, and in terms of Bates numbers, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.

(h) If the producing party produces video, audio, and other electronic media that cannot easily be rendered as TIFF images, such media will be produced in its

original media format. Redactions to any media files must be made in copies, not in the original files, and must be identified by the producing party.

(i) Compression files types shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

(j) The requesting party may make a reasonable request to receive additional document in its native format.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A Forensic Image of each Computing Device or External Storage Device in Your possession, custody, or control that currently contains, or contained at any time after you left Apple, any Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations), or that was used to transfer or download such documents and information.

**REQUEST FOR PRODUCTION NO. 2:**

All non-public Documents (including Documents originally obtained from Apple's Confluence, Box, or Perforce databases) containing information regarding Apple SoCs, including specifications, designs, architectures, instruction sets, diagrams, design rules, project reports, testing reports, and engineering analyses.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications with Rivos regarding Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations).

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications regarding Rivos from the date of your first communication with Rivos and through August 6, 2021, including Communications about Your potential or actual employment by Rivos and Communications made via encrypted messaging apps such as Signal.

Dated:       May _____, 2022                    MORRISON & FOERSTER LLP

                                                By: _____
                                                       BRYAN WILSON

                                                Attorneys for Plaintiff
                                                APPLE INC.