# EXHIBIT V

|   |   |
|---|---|
| 1 | BRYAN WILSON (CA SBN 138842) |
|   | BWilson@mofo.com |
| 2 | KENNETH A. KUWAYTI (CA SBN 145384) |
|   | KKuwayti@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
|   | 755 Page Mill Road |
| 4 | Palo Alto, California 94304-1018 |
|   | Telephone: 650.813.5600 |
| 5 | Facsimile: 650.494.0792 |
|   |   |
| 6 | ARTURO J. GONZALEZ (CA SBN 121490) |
|   | AGonzalez@mofo.com |
| 7 | DIEK O. VAN NORT (CA SBN 273823) |
|   | DVanNort@mofo.com |
| 8 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 9 | San Francisco, California 94105-2482 |
|   | Telephone: 415.268.7000 |
| 10 | Facsimile: 202.887.0763 |
|   |   |
| 11 | MARY PRENDERGAST (CA SBN 272737) |
|   | MPrendergast@mofo.com |
| 12 | MORRISON & FOERSTER LLP |
|   | 2100 L Street, NW, Suite 900 |
| 13 | Washington, District of Columbia 20037 |
|   | Telephone: 202.887.1500 |
| 14 | Facsimile: 415.268.7522 |
|   |   |
| 15 | Attorneys for Plaintiff |
|   | APPLE, INC |
| 16 |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,, | Case No.   5:22-cv-02637-EJD |
| Plaintiff, | **APPLE INC.'S NOTICE OF DEPOSITION OF DEFENDANT RIVOS, INC. PURSUANT TO FED R. CIV. PROC. 30(B)(6)** |
| v. | |
| RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,, | Courtroom: 4<br>Judge: Hon. Edward J. Davila<br>Date Action Filed: April 29, 2022 |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") will take the deposition of Defendant Rivos, Inc. ("Rivos").  The deposition will commence at a mutually agreeable date and time to be set by the parties.  Due to potential restrictions caused by the COVID-19 pandemic, this deposition may be coordinated by remote means.  If taken by remote means, the deponent may be located at any residential or business address with an appropriate internet connection.  The deposition will be taken by a notary public or other authorized officer and will continue from day to day until concluded, or may be continued until completed at a future date or dates.  PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(3), the deposition will be videotaped and recorded stenographically, and may be transcribed using real time interactive transcription such as LiveNote.

**INSTRUCTIONS**

1.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Rivos, Inc. shall designate one or more of its officers, directors, partners, managing agents, or other persons who consent to testify on Rivos, Inc.'s behalf and who are the most knowledgeable with respect to the deposition topics set forth below.

2.  At least seven days in advance of the date of deposition, Rivos, Inc. is directed to provide to counsel for Plaintiffs a written designation of the name(s), position(s), and job description(s) of the person(s) designated to testify on each of the following topics.

**DEFINITIONS**

The following words, terms, or phrases shall, for purposes of the Interrogatories, have the meanings specified, unless otherwise expressly stated in the Interrogatories:

1.  "You", "Your", or "Rivos" means Rivos, Inc., including without limitation, its predecessors, successors, present and former officers, directors, employees, representatives, agents, and all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2.  "Apple" means Apple Inc.

3.  "SoC" means system-on-chip.

4. "Document" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

5. "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

## **TOPICS**

**TOPIC NO. 1:**

Apple confidential documents and information relating to SoCs and SoC components that were provided to Rivos by any former Apple employee, and the identity of the person(s) who provided such Apple confidential documents and/or information.

**TOPIC NO. 2:**

Your Communications with current or former Apple employees regarding Apple confidential documents and information relating to SoCs and SoC components, including the modes of communication that were used.

**TOPIC NO. 3:**

Your knowledge and awareness of the download, transfer, retention, disclosure, receipt, access, or use of any Apple confidential documents and information relating to SoCs and SoC components by former Apple employees who were hired by Rivos, and how such documents and information have been downloaded, transferred, retained, disclosed, received, accessed, or used.

Dated:     May ___, 2022          MORRISON & FOERSTER LLP

By: _____
　　BRYAN WILSON

Attorneys for Plaintiff
APPLE INC.