QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Pro hac vice forthcoming*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Rivos, Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 5:22-CV-2637-EJD |
| Plaintiff, | **DEFENDANTS RIVOS, INC. AND WEN SHIH-CHIEH'S RESPONSE TO APPLE'S *EX PARTE* MOTION AND REQUEST FOR BRIEFING SCHEDULE** |
| vs. | |
| RIVOS, INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, | Trial Date:        None Set |
| Defendants. | |

There is no emergency here. Defendant Wen Shih-Chieh ("Wen") left his employment at Plaintiff Apple Inc. ("Apple") in August 2021. Apple admits it imaged Wen's computer eight months ago in September 2021. Yet Apple waited until April 29, 2022 to file this case. Three weeks after that, Apple filed its *ex parte* motion, even though counsel for Defendants Rivos, Inc. ("Rivos") and Wen (together "Defendants") represented to Apple that they are undertaking an investigation into Apple's claims, and that the investigation has not revealed any facts suggesting that Rivos, or any Rivos employee has misappropriated any Apple proprietary or trade secret information. Counsel for Defendants have provided Apple with ongoing updates regarding their investigation, and have committed to concluding the initial phase of the investigation by May 31, 2022.

Despite these assurances, Apple filed this *ex parte* motion, revealing that its true goal is (and always has been) to gain discovery from Rivos, a promising start-up for which, despite months of its own investigation, Apple has been unable to find any evidence of trade secret misappropriation. Apple's motion is nothing more than a pretextual excuse to seek discovery it hopes will substantiate its otherwise unsupported claims against Rivos. Given the lack of urgency, Rivos and Wen respectfully request that this Court permit them the opportunity to submit a fulsome opposition to Apple's motion, and set an opposition deadline of June 3, 2022 or on a later date set by the Court.

**I.      Apple Has Failed To Establish Any Need For Emergency Relief**

Apple has not established any exigent circumstances to justify a departure from standard motion deadlines. Indeed, Wen resigned from Apple on August 3, 2021. (Wilson Decl. Ex. C.) His last day of work at Apple was August 6, 2021. (*Id.*) Apple's forensic investigator conducted his investigation of Wen's Apple-issued computer from an image taken on September 3, 2021. (Roffman Decl. ¶ 14.) Yet Apple waited another ***eight months*** to file this case,[1] and another three weeks to seek *ex parte* relief. This delay alone justifies denying emergency relief. *See Alatus Aerosystems v. Velazquez*, No. CV191869PSGJDEX, 2019 WL 7166987, at *2 (C.D. Cal. Oct. 2, 2019) (denying plaintiff's motion for a TRO in trade secret suit when "at least a month [passed] between Plaintiff's discovery of Defendant's conduct and [plaintiff's TRO request]").

---

[1] Apple readily agreed to extend Defendants' deadline to respond to Apple's complaint to June 30, 2022, further evidencing there is no real urgency relating to Apple's claims. *See* Dkt. No. 21.

Moreover, Apple points to no specific facts suggesting its (unidentified) trade secrets are at risk of disclosure.  Instead, Apple relies on innuendo and false conclusions.  As Apple would have it, the fact that (i) many Apple employees have pursued employment at Rivos, and (ii) those now-former employees kept personal documents when they left Apple[2], necessarily means that (iii) those former employees must have stolen Apple confidential or trade secret information and are using that information in their new jobs.  In doing so, Apple repeatedly conflates what might be a violation of an Apple policy with trade secret theft, but one does not lead to the other.  Apple's speculative leap in logic, unsupported by evidence in the record, is insufficient to justify emergency relief.

## II.     Rivos and Wen Are Cooperating With Apple

Apple sent letters to Wen, as well as 42 other former Apple employees who now work for Rivos, on April 29, 2022.  (Wilson Decl. ¶¶ 5, 8, 10.)  On May 4, 2022, three business days later, Rivos responded, confirming that "Rivos respects the intellectual property of others."  (*Id.*, Ex. I.)  On May 6, 2022, counsel for Defendants committed to providing Apple's counsel "adequate assurances that no such misappropriation has occurred" and requested that Apple provide forensic information necessary to facilitate an investigation into Apple's claims.  (*Id.*, Ex. J.)  Counsel for Defendants also noted that Apple's allegations regarding Rivos "appear to be based on 'information and belief' resulting from Apple's forensic analysis . . . as to its former employees, rather than on any Rivos-specific conduct," and asked that if Apple was aware of any other basis to believe Rivos is a proper defendant, it identify that basis.  (*Id.*)  In response, Apple refused to provide the requested forensic information; as to Rivos' request that Apple identify its basis for Rivos being a proper defendant, Apple provided only a two-word response:  "it is."  (*Id.*, Ex. K)

On May 11, 2022, counsel for Defendants confirmed that Wen "has not used or disclosed

---

[2]   Apple's policies invite the very trade secret misappropriation claim Apple asserts here.  That is because **Apple encourages its employees to link their personal iClouds to their work accounts**. *See, e.g.*, Zoe Schiffer, *Apple Cares About Privacy, Unless You Work at Apple*, The Verge, Aug. 30, 2021 <https://www.theverge.com/22648265/apple-employee-privacy-icloud-id.> As a result, when employees leave, they are forced to try to untangle their personal documents from their work documents, resulting in the type of transfers or deletions that Apple now contends necessarily evidence suspicious behavior.  Apple has repeatedly demonstrated it will use any personal information an employee leaves behind on a device against its former employees in litigation.

any Apple proprietary or trade secret information in connection with his employment at Rivos" and that he would not do so going forward. (*Id.*, Ex. L.) Counsel for Defendants also confirmed that Rivos had begun interviewing the 43 former Apple employees who had received letters from Apple, and again asked Apple to provide the requested forensic information necessary to aid in their investigation. (*Id.*) Finally, counsel for Defendants reiterated that Apple still had not pointed to any Rivos-specific conduct to support its trade secret misappropriation claim against Rivos. (*Id.*) In response, Apple again declined to provide the requested forensic information and simply ignored Rivos' request that Apple identify its factual basis for naming Rivos as a defendant. (*Id.*, Ex. M.)

On May 17, 2022 counsel for Defendants updated Apple on the progress of their investigation, representing that the investigation had "not revealed any facts suggesting Rivos or any Rivos employee has misappropriated any Apple proprietary or confidential information." (*Id.*, Ex. N.) Counsel once again asked Apple to identify any facts regarding any Rivos-specific conduct to support its trade secret misappropriation claim against Rivos. (*Id.*) Apple did not respond.

On May 20, 2022, counsel for Defendants provided a further update on the investigation, representing they had interviewed a majority of the 43 employees who had received letters from Apple and that their investigation had not identified any evidence that Rivos is using Apple proprietary or trade secret information. (*Id.*, Ex. W.) Again, Apple did not respond. Instead, later that same day, Apple filed the instant *ex parte* motion.

The record is clear: Rivos intends to cooperate with Apple and is conducting an investigation into Apple's claims. But Apple is not interested in learning the results of that good faith investigation. Instead, Apple seeks immediate discovery regarding a defendant against whom it currently has no evidence, in the hopes that it will be able to bolster its innuendo-only allegations. Apple's request is untethered to any emergency and should be denied.

**III.   Apple's Requested Relief Is Improper**

    A.   Apple Has No Basis To Seek Expedited Discovery Because It Has Not Identified Its Claimed Trade Secrets With Particularity

The Court should reject Apple's request for expedited discovery because Apple has yet to identify a single trade secret that it alleges was misappropriated. **Before** Apple is entitled to take

any discovery regarding its trade secret claim, Apple must provide a particularized identification of the allegedly misappropriated trade secrets. Cal. Civ. Proc. Code § 2019.210 ("before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity"); *see also Lamont v. Conner*, No. 5:18-CV-04327-EJD, 2019 WL 1369928, at *8 (N.D. Cal. Mar. 26, 2019) (granting motion to dismiss where "Plaintiff's description of his trade secrets as stated in the complaint are not plead with sufficient particularity").

The requirement that a plaintiff identify its trade secrets with particularity applies with no less force just because Apple seeks expedited discovery in an *ex parte* application for a restraining order. *See Comp. Econ., Inc. v. Gartner Grp., Inc.*, 50 F.Supp.2d 980, 986 (S.D. Cal. May 25, 1999) (enumerating four reasons a plaintiff must disclose its trade secrets prior to discovery: discouraging the filing of meritless complaints, preventing "fishing expeditions," helping the court to determine the appropriate scope of discovery, and enabling defendants to form "complete and well-reasoned defenses."); *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008) (similar); *see also Agency Sols.Com, LLC v. TriZetto Grp., Inc.*, 819 F.Supp.2d 1001, 1017 (E.D. Cal. 2011) ("[T]he party seeking injunctive relief must 'describe the subject matter of the trade secret with sufficient particularity . . . to permit the defendant to ascertain at least the boundaries within which the secret lies.'") (citation omitted).

Apple's request for expedited discovery puts the cart before the horse: Apple wants an injunction against Wen that prohibits the use of any alleged, but as-yet unidentified, trade secrets, **then** it wants discovery into undefined "Apple confidential documents and information related to SoCs or SoC components" from Rivos (against whom it currently has no evidence of misappropriation), and only **then**, after obtaining this discovery, will Apple presumably reveal a list of particularized trade secrets that it has opportunistically reverse-engineered to match whatever it finds in discovery. Apple's request should be rejected. *Jobscience, Inc. v. CVPartners, Inc.*, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery.").

B.  Apple's Requested "Obey The Law" Injunction Is Impermissible

In addition to failing to identify any alleged trade secrets with particularity, the extraordinary

relief that Apple seeks against Wen is improper. Apple asks for an injunction preventing Wen from "accessing, using, or disclosing, for any purpose, Apple's trade secret and confidential information." (Proposed Order at 2.) This is nothing more than a request that Wen obey the law, which is impermissible. *See Cuviello v. City of Oakland*, 2009 WL 734676, at *3 (N.D. Cal. Mar. 19, 2009) ("[A]n injunction must be more specific than a simple command that the defendant obey the law"); *Perez v. Silva*, 2015 WL 6957464, at *7 (N.D. Cal. Nov. 11, 2015) (denying plaintiff's request for an injunction because it would be "tantamount to an obey-the-law injunction.").

      C.     <u>Apple's Proposed Order Is Indefinite Because It Fails To Identify Any Confidential Or Trade Secret Information</u>

Additionally, Apple's proposed order is hopelessly indefinite, purporting to enjoin Wen and "any persons in active concert or participation with him" from "accessing, using, or disclosing, for any purpose, Apple's trade secret and confidential information." Since Apple has not defined its alleged trade secrets (or confidential information) with the required particularity, it is impossible for Wen or enjoined third parties (or the Court) to know what information cannot be accessed, used, or disclosed. Similarly, Apple demands that Wen "immediately return . . . all Apple trade secret and confidential information," without even attempting to identify what that information might be, and refusing to provide counsel with information that would facilitate its identification.

Apple's open-ended order—which would allow it to impose an ever-shifting, self-serving definition of Apple's alleged "trade secret and confidential information" runs afoul of the requirement that injunctions must clearly identify the alleged trade secrets they seek to protect. *See, e.g.*, *Action Learning Sys., Inc. v. Crowe* (C.D. Cal. Aug. 11, 2014) 2014 WL 12564011, at *4 (finding it is impossible to "see how a plaintiff can carry its heavy burden [for a preliminary injunction] without specifying what, exactly, it is trying to protect [and therefore,] the Court . . . could [not] possibly issue an order . . . without knowing what exactly the plaintiff owns.").

## IV. Conclusion

Given the lack of exigent circumstances, Rivos and Wen respectfully request the opportunity to provide a fulsome opposition to Apple's *ex parte* motion, and request that their opposition be due on June 3, 2022 or on a later date set by the Court.

DATED: May 23, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Victoria B. Parker
STEPHEN SWEDLOW
DAVID EISEMAN
VICTORIA B. PARKER

Attorneys for Defendants Rivos, Inc. and Wen Shih-Chieh a/k/a Ricky Wen