1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Stephen Swedlow (*Admitted Pro hac vice*)
2   stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, Illinois 60606
   Telephone:     (312) 705-7400
4  Facsimile: (312) 705-7401

5  David Eiseman (Bar No. 114758)
    davideiseman@quinnemanuel.com
6   Victoria B. Parker (Bar No. 290862)
    vickiparker@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
8  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700

9

10 Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14

| | |
|---|---|
| 15  APPLE INC.,                               | Case No. 5:22-CV-2637-EJD |
| 16          Plaintiff,                       | **DECLARATION OF WEN SHIH-CHIEH A/K/A RICKY WEN IN SUPPORT OF DEFENDANTS RIVOS INC. AND WEN SHIH-CHIEH'S OPPOSITION TO APPLE'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE** |
| 17     vs.                                   | |
| 18  RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, | |
| 19                                           | |
|         Defendants.                           | |
| 20                                           | |
| 21                                           | Hearing Date: June 16, 2022<br>Time:     9:00 a.m. |
| 22                                           | |
| 23                                           | Trial Date:      None Set |

24

25

26

27

28

Case No. 5:22-CV-2637-EJD
DECLARATION OF RICKY WEN IN OPPOSITION TO APPLE'S MOTION FOR TEMPORARY RESTRAINING ORDER

## DECLARATION OF WEN SHIH-CHIEH ("RICKY WEN")

I, Wen Shih-Chieh ("Ricky Wen"), declare:

1. I am one of the named defendants in this case and am an engineer at Defendant Rivos Inc., ("Rivos"). I make this declaration in support of Defendants Rivos and Wen Shih-Chieh's Opposition to Plaintiff Apple Inc.'s ("Apple") *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause. The facts stated in this declaration are true and correct based on my personal knowledge, and if called and sworn in as a witness, I could and would testify competently to those facts.

2. Since graduating with my degree in 1989 from National Chiao-Tung University in Taiwan, I have worked on CPU design, mobile device power management, and clock architecture at various Silicon Valley companies including SiByte Corp., P.A. Semi, Apple, and Rivos. I am a named inventor on more than a dozen patents and patent applications.

3. I worked at Apple for approximately 13 years as a CPU Design Engineer. During that time, I used Apple-issued laptops and other devices for both work and personal use. As an example, I stored thousands of photos of my family on Apple-issued devices, and used video editing software on my Apple-issued devices to edit videos of my children's performances in school plays. I also saved personal documents such as tax returns and paystubs on my Apple-issued devices.

4. On July 24, 2021, I accepted an offer of employment at Rivos as a Principal Member of Technical Staff. The role I accepted at Rivos is materially different from the role I had at Apple. At Apple, I worked as a CPU design engineer developing low power, consumer-targeted systems. At Rivos, I am working on implementing a root of trust for higher-powered systems designed for enterprise or server use.

5. On August 2, 2021, I gave Apple notice that I was leaving the company. Before leaving Apple, I transferred files from my Apple-issued devices onto three external hard drives that I purchased to back-up personal files. I did not intend to transfer any Apple data to my external hard drives. I only wanted to backup personal files and photos before returning my Apple-issued devices to Apple. Before resigning, I transferred an entire folder from my Apple-

1  issued laptop onto one of the external hard drives.  At the time, I thought the folder I transferred
2  only contained personal documents, photos, and videos.
3         6.      I first learned that the folder I transferred to an external hard drive may have
4  contained some Apple files on April 29, 2022 when I received a letter from Apple's counsel
5  attaching Apple's complaint.  The letter accused me of transferring data from an Apple-issued
6  device to an external hard drive, including some Apple confidential information.  After I received
7  the letter, I briefly accessed my external hard drives to see what Apple's lawyers were talking
8  about, but did not review the contents of the files on the hard drives themselves or transfer or copy
9  these files in any manner.  I have not accessed the materials on the hard drives since then.  I have
10 only shared these hard drives and the files on them with a forensic investigator retained by counsel
11 representing Rivos and me.  No one else has received or accessed these hard drives or the files on
12 them.  I turned over these hard drives to the forensic investigators and therefore do not have
13 possession of, or access to, any of these hard drives.
14        7.      While I have no reason to believe that it contains any Apple confidential,
15 proprietary or trade secret information, in addition to the hard-drives, I have also turned over my
16 work laptop to the forensic investigator.
17        8.      During the 13 years I worked at Apple, I stored some files in the cloud, including
18 Apple's iCloud and Google Drive.  During the course of my Apple employment, Apple policy
19 changed regarding where to save and back up files.  Several years ago, Apple changed its policy
20 so that employees were encouraged to use their personal iCloud accounts for work.  In compliance
21 with this policy, I stored Apple files in the cloud using my personal iCloud account.  On my last
22 day at Apple, I made a good faith effort to remove all Apple information from my iCloud
23 account.  If any Apple information was inadvertently left in my iCloud drive, I am not aware of
24 it.  Since leaving Apple, I have not used my iCloud account on a regular basis, and I have not
25 accessed, used, transferred, or copied any Apple information from my iCloud account since my
26 employment at Apple ended.  The same is true of my Google Drive account—if any Apple
27 information inadvertently remained in my Google Drive account after I left Apple, I am not aware
28 of it, and I have never accessed, used, transferred, or copied any such information since my

-2-                                               Case No. 5:22-CV-2637-EJD
DECLARATION OF RICKY WEN IN OPPOSITION TO APPLE'S MOTION FOR TEMPORARY RESTRAINING ORDER

employment at Apple ended. I have turned over my login information to this examiner and no longer have access to my iCloud account or Google Drive accounts as I understand that the examiner has changed the login passwords.

9. When I joined Rivos, I was told not to bring any Apple confidential, proprietary, or trade secret information to my new job, and I signed an agreement stating that I would not bring any third party confidential information to Rivos, and I have complied with that contractual commitment. I did not intend to take any Apple confidential, proprietary, or trade secret information when I left Apple. I have not knowingly used any Apple confidential, proprietary, or trade secret information since my employment at Apple ended. Further, I have not shared any Apple materials with other employees at Rivos. I am proud of my work as a design engineer and do not want or need to use Apple information at Rivos.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 3rd day of June, 2022 at Mountain View, California.

By: *Shih-Chieh Wen* (DocuSigned, A2E85985A4B24C2)
Wen Shih-Chieh ("Ricky Wen")

-3- Case No. 5:22-CV-2637-EJD
DECLARATION OF RICKY WEN IN OPPOSITION TO APPLE'S MOTION FOR TEMPORARY RESTRAINING ORDER