| | |
|---|---|
| BRYAN WILSON (CA SBN 138842)<br>BWilson@mofo.com<br>KENNETH A. KUWAYTI<br>(CA SBN 145384)<br>KKuwayti@mofo.com<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, California 94304-1018<br>Telephone: 650.813.5600<br>Facsimile: 650.494.0792<br><br>ARTURO J. GONZALEZ<br>(CA SBN 121490)<br>AGonzález@mofo.com<br>DIEK O. VAN NORT (CA SBN 273823)<br>DVanNort@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br><br>MARY PRENDERGAST<br>(CA BAR NO. 272737)<br>MPrendergast@mofo.com<br>MORRISON & FOERSTER LLP<br>2100  L Street, NW, Suite 900<br>Washington, District of Columbia 20037<br>Telephone: 202.887.1500<br>Facsimile:  202.887.0763<br><br>Attorneys for Plaintiff<br>APPLE INC. | STEPHEN WU<br>(CA SBN 205091)<br>ssw@svlg.com<br>MARC G. VAN NIEKERK<br>(CA SBN 201329)<br>mvn@svlg.com<br>SILICON VALLEY LAW GROUP<br>1 North Market Street, Suite 200<br>San Jose, California 95113<br>Telephone: 408.573.5700<br>Facsimile:  408.573.5701<br><br>Attorneys for Defendant<br>BHASI KAITHAMANA |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA<br><br>             Defendants. | Case No.   5:22-cv-02637-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER SETTING FORENSIC INSPECTION PROTOCOL** |

1  Plaintiff Apple Inc. ("Apple") and Defendant Bhasi Kaithamana ("Mr. Kaithamana"), by and through their respective counsel, stipulate to entry of an Order establishing the following protocol for forensics inspection and analysis:

WHEREAS, Apple filed its Complaint in this matter on April 29, 2022, and the Complaint's requests for relief include among other things a forensics inspection and investigation; and

WHEREAS, Apple and Mr. Kaithamana stipulated to an Order, executed and filed by the Court on May 17, 2022, by which the parties would meet and confer to appoint a neutral third party to conduct a forensics investigation pursuant to a further stipulation of such parties and joint instructions to be provided by such parties; and

WHEREAS, Apple and Mr. Kaithamana agreed to appoint FTI Consulting, Inc. ("FTI") to act as a neutral party to conduct such forensic investigation;

WHEREAS, Apple and Mr. Kaithamana desire by this stipulation to confirm the appointment of FTI and to establish a forensics inspection and investigation protocol;

WHEREAS, Apple and Mr. Kaithamana desire for FTI to review certain electronic media;

WHEREAS, Apple represents it has preserved a version of the contents of Mr. Kaithamana's personal iCloud Drive account on December 15, 2021 (the "Preserved iCloud Data"); and

WHEREAS, Apple and Mr. Kaithamana desire for FTI to review both the Preserved iCloud Data and to collect and review a new copy of active files from Mr. Kaithamana's iCloud Drive account;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. The parties hereby appoint FTI as a neutral party to conduct such forensic investigation described in this Stipulation, and FTI accepts such appointment. FTI agrees to act as a neutral pursuant to this Stipulation and other instructions agreed to by Apple and Mr. Kaithamana. FTI personnel shall not have any *ex parte* communication regarding such investigation or any other topics regarding this matter.

2. Promptly following execution of this stipulation by the parties and FTI, and entry of the Order below, Mr. Kaithamana shall arrange for FTI to be able to collect for forensic imaging and analysis any devices which have ever been used to store or transmit Apple confidential information (the "Devices"). At the time of turnover of the Devices, Mr. Kaithamana shall also provide to FTI all credentials necessary to image the Devices. The Devices include at least the following:

    a. Transcend JetFlash Flash Drive (Alcor Micro USB) ("JetFlash Drive")

    b. Any device or storage drive that was connected to the Transcend JetFlash Flash Drive

3. FTI shall maintain copies of all device images for forensic analysis and shall also maintain an unaltered copy of each image.

4. Mr. Kaithamana shall also make available to FTI credentials necessary for FTI to access his personal iCloud Drive accounts corresponding to the email addresses bhasi@yahoo.com and bkman007@yahoo.com, and any other cloud-storage service that he used to store Apple confidential information. FTI shall forensically collect the active files in the iCloud Drive accounts corresponding to the foregoing email addresses. FTI shall maintain unaltered copies of such files (the "New iCloud Data").

5. Also, Mr. Kaithamana shall sign the attached Appendix A, Authorization and Consent to Release Apple Records, to authorize release of the Preserved iCloud Data from Apple's forensic expert and to make the Preserved iCloud Data available to FTI.

6. FTI shall attempt to recover any deleted data from the Devices, the Preserved iCloud Data, and the New iCloud Data through reasonable means. FTI shall also conduct an analysis of the JetFlash Drive identified above and any device or storage drive that was connected to the JetFlash Drive to determine when the JetFlash Drive was connected and any data operations that took place on the JetFlash Drive when it was connected.

7. The active files obtained from the Devices and Preserved iCloud Data and the New iCloud Data, together with files and artifacts recovered pursuant to Section 6, are referred to herein as the "Collected Files." Counsel for Apple and Mr. Kaithamana shall meet and confer regarding instructions on how and when FTI shall return or destroy Collected Files following resolution of this matter, subject to any later protective order entered into in this case.

8. Counsel for Apple and Mr. Kaithamana shall meet and confer to establish a list of search terms and document formats to narrow the Collected Files to a narrower set of files and artifacts for review (the "Review Set").

9. FTI shall perform a search of the Collected Files that had been stored within the Devices, the Preserved iCloud Data, and the New iCloud Data. The search will be based on keywords and document formats established by the parties pursuant to Section 8. The searches are restricted to the time period from July 1, 2018 through the present. FTI shall compile the set of files and artifacts revealed as hits from such search as the Review Set.

10. During the course of its forensic analysis, should FTI identify any communications with Mr. Kaithamana's counsel on the Devices, they shall immediately cease reviewing the file and notify Mr. Kaithamana's counsel. FTI shall not disclose the contents of any such communications to Apple's counsel or to Apple.

11. Prior to providing any files or artifacts obtained from the Devices to Apple's counsel, FTI shall provide the Review Set to Mr. Kaithamana's counsel to review. Mr. Kaithamana's counsel shall have seven business days to review the Review Set for privilege and to identify Apple confidential information and any other Apple business operational information relating to Mr. Kaithamana's employment at Apple by creating the list described in Section 13 and sending it to FTI. If seven business days have elapsed and counsel for Mr. Kaithamana has not notified Apple's counsel in writing asserting any claim of privilege and has not provided such list to FTI, FTI may provide the Review Set to Apple's counsel.

12. If asserting any claims of privilege, Mr. Kaithamana's counsel shall, within seven business days of receiving the Review Set, notify Apple's counsel of such claim in writing, and shall identify the materials to be withheld in a privilege log consistent with the requirements of Federal Rule of Civil Procedure 26 to be served within five business days following such notification to Apple's counsel.  The time limitations in Sections 11 and 12 may be varied by agreement in writing by counsel for Apple and Mr. Kaithamana.

13. Following review, Mr. Kaithamana's counsel shall provide FTI and Apple a list of non-privileged files and artifacts comprising Apple confidential information and any other Apple business operational information relating to Mr. Kaithamana's employment at Apple.  Such files and artifacts are referred to herein as the "Disclosure Set."

14. Following FTI's receipt of the list of files and artifacts in the Disclosure Set, FTI shall gather such files and artifacts as the Disclosure Set and disclose the Disclosure Set to Apple's counsel with a copy to counsel for Mr. Kaithamana.

15. Apple agrees to treat any information it receives as attorneys-only, pending entry of a protective order in the case.

16. Based on the outcome of the forensics inspection and analysis set forth above, FTI and/or Apple may request a second round of collection and analysis from additional Devices or cloud storage accounts.  Counsel for Apple and Mr. Kaithamana will meet and confer regarding the scope of any such second round of collection and analysis.

17. By stipulating to entry of this protocol, Apple does not waive any right it otherwise would have to seek relief, including evidentiary and terminating sanctions, in the event that Mr. Kaithamana fails his obligation to produce data under any applicable rule or order of this Court.

18. By stipulating to entry of this order and protocol, Mr. Kaithamana does not make any admission of liability or wrongdoing, or an admission that he does in fact have Apple confidential information in his possession.

Dated: June 13, 2022                    MORRISON & FOERSTER LLP

By: /s/ Bryan Wilson
    Bryan Wilson

    Attorneys for Plaintiff
    APPLE INC.

Dated: June 13, 2022                    SILICON VALLEY LAW GROUP

By: /s/ Stephen Wu
    Stephen Wu

    Attorneys for Defendant
    BHASI KAITHAMANA

Dated: June 13, 2022                    FTI TECHNOLOGY, INC.

By: /s/ Dave Freskos
    Dave Freskos

Title: __Managing Director__

**ATTESTATION OF CONCURRENCE**

I, Bryan Wilson, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Stephen Wu and Dave Freskos.

Dated: June 13, 2022      By: /s/ Bryan Wilson
                              Bryan Wilson

STIPULATION AND [PROPOSED] ORDER SETTING FORENSIC INSPECTION PROTOCOL
CASE NO. 5:22-CV-02637-EJD                                                6

**ORDER**

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

# APPENDIX A



**Authorization and Consent to Release Apple Records cont.**

To be completed by Consenting Party

I, Bhasi Kaithamana, am the primary account holder with Apple Inc. ("Apple") of the following account names:

Apple ID/Email Addresses ("Accounts"):  bhasi@yahoo.com and bkman007@yahoo.com

Account Holder's Physical Address: c/o Stephen Wu, Silicon Valley Law Group, 1 North Market Street, Suite 200, San Jose, CA 95113

Requested Records: iCloud Drive account information preserved on behalf of Apple on December 15, 2021 for the Accounts in connection with *Apple Inc. v. Rivos Inc., at al.*, No. 5:22-cv-02637-EJD, U.S. District Court for the Northern District of California.

I confirm that I am the lawful account holder of the above Accounts and hereby grant my consent authorizing Apple to release available requested records relating to the above Accounts.

1. I understand that by signing this consent form that I am verifying that the Accounts referenced above contain only my data and my family's data, and that no accounts of any other individual or entity are included in the above request for records.

2. I understand that the records requested above will be produced by Apple directly to FTI, as directed jointly by my counsel and Apple's counsel.

I confirm that I am the lawful account holder of the Accounts and hereby grant my consent authorizing Apple to release available requested records relating to the Accounts identified above. By signing below I am affirming under penalty of perjury the truth and accuracy of the above statements.

_____        _____
Date                                            Signature of Consenting Party
                                                    Name:  Bhasi Kaithamana