1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Stephen Swedlow (*Admitted Pro hac vice*)
2    stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, Illinois 60606
   Telephone:    (312) 705-7400
4  Facsimile: (312) 705-7401

5    David Eiseman (Bar No. 114758)
     davideiseman@quinnemanuel.com
6    Victoria B. Parker (Bar No. 290862)
     vickiparker@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
8  Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700

9
   Attorneys for Defendants Rivos Inc. and Wen
10 Shih-Chieh a/k/a Ricky Wen

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15 APPLE INC.,                           Case No. 5:22-CV-2637-EJD

16              Plaintiff,               **DECLARATION OF STEPHEN
                                         SWEDLOW IN SUPPORT OF
17       vs.                             DEFENDANTS RIVOS INC. AND WEN
                                         SHIH-CHIEH'S SUR-REPLY IN
18 RIVOS INC., WEN SHIH-CHIEH a/k/a      OPPOSITION TO APPLE'S *EX PARTE*
   RICKY WEN and BHASI KAITHAMANA,       MOTION FOR TEMPORARY
19                                       RESTRAINING ORDER, EXPEDITED
              Defendants.                DISCOVERY, AND ORDER TO SHOW
20                                       CAUSE**

21                                       Hearing Date:  June 16, 2022
                                         Time:          9:00 a.m.
22

23                                       Trial Date:         None Set

24

25

26

27

28
                                                      Case No. 5:22-CV-2637-EJD

## DECLARATION OF STEPHEN SWEDLOW

I, Stephen Swedlow declare:

1.     I am an attorney admitted to this Court *Pro hac vice*.  I am a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP and I represent Defendants Rivos Inc., ("Rivos") and Wen Shih-Chieh a/k/a Ricky Wen ("Wen") in this above-referenced action.  I make this declaration in support of Defendants Rivos and Wen Shih-Chieh's Sur-Reply in Opposition to Plaintiff Apple Inc.'s ("Apple") *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause.  The facts stated in this declaration are true and correct based on my personal knowledge, and if called and sworn in as a witness, I could and would testify competently to those facts.

2.     On Thursday, June 9, 2022, I requested a phone call with counsel for Apple.  Apple reluctantly agreed.  Later that day, my colleague Vicki Parker and I spoke to Bryan Wilson, Kenneth Kuwayti, and Diek Van Nort, counsel for Apple.  This was the first time that counsel for Apple spoke with me or any other attorney for Rivos or Wen.  As I conveyed during this call, it was Rivos' and Wen's intention to be cooperative and provide Apple to provide comfort to Apple and its counsel that Rivos has not misappropriated any Apple trade secrets, including by providing Apple with the hard drive belonging to Wen, which was identified in the Roffman Declaration submitted in support of Apple's *ex parte* motion; by conducting searches of Rivos' systems for documents containing Apple confidential, proprietary, or trade secret information; and by providing written responses to some of Apple's discovery requests (despite the fact there is no basis for a claim against Rivos).  As I also conveyed during the call, Wen's and Rivos' goal was to avoid the need for any hearing before this Court.

3.     During the call, I stated that Wen would share the hard drive identified in the Roffman Declaration as soon as the parties entered into a written protocol for its inspection (just as Apple had been negotiating with Kaithamana).  To expedite this process, I asked Apple to provide a draft written protocol for our review.  I also made clear during the call that Wen would agree to all the relief Apple seeks in the TRO and order to show cause portions of Apple's *ex parte*

1    motion, and that Rivos would search its systems for any Apple confidential, proprietary, or trade

2    secret documents to assure Apple there is no claim against Rivos.

3        4.      It was clear, however, Apple was not interested in resolving the issues before the

4    Court.  Apple's conduct from the date it filed this action appears to be intended to inhibit Rivos

5    and its development efforts while at the same time "fishing" for a basis for a claim against Rivos

6    that does not exist.

7        5.      During the same call, Apple's counsel pretended that they did not know the rule

8    that when you sue a company, you no longer have the right to contact its current employees.  I

9    followed up clarifying that rule by email later that same day.  A true and correct copy of that email

10   is attached hereto as **Exhibit A.**

11       6.      The next day, June 10, counsel for Defendants sent to Apple a proposed stipulated

12   order that would resolve the TRO-portion of Apple's motion as to Wen.  A true and correct copy

13   of the proposed stipulation is attached hereto as **Exhibit B.**

14       7.      The proposed stipulated order is substantively equivalent to that which Apple

15   entered with Bhasi Kaithamana on May 17, 2022 (*see* Dkt. No. 19).  Apple took days to respond,

16   then demanded that (i) Wen and Apple split the costs of *Apple's* investigation of Wen's devices;

17   (ii) Wen turn over his device *before* Apple shares its proposed inspection protocol; (iii) Wen

18   provide the actual hard drive, rather than an image, as Apple had proposed just days before, and

19   (iv) the order to show cause remain on calendar, despite the fact that the stipulation would moot

20   the need for any TRO.  Although Defendants would prefer not to burden the Court with a dispute

21   that should be resolved between the parties, they will not agree to these terms.

22       8.      Additionally, Apple has not provided me and my colleagues any information

23   regarding which files it believes Rivos should search for in connection with Defendant Bhasi

24   Kaithamana or the other 41 former Apple employees to whom Apple has sent threatening letters.

25   While Apple claims that the letters provided information to assist Defendants' investigation, the

26   reality is that, of the 41 other Rivos employees who received letters, 25 contained no allegations

27   whatsoever, 11 included allegations limited strictly to deleting data, and five contained allegations

28   regarding accessing, sending, or retaining allegedly confidential Apple documents.

1        I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.  Executed this 15th day of June, 2022 at Chicago, Illinois.

3

4                                    By:   */s/ Stephen Swedlow*

5                                         Stephen Swedlow

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28