# EXHIBIT A

| | |
|---|---|
| **From:** | Stephen Swedlow |
| **Sent:** | Thursday, June 9, 2022 7:32 PM |
| **To:** | Wilson, Bryan; Vicki Parker; David Eiseman |
| **Cc:** | Kuwayti, Kenneth A.; Van Nort, Diek O. |
| **Subject:** | RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive |

Bryan,

Confirmed on the follow-up items 1-4 in your email below.

During our call, we indicated it was our intention to be cooperative and provide Apple with the information it needs to feel comfortable taking its motion off calendar, including providing Apple with Mr. Wen's hard drive, conducting searches of Rivos' systems, and providing written responses to Apple's discovery requests.  Our goal in discussing the open issues was to reach agreement and avoid the necessity for a hearing.  It appeared Apple was not interested in actually negotiating a resolution but was instead interested in manufacturing document disputes.  That was disappointing.  You also repeatedly suggested that you intend to misstate or inaccurately summarize our positions in Apple's reply papers tomorrow.  We don't think that is useful to the Court.

You requested that we represent on the call whether all the documents identified in the 23-page Roffman Appendix or any other Apple documents exist on Mr. Wen's drive.  We told you that certain documents from the Roffman Appendix do exist on the Wen drive, then you asked us to confirm that each document from the Roffman Appendix exists on the drive.  The list of file names is 23 pages long and we told you we could not compare that list with the drive itself over the phone with any degree of accuracy.  This discussion was unproductive, so at that point we declined to provide Apple with such informal discovery.  You then told us you "didn't believe us."  For future reference, calling opposing counsel a liar is inappropriate and violates the Northern District of California's Guidelines for Professional Conduct.

You asked to get Mr. Wen's drive the same day.  We requested that we negotiate a protocol.  It has taken over five weeks for Apple to negotiate the same protocol with the other individual defendant's counsel.  You indicated that is a totally different situation.  It is not.  It is the same situation.  You also indicated that the other individual's counsel has been on vacation and that you were out of town.  Our point was that if Apple has not finalized the protocol with the other defendant in five weeks, it is unrealistic to demand same day service and pickup from our client.  It seemed you were trying to make a record, not trying to actually obtain the hard drive.

We disagreed with Apple's suggestion that we have been uncooperative in demonstrating that Rivos and Mr. Wen have not accessed Apple files.  Rather, the scope of the discovery Apple initially sought was improper and the time frame was simply not feasible.  Instead of continuing to communicate with us in an attempt to reach an informal resolution, Apple chose to seek a TRO.  Indeed, it is telling that our very first conversation regarding this case took place nearly three weeks *after* Apple filed its request for a TRO, and at our request.

As for whether Quinn represents each Rivos employee in their individual capacities, we did not confirm whether or not we represent each employee during their interviews.  As we indicated, we have conducted an interview with each of the 40 Rivos employees who received letters from Apple.  You asked whether you can contact these employees and we responded no.  You asked what authority we had to say no.  We told you they are current Rivos employees.  You are no more allowed to contact them than we are allowed to contact Apple employees to learn facts about this case.  That is my understanding of the rules of engagement.  If you believe differently, please give us your "authority."  In any event, while we did not specifically discuss separate representation of each employee when we interviewed them, we believe many of these employees would understand that we represent them.  At this point, you may not contact any Rivos employee directly.

1

Stephen Swedlow
Managing Partner - Chicago
312-705-7488
Cell 773-610-2512

**From:** Wilson, Bryan <BWilson@mofo.com>
**Sent:** Thursday, June 9, 2022 5:23 PM
**To:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Van Nort, Diek O. <DVanNort@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**[EXTERNAL EMAIL from bwilson@mofo.com]**

Steve and Vicki,

Confirming the takeaways from our call this afternoon:

1. You will check to see if Quinn represents employees in their individual capacities, other than Mr. Wen. We requested a response today. You told us you won't be able to respond today.
2. We'll confirm a protocol for picking up Mr. Wen's computer device referred in your opposition brief. We believe it will be that CRA will pick up the device, make a forensics image, and return the device. We will confirm that with CRA. Everything will be attorneys only under the Court's default protective order until we have a protective order in the case.
3. You'll send a proposed agreement that you believe would be sufficient to moot the TRO portion of our motion.
4. We discussed, but did not resolve, our request for expedited discovery. We remain open to any suggestions you may have.

Let us know if you think any of this is inaccurate.

Regards,

**BRYAN WILSON**
Partner | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-5603
mofo.com | LinkedIn | Twitter

**From:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>
**Sent:** Thursday, June 9, 2022 11:31 AM
**To:** Van Nort, Diek O. <DVanNort@mofo.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**External Email**

2

Vicki if that time works for you please can you send a zoom.  Thanks so much for your cooperation Diek.

Stephen Swedlow
Managing Partner - Chicago
312-705-7488
Cell 773-610-2512

**From:** Van Nort, Diek O. <DVanNort@mofo.com>
**Sent:** Thursday, June 9, 2022 1:30 PM
**To:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**[EXTERNAL EMAIL from dvannort@mofo.com]**

The 1pm proposal is pacific time, but, as I said, we are available anytime.

**From:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>
**Sent:** Thursday, June 9, 2022 11:24 AM
**To:** Van Nort, Diek O. <DVanNort@mofo.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**External Email**

What time zone.

Stephen Swedlow
Managing Partner - Chicago
312-705-7488
Cell 773-610-2512

**From:** Van Nort, Diek O. <DVanNort@mofo.com>
**Sent:** Thursday, June 9, 2022 1:17 PM
**To:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**[EXTERNAL EMAIL from dvannort@mofo.com]**

Hi Stephen,

We are just seeking access to the hard drive and do not think that a discussion that delays things further is necessary to make those arrangements. If you feel a need to discuss first, we are available at 1pm (or earlier). If that does not work, please provide a time and invite as soon as possible. We can be available anytime, including now.

Diek

**From:** Stephen Swedlow <stephenswedlow@quinnemanuel.com>
**Sent:** Thursday, June 9, 2022 9:49 AM
**To:** Van Nort, Diek O. <DVanNort@mofo.com>; Vicki Parker <vickiparker@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**External Email**

Can we talk about this. Do you have availability this afternoon.

Stephen Swedlow
Managing Partner - Chicago
312-705-7488
Cell 773-610-2512

**From:** Van Nort, Diek O. <DVanNort@mofo.com>
**Sent:** Tuesday, June 7, 2022 6:24 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; Stephen Swedlow <stephenswedlow@quinnemanuel.com>; David Eiseman <davideiseman@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** Apple Inc. v. Rivos Inc., Case No. 5:22-cv-2637-EJD - Mr. Wen's hard drive

**[EXTERNAL EMAIL from dvannort@mofo.com]**

Counsel,

The Opposition states that "Wen intends to (i) provide to Apple's counsel the actual 'computer device' (i.e., hard drive) identified in the Roffman Declaration." We would like the hard drive as soon as possible. Please let us know how we may retrieve it.

Best regards,
Diek

**DIEK VAN NORT**
Partner | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6971
mofo.com | LinkedIn | Twitter

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.