# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted Pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, <br><br> Defendants. | Case No. 5:22-CV-2637-EJD <br><br> **STIPULATED ORDER REGARDING DOCUMENT PRESERVATION AND FORENSICS INSPECTION** |

Plaintiff Apple Inc. ("Apple") and Defendant Wen Shih-Chieh a/k/a Ricky Wen ("Mr. Wen"), by and through their respective counsel, stipulate to entry of an Order as follows:

WHEREAS, Apple filed its Complaint in this matter on April 29, 2022, and the Complaint's requests for relief include among other things a forensics inspection and investigation; and

WHEREAS, Mr. Wen will provide the "computer device" identified in the Roffman Declaration (Dkt. No. 22-4), to Apple to make a forensic copy, then Apple and Mr. Wen will enter an agreed-upon forensics inspection protocol by a third party by stipulation; and

WHEREAS, this Agreed Order, and the third party forensics inspection protocol, render unnecessary the pending Apple request for a temporary restraining order;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. Mr. Wen will return to Apple, through Apple's undersigned counsel, any Apple confidential information of which he is aware or becomes aware as being in his possession, including but not limited to Apple confidential information stored on any devices, drives, computers, tablets, phones, electronic media, emails and email accounts, and cloud storage.

2. Mr. Wen will not access, use, or disclose, for any purposes, Apple confidential information including but not limited to any Apple confidential information that may be stored on any devices, drives, computers, tablets, phones, electronic media, emails and email accounts, and cloud storage – other than for purposes of identification and return to Apple.

3. Mr. Wen will not alter, destroy, erase, or otherwise dispose of any evidence or other material, in any form, relating to this action, that may be in Mr. Wen's possession including but not limited to: (a) Apple's confidential information, including but not limited to information regarding Apple's past, current, and future systems-on-chip ("SoCs"); and (b) any devices, drives, computers, tablets, phones, electronic media, emails and email accounts, and cloud storage that currently contain, or previously contained, Apple's confidential information.

4. Mr. Wen agrees to provide to Apple the "computer device" (*i.e.* hard drive) identified in the Roffman Declaration (Dkt. No. 22-4), which will be treated as agreed by separate Stipulated Order, including to be treated as "Highly Confidential – Attorneys' Eyes Only" under the N.D. California Model Protective Order.  Apple will return the device to counsel for Mr. Wen within two calendar days of retrieving the device.

5. By stipulating to entry of this Order, Mr. Wen does not make any admission of liability or wrongdoing, or an admission that he does in fact have Apple confidential information in his possession.

6. Apple reserves the right to move for interim relief if necessary after meeting and conferring in good faith with counsel for Mr. Wen.

7. Counsel for Apple and Mr. Wen shall meet and confer to select a neutral third party to be appointed no later than June 24, 2022 to conduct a forensics investigation pursuant to a further stipulation of such parties and joint instructions to be provided by such parties.

8. Such neutral shall be compensated by Apple.

9. The entry of this Order shall moot Apple's request for a temporary restraining order and request for an order to show cause in Apple's *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause (Dkt. No. 23).

DATED: June ___, 2022                MORRISON & FOERSTER LLP


By      /s/
BRYAN WILSON
Attorneys for Plaintiff APPLE INC.

| | |
|---|---|
| DATED: June ___, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By       /s/
STEPHEN SWEDLOW
Attorneys for Defendant
Wen Shih-Chieh a/k/a Ricky Wen

**ORDER**

So Ordered.

DATED: June ___, 2022                    UNITED STATES DISTRICT COURT JUDGE

|   |   |
|---|---|
| 1 | **ATTESTATION OF CONCURRENCE** |
| 2 | I, Stephen Swedlow, am the ECF User whose ID and password are being used to file this |
| 3 | **[PROPOSED] STIPULATED ORDER REGARDING DOCUMENT PRESERVATION** |
| 4 | **AND FORENSICS INSPECTION**. In compliance with Local Rule 5-1(h)(3), I hereby attest that |
| 5 | Bryan Wilson has concurred in this filing. |

DATED: June ___, 2022          By  _/s/_____
                                   STEPHEN SWEDLOW