BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,<br><br>Defendants. | Case No.   5:22-cv-02637-EJD<br><br>**APPLE'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO APPLE'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE** |

The Court should deny Defendants' motion for leave to file a 5-page sur-reply and dozens of pages of exhibits and new declarations, which comes less than 24 hours before the hearing on Apple's Motion. Defendants filed their motion without meeting and conferring with Apple, and without providing any advance notice, even though they clearly have been working on these details for days if not weeks.

Civil Local Rule 7-3(d) is clear. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval." What Defendants filed consists almost entirely of material that Rule 7-3(d) specifically prohibits without first seeking leave.

If Defendants object to Apple's attorney declarations filed in support of its Reply, Civil L.R. 7-3(d)(1) permits an "Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion." The Defendants' filing violates this rule as well.

Defendants make the generic assertion that "Apple's Reply contained new arguments." (ECF No. 47 at 1.) It does not. The purported "new exhibits" are all material already shared and discussed with Defendants or correspondence between the parties. Defendants put the substance of these exhibits directly at issue in their Response to Apple's Motion, which itself refers to the same facts and circumstances. (*E.g.*, ECF No. 42 at 2-5, 13, 15 (citing Kuwayti Decl.).)

Defendants should not be allowed to introduce wholly new evidence and argument without notice mere hours before the hearing on Apple's motion. This is plainly prejudicial to Apple, which has no opportunity to consider Defendants' new positions and evidence, let alone any opportunity to respond.

For the reasons above, the Court should deny Defendants' motion for leave.

Dated: June 15, 2022                                MORRISON & FOERSTER LLP

                                                    By:  /s/ *Bryan Wilson*
                                                          Bryan Wilson
                                                          Attorneys for Plaintiff
                                                          APPLE INC.