BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA, <br><br> Defendant. | Case No. 5:22-cv-02637-EJD <br><br> **DECLARATION OF MARY PRENDERGAST IN SUPPORT OF DEFENDANTS RIVOS INC. AND WEN SHIH-CHIEH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 46)** |

I, Mary Prendergast, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I have personal knowledge of the matters set forth herein, and if called to testify, could and would testify competently thereto. I submit this declaration in support of Defendants Rivos Inc. and Wen Shih-Chieh's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 46).

2. I note that Defendants filed their sur-reply without leave, Apple filed an opposition to Defendants' motion for leave to file a sur-reply (ECF No. 50), and as of the date of this filing, the Court has not yet ruled on whether the sur-reply will be permitted. Nonetheless, because Defendants submitted documents under seal with their proposed sur-reply, Apple submits this declaration to ensure the appropriate portions are filed under seal in the event the sur-reply is permitted or otherwise remains in the record.

3. I have reviewed Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause, as well as the Declaration of Michael Kunkel in Support of Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply and exhibits thereto. I confirm that only a portion of the documents Rivos identified in its Administrative Motion (ECF No. 46) warrant sealing in whole or in part. The information that Apple seeks to seal contains its asserted trade secrets and other confidential information of Apple and unnamed third parties, is narrowly tailored, and is not generally known by the public.

4. In accordance with Civil Local Rule 79.5(e), below is an identification of documents Apple believes should be sealed:

| Document | Portion(s) to Seal | Basis for Sealing |
|---|---|---|
| Declaration of Michael Kunkel in Support of Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause | Highlighted portions. | This document contains confidential Apple information including details of technology Apple has asserted as a trade secret. Public disclosure of this information would cause harm to Apple. |

| Document | Portion(s) to Seal | Basis for Sealing |
|---|---|---|
| | | This document also contains or refers to personally identifying information of individuals not named in the Complaint. Public disclosure of this information could potentially cause harm to these unnamed individuals. |
| Exhibit C to the Declaration of Michael Kunkel in Support of Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause | Entire document. | This document contains or refers to personally identifying information of individuals not named in the Complaint. Public disclosure of this information could potentially cause harm to these unnamed individuals.<br><br>This document contains confidential Apple information including commercially sensitive internal Apple operations and projects. Public disclosure of this information would cause harm to Apple. |

5.  I have reviewed the Declaration of Michael Kunkel in Support of Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause and confirm this declaration contains file names and file paths that reveal information regarding Apple's highly confidential engineering projects. The portions for which Apple seeks sealing are highlighted in the version submitted with this declaration. If made public, this information would harm Apple's competitive standing by revealing detail regarding its internal operations, technology infrastructure, and proprietary projects. *See, e.g.*, *Bofi Fed. Bank v. Erhart*, No. 15-cv-02353-BAS, 2016 WL 4595536, at *2-3 (S.D. Cal. June 22, 2016) (granting motion to seal digital forensics declaration containing file names which revealed confidential information regarding business operations and movant's technology infrastructure); *see also, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (granting motion to seal sensitive materials relating to how Google technology operates); *Transperfect*

1  *Global, Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17,
2  2013) (granting motion to seal exhibits that contained proprietary information about the sealing
3  party's internal business operations and technology).

4      6.    I have also reviewed Exhibit C to the Declaration of Michael Kunkel in Support of
5  Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte
6  Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause.
7  Both the Declaration of Michael Kunkel and Exhibit C contain personally identifying
8  information, including names, addresses, phone numbers, and the details of internal Apple
9  evaluations, for individual(s) not named in the Complaint.  These individuals include current and
10  former Apple employees, none of whom are officers or directors of Apple.  Such personally
11  identifying information of unnamed individuals warrants sealing.  *Music Grp. Macao Com.*
12  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,
13  2015); *see also In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *7
14  (N.D. Cal. Jan. 24, 2017) (finding good cause to seal "the names of Rocket Fuel employees who
15  are not officers, directors, or named defendants in this matter").

16      7.    Exhibit C also contains details about internal Apple employee review processes, as
17  well as details about specific Apple SoC designs and other confidential technical information,
18  that, if revealed, would harm Apple's competitive standing.  *See Dugan v. Lloyds TSB Bank,*
19  *PLC*, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There
20  may be 'good cause' to seal records that . . . contain . . . development or commercial information,
21  or if disclosure of the information might harm a litigant's competitive standing") (citation
22  omitted); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL
23  12789020, at *1 (N.D. Cal. Aug. 8, 2014) (granting motion to seal information that poses a
24  substantial risk of negatively impacting relationships and competitive interests); *Transperfect*
25  *Global, Inc. v. Motionpoint Corp* ., No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17,
26  2013) (granting motion to seal exhibits that contained proprietary information about the sealing
27  party's internal business operations and technology).

28

8. Although they were included in Defendants' administrative motion, Apple does not seek to seal (1) Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause; or (2) Exhibit B to the Declaration of Michael Kunkel in Support of Defendants Rivos Inc. and Wen Shih-Chieh's Sur-Reply in Opposition to Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order To Show Cause.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Washington, District of Columbia, on this 22nd day of June, 2022.

*/s/Mary Prendergast*
Mary Prendergast

**ATTESTATION OF E-FILED SIGNATURE**

I, Bryan Wilson, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Mary Prendergast has concurred in this filing.

Dated: June 22, 2022                    By: */s/ Bryan Wilson*
                                            Bryan Wilson