QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted Pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA,<br><br>  Defendants. | Case No. 5:22-CV-2637-EJD<br><br>**DECLARATION OF MICHAEL KUNKEL IN SUPPORT OF DEFENDANTS RIVOS INC. AND WEN SHIH-CHIEH'S SUR-REPLY IN OPPOSITION TO APPLE'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE**<br><br>Hearing Date: June 16, 2022<br>Time:          9:00 a.m.<br><br>Trial Date:          None Set |

**DECLARATION OF MICHAEL KUNKEL**

I, Michael Kunkel, declare:

1. I am the Director of Investigative Services of Setec Security Technologies, Inc. I make this declaration in support of Defendants Rivos ("Rivos") and Wen Shih-Chieh's Sur-Reply ("Ricky Wen") in Opposition to Plaintiff Apple Inc.'s ("Apple") *Ex Parte* Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause. The facts stated in this declaration are true and correct based on my personal knowledge, and if called and sworn in as a witness, I could and would testify competently to those facts.

2. As the Director of Investigative Services of Setec Security Technologies, Inc., my job responsibilities entail providing litigation support to attorneys and project management of our computer forensic and electronic discovery specialists who work in our business unit, Setec Investigations, which specializes in the discovery, collection, investigation, and production of electronic information for investigating and handling computer-related crimes and misuse. In my role with Setec Investigations, I work with government entities, local, state, and federal law enforcement agencies, private attorneys, and corporations, and specialize specifically in managing computer forensic investigations and providing thorough litigation support solutions. I have been involved in over 3,000 computer forensic investigations and electronic discovery engagements surrounding theft of intellectual property, trade secret misappropriation, financial fraud, email and Internet abuse, employee disputes, copyright infringement, industrial espionage, disputed dismissals, and software code reviews, spoliation, among other engagements.

3. Prior to my employment at Setec Security Technologies, Inc., I was a digital forensics examiner at Stroz Friedberg, LLC, where I led digital investigations and provided expert guidance in a multitude of different litigations. Prior to working at Stroz Friedberg, I was a Special Agent in the United States Air Force Office of Special Investigations. I was Chief of the Cyber Investigations and

Operations at Yokota Air Base, Japan.  I investigated countless incidents of computer crime and led the Air Force's cyber counter-intelligence gathering efforts throughout the Pacific region.  I am a certified EnCase Examiner (OpenText) as well as a Certified Information Systems Security Professional through ISC2.  I have also been a Department of Defense certified Computer Crime Investigator as well as a member of various professional organizations related to computer forensics.  My curriculum vitae is attached as **Exhibit A**.

4.  Setec Investigations has participated in and led countless computer forensic investigations and electronic discovery efforts to facilitate the discovery of electronic evidence in support of criminal and civil lawsuits.  Setec Investigations is regularly designated as an expert and our team of computer forensic and electronic discovery specialists frequently provides expert witness testimony.

5.  Computer forensics is the process of preserving, identifying, analyzing, and documenting computer evidence stored in the form of magnetically encoded information (data) with the objective of uncovering relevant electronic information.  Thorough computer forensic analysis performed by a skilled examiner can result in the reconstruction of the activities of a computer user, identification of the chronological and contextual history of files, recovery of deleted information, and exploration of sensitive data, while producing information relevant to discovery.

6.  Through Quinn Emanuel, Setec Investigations was engaged in this case by Rivos in May 2022 with a primary objective of forensically preserving and searching electronic data located on Rivos' computers, servers, and other repositories, as well as personal devices and repositories belonging to Ricky Wen.

7.  Setec Investigations was provided with APPLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE, Daniel Roffman's Declaration, and Appendix A and B, which I reviewed.  To search for the documents and other files outlined within Mr. Roffman's declaration and Appendix B, I personally performed and led teams of

forensic specialists to accomplish this.  Specifically, these efforts were performed on the following sources:

    a.  Ricky Wen's personal 1TB Seagate FreeAgent FW portable hard drive

    b.  Ricky Wen's personal 3TB Seagate Backup + Desk portable hard drive

    c.  Ricky Wen's personal 5TB Seagate One Touch portable hard drive

    d.  Ricky Wen's personal 4GB generic flash drive

    e.  Ricky Wen's personal "adschen@gmail.com" Google Drive account

    f.  Ricky Wen's personal "shwenr@gmail.com" Google Drive account

    g.  Ricky Wen's personal "shwenr@gmail.com" iCloud Drive account

    h.  Ricky Wen's Rivos assigned laptop

    i.  Ricky Wen's Rivos assigned VM

    j.  Ricky Wen's Rivos assigned Google Drive account and the Group Shares his account can access

    k.  Ricky Wen's Rivos assigned network shares

    l.  Rivos' "Home" and "Proj" network shares

8.  The searches of the above outlined sources relied upon all the individual files and folder paths specified in Mr. Roffman's declaration and within its Appendix B.

9.  The searches identified that Mr. Wen's personal 5TB Seagate One Touch portable hard drive and his "shwenr@gmail.com" Google Drive account possessed seven PDF files containing JPMorgan Chase Bank statements associated with "ARTIC CIRCLE, LLC."  True and correct copies of these seven PDF files are attached hereto as **Exhibit B**.  These seven PDFs files are identified in Appendix B of Mr. Roffman's declaration.  These PDFs had been downloaded onto the 5TB Seagate One Touch portable hard drive on March 13, 2016.

DECLARATION OF MICHAEL KUNKEL IN SUPPORT OF SUR-REPLY IN OPPOSITION TO APPLE'S MOTION FOR TEMPORARY RESTRAINING ORDER

10. The searches also identified that Mr. Wen's iCloud Drive account contained Apple employee assessment documents for four individuals within eight PDF files possessing Last Written dates of October 1, 2020, providing insight when these PDF files were created and uploaded onto the iCloud Drive.True and correct copies of which are attached hereto as **Exhibit C**.  These eight PDF files were automatically downloaded onto Mr. Wen's Rivos-issued MacBook laptop when Mr. Wen's User Profile was created and his Apple ID was entered for the first time on this MacBook laptop on August 23, 2021.  Specifically, the act of linking Mr. Wen's Apple ID to the new user profile within the operating system of this MacBook laptop automatically initiated a synchronization process.  This synchronization process automatically downloads records and other data contained within a user's iCloud account onto the user's MacBook laptop hard drive, which also can automatically upload certain records and other data from the user's laptop's hard drive to the user's iCloud account.  The PDF files, which are identified in Appendix B to the Roffman declaration, were downloaded into the following folders on the laptop:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

1 ██████████████████████████████████████████████████████████
2 ████████████████████████████████████████████████████████
3 ████████
4 ██████████████████████████████████████████████████████████
5 ███████████████████████████████████████████████████
6 ██████████████████████████████████████████████████████████
7 █████████████████████████████████████████████████████

11. Mr. Wen's iCloud Keynote, used to create, edit, and share presentations on iCloud.com, contains the file titled ████████████████████████████   As shown in the operating system metadata associated with this file, its Last Written date is November 17, 2017, reflecting when the content of this file was last changed.  This file is identified in Appendix B to the Roffman declaration.  This file was not downloaded onto Mr. Wen's Rivos-issued laptop, including during the automatic syncing process described above in Paragraph 10, likely because it is stored in iCloud Keynote data.

12. Ricky Wen's personal 1TB Seagate FreeAgent FW portable hard drive contains multiple files identified in Appendix B to the Roffman declaration.  I reviewed the Operating System metadata of the approximately 3.3 million files and folders located on this portable hard drive.  The timestamps associated with the files and folders contained on this portable hard drive reflect a gap in usage from August 6, 2021 (which I understand to be the date Mr. Wen left Apple's employment) until April 30, 2022 (the day after Apple filed its complaint in this case).  I did not observe any activity on this hard drive from August 6, 2021 until April 30, 2022, when 22,908 items, almost exclusively folders, had their Last Accessed timestamps updated in rapid succession beginning at 11:06 AM until 11:15 AM, again from 11:41 AM through 11:53 AM, and again from 12:26 PM through 12:33 PM.  This rapid succession suggests the "access" was the result of automatic processes, such as the MacOS spotlight service.

13. Based on my investigation to date, no additional items specified within Mr. Roffman's declaration or within its Appendix B have been identified on any of the sources outlined above.

14. Specifically surrounding Bhasi Kaithamana, who is referenced in Mr. Roffman's declaration, no searches were performed for specific folders and/or files as, unlike for Ricky Wen, Mr. Roffman does not provide a list of materials to search for in his declaration.

15. During the course of Setec Investigations' efforts, Rivos employee ▮▮▮▮ provided a Time Capsule containing a 2TB hard drive. I have evaluated the Operating System metadata of the files residing on this hard drive and all of the backups contained on the hard drive possess a Last Accessed date of August 24, 2021 or earlier. I have been informed by Rivos' counsel that ▮▮▮▮ employment at Rivos commenced after August 24, 2021. Therefore, there is no record of any access of any file on this Time Capsule during ▮▮▮▮ employment at Rivos.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 15, 2022, at Austin, Texas.

*/s/ Michael Kunkel*

Michael Kunkel