QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted Pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, <br><br> Defendants. | Case No. 5:22-CV-2637-EJD <br><br> **DEFENDANTS RIVOS INC. AND WEN SHIH-CHIEH'S SUBMISSION REGARDING FIRST PHASE OF DISCOVERY** <br><br> Judge:       Edward J. Davila <br> Trial Date:  None Set |

Pursuant to the Court's June 16, 2022 Order, Defendants Rivos Inc. ("Rivos") and Wen Shih-Chieh ("Wen") submit this statement regarding the parties' meet and confer efforts as to the appropriate scope of the first phase of discovery in this case. (*See* Ex. A, attached hereto.)

After the Court provided the parties eight days to attempt to reach agreement as to an appropriate discovery plan, Apple waited over five days to provide its proposal to Defendants. When it finally did, Apple sought far-reaching discovery even beyond that requested in its May 20, 2022 *ex parte* motion. Apple also went so far as to demand that Rivos turn over the personal devices and account credentials of its employees, who are not defendants to this case and over whom Rivos has no power to compel disclosure of personal information. Apparently recognizing the issue with doing so, Apple simultaneously demanded that Rivos waive any objection that such materials are outside its possession, custody, and control. Apple further demanded *three* early depositions. Apple made these broad, far reaching demands despite the fact that Defendants have already responded to a number of Apple's discovery requests, agreed to a fulsome forensic inspection of Wen's devices, and committed to investigate Rivos' systems and devices for any documents identified by Apple as having potentially been taken. Following a meet and confer, Apple only offered to forego (for now) one of its three demanded depositions and its demand that Defendants supplement their existing discovery responses. Apple's proposal is untethered to any legitimate need in this case and contrary to legal authority governing expedited discovery. It should be rejected.

Defendants, in turn, proposed a phased approach to discovery, which they understood to be contemplated by the Court. In this first phase, the parties would focus on (i) conducting a fulsome independent forensic examination of Wen's devices, which information can then be used to inform further phases of discovery, (ii) confirming that a former Apple employee's "time machine" back-up (identified in Apple's *ex parte* motion) has not been accessed since leaving Apple, and (iii) searching Rivos' systems and devices for specific materials to be identified by Apple so that Rivos can sequester any Apple confidential or trade secret information. Under Defendants' proposal, further discovery would then proceed in accordance with the Federal Rules. Despite the fact that this proposal—as well as the written discovery responses previously served—provides Apple with most of the discovery it sought in its *ex parte* motion, Apple rejected it.

## I. Apple Engages In Further Delay Only To Propose Overbroad Discovery Beyond That Requested In Its Motion Or Permitted By Law

As the Court correctly observed during the June 16, 2022 hearing, there is no emergency here. In fact the Court asked Apple twice (and Apple never directly answered): "what is the urgency of this now?" June 16, 2022 Tr. at 9:17-22; *id.* at 10:12-14. The answer is there is no urgency. Apple has had the forensic information on which it relies for over *eight months*. Nevertheless, during the hearing, Apple repeated its unsupported assertion that time is of the essence. Apple rejected the Court's proposal that the parties agree on a discovery protocol within 14 days, and only begrudgingly accepted Defendants' offer to attempt to reach agreement over the next eight days. Even then, Apple waited over five days to provide its initial discovery proposal. Apple's conduct once again demonstrates there is no real urgency to Apple's demands.

When Apple finally provided Defendants with its proposal, the requested discovery was **broader** in nearly every respect than what it had initially requested in its May 20 *ex parte* motion. (Ex. A at 3-4.) Apple, however, did not even attempt to justify its new, highly invasive, and improper demands.

For example, Apple demands that Rivos "turn[] over" to the forensic examiner "all devices that were identified in paragraphs 27-36 of the Roffman declaration." These paragraphs identify the *personal* devices of non-party Rivos employees, for which Rivos has no power or legal authority to compel any action.[1] *See* Dkt. 22-4. Moreover, for many of these devices Roffman states only that they were "connected" to an Apple computer; he makes no allegations regarding the transfer of any Apple confidential or trade secret documents. *See e.g. id.* at ¶ 29 (former Apple employee "connected a 2 Terabyte hard drive with 1.3 Terabytes of available storage); ¶ 31 (former Apple employee "connected to a Synology network attached storage ("NAS") device"); ¶31 (former Apple employee "connected a Western Digital My Passport hard drive . . . [and] connected a SanDisk Cruzer Glide USB storage device); ¶ 32 ("I observed the connection of a Seagate hard drive"); ¶ 33 (former Apple employee "connected a SanDisk Corp. Cruzer Micro U3 USB storage device"); ¶ 34

---

[1] Having received permission from the relevant individual, Rivos has offered to provide to a neutral forensic examiner the "Time Capsule" identified in paragraph 27 of the Roffman declaration.

(former Apple employee "connected a Silicon Motion / Feiya Technology Flash Drive five times"). In each of these instances, Apple provides *no evidence* that the former Apple employees used these devices for anything other than simply saving personal documents to take with them when they left Apple.[2] Indeed Roffman recognizes that the devices contain personal files and information. *See id.* at ¶¶ 31-32. Yet Apple now demands that Rivos somehow compel its non-party employees to turn over their personal devices, which indisputably contain personal and confidential information, and allow Apple to rummage through them, hunting for a claim where it currently has none.

Similarly, Apple demands that Rivos turn over the credentials for the personal iCloud Drive accounts of these third-party employees.[3] Here again, Apple seeks nearly unfettered access into the personal accounts of non-parties to this case. Apple makes no attempt to connect these personal devices and accounts, or any information on them, to Rivos (or their work for Rivos).

While Apple dropped its explicit demand that Rivos "withdraw" its possession, custody, and control objections, the practical impact of Apple's discovery proposal *requires* Rivos to waive this objection, as Apple seeks fulsome forensic examinations of the personal devices and accounts of Rivos employees, which Rivos has no authority to provide. It is black letter law that one only has possession, custody, or control of materials that it has a "legal right" to obtain. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Apple has identified *no* authority on which to argue that Rivos has "control" over its employees' *personal* devices, purchased and used in these employees' private lives *prior* to joining Rivos. While Rivos has committed to searching its systems and the devices it has issued to its employees who received

---

[2] It is unsurprising that Apple employees must untangle their personal and work information upon departing from Apple, as Apple encourages its employees to link their personal iClouds to their work accounts. *See, e.g.*, Zoe Schiffer, Apple Cares About Privacy, Unless You Work at Apple, The Verge, Aug. 30, 2021 <https://www.theverge.com/22648265/apple-employee-privacy-icloud-id. This policy results in the type of transfers or deletions that Apple now contends necessarily evidence suspicious behavior.

[3] Apple originally demanded that Rivos also provide "all devices that have been synced with those iCloud Drive accounts within the last 30 days of their employment or since leaving Apple" as well as "any devices that were connected to the Apple network or any Apple device during the last month of employment onto which Apple data was downloaded of the nine individuals listed in paragraph 25 of the Roffman declaration." Apparently recognizing the impossibility of identifying such a broad swath of personal devices, Apple suggested this request be put off to a later phase in discovery. Defendants maintain that such an overbroad fishing expedition into the private information of non-parties will never be appropriate in this case.

letters from Apple,[4] Rivos simply cannot commit to collecting and searching each of those employees' personal devices or accounts, or any other device Apple desires, much less without any evidence of wrongdoing.

Finally, Apple demands the depositions of both Wen and Rivos within 14 days.[5] Apple provides *no* justification for those depositions, let alone why they must take place immediately.

The sum total of Apple's proposal makes clear that Apple is not interested in the return of any Apple information that may have inadvertently been taken. If it was, it would have sought return of that information *before* filing this case, and it would have cooperated with Defendants *before* filing its (unjustified) May 20 *ex parte* motion. Instead, Apple's goal is to slow the progress of what it views as a viable newcomer in its space, and harass and intimidate its former employees, in the hopes that other employees will choose *not* to exercise their right to move to a new employer.

## II. Defendants Propose An Early Phase Of Discovery Tailored To Apple's Allegations

Although Apple has failed to provide any justification for early discovery, Defendants nonetheless proposed a reasonable approach to phased discovery. (Ex. A at 3.) Under Defendants' proposal, the parties will *first* finalize a specific protocol, including agreed-upon search terms, for the examination of each of Wen's devices and accounts (including the version of Wen's iCloud Drive account that Apple preserved as of December 15, 2021) and the parties' neutral forensic examiner (FTI) will then examine those devices and accounts; *second* FTI will examine a forensic image of the Time Capsule backup specifically identified by Apple to confirm it has not been accessed since the employee departed from Apple; *third*, consistent with Defendants' requests since May 6, 2022, Apple will produce all the forensic information it has related to any former Apple employee now working at Rivos (as opposed to the strategically identified information it has thus far included in its complaint and the Roffman declaration); and *fourth*, Rivos will use the forensic

---

[4] Of the 42 Rivos employees who received letters, the vast majority contained no allegations of misconduct whatsoever, instead merely providing generalized reminders of these individuals' ongoing Apple confidentiality obligations. **None** of the letters identified any specific document or file Apple contends was inappropriately taken or retained.

[5] Apple initially also requested the depositions of Rivos' forensic examiner, and, in return, offered the deposition of Apple's forensic examiner. In Apple's revised proposal, it withdrew its request for a deposition of Rivos' forensic examiner but also rescinded its only offer to provide Defendants with discovery in the form of a deposition of Apple's forensic examiner.

information and search terms from Apple to look for and sequester Apple information to the extent any such information is found on Rivos' systems and devices.

Defendants' proposal appropriately allows for discovery from both Apple and Defendants, as Apple *still* has provided *no* information regarding which Apple files it believes current Rivos employees other than Wen possess (despite counsel's repeated specific requests for this information). Nor has Apple provided Rivos the search terms it represented to the Court that it had "offered" to provide and despite Rivos' specific request that Apple do so. This information is all the more important given that Apple's purported trade secret identification ("TSI") appears to include ***every document*** in Wen's Desktop and Downloads folders, regardless of whether the documents are actually Apple documents, let alone whether the documents contain trade secrets or are otherwise confidential.[6] It does not provide any useful roadmap to design searches that identify Apple information. While Rivos has already searched for the specific file names identified in the TSI, Rivos needs the requested forensic information to conduct a more thorough investigation.

Under Defendants' proposal, further phases of discovery will take place in accordance with the Federal Rules, and will be informed by the initial investigation described above. While Apple attempts to create a picture of malfeasance based on snippets of forensic information taken out of context, Apple has presented no justification for further departure from the Federal Rules. Apple has had the relevant forensic information for more than eight months, Rivos has committed to look for, sequester, and not use any Apple confidential or trade secret information, and all of Defendants' devices and systems (including all devices identified by Apple within Defendants' possession, custody, or control) have been preserved and thus are not at risk of destruction.

**III.   Conclusion**

Apple's attempt to seek invasive, far-reaching expedited discovery *before* Defendants have the opportunity to challenge Apple's complaint is contrary to the Federal Rules and is particularly inappropriate where Apple has only identified broad categories of information as its theoretical trade secrets. Defendants respectfully request that the Court adopt Defendants' proposed discovery plan.

---

[6]   Indeed, Apple has claimed as its trade secrets Wen's personal bank records reflecting rent payments for an investment property that Wen owns with his wife. *See* Dkt. 46-4 at 5.

1  DATED: June 24, 2022                    Respectfully submitted,

2                                          QUINN EMANUEL URQUHART &
3                                          SULLIVAN, LLP

4

5                                          By      */s/ Stephen Swedlow*
                                               STEPHEN SWEDLOW
6                                              DAVID EISEMAN
                                               VICTORIA B. PARKER
7

8                                          Attorneys for Defendants Rivos, Inc. and Wen
                                           Shih-Chieh a/k/a Ricky Wen
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Kuwayti, Kenneth A. <KKuwayti@mofo.com> |
| **Sent:** | Thursday, June 23, 2022 6:09 PM |
| **To:** | Vicki Parker; Wilson, Bryan; QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | RE: [EXT] Apple v. Rivos |

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Vicki: Following up on our call today, attached please find the narrower proposal for Phase I of the discovery that we discussed. We've manually redlined it so that you can compare it with the version that we previously sent. As part of this proposal, we would be willing to defer the additional discovery to a second phase.

- Rivos identifies in writing all of the devices and cloud accounts it has searched or imaged from Rivos employees and confirms that any Apple information that they retained has now been segregated.
- Rivos turns over to the independent forensic vendor:
  - all of the devices that were identified in paragraphs 27-36 of the Roffman declaration;
  - any devices on which Apple information has been found, or was stored or transmitted;
  - all of the credentials necessary for the independent forensic vendor to access any cloud accounts identified in paragraphs 27-36 of the Roffman account or on which Apple information has been found or was stored or transmitted after the employee's employment with apple terminated. ~~retained, and for those persons Apple identified as retaining information in their iCloud Drive accounts, (█████████████████ and █████████████ all devices that have been synched with those iCloud Drive accounts within their last 30 days of employment at Apple or since leaving Apple.~~
  - ~~any devices that were connected to the Apple network or any Apple device during the last month of employment onto which Apple data was downloaded of the nine individuals listed in paragraph 25 of the Roffman declaration.~~
  - these devices and accounts will all be subject to the same protocol that has been agreed upon for Mr. Wen.
- The parties agree to search terms for all devices and accounts collected or accessed by the independent vendor, and to be run across its network (including emails) by Rivos' counsel, with a hit term list to be shared with Apple's counsel along with any documents where Apple confidential information is found or referenced.
- ~~Rivos agrees to withdraw its "possession, custody and control" objections to the discovery requests and to respond based on the information it has collected from its employees, and to respond fully to RFP 2 and interrogatories 1 through 4.~~ The parties agree that Apple can move to compel as to the discovery responses on July 7 or the day that discovery opens
- ~~Depositions of Dan Roffman and the forensic vendor for Rivos to take place at mutually agreeable times.~~
- A 30(b)(6) deposition of Rivos to take place at a mutually agreeable time within 14 days.
- Mr. Wen will be made available for deposition at a mutually agreeable time within 14 days.

Please let us know if there are any of these items that you are willing to agree to so that we can try to narrow our dispute if we can. If timeframe is the issue with regards to any of the proposed items, let us know.

In regards to the specific points in your proposal: (1) we already have a separate agreement regarding Mr. Wen and do not believe that he is part of this proposal or that you are offering anything other than what we already agreed to; (2) Mr. ███ is one of the employees discussed in paragraphs 27-36 of Mr. Roffman's declaration, and we propose that his device be treated as described above; (3) we are not willing to turn over all of Apple's forensic information and have not asked Rivos to turn over all of its forensic information. If there is a particular subset of information that you believe would be helpful to provide to the forensic vendor, or perhaps to Rivos' counsel, please let us know and we will consider

1

that; and (4) we cannot agree to a process where Rivos only searches its own systems and devices for files that we specifically identify.  We need to get the information returned and examined from employee devices as well, and it is not possible for Apple to specifically identify the full universe of information that was taken for the reasons described in the Roffman declaration.

We are available at your convenience to discuss this tomorrow if you believe that would be helpful.

Regards,

Ken

---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Thursday, June 23, 2022 12:32 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**External Email**

Ken,

We are available at 4 pm today.  If that works on your end, please send along an invite.

Thank you,
Vicki

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Thursday, June 23, 2022 12:10 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

[EXTERNAL EMAIL from kkuwayti@mofo.com]

Vicki:  I don't see any point in responding to the characterizations in your email.  We disagree, and we understood that the primary point of this meet and confer was to agree upon a procedure relating to the additional Apple employees who left, not Mr. Wen, as the parties had already reached agreement on a stipulation with regards to him and informed the Court of that at the outset of the hearing.

We would like to discuss this with you by phone to see if the parties can try to resolve our differences, or at least move closer together.  We propose 2:00 Pacific, but if that doesn't work, we can be available for a call this afternoon any time other than 3-3:45 Pacific.  Please let us know if there is a time that works for you.

Regards,

Ken

2

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Thursday, June 23, 2022 9:52 AM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**External Email**

Ken,

We are disappointed that, after taking five of the eight days provided by the Court to try to reach agreement on a discovery plan, Apple's proposal is **broader** in nearly every respect than the discovery it originally sought in its motion. Rivos and Mr. Wen will not agree to Apple's proposal. Instead, consistent with the Court's suggestion that the parties reach agreement on a phased discovery plan, we propose:

1. The parties will finalize a specific protocol for the examination of each of Mr. Wen's devices and accounts (including the version of Mr. Wen's personal iCloud Drive account that Apple preserved as of December 15, 2021), and FTI will then examine those devices and accounts;
2. FTI will examine a forensic image of Mr. ▇▇▇'s time machine backup to confirm it has not been accessed since Mr. ▇▇▇ left Apple;
3. Consistent with our requests since May 6, Apple will produce all the forensic information it has related to any former Apple employee now working at Rivos (as opposed to the strategically identified information it has thus far included in its Complaint and the Roffman declaration); and
4. Once Apple produces the forensic information referenced in No. 3, Rivos will look for and sequester the information specifically identified by Apple to the extent any such information is found on Rivos' systems and devices.

The results of the examination of Mr. Wen's devices may then be used to inform further phases of discovery, which will take place in accordance with the Federal Rules of Civil Procedure. This phasing is consistent with the Court's guidance, and its recognition that there is no "emergency" here. Indeed, Apple has had the relevant forensic information for more than eight months, Rivos has committed to look for, sequester, and not use any Apple confidential or trade secret information, and all evidence has been preserved and thus at no risk of destruction.

Let us know your thoughts.

Vicki

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, June 21, 2022 4:05 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Vicki: Here is our proposal for the first phase of discovery.  We understand that Rivos wants to take some discovery of its own.  Please let us know what you are proposing.  We will respond to the remainder of your email separately.

Proposal

- Rivos identifies in writing all of the devices and cloud accounts it has searched or imaged from Rivos employees and confirms that any Apple information that they retained has now been segregated.
- Rivos turns over to the independent forensic vendor:
    - all of the devices that were identified in paragraphs 27-36 of the Roffman declaration;
    - any devices on which Apple information has been found, or was stored or transmitted;
    - all of the credentials necessary for the independent forensic vendor to access any cloud accounts on which Apple information was retained, and for those persons Apple identified as retaining information in their iCloud Drive accounts, (███████████████████, and ███████), all devices that have been synched with those iCloud Drive accounts within their last 30 days of employment at Apple or since leaving Apple.
    - any devices that were connected to the Apple network or any Apple device during the last month of employment onto which Apple data was downloaded of the nine individuals listed in paragraph 25 of the Roffman declaration.
    - these devices and accounts will all be subject to the same protocol that has been agreed upon for Mr. Wen.
- The parties agree to search terms for all devices and accounts collected or accessed by the independent vendor, and to be run across its network (including emails) by Rivos' counsel, with a hit term list to be shared with Apple's counsel along with any documents where Apple confidential information is found or referenced.
- Rivos agrees to withdraw its "possession, custody and control" objections to the discovery requests and to respond based on the information it has collected from its employees, and to respond fully to RFP 2 and interrogatories 1 through 4.
- Depositions of Dan Roffman and the forensic vendor for Rivos to take place at mutually agreeable times.
- A 30(b)(6) deposition of Rivos to take place at a mutually agreeable time.
- Mr. Wen will be made available for deposition within 14 days.

We are available to discuss this tomorrow if you would like.

Regards,

Ken


---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Tuesday, June 21, 2022 10:48 AM
**To:** Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos


**External Email**


---

Bryan,

The forensic inspection protocol looks fine to us, with one change:  in paragraph 2, items a and b are one and the same (i.e. the hard drive Roffman referred to as Macintosh HD 1 is the same device as what Kunkel referred to as the 1TB Seagate FreeAgent FW portable hard drive).  If you consolidate those items, we will provide approval to file.

Separately, given Friday's deadline, please let us know when we can expect to receive Apple's proposal regarding this first phase of discovery.

Relatedly, you indicated to the Court several times during the hearing that Apple offered to provide search terms that you would like us to use.  We don't know what prevented you from proposing these in the past but there should be no impediment now to making such a proposal.

Thank you,
Vicki

**From:** Wilson, Bryan <BWilson@mofo.com>
**Sent:** Friday, June 17, 2022 5:27 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

[EXTERNAL EMAIL from bwilson@mofo.com]

This is fine.  You have our authorization to file.

**BRYAN WILSON**
Partner | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-5603
mofo.com | LinkedIn | Twitter

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Friday, June 17, 2022 5:04 PM
**To:** Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

External Email

Bryan,

Thank you.  We made two tweaks to the stipulation (which we raised yesterday, but it looks like they didn't make it in there).  If Apple agrees to these tweaks, we will get it on file.

We are reviewing the inspection protocol.

Vicki

**From:** Wilson, Bryan <BWilson@mofo.com>
**Sent:** Friday, June 17, 2022 4:08 PM

5

**To:** Vicki Parker <vickiparker@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**[EXTERNAL EMAIL from bwilson@mofo.com]**

A final stipulation and updated draft protocol are attached, and if all has gone well there will also be comparisons between these and what I sent Wednesday night. The 2008 date in the protocol is what we understand to be Mr. Wen's start date at Apple.

Please let us know if we have your authorization to file the stipulation.

We are working on the discovery proposal.

**BRYAN WILSON**
Partner | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
P: +1 (650) 813-5603
mofo.com | LinkedIn | Twitter

---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Friday, June 17, 2022 11:21 AM
**To:** Wilson, Bryan <BWilson@mofo.com>; Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Van Nort, Diek O. <DVanNort@mofo.com>; Prendergast, Mary <MPrendergast@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** [EXT] Apple v. Rivos

Counsel,

Following up on yesterday's hearing, please provide:

1. A final version of the agreed stipulation for our review and signature; and
2. Apple's proposal for the first phase of discovery as suggested by the Court

Thank you,
Vicki

Vicki Parker
Quinn Emanuel Urquhart & Sullivan, LLP
Direct: (415) 875-6503 | Cell: (415) 298-7361

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.