1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
7  DIEK O. VAN NORT (CA SBN 273823)
   DVanNort@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: 415.268.7000
10 Facsimile: 202.887.0763

11 MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
12 MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
13 Washington, District of Columbia 20037
   Telephone: 202.887.1500
14 Facsimile: 415.268.7522

15 Attorneys for Plaintiff
   APPLE, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,, <br><br> Plaintiff, <br><br> v. <br><br> RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA, <br><br> Defendants. | Case No. 5:22-cv-02637-EJD <br><br> **APPLE INC.'S STATEMENT ON EXPEDITED DISCOVERY DISPUTE** <br><br> Courtroom: 4 <br> Judge: Hon. Edward J. Davila <br> Date Action Filed: April 29, 2022 |

Apple presented forensic discovery that, in addition to the two individual defendants, eight former Apple employees now at Rivos transferred and retained information on devices or cloud accounts shortly before leaving Apple, and nine others wiped their devices. (*See* Dkt. 22-4 ("Roffman Dec.") ¶¶ 25-36.) Rivos never responded as to 16 of the 17 employees.[1] It did not dispute that they have Apple's information, or offer to return or segregate this information. Rivos told Apple, however, that it may not contact those employees. Apple also showed that for the only four employees for whom it has received a response (including the individual defendants), Apple was correct: they did retain Apple confidential information. The Court proposed that the parties meet and confer about a protocol that "secures the devices in question" and ordered them to meet and confer on a phased discovery protocol. (*See* Tr. at 30:7-16; 31:3-25; 48:16-23.)

The parties could not reach agreement because Rivos would not even consider a protocol for securing and examining the devices of the former Apple employees who retained Apple confidential information. Rivos refuses to provide any meaningful discovery into anyone besides Ricky Wen. But the parties had already agreed to the protocol for Wen in advance of the hearing. Rivos also backtracked from the assurances it made at the hearing regarding its collection and imaging of the devices of these former employees. Rivos's shifting answers about what it has imaged and segregated confirm the urgent need for further discovery. Rivos has prevented Apple from obtaining this information from the employees themselves. But Apple now has even *less* information or assurance from Rivos about what is being done with its trade secrets than it did last week. Apple therefore requests that the Court order the narrowed discovery outlined below.

**A.     Apple Proposed a Reasonable, Narrow Set of Expedited Discovery**

Apple's proposal for the first phase is that: (1) Rivos provide a neutral vendor the devices and cloud accounts identified in paragraphs 27-36 of the Roffman declaration, along with any devices or accounts on which Rivos has discovered Apple information. These devices and

---

[1] Rivos responded only as to one, who retained a Time Machine backup of his entire Apple-issued MacBook Pro. (Roffman Dec. ¶ 27.) Rivos confirmed he still possesses Apple's information, and claims only that he did not access it. Rivos never offered to return or segregate the information, and it apparently remains unprotected in his "daughter's bedroom." (Tr. at 40.)

accounts would be subject to the same protocol the parties have agreed upon for Wen; (2) the parties agree to search terms to be run across these devices and accounts, and the Rivos network; and (3) the parties agree to depositions of Ricky Wen and Rivos within 14 days. (Declaration of Kenneth Kuwayti ("Kuwayti Dec."), Ex. A (June 23 Kuwayti email).)

This is a reasonable approach. The Court itself suggested a protocol in which a third party reviews the devices Apple identified. (Tr. at 30:7-14.) And the proposal mirrors how Wen's device is being handled. Rivos told the Court it had imaged the devices Apple identified (*see* Section B below), and the parties have already agreed to a protocol for searching Wen's devices, which includes an agreement to negotiate search terms. (*See* Kuwayti Dec. Ex. B ¶ 8.) Although Rivos's responses to Apple's discovery requests are severely deficient, Apple agreed to delay moving to compel on those requests until July 7, or when regular discovery begins. But because it will forego complete responses in the short term, Apple maintained its request for depositions so it can understand how the trade secrets it has demonstrated were retained have been used, and what investigation Rivos has actually done. (*See* Dkt. 23-1 at 21-25; Dkt. 42 at 12-15.)[2]

Rivos's proposal, in contrast, offers only discovery to which it had already agreed for Wen, and to allow the neutral vendor to check whether the one employee's time machine backup was accessed after he left Apple (not to actually be *searched* for Apple documents, nor to return those documents). (*See* Kuwayti Dec. Ex. A (June 23 Parker email).) Rivos did not offer to secure the devices of the other employees, segregate them, or allow any discovery of them. Instead, Rivos demanded that Apple turn over "all the forensic information it has related to any former Apple employee now working at Rivos," and only then would Rivos "look for and sequester the information *specifically identified by Apple* to the extent any such information is found on *Rivos'* systems and devices." (*Id.* (emphasis added).) Rivos' proposal does not even address the information on the employee devices—the key issue on which the Court ordered the parties to confer. And Rivos' proposal is completely unworkable because it offers to search only

---

[2] Apple also narrowed its proposal by removing from the first phase (1) its request for devices from the nine individuals who wiped their Apple-issued devices (Roffman Dec. ¶ 25) and (2) depositions of the parties' forensic experts. (Kuwayti Dec. Ex. A (June 21 Kuwayti email).)

information Apple "specifically identifie[s]." (*Id.*) As Roffman's declaration explains, Apple cannot know the full extent of the confidential information that has been taken. That requires examining the devices themselves. (*See, e.g.*, Roffman Dec. ¶¶ 26, 28-29, 31-34, 36.)

### B. Apple Urgently Needs This Narrow Discovery

Rivos will likely argue discovery should continue on the regular schedule because it has agreed to abide by its preservation obligations and there is no urgency. But Rivos refuses to give a straight answer about what it has done to image and segregate Apple's information. At the hearing, for the first time, Rivos stated it had already imaged all of the devices Apple identified:

> MR. SWEDLOW: …For every employee where Apple identified a drive, that's already been imaged. We already did all of that to preserve everything.
>
> THE COURT: And they have that?
>
> MR. SWEDLOW: They don't have those images, and here's the reason why. The federal lawsuit was filed for trade secret misappropriation against Rivos without any allegation that Rivos did anything.

(Tr. at 39:4-13.) Rivos argued further that there is no risk to Apple "because for the employees where they have actually filed a lawsuit or specifically identified something, we've already eliminated that possibility." (Tr. 40:6-8; *see also* Tr. at 45:22-23 ("[w]e're just saying deny the motion for expedited discovery because everything Apple has identified has been imaged.").)

Rivos backpedaled on all of this on the parties' meet and confer. Rivos said that its employees' devices are not in its possession, custody, or control, and refused to say whether Rivos has imaged all of the devices identified by Apple. (Kuwayti Dec. ¶ 4.) Counsel also refused to confirm his assurance to the Court that all devices Apple identified had been segregated. (*Id.* ¶ 4; Tr. at 39:4-5 ("Every access to whatever Apple identified has been cut off").) Counsel stated he would clarify whether he had "misspoken" in his statements to the Court. (Kuwayti Dec. ¶ 4.) Apple asked for confirmation on Rivos' position before filing this brief, but has not heard back. (*Id.*) These are not minor issues. They are at the heart of this dispute, and Apple's concern that its former employees still possess its confidential information.

Rivos's failure to confirm whether Apple's information has been imaged or segregated

shows why Apple needs immediate Court intervention to protect its trade secrets. Otherwise, Rivos will continue to give the same noncommittal answers. Even at the hearing, Rivos refused to give a straightforward answer as to whether Wen retains Apple's confidential information:

> THE COURT: Pardon me. Wasn't there some declaration or statement that said he *may*, from you, your team, that said he *may* have access, *may* have possession, *may* have?
>
> MR. SWEDLOW: So I think those are big differences. So he *may* have . . . . On that drive *may* be documents identified by Apple on that sheet. There *may* be documents. He *may* have inadvertently put something on that drive.

(Tr. 43:4-18 (emphasis added).) Rivos knows the answer. It searched through these files to present the Court with examples of the few files listed on Roffman Appendix B that were not confidential. (*See* Dkt. 46-6 ("Kunkel Dec.") ¶ 12.) If Rivos wanted to, it could explain exactly what has been done so far and what it has found. Instead, it continues to hide the ball.

This is not a fishing expedition. Apple is seeking discovery only of the Apple documents that were retained. For all four employees for whom Apple has received a substantive response, Apple was correct that they had retained Apple information. (*See id.* ¶¶ 12, 15; Dkt. 23-1 at 7, 10.) Yet nearly two months after filing suit, Apple remains in the same situation: Rivos will not agree to segregate or return Apple information, to search any of the devices Apple identified, or to share information about its investigation. And Rivos has barred Apple from getting answers from Rivos employees directly. Rivos hopes to delay long enough to file a motion to dismiss and try to exit the case without providing Apple any information or assurances at all about the confidential information Apple has demonstrated is in the possession of Rivos employees.

### C. Rivos's Arguments Against Early Discovery Are Meritless.

Rivos argues discovery should proceed on the normal schedule because (1) it also wants discovery (2) it needs more information to search for Apple information, and (3) it does not have custody and control over the employees' devices. The Court should reject these arguments.

First, Apple confirmed it is willing to agree to reasonable Rivos discovery. (Tr. at 55, 57; Kuwayti Dec. Ex. A (June 21 Kuwayti email).) Rivos never proposed discovery requests. Instead it demanded "all the forensic information" Apple has. (Kuwayti Dec. Ex. A (June 23

Parker email).)  This is not reasonable.  Apple has not asked for "all" Rivos' forensic information.  Apple offered to provide a subset of information to the neutral vendor, and perhaps to counsel, if Rivos will identify what it needs.  (*Id.* (June 23 Kuwayti email).)  Rivos did not respond.

Second, Rivos's claim that it still needs more information before it can search these devices simply is not true.  Rivos should not need Apple's help to search for Apple documents in these employees' devices, but Apple is offering to provide search terms.  And Apple provided Rivos with extensive information in the Complaint, as well as in the Roffman Declaration filed over a month ago.  An example is the employee discussed in paragraphs 35 and 36 of the declaration. The declaration identified two external USB drives, by serial number, that he connected on his last day of employment, and file paths on one drive that included at least *nine folders* with titles corresponding to Apple internal SoC project names.  (Roffman Dec. ¶¶ 35-36.)  This employee is, today, working at Rivos on products to compete with Apple.  Rivos has never provided *any* response to this forensic information.  Without discovery, Apple has no way of knowing whether this information is still in the employee's possession or is being used at Rivos.[3]

Finally, Rivos's suggestion that it lacks custody and control over the devices is contradicted by its statements to the Court and its demonstrated ability to collect and analyze the Time Machine backup from one employee when it wanted to put forward evidence.  (*See* Kunkel Dec. ¶ 15.)  Rivos should not be allowed to collect only the devices it believes provide favorable evidence while shielding the rest.  But if Rivos claims it does not have custody or control, that issue is easily solved.  The Court should permit Apple to serve subpoenas on its former employees, and the devices can be reviewed pursuant to the Court-ordered protocol.

Apple presented detailed, unrebutted forensic evidence that its former employees have kept its confidential information.  Apple needs that information back.  Apple asks that the Court order its limited proposed discovery, to be completed within 14 days.

---

[3] Rivos suggested during meet and confer that there was nothing to stop Apple from providing it with search terms.  But Rivos had never previously agreed to use search terms and still has not done so.  Apple also expects Rivos to argue that search terms must be provided before the concept of using search terms can be included in a protocol.  This is a made up roadblock.  The parties agreed to a protocol for Wen which provides that search terms will be later agreed upon by the parties.  (*See* Kuwayti Dec. Ex. B ¶ 8.)  The same process should be followed here.

| | | |
|---|---|---|
| 1 | Dated: June 24, 2022 | MORRISON & FOERSTER LLP |

By:  /s/ *Kenneth A. Kuwayti*
     KENNETH A. KUWAYTI

Attorneys for Plaintiff
APPLE INC.