BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI KAITHAMANA,<br><br>Defendants. | Case No.   5:22-CV-2637-EJD<br><br>**DECLARATION OF KENNETH A. KUWAYTI IN SUPPORT OF APPLE INC.'S STATEMENT ON EXPEDITED DISCOVERY DISPUTE**<br><br>Courtroom: 4<br>Judge:  Hon. Edward J. Davila<br><br>Action Filed:  April 29, 2022 |

I, Kenneth A. Kuwayti, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I submit this declaration in support of Apple's Statement on Expedited Discovery Dispute.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email chain between Morrison & Foerster and counsel for Defendants, dated June 23, 2022.

3. I attended a meet and confer call with counsel for Defendants Rivos and Wen, Stephen Swedlow, Vicki Parker, and David Eiseman on June 23, 2022. Shaun DeLacy and Mary Prendergast attended on the call for Apple as well. During that call, we sought to discuss Apple's proposed discovery plan pursuant to the Court's orders during the June 16, 2022 hearing.

4. During the meet and confer conference, we inquired about whether Rivos had imaged and segregation of data and devices which the declaration of Apple's forensic expert, Daniel Roffman, had identified as having been connected by former Apple employees during their last days of employment at Apple. My recollection of what Rivos had told the Court at the June 16 hearing was that all of the devices identified by Apple had been imaged and segregated, which I believe is reflected by the transcript. Mr. Swedlow refused to say whether Rivos had imaged and segregated these devices, other than the devices of Mr. Wen, and a Time Machine backup created by another employee, which Rivos had stated in its sur-reply papers had been imaged. Mr. Swedlow did say that Rivos' position is that the devices of the other employees are not in the possession, custody, or control of Rivos. I took this to mean that all of the devices identified by Apple had not been imaged or segregated, and said so, and that I believed Rivos had made a contrary representation to the Court. Mr. Swedlow explained that to the extent his statements could be construed as an assertion that Rivos had imaged all devices identified by Apple, he may have "misspoken," and if so, he would "correct the record." I asked if he would let us know on Friday before we filed our brief so that we would clearly understand their position. We did not hear back from Rivos' counsel.

5. During the call we discussed the positions Apple had previously shared by email (Exhibit A at 2) and proposed further compromises to narrow our requests from our initial proposal. These proposed compromises are reflected in a follow-up email, which shows the items that we dropped in a redline that we created manually. (Exhibit A at 1.)

6. In addition to these proposals, Apple also inquired whether Defendants were willing, in principle, to investigate Rivos's network and employee devices using search terms to be negotiated by the parties. Rivos was unwilling to discuss this proposal, or agree in principle to any search framework, before Apple provided its proposed search terms. This was the first time we were told that, and the protocol that we had already agreed upon for Mr. Wen provides for a procedure to use search terms which the parties would agree upon subsequently. Attached as **Exhibit B** is a true and correct copy of a stipulated forensic protocol agreed to by the parties but not yet filed with the Court pending execution by the parties and neutral forensic vendor.

7. Apple has not received any response regarding its narrowed proposal.

8. Defendants Wen and Rivos have not proposed any discovery requests as part of this meet and confer process.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Palo Alto, California, this 24th day of June, 2022.

                                              */s/ Kenneth A. Kuwayti*
                                               Kenneth A. Kuwayti