# EXHIBIT A

| | |
|---|---|
| **From:** | Kuwayti, Kenneth A. |
| **Sent:** | Thursday, June 23, 2022 6:09 PM |
| **To:** | Vicki Parker; Wilson, Bryan; QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | RE: [EXT] Apple v. Rivos |

Vicki: Following up on our call today, attached please find the narrower proposal for Phase I of the discovery that we discussed. We've manually redlined it so that you can compare it with the version that we previously sent. As part of this proposal, we would be willing to defer the additional discovery to a second phase.

- Rivos identifies in writing all of the devices and cloud accounts it has searched or imaged from Rivos employees and confirms that any Apple information that they retained has now been segregated.
- Rivos turns over to the independent forensic vendor:
  - all of the devices that were identified in paragraphs 27-36 of the Roffman declaration;
  - any devices on which Apple information has been found, or was stored or transmitted;
  - all of the credentials necessary for the independent forensic vendor to access any cloud accounts identified in paragraphs 27-36 of the Roffman account or on which Apple information has been found or was stored or transmitted after the employee's employment with apple terminated. ~~retained, and for those persons Apple identified as retaining information in their iCloud Drive accounts, (Aashish Phansalkar, Kai Wang, and Prabhu Rajamani), all devices that have been synched with those iCloud Drive accounts within their last 30 days of employment at Apple or since leaving Apple.~~
  - ~~any devices that were connected to the Apple network or any Apple device during the last month of employment onto which Apple data was downloaded of the nine individuals listed in paragraph 25 of the Roffman declaration.~~
  - these devices and accounts will all be subject to the same protocol that has been agreed upon for Mr. Wen.
- The parties agree to search terms for all devices and accounts collected or accessed by the independent vendor, and to be run across its network (including emails) by Rivos' counsel, with a hit term list to be shared with Apple's counsel along with any documents where Apple confidential information is found or referenced.
- ~~Rivos agrees to withdraw its "possession, custody and control" objections to the discovery requests and to respond based on the information it has collected from its employees, and to respond fully to RFP 2 and interrogatories 1 through 4.~~ The parties agree that Apple can move to compel as to the discovery responses on July 7 or the day that discovery opens
- ~~Depositions of Dan Roffman and the forensic vendor for Rivos to take place at mutually agreeable times.~~
- A 30(b)(6) deposition of Rivos to take place at a mutually agreeable time within 14 days.
- Mr. Wen will be made available for deposition at a mutually agreeable time within 14 days.

Please let us know if there are any of these items that you are willing to agree to so that we can try to narrow our dispute if we can. If timeframe is the issue with regards to any of the proposed items, let us know.

In regards to the specific points in your proposal: (1) we already have a separate agreement regarding Mr. Wen and do not believe that he is part of this proposal or that you are offering anything other than what we already agreed to; (2) Mr. Pinot is one of the employees discussed in paragraphs 27-36 of Mr. Roffman's declaration, and we propose that his device be treated as described above; (3) we are not willing to turn over all of Apple's forensic information and have not asked Rivos to turn over all of its forensic information. If there is a particular subset of information that you believe would be helpful to provide to the forensic vendor, or perhaps to Rivos' counsel, please let us know and we will consider that; and (4) we cannot agree to a process where Rivos only searches its own systems and devices for files that we specifically identify. We need to get the information returned and examined from employee devices as well, and it is

1

not possible for Apple to specifically identify the full universe of information that was taken for the reasons described in the Roffman declaration.

We are available at your convenience to discuss this tomorrow if you believe that would be helpful.

Regards,

Ken

---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Thursday, June 23, 2022 12:32 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**External Email**

---

Ken,

We are available at 4 pm today. If that works on your end, please send along an invite.

Thank you,
Vicki

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Thursday, June 23, 2022 12:10 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

[EXTERNAL EMAIL from kkuwayti@mofo.com]

---

Vicki: I don't see any point in responding to the characterizations in your email. We disagree, and we understood that the primary point of this meet and confer was to agree upon a procedure relating to the additional Apple employees who left, not Mr. Wen, as the parties had already reached agreement on a stipulation with regards to him and informed the Court of that at the outset of the hearing.

We would like to discuss this with you by phone to see if the parties can try to resolve our differences, or at least move closer together. We propose 2:00 Pacific, but if that doesn't work, we can be available for a call this afternoon any time other than 3-3:45 Pacific. Please let us know if there is a time that works for you.

Regards,

Ken

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Thursday, June 23, 2022 9:52 AM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**External Email**

Ken,

We are disappointed that, after taking five of the eight days provided by the Court to try to reach agreement on a discovery plan, Apple's proposal is ***broader*** in nearly every respect than the discovery it originally sought in its motion. Rivos and Mr. Wen will not agree to Apple's proposal. Instead, consistent with the Court's suggestion that the parties reach agreement on a phased discovery plan, we propose:

1. The parties will finalize a specific protocol for the examination of each of Mr. Wen's devices and accounts (including the version of Mr. Wen's personal iCloud Drive account that Apple preserved as of December 15, 2021), and FTI will then examine those devices and accounts;
2. FTI will examine a forensic image of Mr. Pinot's time machine backup to confirm it has not been accessed since Mr. Pinot left Apple;
3. Consistent with our requests since May 6, Apple will produce all the forensic information it has related to any former Apple employee now working at Rivos (as opposed to the strategically identified information it has thus far included in its Complaint and the Roffman declaration); and
4. Once Apple produces the forensic information referenced in No. 3, Rivos will look for and sequester the information specifically identified by Apple to the extent any such information is found on Rivos' systems and devices.

The results of the examination of Mr. Wen's devices may then be used to inform further phases of discovery, which will take place in accordance with the Federal Rules of Civil Procedure. This phasing is consistent with the Court's guidance, and its recognition that there is no "emergency" here. Indeed, Apple has had the relevant forensic information for more than eight months, Rivos has committed to look for, sequester, and not use any Apple confidential or trade secret information, and all evidence has been preserved and thus at no risk of destruction.

Let us know your thoughts.

Vicki

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, June 21, 2022 4:05 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Vicki: Here is our proposal for the first phase of discovery.  We understand that Rivos wants to take some discovery of its own.  Please let us know what you are proposing.  We will respond to the remainder of your email separately.

Proposal

- Rivos identifies in writing all of the devices and cloud accounts it has searched or imaged from Rivos employees and confirms that any Apple information that they retained has now been segregated.
- Rivos turns over to the independent forensic vendor:
    - all of the devices that were identified in paragraphs 27-36 of the Roffman declaration;
    - any devices on which Apple information has been found, or was stored or transmitted;
    - all of the credentials necessary for the independent forensic vendor to access any cloud accounts on which Apple information was retained, and for those persons Apple identified as retaining information in their iCloud Drive accounts, (Aashish Phansalkar, Kai Wang, and Prabhu Rajamani), all devices that have been synched with those iCloud Drive accounts within their last 30 days of employment at Apple or since leaving Apple.
    - any devices that were connected to the Apple network or any Apple device during the last month of employment onto which Apple data was downloaded of the nine individuals listed in paragraph 25 of the Roffman declaration.
    - these devices and accounts will all be subject to the same protocol that has been agreed upon for Mr. Wen.
- The parties agree to search terms for all devices and accounts collected or accessed by the independent vendor, and to be run across its network (including emails) by Rivos' counsel, with a hit term list to be shared with Apple's counsel along with any documents where Apple confidential information is found or referenced.
- Rivos agrees to withdraw its "possession, custody and control" objections to the discovery requests and to respond based on the information it has collected from its employees, and to respond fully to RFP 2 and interrogatories 1 through 4.
- Depositions of Dan Roffman and the forensic vendor for Rivos to take place at mutually agreeable times.
- A 30(b)(6) deposition of Rivos to take place at a mutually agreeable time.
- Mr. Wen will be made available for deposition within 14 days.

We are available to discuss this tomorrow if you would like.

Regards,

Ken

---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Tuesday, June 21, 2022 10:48 AM
**To:** Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**External Email**

---

Bryan,

4

The forensic inspection protocol looks fine to us, with one change:  in paragraph 2, items a and b are one and the same (i.e. the hard drive Roffman referred to as Macintosh HD 1 is the same device as what Kunkel referred to as the 1TB Seagate FreeAgent FW portable hard drive).  If you consolidate those items, we will provide approval to file.

Separately, given Friday's deadline, please let us know when we can expect to receive Apple's proposal regarding this first phase of discovery.

Relatedly, you indicated to the Court several times during the hearing that Apple offered to provide search terms that you would like us to use.  We don't know what prevented you from proposing these in the past but there should be no impediment now to making such a proposal.

Thank you,
Vicki

**From:** Wilson, Bryan <BWilson@mofo.com>
**Sent:** Friday, June 17, 2022 5:27 PM
**To:** Vicki Parker <vickiparker@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

[EXTERNAL EMAIL from bwilson@mofo.com]

This is fine.  You have our authorization to file.

**BRYAN WILSON**
Partner | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-5603
mofo.com | LinkedIn | Twitter

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Friday, June 17, 2022 5:04 PM
**To:** Wilson, Bryan <BWilson@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

External Email

Bryan,

Thank you.  We made two tweaks to the stipulation (which we raised yesterday, but it looks like they didn't make it in there).  If Apple agrees to these tweaks, we will get it on file.

We are reviewing the inspection protocol.

Vicki

**From:** Wilson, Bryan <BWilson@mofo.com>
**Sent:** Friday, June 17, 2022 4:08 PM

5

**To:** Vicki Parker <vickiparker@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: [EXT] Apple v. Rivos

**[EXTERNAL EMAIL from bwilson@mofo.com]**

A final stipulation and updated draft protocol are attached, and if all has gone well there will also be comparisons between these and what I sent Wednesday night.  The 2008 date in the protocol is what we understand to be Mr. Wen's start date at Apple.

Please let us know if we have your authorization to file the stipulation.

We are working on the discovery proposal.

**BRYAN WILSON**
Partner | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-5603
mofo.com | LinkedIn | Twitter

---

**From:** Vicki Parker <vickiparker@quinnemanuel.com>
**Sent:** Friday, June 17, 2022 11:21 AM
**To:** Wilson, Bryan <BWilson@mofo.com>; Kuwayti, Kenneth A. <KKuwayti@mofo.com>; Van Nort, Diek O. <DVanNort@mofo.com>; Prendergast, Mary <MPrendergast@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** [EXT] Apple v. Rivos

Counsel,

Following up on yesterday's hearing, please provide:

1. A final version of the agreed stipulation for our review and signature; and
2. Apple's proposal for the first phase of discovery as suggested by the Court

Thank you,
Vicki

Vicki Parker
**Quinn Emanuel Urquhart & Sullivan, LLP**
Direct: (415) 875-6503 | Cell: (415) 298-7361

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.


======================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.