1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Stephen Swedlow (*Admitted Pro hac vice*)
2    stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, Illinois 60606
   Telephone:    (312) 705-7400
4  Facsimile: (312) 705-7401

5    David Eiseman (Bar No. 114758)
     davideiseman@quinnemanuel.com
6    Victoria B. Parker (Bar No. 290862)
     vickiparker@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
8  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen
Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 5:22-CV-2637-EJD |
| Plaintiff, | **DEFENDANT RIVOS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS** |
| vs. | Date:      January 19, 2023<br>Time:      9:00 a.m.<br>Courtroom: 4<br>Judge:     The Hon. Edward J. Davila |
| RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, | |
| Defendants. | Trial Date:   None Set |

Case No. 5:22-CV-2637-EJD
RIVOS INC.'S MOTION TO DISMISS

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on January 19, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, the Honorable Edward J. Davila presiding, located at the San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Rivos Inc. will and hereby does move this Court for an order dismissing Plaintiff Apple Inc.'s Complaint (Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is made on the grounds that the Complaint fails to state a claim for which relief may be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the other pleadings and filings on record in this action, as well as other written or oral argument that Rivos Inc. may present to the Court.

DATED: June 30, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Stephen Swedlow*
STEPHEN SWEDLOW
DAVID EISEMAN
VICTORIA B. PARKER

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION...........................................................................................................1

II. RELEVANT ALLEGATIONS IN APPLE'S COMPLAINT.............................................2

III. LEGAL STANDARD ....................................................................................................4

IV. ARGUMENT.................................................................................................................5

    A. Apple's Complaint Does Not State Specific Facts Sufficient to Sustain A Claim Of Misappropriation Against Rivos ...........................................................5

        1. Apple Fails To Demonstrate Ownership Of Any Trade Secret....................5

        2. Apple Fails To Plausibly Allege Direct Misappropriation By Rivos............7

        3. Apple Fails To Plausibly Allege Indirect Misappropriation .......................9

        4. Apple Fails To Allege Any Damages........................................................10

    B. Generalized Allegations that Unidentified Apple Employees Have Moved to Rivos Are Insufficient to Support a Misappropriation Claim............................10

    C. Apple Cannot Conduct Discovery Before Alleging A Viable Claim....................12

V. CONCLUSION............................................................................................................13

# TABLE OF AUTHORITIES

Page

## Cases

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019).................................................................................. 6

*Arthur J. Gallagher & Co. v. Tarantino*,
   498 F. Supp. 3d 1155 (N.D. Cal. 2020)............................................................................... 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................................... 4, 13

*Broam v. Bogan*,
   320 F.3d 1023 (9th Cir. 2003) ................................................................................................ 4

*Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*,
   No. 19-4162 SBA, 2019 WL 11499334 (N.D. Cal. Nov. 13, 2019)...................................... 12

*CleanFish, LLC v. Sims*,
   No. 19-CV-03663-HSG, 2020 WL 4732192 (N.D. Cal. Aug. 14, 2020)................................ 6

*Comp. Econ., Inc. v. Gartner Grp., Inc.*,
   50 F.Supp.2d 980 (S.D. Cal. May 25, 1999).......................................................................... 7

*Cooper Interconnect, Inc. v. Glenair, Inc*,
   No. CV1408018RGKJCX, 2015 WL 13722129 (C.D. Cal. Feb. 3, 2015)............................ 10

*Cotiviti, Inc. v. Deagle*,
   501 F. Supp. 3d 243 (S.D.N.Y. 2020) .................................................................................. 13

*Delacruz v. State Bar of California*,
   No. 16-CV-06858-BLF, 2017 WL 3129207 (N.D. Cal. July 24, 2017)................................ 13

*Edwards v. Arthur Andersen LLP*,
   44 Cal.4th 937 (2008)........................................................................................................... 11

*Farhang v. Indian Inst. of Tech., Kharagpur*,
   No. C-08-02658 RMW, 2010 WL 2228936 (N.D. Cal. June 1, 2010)................................... 8

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ................................................................................................ 4

*Globespan, Inc. v. O'Neill*,
   151 F. Supp. 2d 1229 (C.D. Cal. 2001) ................................................................................. 8

*Golden v. California Emergency Physicians Med. Grp.*,
   896 F.3d 1018 (9th Cir. 2018) .............................................................................................. 11

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................................................ 4

*Jobscience, Inc. v. CVPartners, Inc.*,
   No. C 13-04519 WHA, 2014 WL 852477 (N.D. Cal. Feb. 28, 2014).................................... 7

*Kaplan v. California Pub. Employees' Ret. Sys.*,
   No. C 98-1246 CRB, 1998 WL 575095 (N.D. Cal. Sept. 3, 1998),
   *aff'd*, 221 F.3d 1348 (9th Cir. 2000) .................................................................................... 13

*KapStone Container Corp. v. Boyd*,
   No. 1:17-CV-01902-TWT, 2017 WL 4948074 (N.D. Ga. June 27, 2017)............................ 12

*Lamont v. Conner*,
   No. 5:18-CV-04327-EJD, 2019 WL 1369928 (N.D. Cal. Mar. 26, 2019) ............................. 6

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
   No. SACV19220JVSJDEX, 2019 WL 6655274 (C.D. Cal. Sept. 23, 2019) .............................. 8

*Navigation Holdings, LLC v. Molavi*,
   445 F. Supp. 3d 69 (N.D. Cal. 2020) ................................................................................. 5, 8, 9

*Pellerin v. Honeywell Int'l, Inc.*,
   877 F. Supp. 2d 983 (S.D. Cal. 2012) ........................................................................................ 9

*R.R. Donnelley & Sons Co. v. Marino*,
   505 F. Supp. 3d 194 (W.D.N.Y. 2020) ............................................................................... 10, 12

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*,
   Nos. C 08-4548 MHP, C 08-4719 MHP, 2010 WL 145098 (N.D. Cal. Jan. 8, 2010) ............... 4

*S. California* No. CV 10-8026 PSG (AJWx), *Inst. of Law v. TCS Educ. Sys.*,
   No. CV 10-8026 PSG (AJWx), 2011 WL 1296602 (C.D. Cal. Apr. 5, 2011) ........................... 9

*Soc. Apps, LLC v. Zynga, Inc.*,
   No. 4:11-CV-04910 YGR, 2012 WL 2203063 (N.D. Cal. June 14, 2012) ................................ 6

*Space Data Corp. v. X*,
   No. 16-CV-03260-BLF, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ................................... 7

*Spice Jazz LLC v. Youngevity Int'l, Inc.*,
   No. 19-CV-0583-BAS-DEB, 2020 WL 6484640 (S.D. Cal. Nov. 4, 2020) .............................. 9

*Teradata Corp. v. SAP SE*,
   No. 18-CV-03670-WHO, 2018 WL 6528009 (N.D. Cal. Dec. 12, 2018) ................................. 6

*Tri Cnty. Tel. Association, Inc. v. Campbell*,
   No. 17-CV-089-F, 2018 WL 10399165 (D. Wyo. Apr. 17, 2018) .......................................... 13

*UCAR Tech. (USA) Inc. v. Yan Li*,
   No. 5:17-cv-01704-EJD, 2017 WL 6405620 (N.D. Cal. Dec. 15, 2017) ................................ 12

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ...................................................................................................... 5

*Valenzuela v. City of Calexico*,
   No. 14-CV-481-BAS-PCL, 2015 WL 2184304 (S.D. Cal. May 11, 2015) ............................. 13

*Vendavo, Inc. v. Price f(x) AG*,
   No. 17-CV-06930-RS, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) ..................................... 6

*Via Techs., Inc. v. Asus Computer Int'l*,
   No. 14-CV-03586-BLF, 2016 WL 1056139 (N.D. Cal. Mar. 17, 2016) ................................... 6

*Whyte v. Schlage Lock Co.*,
   101 Cal. App. 4th 1443 (2002) ................................................................................................. 12

**Statutory Authorities**

18 U.S.C.A. § 1836(b) .................................................................................................................... 5

18 U.S.C. § 1836(b)(3)(A)(i)-(ii) .................................................................................................. 11

18 U.S.C. § 1839 ............................................................................................................................. 7

**Miscellaneous**

S. REP. NO. 114-220 (2016) ........................................................................................................ 11

-iii-                                             Case No. 5:22-CV-2637-EJD
                                                  RIVOS INC.'S MOTION TO DISMISS

## I.     INTRODUCTION

Every person who lives and works in California has the right to pursue the employment of his or her choice, and even to compete in the marketplace against his or her former employer. Plaintiff Apple Inc. ("Apple") apparently wishes this was not the law and seeks to enlist this Court in preventing its ex-employees from working for a potential competitor,[1] irrespective of whether any misconduct actually occurred.

To achieve its anticompetitive goals, Apple brings a claim for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") against Defendant Rivos Inc. ("Rivos") without alleging any of the requisite elements of the claim. Apple has not identified its alleged trade secrets with sufficient particularity and provides no allegations of any misappropriation by Rivos, much less any harm caused by such misappropriation. Indeed, Apple's complaint is bereft of *any* allegations that Rivos actually acquired, used, or disclosed any of Apple's trade secrets. Instead, Apple alleges that two of its former employees, Defendants Ricky Wen ("Wen") and Bhasi Kaithamana ("Kaithamana"), retained unspecified Apple trade secrets after their employment with Apple ended and that they later went to work for Rivos. Not only does Apple fail to allege that Wen or Kaithamana actually used or disclosed Apple's trade secrets but, more importantly for this motion, Apple's complaint lacks any factual allegations that Rivos ever acquired, used, or disclosed any of Apple's trade secrets. Instead, Apple's claim of misappropriation by Rivos is supported by pure legal conclusions made on information and belief.

In an effort to buttress its feeble allegations, Apple attempts to create a specter of misconduct by Rivos by alleging that, in addition to Wen and Kaithamana, other unnamed individuals also left Apple to work at Rivos. Apple's allegations, however, do not demonstrate any misconduct; instead, they just reflect their former employees' decisions to exercise their right to employment mobility. Stretching mightily, Apple also asks the Court to assume that Wen, Kaithamana, and these anonymous individuals "*were likely to* make use of [Apple's trade secrets] in the course of their employment at Rivos." (Compl. ¶ 80, emphasis added.) But this legal theory, known as "inevitable

---

[1] In this lawsuit, Apple alleges that Rivos is a competitor. But currently, the only market where Apple and Rivos compete is the market for employees.

disclosure," has been so thoroughly rejected by the courts that proceeding under the theory exposes Apple to sanctions.

Finally, in a concession that its current allegations are lacking, Apple's complaint expresses Apple's desire to conduct a fishing expedition through Rivos' confidential and commercially sensitive information to attempt to find actual facts to support its misappropriation claim against Rivos. This is improper. Apple's "belief" that discovery *could* uncover evidence of misappropriation by Rivos is insufficient to support its misappropriation claim.

Apple has thus failed to plead a plausible claim for misappropriation of trade secrets against Rivos, and its complaint should be dismissed with prejudice as to Rivos.

## II.     RELEVANT ALLEGATIONS IN APPLE'S COMPLAINT[2]

Rivos is a startup that is developing a System on a Chip ("SOC") using open-source architecture. Compl. ¶¶ 18, 32. Although other SOCs exist in the marketplace that rely on proprietary system architecture, Rivos aims to be one of the first companies to successfully build and commercialize an SOC for data centers using the open-source RISC-V architecture. Since its founding in May 2021, Rivos has attracted engineers from around Silicon Valley and the world to work on its innovative technology. Starting in June 2021, Apple engineers resigned from their jobs at Apple to take positions at Rivos. Compl. ¶ 33. Wen and Kaithamana resigned from Apple in August 2021. Compl. ¶¶ 43, 53. As described in Apple's complaint, Wen and Kaithamana removed personal information off their Apple-issued devices before returning those devices to Apple by, for example, deleting browsing history. Compl. ¶¶ 46, 54. Wen also allegedly transferred files from his Apple-laptop to a personal device, including approximately 200 gigabytes of photos and movies that are "presume[d] personal in nature[.]" Compl. ¶ 52. In addition to this personal information, Apple alleges that these transfers included Apple information and thus surmises that Wen and Kaithamana retained Apple proprietary and trade secret information after resigning from Apple. Compl. ¶¶ 42-45, 52-56. Apple alleges that it faces "irreparable injury . . . as a result of [Wen and Kaithamana's] breach" and "is threatened with losing its competitive advantage, trade secrets,

---

[2] Rivos is accepting the allegations in Apple's complaint as true, solely for purposes of this motion.

customers, and technology goodwill in amounts that would be impossible to fully compensate[.]" Compl. ¶ 72.

Yet, in the face of this purported "irreparable injury" and potential loss of its competitive advantage, Apple waited eight months after Wen and Kaithamana resigned from Apple to file this lawsuit in April 2022. Apple asserts claims for breach of contract and misappropriation of trade secrets under the DTSA against Wen and Kaithamana, and asserts a single claim for misappropriation of trade secrets under the DTSA against Rivos, which subsequently employed Wen and Kaithamana.[3] Relying solely on generalized legal conclusions, Apple asserts no factual allegations that Rivos has acquired, used, or disclosed Apple trade secrets. Indeed, Apple effectively acknowledges the deficiency of its complaint, stating that it "believes that further discovery will likely show that Apple's trade secret information has been improperly disclosed to Rivos and used by Rivos[.]" Compl. ¶ 80.

Apple's complaint also includes allegations regarding other unnamed individuals who purportedly left Apple to work for Rivos. Compl. ¶¶ 58, 61-62. Apple's complaint does not attempt to specify any wrongdoing, much less identify any trade secrets that these employees retained, and instead simply generalizes that "employees were accessing a large amount of Apple trade secret information" before their terminations (without any allegation that this was unusual or improper given their job responsibilities). *Id*. ¶ 61. Apple also alleges that two of these employees communicated via encrypted messaging apps, and that some wiped their Apple computers in violation of Apple policy. *Id*. ¶¶ 59, 64. Apple alleges that it "has reason to believe that Rivos instructed" some unidentified employees to download encrypted messaging apps, but articulates no facts in support of this belief, much less explains how such conduct constitutes trade secret misappropriation. *Id*. ¶ 34. Notably, Apple does ***not*** allege that Rivos instructed any employee to download files from Apple, or that Rivos instructed employees to use any Apple information during

---

[3] For reasons unrelated to the allegations in Apple's complaint, Kaithamana is no longer an employee of Rivos. Apple has acknowledged that Kaithamana is no longer an employee at Rivos. Dkt. 23-1 at 14.

the course of their employment at Rivos. Nor does Apple also allege that Rivos has acquired or used any Apple information.

In the face of Apple's unsupported "belief" that some misappropriation has occurred, Rivos has repeatedly requested that Apple articulate a basis for why Rivos is a proper defendant in this lawsuit.[4] *See* Dkt. 27-10, Dkt. 27-14. In response, Apple has only provided a meaningless, two word response as to why Rivos is properly named: "it is." Dkt. 27-11.

Meanwhile, as previewed in its complaint, Apple has rushed to conduct aggressive, overbroad discovery to find evidence for its as-yet unsupported belief that Rivos misappropriated its trade secrets, including by filing an *ex parte* motion for a TRO and expedited discovery, including both written discovery and depositions. For example, Apple requested that Rivos produce "[a]ll Apple confidential documents and information" related to SOCs that any former Apple employee hired by Rivos "retained, downloaded, or transferred," and that Rivos "describe in detail" any such "downloading, transfer or retention," among other requests. *See* Dkt. 27-19 (Apple's First Set of RFPs to Rivos); Dkt. 27-18 (Apple's First Set of Interrogatories to Rivos). Apple also requested a 30(b)(6) deposition of Rivos on similar topics. *See* Dkt 27-22.

## III.  LEGAL STANDARD

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "Although factual allegations are taken as true, [courts] do not assume the truth of legal conclusions merely because they are cast in the form of

---

[4] It is well-established that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers[.]" *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice[.]" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And judicially noticeable facts that contradict the allegations in a plaintiff's complaint may be properly considered. *See Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, Nos. C 08-4548 MHP, C 08-4719 MHP, 2010 WL 145098, at *4 (N.D. Cal. Jan. 8, 2010) ("A court deciding a Rule 12(b)(6) motion can take judicial notice of matters of public record. . . [s]uch public records include admissions made by a party in the record of a related proceeding such as a preliminary injunction proceeding.").

factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation omitted). If allegations of other facts consistent with the challenged pleading could not possibly cure deficiencies in the complaint, then dismissal with prejudice is appropriate even if the complaint has not been amended yet. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## IV. ARGUMENT

Apple's claim that Rivos has misappropriated trade secrets is unsupported by any factual allegations of wrongdoing in Apple's complaint. Instead, it is based entirely on Apple's unsupported "belief" that Apple's former employees may use Apple trade secrets during the course of their employment at Rivos. But, not only has Apple failed to adequately allege any misconduct by the named individual defendants—let alone the other anonymous employees who Apple references in its complaint—at its core, Apple's complaint impermissibly pleads an "inevitable disclosure" theory of trade secret misappropriation. Because the law is clear that Apple cannot file a lawsuit and then conduct discovery **before** alleging a viable claim against Rivos, its trade secret misappropriation claim fails as a matter of law and should be dismissed with prejudice.

### A. Apple's Complaint Does Not State Specific Facts Sufficient to Sustain A Claim Of Misappropriation Against Rivos

Apple asserts a single claim for relief against Rivos: violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*). Under the DTSA, the owner of a trade secret may bring a civil action for misappropriation of a trade secret. 18 U.S.C.A. § 1836(b). To state a claim for trade secret misappropriation, "a plaintiff must allege (1) that it is the owner of a trade secret; (2) that the defendant misappropriated the trade secret; and (3) that it was damaged by the defendant's actions." *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 78 (N.D. Cal. 2020).

Here, Apple fails to adequately allege any of the three requisite elements of its claim against Rivos. Instead, Apple's allegations rely on sparse, conclusory statements that are insufficient to show that Rivos acquired, disclosed, or used Apple's trade secrets.

#### 1. Apple Fails To Demonstrate Ownership Of Any Trade Secret

"To prove that Plaintiff is the owner of a trade secret, it 'need not spell out the details of the trade secret,' but must 'describe the subject matter of the trade secret with sufficient particularity to

separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and **to permit the defendant to ascertain at least the boundaries within which the secret lies**.'" *CleanFish, LLC v. Sims*, No. 19-CV-03663-HSG, 2020 WL 4732192, at *3 (N.D. Cal. Aug. 14, 2020) (citation omitted, emphasis added). "On a motion to dismiss, the burden is on the plaintiff to identify protectable trade secrets and '[show] that they exist.'" *Id.* (citation omitted).

Here, Apple's complaint fails to identify any alleged trade secret with the particularity required to survive a motion to dismiss. Indeed, it was not until *after* the filing of its complaint that Apple provided Rivos with its purported trade secret disclosure. *See* Dkt. 42-5. However, even that disclosure is inadequate, describing only general categories of information (like "Chip Specifications" or "SoC Roadmaps and Status Reports"), rather than the alleged trade secrets themselves. *See, e.g.*, *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *4 (N.D. Cal. June 14, 2012) ("A description of [a] category, or even of the subcategories of information within a category, does not comply with the requirement to identify the actual matter that is claimed to be a trade secret."); *Via Techs., Inc. v. Asus Computer Int'l*, No. 14-CV-03586-BLF, 2016 WL 1056139, at *3 (N.D. Cal. Mar. 17, 2016) ("[T]he disclosure claims that *all* of VIA's analog and digital schematics are trade secrets in their entirety […] the disclosure gives Defendants—and the court—practically no guidance on precisely what VIA claims as its trade secrets.").

Having failed to identify any protectable trade secret, Apple has not, and cannot show that it is an owner of any such trade secret, and its claim against Rivos must be dismissed. *Lamont v. Conner*, No. 5:18-CV-04327-EJD, 2019 WL 1369928, at *8 (N.D. Cal. Mar. 26, 2019) (granting motion to dismiss where "Plaintiff's description of his trade secrets as stated in the complaint are not plead with sufficient particularity"); *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1145 (N.D. Cal. 2019) (dismissing claim where plaintiff "fail[ed] to identify its allegedly misappropriated trade secrets with sufficient particularity to state a claim under the DTSA"); *Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (same); *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2018 WL 6528009, at *4 (N.D.

Cal. Dec. 12, 2018) (same); *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (same).[5]

### 2. Apple Fails To Plausibly Allege Direct Misappropriation By Rivos

Nor has Apple adequately alleged the second element of a misappropriation claim: misappropriation by Rivos.

The DTSA defines "misappropriation" as the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," or the unauthorized "disclosure or use of a trade secret" acquired by improper means. 18 U.S.C. § 1839; *see also Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1172 (N.D. Cal. 2020).

Here, Apple's complaint asserts a generalized legal conclusion that "Defendants"—including Rivos—"improperly acquired and retained" Apple information constituting trade secrets. Compl. ¶ 74; *see also* Compl. ¶ 37. However, ***all*** of the factual support for this legal conclusion describe actions allegedly taken by Wen and Kaithamana, ***not*** Rivos. For example, Apple's complaint alleges that "Defendants misappropriated trade secrets at least by acquiring trade secrets by improper means" (Compl. ¶ 77), but then describes the actions of only Wen and Kaithamana, including signing "IPAs and exit checklists" (*id.*) and allegedly retaining trade secret information contained in Apple documents. *Id.* ¶ 78 ("The trade secret information that [Wen and Kaithamana] and other former employees now at Rivos have retained . . . includes [ ] chip specifications and

---

[5] While Apple attempts to gain early discovery to bolster its claims, such discovery cannot save Apple's insufficiently plead complaint. *See Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519 WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014) ("A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery."); *see also Comp. Econ., Inc. v. Gartner Grp., Inc.*, 50 F.Supp.2d 980, 986 (S.D. Cal. May 25, 1999) (enumerating four reasons a plaintiff must disclose its trade secrets prior to discovery: discouraging the filing of meritless complaints, preventing "fishing expeditions," helping the court to determine the appropriate scope of discovery, and enabling defendants to form "complete and well-reasoned defenses[.]").

designs for Apple's SOCs"). Apple's allegations regarding Wen and Kaithamana are legally infirm themselves[6] and, in any event, cannot substitute for specific allegations of misconduct **by Rivos**.

Instead, to survive a motion to dismiss, a DTSA complaint must include factual allegations as to **Rivos'** involvement in the alleged misappropriation. Indeed, courts in this District have dismissed DTSA claims where the complaint fails to differentiate between the conduct of a corporate defendant and its employees. *See Navigation Holdings, LLC*, 445 F. Supp. 3d at 79 (dismissing a DTSA complaint against corporate defendants where the complaint improperly based its "trade secret misappropriation claims on [an employee's] conduct, without differentiating what each specific [corporate] Defendant is alleged to have done."); *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL 2228936, at *15 (N.D. Cal. June 1, 2010) (nonspecific allegation "that defendants disclosed plaintiffs' trade secrets without their express or implied consent" insufficient to avoid dismissal).

For example, in *Tarantino*, the complaint included detailed allegations of misappropriation by certain employees named as individual defendants, but included "no specific facts" to support a DTSA claim against their new employer. 498 F. Supp. 3d at 1173. The Court noted that the individual defendants "could well have taken the trade secrets . . . without [their new employer's] knowledge[.]" *Id.* As a result, the Court concluded that the allegations of misappropriation levied against the individual defendants were not sufficient to support a claim against their employer. *Id.* (dismissing the trade secret misappropriation claim against the company but not the individual defendants). Here, as in *Tarantino*, Apple has asserted no allegations to support a claim against

---

[6] Apple alleges in its complaint that "[Wen and Kaithamana] have each retained Apple proprietary and trade secret information, giving Apple reason to believe that it is being used by Rivos to improperly advance Rivos's own SoC design program." Compl. ¶ 37. As demonstrated in Wen's contemporaneously filed Motion to Dismiss, Apple has not established a claim against Wen and, therefore, its claim against Rivos necessarily fails. *See M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. SACV19220JVSJDEX, 2019 WL 6655274, at *10 (C.D. Cal. Sept. 23, 2019) ("[W]ithout plausible allegations that [Plaintiffs' former employee] improperly acquired trade secrets, Plaintiffs cannot allege that [his new employer] improperly acquired or used trade secrets since [the former employee] is the only link between them."); *Globespan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229, 1235-36 (C.D. Cal. 2001) (dismissing trade secret claim against plaintiff's former employee and his new employer when theory of misappropriation against former employee failed).

Rivos, the new employer, and its allegations against the Individual Defendants are insufficient to support a claim against Rivos.

### 3. Apple Fails To Plausibly Allege Indirect Misappropriation

To the extent Apple's complaint purports to state a claim of indirect trade secret misappropriation against Rivos, that claim fails as well. To state a claim for indirect trade secret misappropriation, a plaintiff must allege facts showing that the defendant "(a) knew or had reason to know before the use or disclosure that the information was a trade secret and knew or had reason to know that the disclosing party had acquired it through improper means or was breaching a duty of confidentiality by disclosing it; or (b) knew or had reason to know it was a trade secret and that the disclosure was a mistake." *Navigation Holdings, LLC*, 445 F. Supp. 3d at 78–79.

Here, Apple alleges that it "believes that Rivos knew, or at minimum should have known, that [former Apple] employees improperly retained Apple confidential and trade secret information and ***were likely to*** make use of it in the course of their employment at Rivos." Compl. ¶ 80 (emphasis added).[7] But Apple does not allege that Wen, Kaithamana, or the other former Apple employees did, in fact, use or disclose Apple's trade secrets during the course of their employment at Rivos.

Such theoretical misappropriation claims—particularly when based only on a plaintiff's "beliefs"—must be dismissed. *See, e.g., S. California Inst. of Law v. TCS Educ. Sys.*, No. CV 10-8026 PSG (AJWx), 2011 WL 1296602, at *8 (C.D. Cal. Apr. 5, 2011) ("SC Law's allegation that, upon information and belief, TCS 'intend[s] to disclose' SC Law's trade secrets does nothing to save the claim from dismissal"); *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012) (dismissing complaint where "Honeywell does not allege any facts in support of the legal conclusion that plaintiffs 'used and/or disclosed' and 'acquired and/or used' Honeywell's trade secrets or confidential information."); *Spice Jazz LLC v. Youngevity Int'l, Inc.*, No. 19-CV-0583-BAS-DEB, 2020 WL 6484640, at *5 (S.D. Cal. Nov. 4, 2020) (dismissing trade secret misappropriation claim on the ground that "[c]onclusory allegations raised 'on information and

---

[7] Apple also alleges that it "believes that further discovery will likely show that Apple's trade secret information has been improperly disclosed to Rivos and used by Rivos and the Individual Defendants." *Id.* ¶ 80. As demonstrated above, Apple's belief about what ***future*** discovery ***may*** show is insufficient to state a legally cognizable claim against Rivos.

belief,' not accompanied by any specific factual allegations regarding the defendant's involvement in the actions giving rise to the lawsuit, are insufficient to state a claim against the defendant.").

In *R.R. Donnelley & Sons Co. v. Marino*, a company and two of its employees were sued for misappropriation of trade secrets under the DTSA. 505 F. Supp. 3d 194, 206 (W.D.N.Y. 2020). The complaint in *Marino* "contain[ed] a variety of allegations" against the two employees named as individual defendants, but was "devoid of factual allegations as to [the company's] involvement in these activities." *Id.* The only allegation in the complaint against the company was contained in a single paragraph, which stated, "[u]pon information and belief" the company hired employees from a competitor and induced them to breach their confidentiality obligations to their former employer. *Id.* The DTSA claim against the company was dismissed because it contained "nothing more than conclusory allegations." *Id.* Here, as in *Marino*, Apple's complaint contains **no** allegations against Rivos, other than conclusory allegations made on "information and belief" about the *potential* for Wen and Kaithamana and some unknown number of anonymous individuals to use or disclose Apple's trade secrets during the course of their employment at Rivos.

### 4. Apple Fails To Allege Any Damages

Apple fails to plead any damages caused by Rivos. Instead, Apple vaguely claims that "Defendants' conduct" has caused Apple injury, and that "Defendants' conduct" entitles Apple to an award of exemplary damages. Compl. ¶¶ 82-83. Having failed to allege any specific facts against Rivos, Apple cannot lump Rivos together with the individual defendants for the purposes of seeking damages. For this additional, independent reason, Apple's complaint against Rivos should be dismissed. *See e.g.*, *Cooper Interconnect, Inc. v. Glenair, Inc*, No. CV1408018RGKJCX, 2015 WL 13722129, at *4 (C.D. Cal. Feb. 3, 2015) (dismissing trade secret claim against former employee and his new employer when "Plaintiff [did] not provid[e] facts to support an inference of actual harm.").

### B. Generalized Allegations that Unidentified Apple Employees Have Moved to Rivos Are Insufficient to Support a Misappropriation Claim

The other allegations in Apple's complaint about Rivos—including that it "targeted and solicited Apple employees who were highly experienced engineers," has hired a number of former

Apple employees, and that it is working on developing a System on a Chip that may eventually compete with Apple—cannot make up for the lack of specific factual allegations to support Apple's claim of trade secret misappropriation against Rivos. Instead, those allegations merely expose Apple's anti-competitive intent in filing this lawsuit.

Every person who lives and works in California, including the former Apple employees who joined Rivos, has the right to pursue the employment of his or her choice, and may even compete against his or her former employer.[8] *See Golden v. California Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1022 (9th Cir. 2018) (recognizing application of Cal. Bus. & Prof. Code Section 16600 in Federal Court, and noting the "law protects Californians and ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice. It protects the important legal right of persons to engage in businesses and occupations of their choosing.") (quoting *Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937 (2008)).

In an effort to flout this well-established public policy, Apple alleges that "Apple believes" that Wen, Kaithamana and other former Apple employees have retained Apple trade secrets and will "likely to make use of [those trade secrets] in the course of their employment at Rivos." Compl. ¶ 80. In other words, Apple seeks to maintain a claim for misappropriation against Rivos based on Apple's allegation that its former employees will inevitably use Apple's trade secrets in their new roles at Rivos. The "inevitable disclosure" legal theory ***cannot*** support a claim of misappropriation under the DTSA as a matter of law.

The DTSA precludes remedies that "conflict with an applicable State law prohibiting restraints on the practice of a lawful profession, trade, or business." 18 U.S.C. § 1836(b)(3)(A)(i)-(ii). These provisions were included to prevent the creation of a federal "inevitable disclosure" doctrine. *See* S. REP. NO. 114- 220, at 8 & n. 16 (2016). Courts in this District have struck DTSA misappropriation allegations that rely on the "inevitable disclosure" theory. For example, in *UCAR Tech. (USA) Inc. v. Yan Li*, the complaint alleged that employees who took jobs at a competitor "cannot separate out [plaintiff's] trade secrets and confidential information in starting a competing

---

[8] Many of the former Apple employees who work at Rivos are California residents, including Wen.

company in the exact technology space that they worked in for [plaintiff]." No. 5:17-cv-01704-EJD, 2017 WL 6405620, at *3 (N.D. Cal. Dec. 15, 2017). The Court held that "[t]o the extent the complaint relies on these types of 'inevitable disclosure' allegations, those allegations are ordered stricken from the complaint. California courts have resoundingly rejected claims based on the 'inevitable disclosure' theory." *Id. citing Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1463 (2002) ("Lest there be any doubt about our holding, our rejection of the inevitable disclosure doctrine is complete.").

Nor can Apple's allegations that Rivos has hired former Apple engineers support a claim for trade secret misappropriation under the DTSA. *See, e.g.*, *Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*, No. 19-4162 SBA, 2019 WL 11499334, at *5 (N.D. Cal. Nov. 13, 2019) ("[T]he mere fact that [defendant] hired former [employees of plaintiff] who allegedly have knowledge of [plaintiff's] trade secrets is insufficient to demonstrate misappropriation."); *see also Marino*, 505 F. Supp. 3d at 207 (dismissing trade secret claim against defendant corporation and emphasizing that plaintiffs' allegations that their former employees misappropriated trade secrets and the defendant corporation hired those former employees "is not enough to create liability as to [the defendant corporation]"); *KapStone Container Corp. v. Boyd*, No. 1:17-CV-01902-TWT, 2017 WL 4948074, at *2 (N.D. Ga. June 27, 2017) (stating that "Defendants are entitled to compete with their former employer" and granting a motion to dismiss a DTSA claim).

In sum, Apple's generalized allegations that some of its former employees—even if those employees have, as Apple alleges, retained Apple documents—now work for a competing company do not support a claim against the new employer under the DTSA. More importantly, those generalized allegations do not excuse Apple's failure to identify the specific facts required to support a misappropriation claim against Rivos.

C.     **Apple Cannot Conduct Discovery Before Alleging A Viable Claim**

In an apparent concession that its current allegations are insufficient, Apple states in its complaint that it "believes" that discovery may show evidence of misappropriation by Rivos. Compl. ¶ 80. But the law is clear that a party's "need for discovery does not obviate the rule requiring a complaint to state plausible factual allegations in support of the asserted claims."

*Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2017 WL 3129207, at *3 (N.D. Cal. July 24, 2017). "Fed. R. Civ. Proc. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Id. citing Iqbal*, 556 U.S. at 678-79.

Here, the general, conclusory allegations in Apple's complaint are insufficient to permit discovery in the hopes of identifying specific claims. *See Kaplan v. California Pub. Employees' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095, at *6 (N.D. Cal. Sept. 3, 1998), *aff'd*, 221 F.3d 1348 (9th Cir. 2000) ("Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery; such fishing expeditions are not permissible under federal discovery rules."); *see also Valenzuela v. City of Calexico*, No. 14-CV-481-BAS-PCL, 2015 WL 2184304, at *6 (S.D. Cal. May 11, 2015) ("It is clear to the Court that Plaintiff is engaging in a fishing expedition borne from broad, conclusory allegations, unsubstantiated by facts. A litigant may not file suit in order to use discovery as the sole means of finding out whether [he has] a case.") (citation and internal quotation omitted). Submitting a generic complaint with conclusory allegations against a defendant—as Apple has done here with its DTSA claim against Rivos—cannot be used to justify a fishing expedition through a competitor's business information in the hopes that discovery will uncover the facts required to state a claim. *See Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 260 (S.D.N.Y. 2020) (The Court will not permit the plaintiff to "start with a generic complaint [as to the solicitation claims], then use an invasive discovery process to find and articulate specific claims."); *see also Tri Cnty. Tel. Association, Inc. v. Campbell*, No. 17-CV-089-F, 2018 WL 10399165, at *4 (D. Wyo. Apr. 17, 2018) ("In short, a plaintiff must first bring a cause of action with a factual basis. A plaintiff is not permitted to assert a cause of action lacking the requisite factual basis and then proceed to engage in discovery to find such factual basis."). Apple's belief that further discovery may show Rivos has misappropriated trade secrets is not a sufficient basis to permit Apple's claim against Rivos to go forward.

## V.     CONCLUSION

For the foregoing reasons, Rivos respectfully requests that the Court dismiss Apple's claim for trade secret misappropriation against Rivos with prejudice.

DATED: June 30, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Stephen Swedlow*
STEPHEN SWEDLOW
DAVID EISEMAN
VICTORIA B. PARKER

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen