1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Stephen Swedlow (*Admitted Pro hac vice*)
2    stephenswedlow@quinnemanuel.com
   191 N. Wacker Drive, Suite 2700
3  Chicago, Illinois 60606
   Telephone:    (312) 705-7400
4  Facsimile: (312) 705-7401

5    David Eiseman (Bar No. 114758)
     davideiseman@quinnemanuel.com
6    Victoria B. Parker (Bar No. 290862)
     vickiparker@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111-4788
8  Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700
9
   Attorneys for Defendants Rivos Inc. and Wen
10 Shih-Chieh a/k/a Ricky Wen

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        SAN JOSE DIVISION

14

15 | APPLE INC.,                          | Case No. 5:22-CV-2637-EJD

16 |              Plaintiff,               | **DEFENDANT WEN SHIH-CHIEH (a/k/a RICKY WEN)'S NOTICE OF MOTION AND MOTION TO DISMISS**

17 |        vs.                            | Date:       January 19, 2023
                                            Time:       9:00 a.m.
18 | RIVOS INC., WEN SHIH-CHIEH a/k/a      | Courtroom: 4
   | RICKY WEN and BHASI KAITHAMANA,       | Judge:      The Hon. Edward J. Davila
19 |
   |              Defendants.              |
20 |                                       | Trial Date:  None Set

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on January 19, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, the Honorable Edward J. Davila presiding, located at the San Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Ricky Wen will and hereby does move this Court for an order dismissing Plaintiff Apple Inc.'s Complaint (Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is made on the grounds that the Complaint fails to state a claim for which relief may be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the other pleadings and filings on record in this action, as well as other written or oral argument that Ricky Wen may present to the Court.

DATED: June 30, 2022                         Respectfully submitted,

                                             QUINN EMANUEL URQUHART & SULLIVAN,
                                             LLP


                                             By   _/s/ Stephen Swedlow_
                                                  STEPHEN SWEDLOW
                                                  DAVID EISEMAN
                                                  VICTORIA B. PARKER

                                                  Attorneys for Defendants Rivos, Inc. and Wen
                                                  Shih-Chieh a/k/a Ricky Wen

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.      INTRODUCTION...................................................................................................................1

II.     RELEVANT FACTS ALLEGED IN THE COMPLAINT ..................................................2

III.    LEGAL STANDARD .............................................................................................................3

IV.     ARGUMENT............................................................................................................................3

 A.   Apple's Defense of Trade Secrets Act Claim Against Wen Fails to State a
   Claim For Which Relief Can Be Granted ...........................................................3

   1.   Apple Has Not Identified the Trade Secrets Allegedly
     Misappropriated by Wen..................................................................................3

   2.   Apple Has Not Alleged Misappropriation ...................................................6

     (a)   Apple Has Not Alleged Wrongful Acquisition...............................6

     (b)   Apple Has Not Alleged Use or Disclosure .....................................7

   3.   Apple Has Not Alleged Harm Caused By Any Misappropriation...............8

 B.   Apple's Breach of Contract Claim Against Wen Fails to State a Claim Upon
   Which Relief Can be Granted ..............................................................................9

   1.   Apple Has Not Alleged Breach of the IPA....................................................9

   2.   Apple Conflates the Requirements of the IPA With Non-Contractual
     Checklists and Policies....................................................................................11

   3.   Apple Has Not Alleged Harm From the Alleged Breach of the IPA..........11

 C.   Leave To Amend Should Not Be Granted ..........................................................12

V.      CONCLUSION.......................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Aguilera v. Pirelli Armstrong Tire Corp.*,
   223 F.3d 1010 (9th Cir. 2000) ........................................................................ 12

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) ........................................................... 4

*Artec Grp., Inc. v. Klimov*,
   No. 15-CV-03449-EMC, 2016 WL 8223346 (N.D. Cal. Dec. 22, 2016) ........... 5, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 3, 12

*AWP, Inc. v. Henry*,
   No. 1:20-CV-01625-SDG, 2020 WL 6876299 (N.D. Ga. Oct. 28, 2020) ........... 8

*Buttram v. Owens–Corning Fiberglas Corp.*,
   16 Cal.4th 520 (1997) ....................................................................................... 12

*Carl Zeiss Meditec, Inc. v. Topcon Medical Sys., Inc.*,
   No. 19-4162 SBA, 2019 WL 11499334 (N.D. Cal. Nov. 13, 2019) ................. 5, 8

*CleanFish, LLC v. Sims*,
   No. 19-CV-03663-HSG, 2020 WL 4732192 (N.D. Cal. Aug. 14, 2020) ............. 4

*Cooper Interconnect, Inc. v. Glenair, Inc*,
   No. CV 14-08018-RGK(JCx) 2015 WL 13722129 (C.D. Cal. Feb. 3, 2015) ......... 9

*Cotiviti, Inc. v. Deagle*,
   501 F. Supp. 3d 243 (S.D.N.Y. 2020) .............................................................. 13

*Delacruz v. State Bar of California*,
   No. 16-CV-06858-BLF, 2017 WL 3129207 (N.D. Cal. July 24, 2017) ............. 12

*Epicor Software Corp. v. Alternative Tech. Sols., Inc.*,
   No. SACV1300448CJCRNBX, 2013 WL 12130024 (C.D. Cal. Dec. 2, 2013) ..... 8

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ......................................................................... 3

*Golden v. California Emergency Physicians Med. Grp.*,
   896 F.3d 1018 (9th Cir. 2018) ......................................................................... 8

*Gutierrez v. State Farm Ins. Co.*,
No. 12-5846 PSG, 2013 WL 2403651 (N.D. Cal. May 31, 2013)..........................................9

*Kaplan v. California Pub. Employees' Ret. Sys.*,
No. C 98-1246 CRB, 1998 WL 575095 (N.D. Cal. Sept. 3, 1998),
*aff'd*, 221 F.3d 1348 (9th Cir. 2000) .............................................................................12, 13

*KapStone Container Corp. v. Boyd*,
No. 1:17-CV-01902-TWT, 2017 WL 4948074 (N.D. Ga. June 27, 2017)..............................8

*KLA-Tencor Corp. v. Murphy*,
717 F. Supp. 2d 895 (N.D. Cal. 2010)................................................................................12

*Lamont v. Conner*,
No. 5:18-CV-04327-EJD, 2019 WL 1369928 (N.D. Cal. Mar. 26, 2019) ........................5, 6

*Langan v. United Servs. Auto. Ass'n*,
69 F. Supp. 3d 965 (N.D. Cal. 2014)..................................................................................11

*Navigation Holdings, LLC v. Molavi*,
445 F. Supp. 3d 69 (N.D. Cal. 2020)....................................................................................3

*Pellerin v. Honeywell Int'l, Inc.*,
877 F. Supp. 2d 983 (S.D. Cal. 2012) .............................................................................7, 10

*Quintessential, LLC v. Quintessential Brands S.A.*,
No. 20-CV-01722-JD, 2022 WL 357502 (N.D. Cal. Feb. 7, 2022).......................................7

*Soc. Apps, LLC v. Zynga, Inc.*,
No. 4:11-CV-04910 YGR, 2012 WL 2203063 (N.D. Cal. June 14, 2012) ............................4

*Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*,
521 F. Supp. 3d 929 (S.D. Cal. 2021) .................................................................................11

*Space Data Corp. v. X*,
No. 16-CV-03260-BLF, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ..................4, 6, 7, 10

*Spice Jazz LLC v. Youngevity Int'l, Inc.*,
No. 19-CV-0583-BAS-DEB, 2020 WL 6484640 (S.D. Cal. Nov. 4, 2020).........................7

*Teradata Corp. v. SAP SE*,
No. 18-CV-03670-WHO, 2018 WL 6528009 (N.D. Cal. Dec. 12, 2018).............................6

*Tri Cnty. Tel. Association, Inc. v. Campbell*,
No. 17-CV-089-F, 2018 WL 10399165 (D. Wyo. Apr. 17, 2018) ......................................13

*Valenzuela v. City of Calexico*,
No. 14-CV-481-BAS-PCL, 2015 WL 2184304 (S.D. Cal. May 11, 2015)..........................13

*Vendavo, Inc. v. Price f(x) AG*,
    No. 17-CV-06930-RS, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) .............................5, 6

*Watkins v. MGA Ent., Inc.*,
    No. 21-CV-00617-JCS, 2021 WL 5865529 (N.D. Cal. Dec. 10, 2021) ................................ 3

*Zurich Am. Life Ins. Co. v. Nagel*,
    538 F. Supp. 3d 396 (S.D.N.Y. 2021) ............................................................................... 6

## **Statutory Authorities**

18 U.S.C. § 1836(b)(3)(A)(i) ......................................................................................................... 8

18 U.S.C. § 1839(5)(A) .................................................................................................................. 6

18 U.S.C. § 1839(5)(B) .................................................................................................................. 6

## **Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

Plaintiff Apple Inc. ("Apple") has named its former employee, Defendant Ricky Wen

4 ("Wen"), as one of two individual defendants in its complaint for trade secret misappropriation and

5 breach of contract, along with Wen's current employer, Defendant Rivos Inc. ("Rivos"). But cutting

6 through the rhetoric and the conclusory legal conclusions, Apple fails to allege the requisite elements

7 to assert either claim against Wen.

8

In its complaint, Apple alleges that Wen acquired Apple confidential documents and trade

9 secrets while he worked at Apple, and then retained those materials after resigning in violation of

10 an Intellectual Property Agreement ("IPA"). However, Apple does not allege anywhere that Wen

11 improperly acquired those documents, or that he actually used or disclosed Apple's trade secrets—

12 in other words, Apple does not allege misappropriation. Instead, the Complaint alleges in

13 conclusory terms that "Apple ***believes*** that further discovery will likely show that Apple's trade

14 secret information has been improperly disclosed to Rivos and used by Rivos and [Mr. Wen]."

15 (Compl. ¶ 80, emphasis added.)

16

Apple also suggests that dozens of its ***other*** former employees may be at risk of being drawn

17 into this lawsuit by virtue of their decision to leave Apple and work at Rivos. Compl. ¶ 3, 80. Apple

18 then asks the Court to assume that Wen, co-defendant Bhasi Kaithamana ("Kaithamana"),[1] and the

19 other, unnamed Rivos employees are "***likely to*** make use of [Apple's trade secrets] in the course of

20 their employment at Rivos." (Compl. ¶ 80, emphasis added.) But passive retention of a former

21 employer's trade secrets is insufficient to state a claim, and Apple's allegations of harm underlying

22 its DTSA claim require the Court to assume that Wen and the other former Apple employees will

23 "inevitably disclose" Apple trade secrets by virtue of working at a competitor. This legal theory has

24 been rejected by California courts as an illegal restraint on competition and employees' ability to

25 select the employment of their choosing.

26

27

28

---

[1]    For reasons unrelated to the allegations in Apple's complaint, Kaithamana is no longer an employee of Rivos.

1    Nor does Apple adequately allege breach of contract.  Not only is it unclear which document

2  Apple actually intends to sue on, but Apple nowhere distinguishes between the confidential

3  information and the trade secret information allegedly at issue, and it fails to demonstrate any

4  alleged harm.  These failures—and others—doom Apple's breach of contract claim.

5    Apple has failed to plead a viable claim for either trade secret misappropriation or breach of

6  contract against Wen and concedes that it would like to conduct additional discovery to ***find*** facts

7  to assert a misappropriation claim.  This is impermissible.  As a result, Apple's complaint should be

8  dismissed with prejudice as to Wen.

9  **II.    RELEVANT FACTS ALLEGED IN THE COMPLAINT[2]**

10    Wen left his employment at Apple in August 2021 after working at Apple for nearly 14

11  years.  Compl. ¶ 48.  During that time, Wen worked as a CPU design engineer, and worked on some

12  aspects of Apple's ARM-based SoCs.  *Id.*  In the weeks leading up to Wen's resignation from Apple,

13  he transferred files off of his Apple-issued devices onto an external storage drive.  Compl. ¶ 52.

14  Apple concedes that many of these files were personal, including "approximately 200 gigabytes of

15  photos and movies[.]"  *Id.*  Apple's complaint also describes Wen's attempts to ***remove*** Apple

16  confidential files from his personal cloud accounts, including that Wen "moved thousands of Apple

17  files from personal folders of his iCloud Drive to a work folder," which would make the Apple files

18  inaccessible to him after leaving Apple.  *Id.* ¶ 57.  In spite of these efforts to back up personal data

19  and return Apple information, Apple alleges that Wen retained some "files relating to" Apple trade

20  secrets after resigning from his job at Apple.  *See id.*

21    Critically, Apple does not allege that Wen has either disclosed or used this information since

22  leaving Apple.  Apple's complaint alleges only that "Apple believes that further discovery will likely

23  show that Apple's trade secret information has been improperly disclosed to Rivos and used by

24  Rivos and [Wen]."  Compl. ¶ 80.  Nevertheless, Apple alleges that Wen's suspected

25  misappropriation has caused Apple "to suffer monetary and non-monetary injury and harm" (*Id.* ¶

26  71), including "irreparable injury," "losing its competitive advantage, trade secrets, and technology

27

28

---

[2]  The allegations in Apple's complaint are accepted as true, solely for the purposes of this motion.

1   goodwill[.]" *Id*. ¶ 72; *see also Id*. ¶¶ 82-84.  Apple, however, fails to provide any details about the

2   alleged injury and Apple's own actions undermine the plausibility of its claimed injuries. For

3   example, in the face of this "imminent" and "irreparable" harm, Apple **waited eight months** after

4   Wen's departure to file this suit.

5   **III.    LEGAL STANDARD**

6       A complaint that fails to state a claim upon which relief can be granted must be dismissed.

7   *See* Fed. R. Civ. P. 12(b)(6).  To avoid dismissal, "a complaint must contain sufficient factual matter,

8   accepted as true, to 'state a claim to relief that is plausible on its face,'" but "[t]hreadbare recitals of

9   the elements of a cause of action, supported by mere conclusory statements, do not suffice."

10  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Although factual allegations are

11  taken as true, [courts] do not assume the truth of legal conclusions merely because they are cast in

12  the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation

13  and internal quotation marks omitted).   "A pleading that offers 'labels and conclusions' or 'a

14  formulaic recitation of the elements of a cause of action" does not suffice.  *Watkins v. MGA Ent.,*

15  *Inc.*, No. 21-CV-00617-JCS, 2021 WL 5865529, at *3 (N.D. Cal. Dec. 10, 2021) (citing *Ashcroft*,

16  556 U.S. at 678).  The Court can dismiss a claim "based on a lack of a cognizable legal theory or on

17  the absence of facts that would support a valid theory."  *Id.* (citation omitted).

18  **IV.    ARGUMENT**

19          **A.    Apple's Defense of Trade Secrets Act Claim Against Wen Fails to State a**

20                  **Claim For Which Relief Can Be Granted**

21      Apple asserts a claim against Wen for violation of the Defend Trade Secrets Act (18 U.S.C.

22  § 1836 *et seq*.).  Under the DTSA, the plaintiff must plead facts showing "(1) that it is the owner of

23  a trade secret; (2) that the defendant misappropriated the trade secret; and (3) that it was damaged

24  by the defendant's actions."  *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 78 (N.D.

25  Cal. 2020) (citations omitted).  Apple's complaint fails to state facts to satisfy any of these elements.

26              1.    Apple Has Not Identified the Trade Secrets Allegedly Misappropriated by

27                    Wen

28      Apple has not pled an identifiable trade secret as required by 18 U.S.C. § 1836, and its

complaint fails to identify specifically what trade secrets were allegedly misappropriated. "To prove that Plaintiff is the owner of a trade secret, it 'need not spell out the details of the trade secret,' but must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'" *CleanFish, LLC v. Sims*, No. 19-CV-03663-HSG, 2020 WL 4732192, at *3 (N.D. Cal. Aug. 14, 2020) (citation omitted). "On a motion to dismiss, the burden is on Plaintiff to identify protectable trade secrets and '[show] that they exist.'" *Id.* (citation omitted).

Here, Apple's complaint alleges generally that Wen transferred "confidential Apple documents describing Apple trade secrets, including aspects of the microarchitecture for Apple's past, current, and unreleased SoCs" from his Apple-issued computer to an external hard drive while he worked at Apple. Compl. ¶ 52. Apple also alleges that Wen transferred files to a Google Drive account that include "architectural diagrams depicting Apple trade secret SoC designs," folders, and files associated with Apple SoC development. *Id.* ¶ 56. Such general descriptions of categories of information are insufficient to state a claim under the DTSA. *See, e.g.*, *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1145 (N.D. Cal. 2019) (dismissing DTSA claim when plaintiff alleged "categories of information" rather than specific descriptions of its trade secrets and their relationship to plaintiff's technologies); *see also Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *4 (N.D. Cal. June 14, 2012) ("A description of [a] category, or even of the subcategories of information within a category, does not comply with the requirement to identify the actual matter that is claimed to be a trade secret."). For example, in *Space Data Corp. v. X*, the Court found that a "high-level overview of [ ] purported trade secrets, such as 'data on the environment in the stratosphere' and 'data on the propagation of radio signals from stratospheric balloon-based transreceivers'" did not satisfy the Rule 8 pleading standards. No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017). In this case, Apple has only provided high-level descriptions of the trade secrets Wen allegedly acquired, such as "files associated with Apple SoC development," and "documents describing Apple trade secrets, including aspects of the microarchitecture for Apple's past, current, and unreleased SoCs." Compl. ¶¶ 52, 56. These general

descriptions are insufficient to identify a trade secret.

Apple also fails to plead whether the information Wen allegedly transferred during his time working at Apple was a trade secret that the DTSA would protect, as opposed to merely confidential information subject to contractual obligations.  When a plaintiff alleges trade secret misappropriation and breach of a nondisclosure agreement covering similar subject matter, the complaint must plead facts sufficient to inform the defendant where to draw the line between the confidential information and the trade secret information and to identify both types of information with sufficient particularity.  *See*, *e.g.*, *Carl Zeiss Meditec, Inc. v. Topcon Medical Sys., Inc.*, No. 19-4162 SBA, 2019 WL 11499334, at *7 (N.D. Cal. Nov. 13, 2019) (dismissing claims because "the pleadings fail to allege facts identifying the trade secret or confidential information that Defendants are alleged to have misappropriated"); *Artec Grp., Inc. v. Klimov*, No. 15-CV-03449-EMC, 2016 WL 8223346, at *4 (N.D. Cal. Dec. 22, 2016) (dismissing claim for breach of a non-disclosure agreement for failing to "identify with specificity what confidential information is at issue").

Compounding these issues, Apple has not pled facts showing which identifiable trade secrets Wen, as opposed to Kaithamana or the unnamed individuals who also left Apple to work at Rivos, allegedly misappropriated.  Instead, Apple's complaint alleges generally that Wen, Kaithamana, "and other former employees now at Rivos" misappropriated "trade secret information includ[ing] at least chip specifications and designs for Apple's SoCs," (Compl. ¶ 78), but does not specify which trade secrets **Wen** allegedly misappropriated.  A claim for trade secret misappropriation must include specific facts to support a claim against **each defendant.**  *See Vendavo, Inc. v. Price f(x) AG,* No. 17-CV-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) (dismissing DTSA claim and emphasizing that plaintiff's "lack of specificity" in describing its trade secrets "is exacerbated by the fact that the complaint does not distinguish between [defendants].").. As a result of these shortcomings, Apple's claim for trade secret misappropriation against Wen must be dismissed.  *See Lamont v. Conner*, No. 5:18-CV-04327-EJD, 2019 WL 1369928, at *7-8 (N.D. Cal. Mar. 26, 2019) (dismissing a claim for trade secret misappropriation where the plaintiff's "minimal and broad description . . . fail to sufficiently identify his trade secret"); *Vendavo, Inc. v. Price f(x)*

*AG*, 2018 WL 1456697, at *4 (same); *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2018 WL 6528009, at *4 (N.D. Cal. Dec. 12, 2018) (same); *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (same).

### 2.   Apple Has Not Alleged Misappropriation

To state a claim for misappropriation, the DTSA "requires a showing of one of two categories: (1) wrongful acquisition, or (2) disclosure or use of the trade secret without consent." *Lamont*, 2019 WL 1369928, at *8 (*citing* 18 U.S.C. § 1839(5)(A) and (B)).  Here, Apple has not pled facts to show either that Wen wrongfully acquired trade secrets or that he disclosed or used the trade secrets.

### (a)   Apple Has Not Alleged Wrongful Acquisition

While it does not address when Wen actually acquired the alleged trade secrets, Apple's complaint makes clear that Wen accessed and transferred them while he was an employee at Apple. For example, the complaint alleges that, on August 5, 2021, Wen "accessed numerous Apple proprietary and trade secret SoC designs[.]" Compl. ¶ 55.  The complaint further alleges that Wen transferred files from his work laptop to his personal Google Drive account while he was an Apple employee. *Id.* ¶ 56.  The complaint states that Wen worked at Apple until August 6, 2021. Compl. ¶ 53.  Accordingly, all of the allegations of Wen's access and transfer of the alleged trade secrets occurred during the time Wen was an Apple employee.  Indeed, while Apple generally alleges that *all* "Defendants misappropriated trade secrets at least by acquiring trade secrets by improper means" (Compl. ¶ 77), nowhere does Apple allege *any facts* describing Wen's acquisition of the purported trade secrets in the first instance[3] or even that Wen was not authorized to access and review SoC design files and other Apple materials at any point during his employment at Apple.  As a result, the complaint does not allege what is required for misappropriation—the improper acquisition of a trade secret.  *See Zurich Am. Life Ins. Co. v. Nagel*, 538 F. Supp. 3d 396, 404–405 (S.D.N.Y. 2021) (dismissing a DTSA claim where the employee accused of misappropriation "was authorized to

---

[3]   To the contrary, Apple states it "protects its most valuable SoC designs and specifications by limiting access to its Confluence and Perforce databases to only those projects that an employee is currently working on and authorized to view." Compl. ¶ 31.

1   acquire this information as part of his job, so he did not acquire it by improper means.").[4]

2                    (b)    Apple Has Not Alleged Use or Disclosure

3          Nor does Apple's complaint allege facts to support its claim that Wen improperly "used or

4   disclosed" Apple trade secrets, including after he began working at Rivos.  Instead, the complaint

5   includes only the bare allegation that "Apple believes that further discovery will likely show that

6   Apple's trade secret information has been improperly disclosed to Rivos and used by Rivos and the

7   Individual Defendants."  Compl. ¶ 80.  A statement of belief is insufficient to support a claim for

8   the use or disclosure of trade secrets.  *See Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989

9   (S.D. Cal. 2012) (dismissing complaint where plaintiff did not "allege any facts" in support of its

10  claim that defendant's trade secrets or confidential information had been "used and/or disclosed");

11  *see also Spice Jazz LLC v. Youngevity Int'l, Inc.*, No. 19-CV-0583-BAS-DEB, 2020 WL 6484640,

12  at *5 (S.D. Cal. Nov. 4, 2020) (general allegations of trade secret misappropriation pled on

13  "information and belief" were insufficient to survive a motion to dismiss); *Space Data Corp.*, 2017

14  WL 5013363, at *2 (while plaintiff need not "be clairvoyant and allege exactly how [defendant] is

15  improperly using its trade secrets," something more than an allegation that "Defendants have

16  engaged in other business activity based on [plaintiff's] confidential trade secret information" was

17  needed to survive a motion to dismiss).

18         Apple's complaint's only other allegation that could support its claim of use or disclosure is

19  that Wen's job title at Rivos "suggests he is performing a similar job function as he did at Apple[.]"

20  Compl. ¶ 50.  But Wen, like every other employee in California, is free to pursue the employment

21

22  ─────────────────
    [4]   Indeed, far from alleging any improper acquisition, the allegations in the complaint suggest that
23  Wen's retention of any trade secret information was entirely inadvertent, given that they were
    intermingled with his personal materials.  *See, e.g.*, Compl. ¶ 57 ("although Mr. Wen moved
24  thousands of Apple files from personal folders of his iCloud Drive to a work folder, investigation
    of his Apple-owned device reveals that he retained files relating to Apple trade secret SoC designs
25  on his iCloud Drive"); *id.* ¶ 52 (in July 2021, "Mr. Wen transferred approximately 390 gigabytes
    from his Apple-issued computer to a personal external hard drive . . . .  As of his termination, his
26  Apple-issued computer . . . stored approximately 200 gigabytes of photos and movies that Apple
    presumes are personal in nature[.]"); *cf. Quintessential, LLC v. Quintessential Brands S.A.*, No. 20-
27  CV-01722-JD, 2022 WL 357502, at *1 (N.D. Cal. Feb. 7, 2022) (dismissing a DTSA claim and
    noting that "defendants' access to plaintiff's [ ] account may have been 'inadvertent,' which is
28  contrary to what the [DTSA] statute[ ] require[s].").

of his choice and even compete against his former employer. *See Golden v. California Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1022 (9th Cir. 2018). The DTSA specifically excludes remedies that conflict with state laws "prohibiting restraints on the practice of a lawful profession, trade, or business[.]" *See* 18 U.S.C. § 1836(b)(3)(A)(i). Courts in this District and elsewhere have consistently dismissed DTSA claims which rely on the theory that an employee will "inevitably disclose" trade secrets from a prior job when he accepts a similar position at a competing company. *See, e.g.*, *AWP, Inc. v. Henry*, No. 1:20-CV-01625-SDG, 2020 WL 6876299, at *5 (N.D. Ga. Oct. 28, 2020) (emphasizing that the inevitable disclosure doctrine "would effectively bar employees from accepting similar employment positions with competitive entities in perpetuity" and declining to "make such a sweeping proclamation"); *Epicor Software Corp. v. Alternative Tech. Sols., Inc.*, No. SACV1300448CJCRNBX, 2013 WL 12130024, at *3 (C.D. Cal. Dec. 2, 2013) (plaintiff's assertions that former employee worked for plaintiff for eight months and acquired trade secret knowledge during her employment, and then returned to work for defendant, "failed to adequately allege misappropriation[.]"); *see also KapStone Container Corp. v. Boyd*, No. 1:17-CV-01902-TWT, 2017 WL 4948074, at *2 (N.D. Ga. June 27, 2017) (denying motion for TRO based on DTSA claim and emphasizing that "Defendants are entitled to compete with their former employer").

A former employee's passive retention of trade secrets is insufficient, and Apple's general allegation that Wen ***could*** use or disclose Apple trade secrets in his new position at Rivos cannot support a claim for misappropriation. *See Carl Zeiss*, 2019 WL 11499334, at *5 ("[T]he mere fact that [defendant] hired former [employees of plaintiff] who allegedly have knowledge of [plaintiff's] trade secrets is insufficient to demonstrate misappropriation.").

### 3. Apple Has Not Alleged Harm Caused By Any Misappropriation

Finally, Apple's DTSA claim fails because Apple has not alleged facts showing that it has been harmed by Wen's alleged acquisition, disclosure, or use of Apple trade secrets. In its complaint, Apple claims in conclusory terms that "Defendants' conduct" has caused Apple injury, and that "Defendants' conduct" entitles Apple to an award of exemplary damages. Compl. ¶¶ 82-83. Since Apple has failed to allege ***any*** specific facts establishing that Wen's alleged misappropriation caused Apple to suffer harm, its DTSA claim against Wen should be dismissed.

*See e.g.*, *Cooper Interconnect, Inc. v. Glenair, Inc*, No. CV 14-08018-RGK(JCx), 2015 WL 13722129, at *4 (C.D. Cal. Feb. 3, 2015) (dismissing trade secret claim when "Plaintiff [did] not provid[e] facts to support an inference of actual harm.").

      **B.**    **Apple's Breach of Contract Claim Against Wen Fails to State a Claim Upon Which Relief Can be Granted**

Apple alleges that Wen breached the IPA by "failing to return Apple's property and confidential, proprietary, and trade secret information at the time of [his] departure from Apple" and by deleting "the contents of [his] Apple-issued devices prior to returning them." Compl. ¶¶ 68-69. A claim for breach of contract requires "(1) the existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Gutierrez v. State Farm Ins. Co.*, No. 12-5846 PSG, 2013 WL 2403651, at *5 (N.D. Cal. May 31, 2013) (citation omitted). Apple has failed to state a claim for breach of contract at least because it has not alleged breach of the IPA; it improperly conflates the requirements of the IPA with other, unasserted documents and policies, and it has not asserted an injury resulting from Wen's alleged breach.

      1.    Apple Has Not Alleged Breach of the IPA

Apple alleges in its complaint that Wen (amongst others) breached the IPA by taking and "retain[ing] Apple's documents" and "delet[ing] . . . the contents of [his] Apple-issued devices prior to returning them" which "obscured message histories, web histories, and other details relating to the employees' use of Apple trade secret information . . . and any decision to improperly retain Apple trade secret information in violation of, at least, the IPAs." *See* Compl. ¶¶ 68-69.

As an initial matter, Apple does not identify the confidential information at issue with any degree of specificity. This alone dooms Apple's breach of contract claim. *Artec Grp., Inc.*, 2016 WL 8223346, at *4 (dismissing claim for breach of a non-disclosure agreement for failing to "identify with specificity what confidential information is at issue.").

Additionally, nothing in the IPA prohibits employees from deleting personal materials on Apple devices before returning them to Apple, including browsing history, saved logins, and message histories. Instead, the IPA required Wen to "keep all Proprietary Information in confidence

1    and trust[.]" Dkt. 1-1 § 2.0(a).  As discussed in Section A.2(b), Apple's complaint does not allege

2    that Wen used or disclosed Apple confidential information after leaving the company.  It only

3    alleges, without any factual support, that "Apple believes that further discovery will likely show that

4    Apple's trade secret information has been improperly disclosed to Rivos and used by Rivos and the

5    Individual Defendants." Compl. ¶ 80.  A conclusory statement of belief is insufficient to support a

6    claim.  *See Space Data Corp.*, 2017 WL 5013363, at *2 (dismissing claim for breach of a non-

7    disclosure agreement where the allegations of breach were conclusory); *Pellerin*, 877 F. Supp. at

8    989-991 (dismissing complaint where plaintiff did not "allege any facts" in support of its claim that

9    [ ] trade secrets or confidential information had "used and/or disclosed").

10        The IPA also required Wen to "deliver to Apple all documents and materials of any kind"

11    upon termination of his employment and to "not take with you any documents, materials, or copies

12    thereof . . . containing any Proprietary Information." Dkt. 1-1 at § 2.0(a).  But most of the allegations

13    focus on the fact that Wen accessed Apple files while he was still authorized to access and use those

14    files in the course of his work at Apple.  Indeed, Apple accuses Wen of copying or accessing

15    confidential information in the weeks before he left his position at Apple on August 6, 2021.  *Id.* ¶¶

16    52-53.  Specifically, Apple accuses Wen of "transferr[ing] approximately 390 gigabytes from his

17    Apple-issued computer to a personal external hard drive" between July 26, 2021 and July 29, 2021;

18    "delet[ing] at least one account from his Apple-issued computers" on August 5, 2021; and

19    "access[ing] still more highly confidential Apple information" on August 5, 2021.  *Id.* ¶¶ 52-55.

20    However, nowhere in its complaint does Apple assert ***any*** facts demonstrating how this alleged

21    conduct breached the IPA—particularly since Apple acknowledges that Wen's actions took place

22    ***before*** he left Apple.  Instead, Apple apparently hopes that these allegations regarding unrelated

23    activities that took place weeks apart will create enough of a specter of misconduct to survive

24    dismissal.  Such insinuations cannot take the place of facts.  *Space Data Corp. v. X*, 2017 WL

25    5013363, at *2 (dismissing breach of contract claim when plaintiff did not sufficiently allege how

26    defendant's conduct violated the agreement).

27        Apple's allegation of a breach of the IPA is insufficient to support its claim.

28

2.    Apple Conflates the Requirements of the IPA With Non-Contractual Checklists and Policies

Apple's complaint also conflates the requirements of the IPA with the requirements of other, unasserted Apple agreements or policies such as the "Checklist for HWT Departing Employees." Apple alleges that the Checklist for HWT Departing Employees requires employees to confirm that they have "returned or destroyed all Apple confidential information prior to leaving Apple" and that they "returned all Apple Owned Devices (AOU) and [had] not wiped any AOU."   Compl. ¶ 27. Apple's complaint does not allege that the Checklist is a contract.  To the contrary, the IPA Apple attaches to the Complaint contains an integration clause.  Compl., Ex. A at 4.  Nevertheless, the complaint conflates the requirements of the Checklist and other unspecified documents with the IPA.  For example, Apple alleges that Wen "indicat[ed] adherence to all contractually-obligated termination protocols" and then "deleted, scrubbed, or otherwise modified the contents of [his] Apple-issued devices prior to returning them." Compl. ¶ 69. Nothing in the IPA prohibits deleting, scrubbing, or modifying the contents of Apple-issued devices before returning them to Apple. Similarly, nothing in the IPA prohibits departing employees from deleting message histories or web histories.

To the extent Apple alleges "breach" of the Checklist, Apple's internal policies, or other documents, those allegations cannot support a claim for breach of contract, as Apple has not alleged that these documents constitute binding contracts or presented those documents to the Court. *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) ("A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint."); *see also Soil Retention Prod., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 951 (S.D. Cal. 2021) ("to adequately state a claim for relief for breach of contract, "it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." (*quoting Langan*, 69 F. Supp. 3d at 979).

3.    Apple Has Not Alleged Harm From the Alleged Breach of the IPA

Apple has not alleged facts supporting any injury resulting from Wen's claimed breach of the IPA.  In its complaint, Apple states in conclusory terms that "Apple has suffered and continues

to suffer monetary and non-monetary injury and harm" as a result of the Individual Defendants' breach. Compl. ¶ 71. Such conclusory statements of law are not sufficient—to adequately plead a breach of contract claim, Apple must allege specific facts showing that it has actually suffered harm.

As courts in this District have found, it is not sufficient to show that an employee "retained information defined in [their] contract as confidential information, in contravention of [a] provision requiring [them] to return confidential material[.]" *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 907 (N.D. Cal. 2010). Rather, to support a claim for breach of contract, the plaintiff must also "demonstrate[ ] that it was damaged by such conduct." *Id.* Facts showing that an employee "used or disclosed" confidential information are required to demonstrate harm. *See id.* ("plaintiff has not demonstrated that it was damaged by" an employee's retention of confidential information since "[t]here is not even a suggestion . . . that [the employee] used or disclosed any confidential information"); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) ("[T]o be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm-not yet realized ..." (*quoting Buttram v. Owens– Corning Fiberglas Corp.,* 16 Cal.4th 520, 531 n. 4 (1997))). Yet here, Apple has not alleged ***any*** facts showing that Wen has used or disclosed Apple's confidential information in violation of the IPA. To the contrary, Apple asks the court to allow it conduct discovery in order to discovery such facts. Compl. ¶ 80. As Apple is unable to allege any injury caused by Wen's purported breach, Apple's breach of contract claim must be dismissed with prejudice.

### C. <u>Leave To Amend Should Not Be Granted</u>

Apple should not be permitted leave to amend based on its "belief" that "discovery will likely show that Apple's trade secret information has been improperly disclosed to Rivos and used by [Wen]" (Compl. ¶ 80), or bolster its breach of contract claim. The law is clear that a party's "need for discovery does not obviate the rule requiring a complaint to state plausible factual allegations in support of the asserted claims." *Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2017 WL 3129207, at *3 (N.D. Cal. July 24, 2017). "Fed. R. Civ. Proc. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

Here, the general, conclusory allegations in Apple's complaint are insufficient to permit discovery in the hopes of identifying specific claims. *See Kaplan v. California Pub. Employees' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095, at *6 (N.D. Cal. Sept. 3, 1998), *aff'd*, 221 F.3d 1348 (9th Cir. 2000) ("Plaintiff has relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery; such fishing expeditions are not permissible under federal discovery rules."); *see also Valenzuela v. City of Calexico*, No. 14-CV-481-BAS-PCL, 2015 WL 2184304, at *6 (S.D. Cal. May 11, 2015) ("It is clear to the Court that Plaintiff is engaging in a fishing expedition borne from broad, conclusory allegations, unsubstantiated by facts. A litigant may not file suit in order to use discovery as the sole means of finding out whether [he has] a case.") (citation and internal quotation marks omitted). Submitting a generic complaint with conclusory allegations against a defendant—as Apple has done here—cannot be used to justify a fishing expedition in the hopes that discovery will uncover the facts required to state a claim. *See Cotiviti, Inc. v. Deagle*, 501 F. Supp. 3d 243, 260 (S.D.N.Y. 2020) ("The Court will not permit the plaintiff to start with a generic complaint [as to certain claims], then use an invasive discovery process to find and articulate specific claims." (citation and internal quotation marks omitted); *see also Tri Cnty. Tel. Association, Inc. v. Campbell*, No. 17-CV-089-F, 2018 WL 10399165, at *4 (D. Wyo. Apr. 17, 2018) ("In short, a plaintiff must first bring a cause of action with a factual basis. A plaintiff is not permitted to assert a cause of action lacking the requisite factual basis and then proceed to engage in discovery to find such factual basis."). Apple's belief that discovery may show Wen misappropriated trade secrets or breached the IPA is not a sufficient basis to permit Apple leave to amend.

## V.   **CONCLUSION**

For these reasons, Wen respectfully requests that the Court dismiss with prejudice Apple's complaint against him.

1    DATED:  June 30, 2022             Respectfully submitted,

2

                                  QUINN EMANUEL URQUHART & SULLIVAN,
3                                   LLP

4

5                                   By        */s/ Stephen Swedlow*

6                                     STEPHEN SWEDLOW
                                    DAVID EISEMAN
7                                     VICTORIA B. PARKER

8                                   Attorneys for Defendants Rivos, Inc. and Wen
                                  Shih-Chieh a/k/a Ricky Wen
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28