BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzález@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARY PRENDERGAST
(CA BAR NO. 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 202.887.0763

Attorneys for Plaintiff
APPLE INC.

STEPHEN SWEDLOW
(*Admitted Pro Hac Vice*)
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: 312.705.7400
Facsimile:  312.705.7401

DAVID EISEMAN
(CA SBN 114758)
davideiseman@quinnemanuel.com
VICTORIA B. PARKER
(CA SBN 290862)
vickiparker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

Attorneys for Defendants RIVOS INC. and
WEN SHIH-CHIEH a/k/a RICKY WEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, and BHASI WEN<br><br>Defendants. | Case No.    5:22-cv-02637-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER SETTING FORENSIC INSPECTION PROTOCOL** |

Plaintiff Apple Inc. ("Apple") and Defendant Wen Shih-Chieh ("Mr. Wen"), by and through their respective counsel, stipulate to entry of an Order establishing the following protocol for forensics inspection and analysis:

WHEREAS, Apple filed its Complaint in this matter on April 29, 2022, and the Complaint's requests for relief include among other things a forensics inspection and investigation; and

WHEREAS, Apple and Mr. Wen stipulated to an Order, executed and filed by the Court on June 21, 2022, by which the parties would meet and confer to appoint a neutral third party to conduct a forensics investigation pursuant to a further stipulation of such parties and joint instructions to be provided by such parties; and

WHEREAS, Apple and Mr. Wen agreed to appoint FTI Consulting, Inc. ("FTI") to act as a neutral party to conduct such forensic investigation;

WHEREAS, Apple and Mr. Wen desire by this stipulation to confirm the appointment of FTI and to establish a forensics inspection and investigation protocol;

WHEREAS, Apple and Mr. Wen desire for FTI to review certain electronic media;

WHEREAS, Apple represents it has preserved a version of the contents of Mr. Wen's personal iCloud Drive account as of December 15, 2021 (the "Preserved iCloud Data"); and

WHEREAS, Apple and Mr. Wen desire for FTI to review both the Preserved iCloud Data and to collect and review a new copy of active files from Mr. Wen's iCloud Drive accounts and Google Drive accounts, as identified in the Declaration of Michael Kunkel dated June 15, 2022;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. The parties hereby appoint FTI as a neutral party to conduct such forensic investigation described in this Stipulation, and FTI accepts such appointment. FTI agrees to act as a neutral pursuant to this Stipulation and other instructions agreed to by Apple and Mr. Wen. FTI personnel shall not have any *ex parte* communication regarding such investigation or any other topics regarding this matter.

2. Promptly following execution of this stipulation by the parties and FTI, and entry of the Order below, Mr. Wen shall arrange for FTI to be able to collect for forensic imaging and analysis the devices listed below and any other devices which have ever been used to store or transmit Apple confidential information (the "Devices"). At the time of turnover of the Devices, Mr. Wen shall also provide to FTI all credentials necessary to image the Devices. The Devices include at least the following:

   a. Mr. Wen's personal 1TB Seagate FreeAgent FW portable hard drive, which has a volume name of Macintosh HD1, as referred to in the Declaration of Daniel Roffman dated May 20, 2022 and the Declaration of Michael Kunkel dated June 15, 2022

   b. Mr. Wen's personal 3TB Seagate Backup + Desk portable hard drive, as referred to in the Declaration of Michael Kunkel dated June 15, 2022

   c. Mr. Wen's personal 5TB Seagate One Touch portable hard drive, as referred to in the Declaration of Michael Kunkel dated June 15, 2022

   d. Mr. Wen's personal 4GB generic flash drive, as referred to in the Declaration of Michael Kunkel dated June 15, 2022

   e. Any device or storage drive that was connected to any of the above

3. FTI shall maintain copies of all device images for forensic analysis and shall also maintain an unaltered copy of each image.

4. Mr. Wen shall also make available to FTI credentials necessary for FTI to access his personal iCloud Drive accounts and Google Drive accounts corresponding to the email addresses shwenr@me.com, shwenr@gmail.com, and shwen@yahoo.com, and any other cloud-storage service that he used to store Apple confidential information. FTI shall forensically collect the active files in the iCloud Drive, Google Drive, and other applicable accounts (the "New Cloud Data").

5. Also, Mr. Wen shall sign the attached Appendix A, Authorization and Consent to Release Apple Records, to authorize release of the Preserved iCloud Data from Apple's forensic expert and to make the Preserved iCloud Data available to FTI.

6. FTI shall attempt to recover any deleted data from the Devices, the Preserved iCloud Data, and the New Cloud Data through reasonable means. FTI shall also conduct an analysis of the Devices identified above and any device or storage drive that was connected to the Devices to determine when the Devices were connected and any data operations that took place on the Devices when they were connected.

7. The active files obtained from the Devices and Preserved iCloud Data and the New Cloud Data, together with files and artifacts recovered pursuant to Section 6, are referred to herein as the "Collected Files." Counsel for Apple and Mr. Wen shall meet and confer regarding instructions on how and when FTI shall return or destroy Collected Files following resolution of this matter, subject to any later protective order entered into in this case.

8. Counsel for Apple and Mr. Wen shall meet and confer to establish a list of search terms and document formats to narrow the Collected Files to a narrower set of files and artifacts for review (the "Review Set").

9. FTI shall perform a search of the Collected Files that had been stored within the Devices, the Preserved iCloud Data, and the New Cloud Data. The search will be based on keywords and document formats established by the parties pursuant to Section 8. The searches are restricted to the time period from April 22, 2008 through the present. FTI shall compile the set of files and artifacts revealed as hits from such search as the Review Set.

10. During the course of its forensic analysis, should FTI identify any communications with Mr. Wen's counsel on the Devices, they shall immediately cease reviewing the file and notify Mr. Wen's counsel. FTI shall not disclose the contents of any such communications to Apple's counsel or to Apple.

11. Prior to providing any files or artifacts obtained from the Devices to Apple's counsel, FTI shall provide the Review Set to Mr. Wen's counsel to review. Mr. Wen's counsel shall have seven business days to review the Review Set for privilege and to identify Apple confidential information and any other Apple business operational information relating to Mr. Wen's employment at Apple by creating the list described in Section 13 and sending it to FTI. If seven business days have elapsed and counsel for Mr. Wen has not notified Apple's counsel in writing asserting any claim of privilege and has not provided such list to FTI, FTI may provide the Review Set to Apple's counsel.

12. If asserting any claims of privilege, Mr. Wen's counsel shall, within seven business days of receiving the Review Set, notify Apple's counsel of such claim in writing, and shall identify the materials to be withheld in a privilege log consistent with the requirements of Federal Rule of Civil Procedure 26 to be served within five business days following such notification to Apple's counsel. The time limitations in Sections 11 and 12 may be varied by agreement in writing by counsel for Apple and Mr. Wen.

13. Following review, Mr. Wen's counsel shall provide FTI and Apple a list of non-privileged files and artifacts comprising Apple confidential information and any other Apple business operational information relating to Mr. Wen's employment at Apple. Such files and artifacts are referred to herein as the "Disclosure Set."

14. Following FTI's receipt of the list of files and artifacts in the Disclosure Set, FTI shall gather such files and artifacts as the Disclosure Set and disclose the Disclosure Set to Apple's counsel with a copy to counsel for Mr. Wen.

15. Apple agrees to treat any information it receives as "Highly Confidential – Attorneys' Eyes Only" under the N.D. California Model Protective Order, pending entry of a protective order in the case.

16. Based on the outcome of the forensics inspection and analysis set forth above, FTI and/or Apple may request a second round of collection and analysis from

additional Devices or cloud storage accounts.  Counsel for Apple and Mr. Wen will meet and confer regarding the scope of any such second round of collection and analysis.

17. By stipulating to entry of this protocol, Apple does not waive any right it otherwise would have to seek relief, including evidentiary and terminating sanctions, in the event that Mr. Wen fails his obligation to produce data under any applicable rule or order of this Court.

18. By stipulating to entry of this order and protocol, Mr. Wen does not make any admission of liability or wrongdoing, or an admission that he does in fact have Apple confidential information in his possession.

Dated: June 30, 2022                    MORRISON & FOERSTER LLP

By: */s Bryan Wilson*
    Bryan Wilson

Attorneys for Plaintiff
APPLE INC.

Dated: June 30, 2022                    QUINN EMMANUEL URQUHART & SULLIVAN, LLP

By: */s Stephen Swedlow*
    Stephen Swedlow

Attorneys for Defendant
 Wen Shih-Chieh

Dated: June 30, 2022                    FTI TECHNOLOGY, INC.

By: */s Dave Freskos*
    Dave Freskos

Title:  Managing Director

**ATTESTATION OF CONCURRENCE**

I, Bryan Wilson, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Stephen Swedlow and Dave Freskos.

Dated: June 30, 2022         */s/ Bryan Wilson*
                             Bryan Wilson

**ORDER**

IT IS SO ORDERED.

Dated: July 1, 2022

_____
UNITED STATES DISTRICT JUDGE