UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RIVOS, INC., and others,<br><br>        Defendants. | Case No. 22-cv-02637 EJD (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLE'S REQUEST FOR EXPEDITED DISCOVERY**<br><br>Re: ECF 23 (in part), 58, 59 |

As part of its motion for a temporary restraining order in this trade secret misappropriation case, Apple sought expedited discovery from defendants Rivos, Inc. and Wen Shih-Chieh a/k/a Ricky Wen. ECF 23. The trial judge, District Court Judge Edward J. Davila, referred the discovery dispute to me. ECF 60. The parties' competing briefs on the discovery dispute are filed at ECF 58 (Defendants) and ECF 59 (Apple). They filed a joint update at ECF 68, attaching a transcript of Judge Davila's June 16, 2022, hearing.

I held a hearing on the discovery dispute on July 7. As discussed at the hearing, the case has evolved since Apple's filing of the motion for expedited discovery. First, the parties agreed to a stipulation regarding document preservation and forensic inspection with regard to Wen. *See* ECF 54, 55, 64, 67. Second, Defendants Rivos and Wen moved to dismiss the complaint and Apple indicated it may file an amended complaint. ECF 65, 66. Third, the parties recently conducted their Rule 26(f) discovery planning conference.

And finally, at the hearing Apple communicated that it would defer two of the requests for expedited discovery that were part of its motion: early depositions of Wen and Rivos.

Expedited discovery is appropriate upon a showing of "good cause," which is found where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Here, I find that Apple has established good cause to expedite discovery, but I am not persuaded that all the early discovery it seeks is proportional to the needs of the case at this stage. Consequently, I grant Apple's requested early discovery only in part. Disputed requests are resolved as follows:

- ***Early deposition of Puneet Kumar***. Apple's request for an early deposition of Kumar is granted. Kumar is the co-founder and CEO of Rivos and submitted a declaration on June 3, 2022, in opposition to Apple's TRO motion. ECF 40-1. The early deposition will be limited to 3 hours total and limited to examination on the topics in the declaration. This Order finds this examination to be relevant, proportional to the needs of the case, and helpful to framing further discovery. The deposition must be completed by August 5, 2022. The parties must cooperate on scheduling.

- ***Search of all devices and accounts identified by Roffman declaration in Paragraphs 27-36.*** Apple's request is denied as overly broad and intrusive. Apple has not established that Rivos has possession, custody, or control over all these devices and accounts, or that they are reasonably likely to house relevant information.

- ***Forensic image of employee X's time machine backup***. [the parties have met and conferred about this material and should understand which employee this references]. Apple's request is granted. Rivos must produce to FTI a forensic image of the time machine backup by July 15, 2022. By July 22, the parties must agree to a search protocol. The search is not limited to confirming whether or not it has been accessed since the employee left Apple.

- ***Rivos' request for forensic information from Apple***.  Rivos' request to discover from Apple forensic information related to former Apple employees now working at Rivos is granted.  Apple must produce this information, as it will fairly and efficiently advance the discovery process.  Once Apple produces this information, Rivos must search for and sequester information within its possession, custody, and control.

Except as set forth in this Order, Apple's request for expedited discovery is denied.  Discovery may proceed forward pursuant to the applicable Rules of Civil Procedure.  No fees or costs are awarded.

**IT IS SO ORDERED.**

Dated:  July 8, 2022                                        _____
                                                                          NATHANAEL M. COUSINS
                                                                          United States Magistrate Judge