BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendants. | Case No.    5:22-CV-2637-EJD<br><br>**APPLE'S OPPOSITION TO RIVOS INC. AND WEN SHIH-CHIEH'S MOTIONS TO DISMISS**<br><br>Date:  January 19, 2023<br>Time:  9:00 a.m.<br>Courtroom:  4<br>Judge:  Hon. Edward J. Davila<br><br>Action Filed:  April 29, 2022 |

On June 30, 2022, Defendants Rivos Inc. and Ricky Wen each filed a motion to dismiss the Complaint in this matter. (Dkts. 65, 66.) Rivos' motion primarily argued that Apple did not allege its trade secrets with particularity, and that the allegations against Rivos are insufficient. Mr. Wen's motion primarily argued that Apple's description of the confidential Apple documents Mr. Wen took were not sufficiently detailed enough and that Mr. Wen is not in breach of his contractual obligations with Apple.

Apple believes that its original Complaint is sufficient. To avoid dispute, however, and to reflect newly discovered information, Apple has filed a First Amended Complaint, as is its right as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), with additional allegations. (Dkt. 79.) The First Amended Complaint adds five additional individual defendants, who are current Rivos employees, alleging breach of contractual agreements with Apple and violation of the Defend Trade Secrets Act. (*Id.* ¶¶ 69–112, 136–164.) The First Amended Complaint also adds allegations about Rivos' involvement with these former Apple employees before and during the time that they decided to leave Apple and join Rivos. (*Id.* ¶¶ 122–123.) Additionally, the First Amended Complaint alleges that Rivos interfered with the former employees' compliance with their obligations to Apple. (*Id.* ¶¶ 124–135.) The First Amended Complaint also adds allegations regarding the details of Mr. Wen's confirmed retention of Apple information. (*Id.* ¶¶ 66–67.)

As Apple's First Amended Complaint is an amended pleading made "as a matter of course" under Rule 15(a)(1)(B) in response to "service of a motion under Rule 12(b)", it moots the motions to dismiss. *Saddozai v. Davis*, No. 18-05558-BLF, 2020 WL 1955666, at *1 (N.D. Cal. Apr. 23, 2020) (where plaintiff filed amended complaint within 21 days of Defendant's motion to dismiss, "the third amended complaint is the operative complaint in this matter under Rule 15(a)(1)(B) . . . Defendant's motion to dismiss the second amended complaint is DENIED as moot"). "[I]t is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Valadez–Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.3d 896, 927–28 (9th Cir. 2012)); *see also WeRide*

1   *Corp. v. Kun Huang*, 5:18-cv-7233-EJD, 2019 WL 3555343, at *2 (N.D. Cal. Aug. 5, 2019)

2   ("Because [plaintiff] is filing an amended complaint, the Court denies as moot Defendants'

3   Motions to Dismiss . . . Defendants, if they so choose, may file motions challenging the [amended

4   complaint].")  In *WeRide*, the Court noted that WeRide's Second Amended Complaint "names

5   new defendants allegedly tied to the events underlying the First Amended Complaint [], adds new

6   claims against the existing Defendants, and includes new allegations relating to the claims of the

7   FAC," similar to Apple's First Amended Complaint here.  *WeRide*, 2019 WL 3555343, at *1.

8   Here, as Apple's amendment comes as a matter of course under Rule 15(a)(1)(B), there is no

9   question that Apple's First Amended Complaint is permitted, and the Court should similarly rule

10   that the pending motions to dismiss are moot.

11         Apple therefore requests that the Court deny Rivos and Wen's motions to dismiss as moot.

12

13   Dated:    July 14, 2022                    MORRISON & FOERSTER LLP

14

15                                        By:   */s/ Bryan Wilson*
                                               Bryan Wilson

16                                             Attorneys for Plaintiff
                                               APPLE INC.

17

18

19

20

21

22

23

24

25

26

27

28