BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 202.887.0763

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 415.268.7522

Attorneys for Plaintiff
APPLE INC.

STEPHEN SWEDLOW(Admitted Pro Hac Vice)
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: 312.705.7400
Facsimile: 312.705.7401

DAVID EISEMAN (CA SBN 114758)
davideiseman@quinnemanuel.com
VICTORIA B. PARKER (CA SBN 290862)
vickiparker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

Attorneys for Defendants RIVOS INC. and
WEN SHIH-CHIEH a/k/a RICKY WEN

STEPHEN WU (SBN 205091)
ssw@svlg.com
MARC G. VAN NIEKERK (SBN 201329)
mvn@svlg.com
SILICON VALLEY LAW GROUP
1 North Market Street, Suite 200
San Jose, California 95113
Telephone: 408.573.5700
Facsimile: 408.573.5701

Attorneys for Defendant BHASI KAITHAMANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 5:22-cv-2637-EJD |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:   July 28, 2022 |
| RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG, | Time:   10:00 a.m. Ctrm:   4, 5th Floor Judge:  Hon. Edward J. Davila |
| Defendant. | Action Filed:  April 29, 2022 |

Plaintiff Apple Inc. and Defendants Rivos Inc., Wen Shih-Chieh aka Ricky Wen, and Bhasi Kaithamana jointly submit this initial case management statement pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California.  Where the parties could not agree on a joint statement, or where one is inappropriate, the parties have made separate statements.

## I.  JURISDICTION AND SERVICE

No issues exist regarding personal jurisdiction or venue and all parties have been served. This court has subject matter jurisdiction over all claims in Apple's complaint.

## II.  FACTS

### A.  Apple's Statement

#### 1.  Factual Background

Apple designs, manufactures, and markets smartphones, personal computers, tablets, wearables and accessories, and sells a variety of related services.  One key aspect of Apple's cutting-edge products is its use of highly advanced systems-on-chips ("SoCs"), which Apple custom designs.  Apple's SoCs allow for faster, more efficient, and more powerful computing. Apple's unique designs and architecture are critical to its competitive edge in the marketplace.

Rivos was founded in or around May 2021 to design a full stack computing solution based on custom-designed reduced instruction set computer-based SoCs that will compete with Apple's ARM SoCs.  Since June 2021, over 50 former Apple employees have joined Rivos.

Rivos targeted and solicited Apple employees who were highly experienced engineers with both substantial expertise with SoC design and significant and extensive access to trade secrets at the core of Apple's SoC designs.  These designs represent the culmination of substantial research and development costs and could be used to significantly accelerate development of a custom reduced instruction set computer-based SoC.  Rivos' communications with current Apple employees included instructions on how to treat Apple's confidential information and any Apple-issued devices in the employees' possession, prior to that employee giving notice to Apple.

Many of the employees who left Apple to join Rivos were trusted by Apple with its most sensitive trade secret SoC designs and technology.  Many, including the Individual Defendants,

have taken Apple's proprietary and trade secret information with them.  Apple has received substantive responses regarding four former Apple employees; all four have confirmed retention of Apple confidential information after departing Apple and during their employment at Rivos.

## 2.    Procedural Background

Apple filed its complaint on April 29, 2022.  On May 3, 2022, the complaint was served upon Rivos and Wen.  On May 7, 2022, the complaint was served upon Kaithamana.

On May 20, 2022, Apple filed for a motion for a temporary restraining order and expedited hearing. Rivos responded to that motion on May 23, 2022, and filed their opposition on June 3, 2022.  The parties appeared before Judge Davila on June 16, 2022, to be heard on Apple's motion.  The parties appeared before Magistrate Judge Nathanael M. Cousins for further hearing on the motion on July 7, 2022.  Judge Cousins issued an order on July 8, 2022 granting in part Apple's request for expedited discovery, ordering a deposition of Rivos' CEO and production of a forensic image of one former Apple employee's Time Machine backup, over Rivos' vociferous objections.

On June 30, 2022, Rivos and Wen filed motions to dismiss for failure to state a claim.  On July 14, 2022, Apple filed a First Amended Complaint in response to the motions.

Apple has entered into separate stipulations with Kaithamana and Wen as to document preservation and forensic inspection of the materials Kaithamana and Wen took with them when they left Apple.

## B.    Rivos and Wen's Statement:

Apple's lawsuit is nothing more than an anti-competitive attempt to quash the growth of a promising start-up.  Indeed, while Wen left Apple in August 2021, and Apple imaged his devices in September 2021, Apple waited until April 29, 2022 to initiate this action.  Apple admits that it chose to file due to the number of employees departing Apple for Rivos, not due to any particular concern regarding Apple information.

Apple's conduct throughout the litigation so far confirms Apple's motivation:  Apple made no attempt to contact Rivos or Wen regarding its alleged concerns prior to filing its complaint.  Rather, on the very same day it filed this lawsuit, Apple sent threatening letters to

1    Wen and 42 other former Apple employees.  Even then, 25 of those letters contained no

2    allegations of misconduct whatsoever, and 11 included allegations strictly limited to *deleting*

3    data; rather, they purported to remind those employees of their obligations to Apple.  While under

4    no obligation to do so, Rivos immediately reached out to Apple, assuring Apple that it "respects

5    the intellectual property rights of others and takes its obligations to not use, access, or disclose

6    proprietary information or trade secrets of others seriously."  Rivos also began a thorough

7    investigation of Rivos' systems and devices, Wen's devices and accounts, and undertook to

8    interview every former Apple employee now working at Rivos.  Although Rivos and Wen made

9    every attempt to cooperate with Apple, Apple did not reciprocate.  Despite repeated requests that

10   Apple identify the forensic information of which it was aware to aid in Defendants' investigation,

11   it was not until the filing of Apple's (unnecessary) *ex parte* application that Apple provided any

12   forensic information to Defendants.

13          The Court heard Apple's *ex parte* motion on June 16, 2022.  The Court correctly observed

14   that there was no emergency, and directed the parties to meet and confer regarding a phased

15   approach to discovery.  The parties were unable to reach agreement, and the matter was referred

16   to Magistrate Judge Cousins, who held a hearing on July 7, 2022.  Judge Cousins granted in part

17   and denied in part Apple's request for expedited discovery.  (Dkt. 73.)  Specifically, Judge

18   Cousins granted Apple's request for a limited deposition of Puneet Kumar, the co-founder and

19   CEO of Rivos, and granted Apple's request for a forensic inspection of a former Apple

20   employees' time machine backup.  Rivos has offered July 27 as the date for deposition, and has

21   provided FTI with a forensic image of the time machine back-up.  Judge Cousins denied Apple's

22   request that Rivos search the personal devices and accounts of its employees, finding that "Apple

23   has not established that Rivos has possession, custody, or control over all these devices and

24   accounts, or that they are reasonably likely to house relevant information." (*Id.* at 2.)  Finally,

25   Judge Cousins ordered that Apple produce to Rivos its forensic information related to former

26   Apple employees now working at Rivos.  Apple has not provided that information.

27          Apparently frustrated with the results of its suit to date and facing dismissal of its

28   complaint in light of Defendants' motions to dismiss, Apple filed an amended complaint on July

14, 2022, naming five additional Rivos employees, including one who joined the company just days ago.  Notably, however, Apple's amended complaint remains deficient because it contains no new allegations of improper acquisition, disclosure, or use of trade secrets by Rivos, instead focusing only on speculative future use.

Rivos and Wen strongly dispute Apple's statement above that "all four have confirmed retention of Apple confidential information after departing Apple and during their employment at Rivos."  One former employee responded to the letter Apple sent, but did not confirm retention of Apple confidential information.  Another confirmed that a time machine back-up exists; he has not accessed it and does not know what it contains.

### C.    Kaithamana's Statement:

Bhasi Kaithamana was an Apple employee from September 2013 until August 2021.  He briefly became an employee of Defendant Rivos but has since left Rivos for reasons unrelated to this case.  During his employment with Apple, Apple required Mr. Kaithamana (and Apple workers generally) to use iCloud Drive for collaborative work.  Apple doesn't allow its employees to create an iCloud account with their Apple Work email IDs.  Apple employees are required to use their personal iCloud account to use this collaborative system.

Before leaving Apple, Mr. Kaithamana moved work files from his personal iCloud account to a single folder on the hard drive on his Apple-issued laptop (the "Work Folder").  He moved the files in order to facilitate returning all his work documents to Apple, as instructed by Apple.  Apple jumps to the conclusion that Mr. Kaithamana conducted a mass copying of SoC-related files from the Work Folder to the USB Drive simply because the USB Drive was plugged into the laptop around the time of Mr. Kaithamana moving work files into the Work Folder on the laptop.

In fact, Mr. Kaithamana never conducted the mass copying of SoC files to the USB drive as alleged by Apple.  Instead, he returned the Apple-issued laptop, which contained the Work Folder, to Apple before his departure.  In specific, Mr. Kaithamana returned to Apple all work files relating to his work on SoC technology and, since his departure from Apple to date, has neither used nor disclosed any Apple confidential information.

1

### III.     LEGAL ISSUES

2      **A.     Apple's Statement**: Apple alleges two claims for relief: (1) a breach of

3   contract claim against the Individual Defendants; and (2) a claim misappropriation of trade

4   secrets under the DTSA against both Rivos and the Individual Defendants.

5      **B.     Rivos and Wen's Statement:** Rivos and Wen deny that Apple is entitled

6   to any relief.  Rivos and Wen filed motions to dismiss, in response to which Apple filed an

7   amended complaint.  Rivos and Wen are assessing Apple's new allegations, including whether to

8   assert counterclaims.

9      **C.     Kaithamana's Statement:**  Mr. Kaithamana has not yet filed a

10  Counterclaim to seek affirmative relief from Apple, but reserves the right to do so.

11     ### IV.     MOTIONS

12     There is one fully-briefed motion pending before the court.  Rivos filed a Motion for

13  Leave to File Sur-Reply to Apple's *Ex Parte* Motion for a Temporary Restraining Order and

14  Expedited Discovery (Dkt. 47). As mentioned above, the parties appeared before Judge Davila on

15  June 16 for a hearing on Apple's motion, and the partied appeared before Magistrate Judge

16  Nathanael M. Cousins for further hearing on July 7, 2022 (Dkt. 60, 63).  Magistrate Judge

17  Cousins issued an order granting-in-part Apple's motion for expedited discovery on July 8.  (Dkt.

18  73).

19     Wen and Rivos filed motions to dismiss on June 30, 2022.  On July 14, 2022 Apple filed a

20  First Amended Complaint, which moots the prior motions to dismiss.

21     ### V.     AMENDMENT OF PLEADINGS

22     **A.     Apple's Statement**:  Apple filed a First Amended Complaint pursuant to

23  Federal Rule 15(a)(1)(B) on July 14, 2022.  It reserves the right to request leave to submit further

24  amended pleadings pursuant to Federal Rule 15 and other relevant federal and local rules, for

25  good cause including but not limited to information learned during the course of discovery.

26     **B.     Rivos and Wen's Statement:** As discussed above, Apple filed an

27  amended complaint on July 14, 2022.  Because Rivos and Wen have not yet responded to Apple's

28  amended complaint, it is premature to discuss the timing of amendments of their pleadings.

C.    **Kaithamana's Statement:**  Mr. Kaithamana has not yet filed any pleadings and therefore does not currently anticipate amending any pleadings, but he reserves the right to amend pleadings to the extent permitted by Federal Rule of Civil Procedure 15.

VI.    **EVIDENCE PRESERVATION**

All parties have reviewed the Guidelines Relating to the Discovery of Electronically stored Information and met and conferred pursuant to Rule 26(f) regarding steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties have stipulated to document preservation and forensics inspection (Dkts. 14, 19, 44, 45, 54, 55, 64).

**Apple's Statement**:  Rivos has now stated that it does not have possession, custody, or control of its employees' personal devices, despite representing to the contrary at the June 10 hearing.  Rivos has prevented Apple from contacting these employees directly to negotiate return or preservation of Apple's confidential information.  Rivos' current position is that some of the former Apple employees are cooperating with its investigation, but Rivos will not disclose which ones are cooperating and which ones are not.  Rivos also states that it has imaged and preserved the electronic devices of some of the former Apple employees but will not disclose which ones. Taken in conjunction with Rivos' statements alleging lack of control over those devices, Apple is concerned that its confidential information on the employees' personal devices is being further disseminated and/or forensic evidence is being destroyed.

**Rivos and Wen's Statement:**  Rivos has preserved images of all Rivos-issued devices issued to former Apple employees who have received letters from Apple.  Rivos has also instructed all such employees to preserve any potential evidence on personal devices.  Where Rivos employees have asked Rivos to image their personal devices, Rivos has done so.  However, as Judge Cousin's recognized in his July 8, 2022 Order (Dkt. 73), Rivos has no ability to compel those employees to turn over their personal devices.  Additionally, California law is clear that Apple cannot contact employees of an opposing party.  See e.g. California Rule of Professional Conduct 4.2(b).  Thus Apple's filing of this lawsuit and California law prevents Apple from contacting the employees directly to negotiate return or preservation of Apple's confidential information and not Rivos.  Apple's insinuations that Rivos' conduct somehow evidences

"forensic evidence is destroyed" are, simply, without basis.

## VII.   DISCLOSURES

Apple, Rivos, and Individual Defendants agree to exchange initial disclosures pursuant to Rule 26(a) on July 20, 2022.

## VIII.   DISCOVERY

The parties held a Rule 26(f) conference on July 6, 2022.

### A.   Scope of Anticipated Discovery

The parties expect to take discovery on the factual and legal issues identified in Sections 2 and 3 above, and requested relief in Section 11 below.

The parties expect to engage in fact discovery, third-party discovery, and expert discovery.

### B.   Proposed Limitations or Modifications of the Discovery Rules

**Apple's Statement**:  Apple proposes that each side may take up to 100 hours of fact witness depositions, of which up to 21 hours may be 30(b)(6) depositions.  The limit on deposition time should not count any expert deposition based on any expert report submitted in this case.

Apple proposes the following limits for interrogatories in this case:  Apple may serve up to 25 interrogatories on Rivos, and up to 25 interrogatories on each individual defendant. Defendant Kaithamana may serve up to 25 interrogatories on Apple.  Rivos and all individual defendants still employed at Rivos may serve up to a combined total of 40 interrogatories on Apple.

Apple proposes the following limits for requests for admission in this case: the parties may serve unlimited requests for admission that relate to the authentication of documents.  For any requests for admission not related to the authentication of documents, Apple may serve up to 25 requests for admission on Rivos, and 25 requests for admission on each individual defendant. Defendant Kaithamana may serve 25 requests for admission (unrelated to authentication) on Apple.  Rivos and all individual defendants still employed at Rivos may serve up to a total of 40 requests for admission (unrelated to authentication) on Apple.

1    The parties may move the Court to further modify the discovery limits for good cause.

2    **Rivos and Wen's Statement:** Rivos and Wen do not believe any departure from the

3    Federal Rules is warranted at this time, and disagree with Apple's proposed departures. If such a

4    departure becomes necessary as the case proceeds, Rivos and Wen believe the parties should meet

5    and confer and, if they are unable to reach agreement, raise the dispute with the Court at that time.

6    **Kaithamana's Statement:** Mr. Kaithamana is not aware of any facts at this time that

7    would require a change in the limitations on discovery imposed by the Federal Rules of Civil

8    Procedure, but has no objection to the limitations proposed by Apple, provided that the parties

9    have the right to request that the Court modify the proposed discovery limits for good cause.

10                    **C.    Stipulated E-Discovery Order**

11    The parties agree that they will negotiate an e-discovery order and expect to submit a

12    stipulated order to the Court.

13                    **D.    Proposed Discovery Plan**

14    The parties are negotiating a stipulated protective order to govern the production of

15    confidential information in the case.

16                    **E.    Discovery Disputes**

17    **Apple's Statement**: Apple served expedited discovery on Rivos and Wen on May 20,

18    2022. Rivos and Wen served objections and responses on June 15, 2022. On July 7, 2022, Apple

19    informed Rivos of deficiencies in its responses and sought a meet and confer. Judge Cousins

20    ordered on July 8 that "Rivos must produce to FTI a forensic image of the time machine backup"

21    of a former Apple employee.

22    Apple believes that a pending motion to dismiss does not excuse discovery obligations

23    and that discovery should proceed on the normal schedule.

24    **Rivos and Wen's Statement:** Rivos disagrees that its discovery responses are deficient,

25    particularly in light of Judge Cousin's July 8 Order, which denied Apple's request for discovery

26    into accounts and devices beyond Rivos' systems and Rivos-issued devices because "Apple has

27    not established that Rivos has possession, custody, or control over all these devices and accounts,

28    or that they are reasonably likely to house relevant information." (Dkt. 73 at 2.) In one instance,

an employee agreed to have his time machine back-up imaged.  That image has been provided to

FTI, a neutral forensic examiner, for inspection.

**Kaithamana's Statement:**  Mr. Kaithamana is not currently aware of any facts at this

time that would require resolution of a discovery dispute.

## IX.     CLASS ACTION

This matter is not a class action.

## X.     RELATED CASES

There are no related cases to the instant case.

## XI.     RELIEF

**A.**     **Apple's Statement:** Apple seeks the judgment and relief against

Defendants as set forth in its Prayer for Relief in its First Amended Complaint.

**B.**     **Rivos and Wen's Statement:**  Rivos and Wen deny that Apple is entitled

to the requested relief.

**C.**     **Kaithamana's Statement:**  Mr. Kaithamana has not yet filed a

Counterclaim to seek affirmative relief from Apple, but reserves the right to do so.

## XII.    SETTLEMENT AND ADR

No ADR or settlement conferences have been held.  Apple believes that an early

mediation may resolve most if not all of the issues in this case.  Apple is willing to enter private

mediation with the defendants, or use a court-appointed mediator.

Rivos and Wen are willing to participate in early mediation with Apple, if Apple is serious

about resolving the issues in this case.  However, given that Apple did not raise its concerns with

either Rivos or Wen prior to initiating this lawsuit and proceeded to file an *ex parte* application in

the midst of Rivos' and Wen's attempts to cooperate with Apple, Rivos and Wen are not

optimistic that Apple's interest in mediation is sincere.

Defendant Kaithamana believes that the current informal process for searching electronic

media produced by Mr. Kaithamana to third party neutral forensic firm, FTI Technology, Inc., per

the parties' stipulation (Dkts. 14, 19, 44, 45), will resolve the issues between Apple and Mr.

Kaithamana in this case.  Such searches should reveal that Mr. Kaithamana did not take any SoC-

related files from Apple.  If this procedure does not resolve the claims against Mr. Kaithamana, Mr. Kaithamana is willing to undertake early mediation, whether before a private mediator or a court-appointed mediator.

### XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to any magistrate judge, but have been assigned to Judge Cousins for resolution of Apple's Motion for Temporary Restraining Order and Expedited Discovery.

### XIV.   OTHER REFERENCES

This matter is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV.   NARROWING OF ISSUES

The parties anticipate that the issues in this case can be narrowed before trial via agreement or motion.

### XVI.   EXPEDITED TRIAL PROCEDURE

This matter is not suitable for the expedited Trial Procedure of General Order 64.

### XVII.  SCHEDULING

| Event | Apple's Proposed Deadline | Rivos and Wen's Proposed Deadline |
|---|---|---|
| Joint Trial Setting Conference Statement | January 6, 2023 | July 10, 2023 |
| Designation of Experts | January 9, 2023 | June 30, 2023 |
| Trial Setting Conference | January 16, 2023 | July 20, 2023 |
| Close of Fact Discovery | February 17, 2023 | August 18, 2023 |
| Opening Expert Reports[1] | March 20, 2023 | September 15, 2023 |
| Rebuttal Expert Reports | April 10, 2023 | October 6, 2023 |
| Close of Expert Discovery | April 28, 2023 | October 27, 2023 |
| Filing of dispositive motions | May 19, 2023 | November 17, 2023 |
| Filing of oppositions to dispositive motions | June 9, 2023 | December 15, 2023 |
| Filing of replies supporting dispositive motions | June 23, 2023 | January 12, 2024 |
| Last day for Hearing on dispositive motions | July 20, 2023 | February 1, 2024 |

---

[1] The Opening Expert Report deadline shall be the deadline for any expert report on which the proffering party bears the burden of proof.  The Rebuttal Expert Report deadline shall be the deadline for any responsive expert report to any opening expert report.

| Event | Apple's Proposed Deadline | Rivos and Wen's Proposed Deadline |
|---|---|---|
| Final Pretrial Conference | To be set at Trial Setting Conference | To be set at Trial Setting Conference |
| Trial | TBD | TBD (approximately May 2024) |

Defendant Kaithamana has no objection to Apple's proposed deadlines.

## XVIII. TRIAL

**A.    Apple's Statement:** Apple requests a jury trial to the extent permitted by law.  Counsel for Apple currently anticipates that the trial will take approximately 7 trial days assuming all defendants are tried together, but reserves the right to the fullest extent possible to amend this estimate based on further developments in this matter.

**B.    Rivos and Wen's Statement:** Rivos and Wen request a jury trial to the extent permitted by law.  Rivos and Wen believe that it is too early to estimate the number of trial days required, given that Apple only filed its amended complaint on July 14, 2022 and Rivos and Wen have not yet responded to the amended complaint.

**C.    Kaithamana's Statement:**  Mr. Kaithamana also requests a jury trial to the extent permitted by applicable law.  Counsel for Mr. Kaithamana currently believes that 2-3 trial days will be needed to adjudicate claims asserted by Apple against Mr. Kaithamana.

## XIX.   INTERESTED ENTITIES OR PERSONS

**A.    Apple's Disclosure:** None.

**B.    Rivos' Disclosure:** None.

**C.    Wen's Disclosure:** None.

**D.    Bhasi Kaithamana's Disclosure:** None.

## XX.   PROFESSIONAL CONDUCT

The parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1    Dated: July 18, 2022                          Respectfully submitted,

2                                                  MORRISON & FOERSTER LLP

3
                                                   By: /s/ Bryan Wilson
4                                                      Bryan Wilson

5                                                  Attorneys for Plaintiff
                                                   APPLE INC.
6

7    Dated: July 18, 2022                          SILICON VALLEY LAW GROUP

8
                                                   By: /s/ Stephen Wu
9                                                      Stephen Wu

10                                                 Attorney for Defendant
                                                   BHASI KAITHAMANA
11

12   Dated: July 18, 2022                          QUINN, EMMANUEL,
                                                   URQUHART & SULLIVAN, LLP
13

14
                                                   By: /s/ Stephen Swedlow
15                                                     Stephen Swedlow

16                                                 Attorneys for Defendants
                                                   RIVOS INC. and WEN SHIH-CHIEH
17

18                          **ATTESTATION OF CONCURRENCE**

19
          I, Bryan Wilson, am the ECF User whose ID and password are being used to file this
20
     JOINT CASE MANAGEMENT STATEMENT.  In compliance with Local Rule 5-1(h)(3), I
21
     hereby attest that Stephen Wu and Stephen Swedlow have concurred in this filing.
22

23
     Dated: July 18, 2022                              /s/ Bryan Wilson
24                                                     Bryan Wilson

25

26

27

28