BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI
(CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ
(CA SBN 121490)
AGonzález@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARY PRENDERGAST
(CA BAR NO. 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100  L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

STEPHEN SWEDLOW
(*Admitted Pro Hac Vice*)
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: 312.705.7400
Facsimile:  312.705.7401

DAVID EISEMAN
(CA SBN 114758)
davideiseman@quinnemanuel.com
VICTORIA B. PARKER
(CA SBN 290862)
vickiparker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415.875.6600
Facsimile: 415.875.6700

Attorneys for Defendants RIVOS INC.,
RICKY WEN, JIM HARDAGE, WEIDONG
YE, PRABHU RAJAMANI, KAI WANG, and
LAURENT PINOT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendants. | Case No.   5:22-cv-02637-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER SETTING FORENSIC INSPECTION PROTOCOL** |

Plaintiff Apple Inc. ("Apple") and Defendants Rivos Inc. ("Rivos") and Laurent Pinot, by and through their respective counsel, stipulate to entry of an Order establishing the following protocol for forensics inspection and analysis:

WHEREAS, on July 8, 2022, Magistrate Judge Cousins ordered Rivos to produce to Apple a forensic image of Mr. Pinot's Time Capsule storage device that contained backups of Mr. Pinot's Apple-issued MacBook Pro having the serial number C02DT9CZMD6R (Dkt. 73);

WHEREAS, Apple, Rivos, and Pinot agreed to appoint FTI Consulting, Inc. ("FTI") to act as a neutral party to conduct a forensic investigation of Mr. Pinot's Time Capsule storage device;

WHEREAS, Apple, Rivos, and Pinot desire by this stipulation to confirm the appointment of FTI and to establish a forensics inspection and investigation protocol as ordered by Magistrate Judge Cousins on July 8;

WHEREAS, Rivos provided a forensic image of Mr. Pinot's Time Capsule storage device (the "Image") to FTI via encrypted hard drive on July 15, 2022;

IT IS HEREBY STIPULATED AND ORDERED THAT:

1. Apple, Rivos, and Pinot hereby appoint FTI as a neutral party to conduct such forensic investigation described in this Stipulation, and FTI accepts such appointment. FTI agrees to act as a neutral pursuant to this Stipulation and other instructions agreed to by Apple, Rivos, and Mr. Pinot. FTI personnel shall not have any *ex parte* communication regarding such investigation or any other topics regarding this matter.

2. FTI shall maintain copies of all device images for forensic analysis and shall also maintain an unaltered copy of each image.

3. Rivos and Mr. Pinot shall also make available to FTI credentials necessary for FTI to access the Image. FTI shall forensically collect the active files in the Image.

4. FTI shall analyze the Image and provide to Counsel for Apple, Rivos, and Pinot a list of all devices which have been backed up to the Time Capsule storage device, including identification information of the device and the date and time that each device backup was (i) most recently updated and (ii) most recently accessed.

5. FTI shall attempt to recover any deleted data from the Image through reasonable means. FTI shall also conduct an analysis of the Image to determine when the Time Capsule storage device was connected to any device or storage drive and any data operations that took place on the Time Capsule storage device when it was connected.

6. The active files obtained from the Image, together with files and artifacts recovered pursuant to Section 5, are referred to herein as the "Collected Files." Counsel for Apple, Rivos, and Pinot shall meet and confer regarding instructions on how and when FTI shall return or destroy Collected Files following resolution of this matter, subject to any later protective order entered into in this case.

7. Using the information provided by FTI regarding the list of all devices which have been backed up to the Time Capsule storage device, counsel for Apple, Rivos, and Mr. Pinot shall meet and confer to establish a list of relevant backups, search terms, and document formats to narrow the Collected Files to a narrower set of files and artifacts for review (the "Review Set").

8. FTI shall perform a search of the Collected Files that had been stored within the Image. The search will be based on keywords and document formats established by Apple, Rivos, and Mr. Pinot pursuant to Section 7. The searches are restricted to the time period from October 2009 through the present. FTI shall compile the set of files and artifacts revealed as hits from such search as the Review Set.

9. During the course of its forensic analysis, should FTI identify any communications with Mr. Pinot's counsel on the Image, they shall immediately cease reviewing the file and notify Mr. Pinot's counsel. FTI shall not disclose the contents of any such communications to Apple's counsel or to Apple.

10. Prior to providing any files or artifacts obtained from the Image to Apple's counsel, FTI shall provide the Review Set to Mr. Pinot's counsel to review. Mr. Pinot's counsel shall have seven business days to review the Review Set for privilege and to identify Apple confidential information and any other Apple

business operational information relating to Mr. Pinot's employment at Apple by creating the list described in Section 12 and sending it to FTI. If seven business days have elapsed and counsel for Mr. Pinot has not notified Apple's counsel in writing asserting any claim of privilege and has not provided such list to FTI, FTI may provide the Review Set to Apple's counsel.

11. If asserting any claims of privilege, Mr. Pinot's counsel shall, within seven business days of receiving the Review Set, notify Apple's counsel of such claim in writing, and shall identify the materials to be withheld in a privilege log consistent with the requirements of Federal Rule of Civil Procedure 26 to be served within five business days following such notification to Apple's counsel. The time limitations in Sections 8 and 10 may be varied by agreement in writing by counsel for Apple and Mr. Pinot.

12. Following review, Mr. Pinot's counsel shall provide FTI and Apple a list of non-privileged files and artifacts comprising Apple confidential information and any other Apple business operational information relating to Mr. Pinot's employment at Apple. Such files and artifacts are referred to herein as the "Disclosure Set."

13. Following FTI's receipt of the list of files and artifacts in the Disclosure Set, FTI shall gather such files and artifacts as the Disclosure Set and disclose the Disclosure Set to Apple's counsel with a copy to counsel for Rivos and Mr. Pinot.

14. Apple agrees to treat any information it receives as "Highly Confidential – Attorneys' Eyes Only" under the N.D. California Model Protective Order, pending entry of a protective order in the case.

15. Based on the outcome of the forensics inspection and analysis set forth above, FTI and/or Apple may request a second round of collection and analysis from additional Devices or cloud storage accounts. Counsel for Apple, Rivos, and Mr. Pinot will meet and confer regarding the scope of any such second round of collection and analysis.

16. By stipulating to entry of this protocol, Apple does not waive any right it otherwise would have to seek relief, including evidentiary and terminating sanctions, in the event that Rivos or Mr. Pinot fails his obligation to produce data under any applicable rule or order of this Court.

17. By stipulating to entry of this order and protocol, neither Rivos nor Mr. Pinot make any admission of liability or wrongdoing, or an admission that Mr. Pinot does in fact have Apple confidential information in his possession.

Dated: August 1, 2022					MORRISON & FOERSTER LLP

							By: /s/ Bryan Wilson
							       Bryan Wilson

							Attorneys for Plaintiff
							APPLE INC.

Dated: August 1, 2022					QUINN EMMANUEL URQUHART & SULLIVAN, LLP

							By: /s/ Stephen Swedlow
							       Stephen Swedlow

							Attorneys for Defendant
							 Rivos Inc. and Laurent Pinot

Dated: August 1, 2022					FTI TECHNOLOGY, INC.

							By: /s Dave Freskos
							       Dave Freskos

							Title:   Managing Director

**ATTESTATION OF CONCURRENCE**

I, Bryan Wilson, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Stephen Swedlow and Dave Freskos.

Dated: August 1, 2022          By:    */s/ Bryan Wilson*
                                                    Bryan Wilson

**ORDER**

IT IS SO ORDERED.

Dated: August 2, 2022

UNITED STATES DISTRICT JUDGE