QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted Pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, BHASI KAITHAMANA, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI and KAI WANG <br><br> Defendants. | Case No. 5:22-CV-2637-EJD (NMC) <br><br> **MOTION FOR ADMINISTRATIVE RELIEF: REQUEST FOR CLARIFICATION OF OCTOBER 5, 2022 ORDER GRANTING FURTHER DEPOSITION OF PUNEET KUMAR** <br><br> Action Filed: April 29, 2022 <br> Trial Date:   None Set |

Defendant Rivos Inc. ("Rivos") moves this Court for an order clarifying the Court's October 5, 2022 Order granting a further deposition of Rivos CEO Puneet Kumar. Specifically, Rivos seeks clarification that: (i) the further deposition of Mr. Kumar will be limited in time, consistent with the Court's original order allotting a maximum of three hours for this early deposition; (ii) the deposition will be limited to facts Mr. Kumar knew as of the date of his declaration; and (iii) should Mr. Kumar testify to facts he learned only through conversations with Rivos counsel, there will be no waiver of the attorney-client or work product privileges with respect to those conversations or Rivos counsel's ongoing investigation in this lawsuit.

*First*, in its July 8, 2022 Order (Dkt. 73), this Court granted Apple's request for an early deposition of Mr. Kumar. The Court's July 8 Order specified that "[t]he early deposition will be limited to 3 hours total." During the deposition of Mr. Kumar on July 27, 2022, Apple questioned Mr. Kumar for over two hours on the record. However, the Court's October 5, 2022 Order does not specify the time limits that will apply to the further deposition of Mr. Kumar. Accordingly, Rivos respectfully requests clarification that the further deposition of Mr. Kumar be limited to no more than 90 minutes, which consists of the remaining time Apple has on the record with Mr. Kumar under the Court's July 8 Order, plus additional time to account for counsels' meet and confer discussions during the first session of the deposition.

*Second*, in the Court's July 8 Order, the Court ordered that the deposition be "limited to examination on the topics in the declaration." Mr. Kumar's declaration is dated June 3, 2022. (Dkt. 40-1.) Rivos therefore seeks clarification that the relevant timeframe for the topics to be covered in the further deposition of Mr. Kumar is limited to events predating June 3, 2022.

*Third*, Rivos anticipates that Apple will ask Mr. Kumar questions regarding information that Mr. Kumar only knows, if at all, through conversations Mr. Kumar has had with Rivos counsel. In light of the Court's October 5 Order granting further examination on these topics, Rivos' counsel will allow Mr. Kumar to answer those questions. However, Rivos seeks clarification that, consistent with Federal Rule of Evidence 502(d), Mr. Kumar's testimony on those subjects will not be deemed to constitute a waiver of the attorney-client or work product privileges protecting Rivos counsel's communications with its client and/or Rivos counsel's ongoing investigation into Apple's

allegations in this lawsuit. *See e.g., In re Google RTB Consumer Priv. Litig.*, No. 21CV02155YGRVKD, 2022 WL 1316586, at *3 (N.D. Cal. May 3, 2022) ("Rule 502(d) was 'designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery.'") (quoting Fed. R. Evid. 502, Addendum to Advisory Committee Notes, Statement of Congressional Intent); *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15-CV-00797-JST (SK), 2017 WL 8948739, at *5-6 (N.D. Cal. Nov. 15, 2017) (finding that "pursuant to Federal Rule of Evidence 502(d), Defendants did not waive their privilege by using the documents in question in this litigation" where a Court's order "forced disclosure of the privileged information" and there was thus no "intentional relinquishment of a known right.").

Rivos believes that clarifying these questions regarding the scope of Mr. Kumar's further deposition now, before the deposition commences, will prevent further disputes between the parties. Rivos therefore respectfully requests the Court's guidance on the above three questions, so that the parties may proceed to scheduling and conducting for the deposition.

DATED: October 10, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Stephen Swedlow*
STEPHEN SWEDLOW
DAVID EISEMAN
VICTORIA B. PARKER

Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang