BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia  20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff,
APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendants. | Case No. 5:22-cv-2637-EJD<br><br>**OPPOSITION TO RIVOS' MOTION FOR ADMINISTRATIVE RELIEF** |

Rivos' motion for "clarification" is yet another attempt to block Apple's discovery into Rivos' and its employees' retention and possession of Apple's confidential information.  For months, Rivos has obstructed every effort by Apple to take this critical discovery through every means that Apple has tried.  On May 20, 2022, Apple moved for a TRO and expedited discovery supported by detailed forensic evidence that multiple former Apple employees took or retained extensive confidential Apple information when they left to join Rivos.  (*See* Dkt. 22-4, 23-1.)  To overcome that motion, Rivos presented a declaration from its CEO, Puneet Kumar, making various representations about the nature of Rivos' investigation into these events and its purported findings.  (*See* Dkt. 96 at 1.)  Rivos also told the Court in its opposition brief on June 3 that Apple's request for expedited discovery was "largely moot" because Rivos intended to "(i) provide written responses as to whether Rivos has any Apple confidential documents and information related to SoCs or SoC components on its system and whether and how that information has been accessed or viewed by Rivos employees" and "(ii) conduct searches of its own systems for Apple confidential documents and information related to SoCs or SoC components."  (Dkt. 40 at 22-23.)  But after the Court ordered Mr. Kumar to appear for deposition to testify about the topics in his declaration, Rivos refused to let him do so.  And more than four months after promising to provide written discovery and documents on these issues, Rivos has produced *nothing*.  Rivos is also refusing to make any other witnesses available for deposition.[1]

Rivos has now been ordered—*a second time*—to provide information regarding the retention of Apple's confidential information through Mr. Kumar's deposition testimony.  But instead of making the witness available, Rivos now seeks to "clarify" the order by asking the Court to place improper and unjustified limits on his testimony.  This is a disguised motion for reconsideration.  Rivos does not even attempt to meet this District's reconsideration standard set forth in Civil Local Rule 7-9 because it cannot do so.  Instead, Rivos rehashes arguments it made previously that the Court already rejected, and seeks new restrictions that it could have asked for but never did.  It has no basis for asking the Court to revisit these issues now.  And in the meantime, Rivos continues to stall—refusing to even agree on a date for

---

[1] Apple is filing motions to compel based on these issues, and Rivos' refusal to respond to discovery requests served on the individual defendants who were added to the Amended Complaint.  The parties are preparing their joint statements, and Apple hopes to file the motions the week of October 17.

1  Mr. Kumar's deposition until after its clarification motion is resolved.

2  **The Motion Is Procedurally Improper.**  As a threshold matter, this motion is procedurally
3  improper.  A motion for administrative relief under Civil Local Rule 7-11 "must be accompanied by a
4  proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a
5  stipulation could not be obtained."  Rivos has not submitted a stipulation or a declaration.  And Rivos
6  never met and conferred with Apple prior to filing the motion.  The Court should deny the motion on that
7  basis alone.  If the Court does consider the motion, it should be denied for the reasons set forth below.

8  **Rivos Has Not Satisfied the Standard for a Motion for Reconsideration.**  To ask the Court to
9  reconsider its grant of Apple's motion, or any part of Apple's motion, Rivos must satisfy Civil Local
10 Rule 7-9.  That rule requires Rivos to show "a material difference in fact or law exists from that which
11 was presented to the Court before entry of" the order, the "emergence of new material facts or a change
12 of law," or "manifest failure by the Court to consider material facts or dispositive legal arguments."  Civil
13 L.R. 7-9(b).  Rivos identifies no fact or law that would meet this standard—in fact, it identifies no new
14 facts or law at all.  Rivos raises three issues, none of which have merit, and all of which Rivos should
15 have raised—or already did raise—with the Court previously.

16 **1.     Mr. Kumar Should Be Made Available for Three Hours.**  First, Rivos seeks to limit
17 the deposition to 90 minutes of testimony.  (Dkt. 106 at 1.)  Apple should be allotted three hours—the
18 same length of time the Court ordered for the deposition previously.  (*See* Dkt. 73 at 2.)  Rivos obstructed
19 the prior deposition by instructing the witness not to answer questions on the primary issues for which
20 Apple sought his deposition.  As Apple explained in the parties' joint statement, Rivos' counsel made
21 numerous lengthy objections and blocked testimony that went directly to the topics of Mr. Kumar's
22 declaration, on which he was ordered to testify.  (*See, e.g.*, Dkt. 96 at 3.)  The Court agreed, ordering a
23 further deposition because Rivos "obstructed compliance with the Court's prior ruling."  (Dkt. 103.)
24 Ignoring this, Rivos proclaims that "Apple questioned Mr. Kumar for over two hours on the record" and
25 seeks to limit Apple to its "remaining time."  (Dkt. 106 at 2.)  Not only did Rivos' obstruction consume
26 time on the record, but it also forced Apple to ask less direct questions to try to get any information that
27 it could and to lay a foundation for a motion to compel.  To count the time Apple spent to try to get
28

1   around Rivos' improper objections and instructions toward the allotted deposition time, as Rivos
2   requests, would be to reward Rivos' strategy of blocking Mr. Kumar's Court-ordered testimony.

3   In addition, Rivos never argued to shorten the three-hour time limit in opposing Apple's motion
4   to compel, though it easily could have done so.  An essential requirement of Civil Local Rule 7-9 is that
5   the party seeking reconsideration "must show that in the exercise of reasonable diligence the party
6   applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civ.
7   L.R. 7-9(b)(1).  Rivos does not even try to meet that standard here.  "It is not appropriate for [a party] to
8   raise new arguments not previously presented to the court on a motion for reconsideration." *Woods v.*
9   *Google LLC*, 2019 U.S. Dist. LEXIS 73869 at **12-13 (N.D. Cal. May 1, 2019) (citing *389 Orange*
10  *Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  If it wanted to place an additional time
11  limit on the deposition, Rivos should have requested this before. *See Silicon Valley Self Direct, LLC v.*
12  *Paychex, Inc.*, 2015 U.S. Dist. LEXIS 111878 at *4 (N. D. Cal. Aug. 24, 2015) (quoting *Frietsch v. Refco,*
13  *Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)) ("It is not the purpose of allowing motions for reconsideration to
14  enable a party to complete presenting his case after the court has ruled against him. Were such a procedure
15  to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

16  **2.     Rivos Cannot Limit the Deposition to Events That Pre-date Mr. Kumar's**
17  **Declaration.**   Second, Rivos should not be permitted to limit the deposition to events pre-dating Mr.
18  Kumar's declaration.  Apple is entitled to ask generally about the full context of each of the topics
19  discussed in Mr. Kumar's declaration and whether the statements remain true today.  That is particularly
20  true since Mr. Kumar stated in his declaration that "Rivos' internal investigation is ongoing" and that
21  "Rivos is continuing to invest considerable time and resources to conduct a thorough investigation and
22  to ensure that no Apple confidential proprietary, or trade secret information is being accused or used at
23  Rivos." (Dkt. 40-1 ¶ 17.)  Rivos chose to have Mr. Kumar make these representations.  It cannot now
24  block Apple from probing them.  Rivos hopes to limit the deposition to information that is now stale, by
25  precluding Apple from asking Mr. Kumar about any of the information Rivos has learned from its
26  allegedly "thorough investigation" conducted over the past four months.

27  The Court has already ruled against Rivos on this issue *twice*.  First, over Rivos' objection, the
28  Court ordered that Apple was entitled to depose Mr. Kumar "on the topics in the declaration," which

1 | included the topic discussed above.  (Dkt. 73 at 2.)  Then, Apple moved to compel after the deposition
2 | and expressly raised this issue: "The Court's Order referred specifically to 'topics,' and did not limit the
3 | scope of the deposition to events that occurred *before* the declaration." (Dkt. 96 at 1-2 (citing Dkt. No.
4 | 73 at 2) (emphasis in original).)  Rivos argued in response that the content of the declaration "by definition
5 | does not include events occurring after its submission," complaining that "many of Apple's questions
6 | pertained to events that occurred after the date of Mr. Kumar's declaration or were otherwise outside of
7 | its scope." (*Id.* at 5.)  The Court granted Apple's motion, without limiting any of the topics on which
8 | Mr. Kumar was ordered to testify to the time period before his declaration, and specifically ordered Mr.
9 | Kumar to testify about "[t]he status of Rivos' ongoing investigation." (Dkt. 104 ¶ 5.)  There is nothing
10 | to clarify here.  This issue was already considered and decided.  Rivos cannot satisfy the requirements
11 | for reconsideration, and once again does not even attempt to do so.

12 | **3. Rivos is Not Entitled to a Rule 502(d) Order.** Finally, Rivos seeks an advance ruling
13 | under Federal Rule of Evidence 502(d), that Mr. Kumar's testimony on topics he learned of through
14 | conversations with Rivos' counsel will not be deemed to waive the attorney-client or work product
15 | privileges. (Dkt. 106 at 1.)  A Rule 502(d) order is not appropriate here.  As an initial matter, the parties
16 | argued at length over this issue previously because Rivos objected to Mr. Kumar providing testimony
17 | about the topics in his declaration on this basis.  (*See* Dkt. 96 at 2-3 (Apple position); 3-5 (Rivos position).
18 | Rivos lost.  Rivos never raised Rule 502(d), but it is precluded from asking the Court to reconsider its
19 | ruling by making a new argument that it could have made previously.  *Woods*, 2019 U.S. Dist. LEXIS
20 | 73869 at **12-13.  There is no newly discovered fact or law that would justify raising Rule 502)(d) now.

21 | Moreover, the two cases Rivos cites concern very different facts.  Rivos' first case, *In re Google*,
22 | describes the "typical circumstances contemplated by Rule 502(d)" as the situation "where a party
23 | produces a large volume of documents without exhaustive privilege review and later discovers that the
24 | production includes privileged material." *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-
25 | YGR (VKD), 2022 WL 1316586, at *3-4 (N.D. Cal. May 3, 2022).  Citing the Advisory Committee Notes,
26 | the court explained that Rule 502(d) provides a way for parties to "conduct and respond to discovery
27 | expeditiously, without the need for exhaustive preproduction privilege reviews," particularly "in cases
28 | involving substantial quantities of electronically stored information." *Id.*  Of course, here, Rivos is not

OPPOSITION TO RIVOS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 5:22-CV-2637-EJD
SF-4950769

4

making a voluminous document production. Instead, it has been ordered to produce a witness on a specific set of topics.

Rivos' other case, *Shenzhenshi*, is equally inapplicable. In *Shenzhenshi*, the court initially ruled that a set of the defendants' documents was not privileged but later determined, after the defendants had introduced the documents at trial, that the documents were privileged after all. *See Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15-CV-00797-JST (SK), 2017 WL 8948739, at *6 (N.D. Cal. Nov. 15, 2017). Under those specific circumstances, it is not surprising that the court applied Rule 502(d) to find that the defendant did not further waive the privilege by introducing the documents into evidence. *Id.* The situation here is completely different, especially because it is one of Rivos' own making. Rivos voluntarily submitted a declaration from Mr. Kumar placing these topics at issue, and the Court appropriately ordered a deposition on those topics. And, as Apple noted in the joint statement, Rivos opposed expedited discovery by promising the Court that it would disclose "whether Rivos has any Apple confidential documents and information related to SoC's or SoC components on its system and whether and how that information has been accessed or viewed by Rivos employees[.]" (Dkt. 96 at 2 (quoting Dkt. 40 at 22-23).) It is too late for Rivos to reverse course now.

Apple does not believe that Mr. Kumar's testimony on these topics would be privileged and that to the extent any privilege applied, it was waived by Rivos placing these topics at issue through his declaration. But in any event, Rivos' request for an advance order under Rule 502(d) is premature. Rivos asks the Court to rule now that Mr. Kumar's testimony on certain subjects will not be a waiver. (Dkt. 106 at 1). But, if granted in advance, Rivos' blanket request for protection would allow Rivos to proffer self-serving testimony revealing only so much information as it wishes, while withholding other information knowing that Apple cannot discover it. The extent to which Rule 502(d) applies to this situation, if it does it at all, is an issue that should be decided after the testimony is actually given.

For all the above reasons, Rivos' legally and procedurally improper motion should be denied.

| | | |
|---|---|---|
| Dated: October 14, 2022 | | MORRISON & FOERSTER LLP |

By: */s/ Kenneth A. Kuwayti*
Kenneth A. Kuwayti

Attorneys for Plaintiff
APPLE INC.