# WILSON DECL.

# EXHIBIT 6

# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted pro hac vice \*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen
Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 5:22-CV-2637-EJD |
| Plaintiff, | **DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, | Courtroom: 4 |
| Defendants. | Judge: Hon. Edward J. Davila |
| | Date Action Filed: April 29, 2022 |

## RESPONSES TO REQUEST FOR INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You retained for any period of time after your termination by Apple, including the current location of each such document or information.

**RESPONSE TO INTERROGATORY NO. 1:**

Wen incorporates by reference his General Objections.  Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information."  Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case.  Wen further objects to this Interrogatory to the extent it seeks Privileged Information. Wen further objects to this Interrogatory as premature, including because Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Wen responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Wen's response to Request for Production No. 1, as well as the parties' ongoing meet and confer discussions, Wen will provide the computing device, iCloud account, and Google Drive identified in the Declaration of Daniel Roffman in Support of Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause (Dkt. No. 22-4), or forensic images thereof, following entry of a suitable inspection protocol.

Wen's investigation is ongoing.  Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

**INTERROGATORY NO. 2:**

Describe how each of the Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You identified in response to Interrogatory No. 1 was retained, downloaded, transferred, or received by

**INTERROGATORY NO. 4:**

Describe in detail all Apple confidential document and/or information (excluding personnel documents, such as compensation memoranda and performance evaluations) which you have deleted, wiped, scrubbed, removed, or otherwise rendered inaccessible on Your External Storage Devices since accepting your offer of employment from Rivos, including by identifying when, by whom, and how this occurred.

**RESPONSE TO INTERROGATORY NO. 4:**

Wen incorporates by reference his General Objections.  Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information."  Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case.  Wen further objects to this Interrogatory on the grounds that it seeks information about an overbroad and irrelevant timeframe.  Wen further objects to this Interrogatory to the extent it seeks Privileged Information.  Wen further objects to this Interrogatory as premature, including because Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Wen responds as follows: Following a good faith investigation, Wen has no knowledge that he deleted, wiped, scrubbed, removed, or otherwise rendered inaccessible in his External Storage Devices any Apple confidential information or documents as described in this Interrogatory since his employment at Apple ended.

Wen's investigation is ongoing.  Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

DATED:  June 15, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By _____/s/ Stephen Swedlow_____
   STEPHEN SWEDLOW
   DAVID EISEMAN
   VICTORIA B. PARKER

   Attorneys for Defendants Rivos Inc. and Wen
   Shih-Chieh a/k/a Ricky Wen