```
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3  Before The Honorable Nathanael M. Cousins, Magistrate Judge

 4

 5  APPLE, INC.,                    )
                                    )
 6           Plaintiff,             )
                                    )
 7  vs.                             )   No. C 22-02637-EJD
                                    )
 8  RIVOS, INC., et al.,            )
                                    )
 9           Defendants.            )
    _____)
10
                                        San Jose, California
11                                      Thursday, December 1, 2022

12      TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC
            SOUND RECORDING 12:28 - 12:48 = 20 MINUTES
13
    APPEARANCES:
14
    For Plaintiff:
15                               Morrison & Foerster, LLP
                                 755 Page Mill Road
16                               Palo Alto, California 94034
                            BY:  KENNETH A. KUWAYTI, ESQ.
17                               STEPHEN LIU, ESQ.
                                 MEREDITH ANGUEIRA, ESQ.
18                               COLETTE MAYER, ESQ.

19  For Defendants:
                                 Quinn, Emanuel, Urquhart
20                                 & Sullivan, LLP
                                 50 California Street
21                               22nd Floor
                                 San Francisco, California
22                                 94111
                            BY:  DAVID EISEMAN, ESQ.
23                               VICTORIA PARKER, ESQ.
                                 ELLE WANG, ESQ.
24
                            BY:  BRIAN WALLENFELT, ESQ.
25
```

*Echo Reporting, Inc.*

Transcribed by:          Echo Reporting, Inc.
                         Contracted Court Reporter/
                         Transcriber
                         echoreporting@yahoo.com

1  Thursday, December 1, 2022                          12:28 p.m.
2                    P-R-O-C-E-E-D-I-N-G-S
3                            --oOo--
4         THE CLERK:  Calling 5-22-2637, Apple, Incorporated
5  versus Rivos, Incorporated, et al.
6     Counsel, please state your appearances for the record.
7         MR. KUWAYTI:  Ken Kuwayti for the Plaintiff,
8  Apple, and with me is Stephen Liu and Meredith Angueira,
9  also from Apple.  And in the courtroom, Colette Mayer, the
10 head of IP litigation for Apple.
11        THE COURT:  Thank you.  And just to trick me, in
12 this courtroom, the jury box is on the other side and so now
13 you've switched sides, but it helps me to just treat you all
14 equally.
15    All right.  And on the Rivos side?
16        MR. EISEMAN:  Good afternoon, your Honor.  David
17 Eiseman, Vicki Parker and Elle Wang from Quinn Emanuel on
18 behalf of the Defendants.  Also present is Brian Wallenfelt,
19 in-house counsel at Rivos.
20        THE COURT:  Thank you.  And if you'll keep
21 speaking into a microphone, that's very helpful to make our
22 record.  We did have a proceeding this morning with the
23 microphones not working, so let me just summarize that,
24 which is I directed the parties to confer further to see if
25 they could resolve the issues and also suggested that I

1  would consider an award of fees and costs to the prevailing
2  party, if one is decided -- and to hear argument about that,
3  not a conclusion about it -- and the parties have been
4  conferring ever since.
5        I also granted, at docket 117, the request to file
6  exhibits, in connection with the discovery dispute and
7  referenced 122, which is the motion to seal, but didn't
8  fully elaborate on that and wanted to pick up on that before
9  hearing from you.  122, includes within it at 122-2, Apple's
10 September 14th amended trade secret disclosure, which is a
11 foundational document for the discovery disputes.  There was
12 not a counter declaration filed by Apple in response to
13 Rivos filing of that document, in support of sealing it.  I
14 interpret, and assume, that Apple wants to seal its trade
15 secret disclosure, because if you didn't, that might make
16 the entire case go away, but I didn't ask; so let me ask.
17             MR. KUWAYTI:  We do, your Honor.  Thank you.  We
18 have certain parts that have been redacted, or that have
19 been identified, so we do want to seal it.
20             THE COURT:  And should I -- I'm -- I guess I could
21 go two ways on it.  If you've already done some redacting
22 and want to submit a declaration in support of the
23 redactions, I suppose I can wait for it.  Or, if you think
24 the entire thing is sealable, you can tell me -- tell me
25 that.

1       MR. KUWAYTI:  If we could seal the entire thing,
2  that would be preferable to Apple.
3       MR. EISEMAN:  Actually, your Honor, I believe the
4  version that we submitted was a redacted version that we got
5  from Apple.
6       THE COURT:  Well I've got -- 122-2 is -- I mean,
7  it's got -- it might be a redacted version, but I've got the
8  entire -- I've got all of the information in it, so --
9       MR. EISEMAN:  So our position should -- would be
10 that the just redacted portion should be sealed, not the
11 entire document.
12      THE COURT:  All right.  So you want -- you want
13 the -- just the redacted version?
14      MR. EISEMAN:  That's correct, your Honor.
15      THE COURT:  All right.  So, given that position,
16 then I will -- I'm going to not say anything here if --
17 there's no one in the audience, other than the parties
18 anyways, but as far as the record goes, I'm not going to
19 reference, for example, any of the code names, which are
20 part of the sealed materials.  And I don't think the parties
21 need to reference any of the code names, as an example, but
22 I'll wait and give Apple another week to file a counter
23 declaration and proposed order on the sealing of the amended
24 trade secret disclosures.
25      MR. KUWAYTI:  Thank you, we appreciate that.

6

1          THE COURT:  And so, that's just to clean up the
2 sealing issue, but I want to make sure that I'm looking at
3 the proper document.  That September 14th updated trade
4 secret disclosure is the most current version of the trade
5 secret disclosures from Apple.  That's the -- that's kind of
6 what we're working off of; is that accurate?
7          MR. KUWAYTI:  That's correct.  Without -- without
8 all of the appendices.
9          THE COURT:  Right.
10          MR. KUWAYTI:  But, yes.
11          THE COURT:  Very good.  All right.  I just wanted
12 to make sure that I was looking at the same document that
13 you are referencing in the discovery disputes.
14      All right.  So, I will treat as sealed, today, the
15 documents in 122, but we'll wait for a week for Apple to
16 file its declaration in support of the redacted sealing, if
17 that makes sense.
18          MR. EISEMAN:  It does to us, your Honor, thank
19 you.
20          THE COURT:  All right.  And just one more thing I
21 permitted was the attachments to 123 are also included in
22 what I'm referencing here today.
23      All right.  So that's catching up on what we did this
24 morning and a procedural reminder that any party can appeal
25 to Judge Davila from my discovery decisions.

1     All right.  Now, let me catch up with you to see what,
2 if anything, you have resolved or worked out in the last few
3 hours.
4          MR. KUWAYTI:  I think we are both happy to report
5 that we have resolved the dispute for today.
6          THE COURT:  All right.  That is great.
7          MR. KUWAYTI:  We have --
8          THE COURT:  And what would you like to say about
9 it on the record?
10         MR. KUWAYTI:  We would like to document on the
11 record what we have agreed to and I'll attempt to do that
12 and David will jump in and correct me, if I've left
13 something out, or if I misstate it.
14    So, the basic structure of the agreement is that Apple
15 is going to amend the trade secret disclosure and Rivos is
16 going to produce documents and written responses on January
17 15th (sic), and some additional ones on January 29th --
18 sorry -- January 17th, and February 1st.
19         THE COURT:  January 17th and February 1st?
20         MR. KUWAYTI:  And February 1st.  I misspoke
21 earlier.  And we will go through a description of some of
22 the things that are going to -- the specifics about how
23 that's going to happen.
24         THE COURT:  You want to state them right now?
25         MR. KUWAYTI:  We'd like to say them right now.

8

1  THE COURT: Yeah. You're welcome to. And is
2 there a date for Apple's updated trade secret disclosure?
3  MR. KUWAYTI: I think we know what it's going to
4 be. I mean I think we can say, a week.
5  MR. EISEMAN: A week is fine, your Honor.
6  THE COURT: All right. Very good. I'm tracking.
7 Keep going.
8  MR. KUWAYTI: So the -- the trade secret list is
9 going to be amended to not have any of the appendices. The
10 categories are going to remain the same, with the following
11 modifications and additions:
12  Categories one and two are going to include, "and
13 portions of." So category one, I can say on the record.
14 It's "Chip specifications and portions of chip
15 specifications."
16  And category two is, hardware -- "Hardware description
17 source code files and portions of such files." We are
18 adding a category of source code; and I guess, David, we
19 didn't discuss this, but I think, "And portions of source
20 code files."
21  MR. EISEMAN: Yes, that's fine. That's fine with
22 the Defendants.
23  MR. KUWAYTI: Okay.
24  THE COURT: And if I ask about the source code.
25 You discussed the method of identification, are you going to

1  providing the source code or describing the source code?
2          MR. KUWAYTI:  Well, we are -- this is how they
3  want to do, rather than having the files appended.
4          MR. EISEMAN:  But I guess -- I guess the one point
5  I would make that it would be source code relating to SOC
6  designs and SOC component designs relating to the 55
7  projects that have been identified earlier in the current
8  version.  So it's not -- it's not all source code of all
9  types, but it would at least be limited to those categories.
10         MR. KUWAYTI:  Yes.  I mean, I think it would
11 include testing and the -- right?  But it would be source
12 code relating to those categories of products.
13         MR. EISEMAN:  Right.
14         THE COURT:  Okay.  I understand.
15         MR. KUWAYTI:  The -- on January the 15th (sic),
16 the Defendants are going to produce documents in response to
17 all of the outstanding discovery requests, that are the
18 subject of these motions, that pertain to the Apple
19 documents.
20     So, there are really two categories in dispute, your
21 Honor.  There's one broad category, those relating to the
22 Apple documents.  The second broad category is
23 communications with the employees.  So the -- part of this
24 deal is that Apple is agreeing to defer the dispute over the
25 communications portion of that until after -- after these

                                                                10
1  documents have been produced.
2          THE COURT:  In a second -- so the communications
3  is a later production?
4          MR. KUWAYTI:  Is a later.
5          MR. EISEMAN:  Well, we -- actually, we may end up
6  having a dispute about that, but we're going to defer having
7  the dispute and see if we can't work it out, I think is the
8  way I would look at it.
9          MR. KUWAYTI:  Yeah.  So this is not something that
10 you need to rule on today.
11         THE COURT:  All right.
12         MR. KUWAYTI:  I don't think they're committing to
13 producing those responses, but they're committing to produce
14 all of the other ones.
15         THE COURT:  The other stuff, first.
16         MR. KUWAYTI:  Yes.
17         THE COURT:  You gave a couple of dates, January
18 15th and January 17th.  I want to make sure --
19         MR. KUWAYTI:  I'm sorry.  Did I say the 15th
20 again?  January 17th.
21         THE COURT:  17th.  Okay.
22         MR. KUWAYTI:  They are going to produce the
23 documents that --
24         THE COURT:  The Apple documents.
25         MR. KUWAYTI:  Apple -- and their response to all

1 of the outstanding requests that pertain to the Apple
2 documents.
3     THE COURT: And that includes interrogatories, or
4 just documents?
5     MR. KUWAYTI: On the written responses, they are
6 going to respond to the interrogatories, with respect to the
7 Rivos and Mr. Nguyen (phonetic), on the 17th. And with
8 respect to the other individual defendants, on February 1st.
9   We didn't discuss this, David, I'm realizing, but
10 depositions can go forward after that time, right?
11     MR. EISEMAN: I think depositions can go forward
12 -- yes. I don't see why they couldn't.
13     MR. KUWAYTI: Right.
14     MR. EISEMAN: The discovery is open, so --
15     MR. KUWAYTI: Right.
16     THE COURT: I don't want to -- I don't want to
17 interfere in your deal making, there weren't any deposition
18 discovery disputes presented in the papers today that I was
19 -- that I was intending to resolve, but of course, you can
20 have all sorts of things, which I don't know about.
21     MR. KUWAYTI: So they were mentioned. So
22 depositions may go forward in accordance with the normal
23 discovery process. I think that -- the point is, there's no
24 protective order to prevent the depositions going forward.
25     MR. EISEMAN: No, I think we're -- right. We're

1 agreeing that the amended -- further amended trade secret
2 disclosure, that Apple is going serve, is sufficient, and
3 therefore, you can go forward with depositions.  But, I
4 guess, to the extent you -- you know, we're only going to
5 produce our witnesses once, so -- but that's a fight we
6 don't have to have --
7           THE COURT:  That's a fight you may have, but we
8 don't have to resolve it at this moment.
9           MR. KUWAYTI:  This resolves the protective order
10 motion from Rivos.
11          THE COURT:  Right.
12          MR. KUWAYTI:  Rivos is going to share their search
13 term lists with us, for their -- on the 17th and on February
14 1st, they are going to produce, not just documents relating
15 to Apple trade secrets, but any -- relating to any Apple
16 confidential documents, as well.  And they are going to
17 share their search term list with us and consider input from
18 Apple on those search terms.
19          THE COURT:  And are you going to be collaborating
20 on search terms after the production, or is that something
21 you are already working on together?
22          MR. EISEMAN:  I think the agreement was, we would
23 provide the search terms on January 17th and then we'd go
24 from there.
25          MR. KUWAYTI:  Oh, well we were thinking before

13

1 that, before you make the production.  We didn't discuss the
2 date.
3     MR. EISEMAN:  Okay.  I thought we had, but what do
4 you -- your Honor, do you mind getting a proposal from
5 Apple, as to the date?
6     THE COURT:  Well, how about I cover my ears and
7 you talk about it here for a moment?
8     (Pause to confer.)
9     MR. EISEMAN:  Why don't we -- after you've sent us
10 the amended trade secrets disclosure, we'll produce the
11 search terms within three days of that?
12     MR. KUWAYTI:  Okay.  That's fine.  That's fine.
13     THE COURT:  Good interim step.  Thank you for
14 working that through.
15     MR. KUWAYTI:  Apple has the normal ability, under
16 the case law, to amend the trade secret list.  That's in
17 accordance with whatever your Honor's normal practice would
18 be for that.  We're not trying to change the rules on that.
19     The one thing that we want to make clear is that the
20 fact that we've listed a lot of file names here.
21     THE COURT:  Yes.
22     MR. KUWAYTI:  Not all of them may fit neatly
23 within these categories, but we feel should be considered to
24 be trade secrets, and the fact that something has not been
25 included -- the fact that we knew of something and

14

1 identified it, and didn't specifically include it on this
2 list now, will not be used against us to say, well, you have
3 no good cause because you knew of that document clearly, you
4 identified it, you didn't include it in the list.  And
5 that's to kind of avoid the problem of, what if there are
6 some things here that don't -- maybe the parties dispute
7 whether they fall within those categories, or they don't
8 neatly fit within the categories.
9         THE COURT:  All right.  Well that sounds like a
10 reservation of rights footnote, which I don't need to either
11 accept or reject, because it's not really a live dispute.
12     I don't have a -- at the moment, there's not a set of
13 Local Rules for trade secret cases in the Northern District.
14 There could be, perhaps should be, akin to the Patent Local
15 Rules, to regulate all of these issues that come up
16 frequently in this type of case.  So, we don't need to seek
17 a variance from those rules, because they don't exist, and I
18 don't have a standing order or at issue somewhere in this
19 case, that you need to seek some amendment of those rules.
20     So, I don't think you need a -- kind of a ruling from
21 me about future amendments, because if you have a future
22 amendment, you'll amend and if there is a dispute about it,
23 you can come back to say, here's your dispute.  Judge
24 Davila, of course, has got the overall architecture of the
25 case and might set some further deadlines along the way.

And you've got a motion to dismiss pending before him now, so it's probably not the next thing he's going to be addressing in your case. So I guess I would say, let's cross that bridge when we come to it if there's some need for amendment.

And, it is a challenge faced -- this type of case that you're compelled in your disclosures to be specific and to identify little pieces of information, with the risk that if you are specific then the other side might say, well you didn't include this, therefore it must not be trade secret or you're not going to be allowed to count that. And that's a challenge, but I guess my observation about the overall criticisms that were made to the trade secret disclosures were -- was not that there weren't enough of them, it was that it was too broad and general and didn't give enough information to have discovery that would be targeted.

My conclusion from that rambling is, I hear you, but I'm not going to rule on what you just said because that can come up later.

MR. KUWAYTI: Well, we're not asking for a ruling, your Honor. I think that what we're saying is that Rivos -- the Defendants agree that they are not going to argue that -- the fact that we had -- something was included as a file on this list, was not specifically in there is -- means there is no good cause to add it, because we were aware of

16

1  it.  Because, to give you the background, if you're
2  skeptical about this --
3          THE COURT:  I'm --
4          MR. KUWAYTI:  -- then we have to do it a different
5  way.
6          THE COURT:  I'm a little bit skeptical about the
7  scope of -- of what they're waiving, if they haven't seen it
8  yet.  But, I mean, let me hear from Rivos.
9          MR. EISEMAN:  Well, I guess we're willing to do
10 what Mr. Kuwayti has suggested we would do, is to say that
11 the fact that they come back later to try to amend to
12 include a specific document.  We're not going to argue that,
13 oh, you can't do that because it was on your list originally
14 and you should have called it out specifically that -- we
15 won't make that argument.
16      We would -- we would though still have the right to say
17 that whatever document they identify doesn't adequately
18 disclose a particular trade secret.  We can still make that
19 argument, but we're just not going to make the good cause
20 argument, in terms of --
21         THE COURT:  All right.  I follow that.  That makes
22 sense to me.
23     Does that address the concern?
24         MR. KUWAYTI:  That's correct.
25         THE COURT:  Yeah, all right.  Very good.  I

17

1 support that.
2          MR. KUWAYTI:  Okay.
3          THE COURT:  Were there any other components of
4 your --
5          MR. KUWAYTI:  Oh yes, thank you.  So, on January
6 15th (sic), they are also going to provide -- the Defendants
7 will provide us with a written description of their
8 remediation and segregation efforts for all of the Apple
9 documents that were located.
10         MR. EISEMAN:  January 17th.
11         THE COURT:  Is that in a --
12         MR. KUWAYTI:  January 17th.  I have the 15th in my
13 head.
14         THE COURT:  Is that in response to an
15 interrogatory or just a -- just an agreed upon thing?
16         MR. EISEMAN:  We'll send them a letter, your
17 Honor.
18         MR. KUWAYTI:  Yes.
19         THE COURT:  Very good.  Got it.  All right, so
20 that's Rivos' obligation, January 17th, separate.
21     Very good.  Anything else on the Apple side?
22         MR. KUWAYTI:  I don't think so.  I'm going to ask
23 Stephen.  David, did we capture it?
24         MR. EISEMAN:  There's nothing more from the
25 Defendants, your Honor.  I think that does capture the

18

1  agreement.
2          THE COURT:  Well, great.  Well, thank you to both
3  teams for working through those challenging issues that had
4  a hard time finding some middle ground, but you found it,
5  and I think a reasonable time frame, too, to accomplish the
6  tasks to allow you to get it done.
7      And so then, to -- I think to capture what we've agreed
8  upon, you've just stated the timing and obligations of both
9  parties through February 1st, and I won't try to repeat all
10 of those, but as to 122, within a week from today, Apple is
11 going to file a declaration and a proposed order on sealing
12 and 114, 115 and 116 will reflect as being resolved by the
13 agreement of the parties here in open court on the record.
14         MR. EISEMAN:  Thank you, your Honor.
15         THE COURT:  Thank you very much, again.  Happy
16 holidays and again, I appreciate it.  I'll stay here for the
17 next hearing, but you're all excused.
18         MR. KUWAYTI:  Thank you, your Honor, and we
19 appreciate the push.
20         THE COURT:  All right.  Thank you.
21     (Proceedings adjourned at 12:48 p.m.)
22
23
24
25

```
                                                              19
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3       I certify that the foregoing is a true and correct
 4  transcript, to the best of my ability, of the above pages of
 5  the official electronic sound recording provided to me by
 6  the U.S. District Court, Northern District of California, of
 7  the proceedings taken on the date and time previously stated
 8  in the above matter.
 9       I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties to the action
11  in which this hearing was taken; and, further, that I am not
12  financially nor otherwise interested in the outcome of the
13  action.
14
                      
15
16              Echo Reporting, Inc., Transcriber
17                  Saturday, December 3, 2022
18
19
20
21
22
23
24
25
```