**MORRISON FOERSTER**

2100 L STREET, NW
SUITE 900
WASHINGTON
DC  20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 24, 2023

Writer's Direct Contact
+1 (202) 887-8757
MPrendergast@mofo.com

By ECF

Honorable Nathanael Cousins
United States District Court
San Jose Courthouse
Courtroom 5 - 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *Apple Inc. v. Rivos Inc., et al.*
      No. 5:22-cv-2637

Dear Judge Cousins:

    Apple brings this motion asking the Court to compel the deposition of Defendant Ricky Wen to take place on February 28. The parties met and conferred in person on this issue on February 16, 2023.

Honorable Nathanael Cousins
February 24, 2023
Page Two


**Apple's Position**

Defendant Ricky Wen is refusing to appear for his deposition on a date he proposed, after multiple delays of his own making. Apple has been trying to depose Wen since June 2022, when Wen's counsel assured the Court that expedited discovery was not necessary because Apple's trade secrets were not at risk. That claim has proven false, and Apple cannot wait any further to depose Wen and learn what use has been made of the confidential Apple information in his possession.

Apple first sought to depose Wen in June 2022. (Dkt. 23-1 at 27.) In its motion for expedited discovery and a TRO against Wen, Apple submitted forensic evidence showing Wen retained an extensive amount of confidential Apple information when he left to join Rivos (*see* Dkt. 116 at 2; Dkt. 22-4 ¶¶ 14-24, 23-1). At the hearing, Wen's counsel dismissed Apple's concerns and represented to the Court that "there wasn't, from the first day we got involved, any risk that Apple's crown jewels are in jeopardy." (June 16 Hrg. Tr., 46:3-8.) Wen's counsel represented that "Rivos and Mr. Wen are complying with their document preservation obligations" and that "Mr. Wen has not used or disclosed any Apple proprietary or trade secret information in connection with his employment at Rivos." (*Id*. at 37:13-19.) Counsel assured the Court repeatedly that there was "no risk" Wen had access to or was using Apple's trade secrets, and represented that the majority of the documents on his devices were personal bank records. (*Id*. at 39:9-43:3; 46:3-8.)

To avoid having a TRO entered against him, Wen agreed and was ordered to "immediately return to Apple, through Apple's undersigned counsel, any Apple confidential information of which he is aware or becomes aware as being in his possession" including that stored on his devices. (Dkt. 55 ¶ 1.) On June 30, Wen stipulated and was ordered to promptly provide to FTI the devices identified by Apple and any other devices that "have ever been used to store or transmit Apple confidential information." (Dkt. 67 ¶ 2.) Wen shamelessly stalled for months, only providing the identified devices to FTI three months later. Wen also refused to respond fully to Apple's discovery requests, forcing Apple to move in November 2022. At the December 1 hearing, Wen agreed on the record to provide full responses to Apple's interrogatories and complete document production by January 17, 2023. (Dkt. 129 at 9:15-10:21.)

On January 13, 2023, Apple served a notice of deposition on Wen with a date of February 7. On February 3, just days before his scheduled deposition—and weeks after Wen's document production was supposed to be complete—Wen's counsel notified Apple they had located even *more* devices for Wen, which he apparently has had access to since this lawsuit was filed 10 months ago. Counsel promised documents from three devices it identified would be produced the following week. Apple agreed to move Wen's deposition to February 15. Then,

Honorable Nathanael Cousins
February 24, 2023
Page Three

on February 8, Wen's counsel informed Apple they could not complete production that week and proposed moving Wen's deposition *again*, to February 28. Apple reluctantly agreed.

On February 15, Wen's counsel said their review was "taking much longer than we originally anticipated," concluding "we are not sure when we will be able to complete the production of Mr. Wen's" documents, and "we will not be in a position to produce Mr. Wen for his deposition on February 27 or 28." Because the deposition had twice been delayed already, Apple responded that it planned to take Wen's deposition February 27 or 28. Apple's counsel attempted to meet and confer on this issue at Defendant Laurent Pinot's deposition on February 17, but counsel refused to do so on the record. Later that day, counsel confirmed "Mr. Wen's deposition will not go forward on February 28."

Despite having been first ordered to turn over documents and devices *immediately* to Apple back in June 2022, Wen's counsel apparently has not done a diligent search, failed to recover and segregate all of his devices, and is not prepared to produce his documents. Wen is using these failures to justify pushing his deposition past the hearing date for his motion to dismiss, in which he is moving for dismissal *with prejudice*. These delays appear calculated to keep Apple from uncovering key evidence of Wen's access to and use of Apple confidential documents while at Rivos, in the hopes that Rivos and Wen can obtain dismissal of this action before all of the bad facts come to light.

Apple cannot wait any longer to depose Wen. Apple provided evidence in June 2022, and it is now confirmed, that Wen had hundreds of Apple confidential documents in his possession after leaving Apple. It also appears from Rivos' production that some of the most sensitive documents embodying Apple's SoC designs, were located in Wen's directories **on Rivos' systems and Rivos-issued devices**. And now, Wen has revealed he has four more devices – an iMac, Mac Mini, iPhone, and a thumb drive – potentially containing Apple information that he has had access to since this lawsuit was filed and many months after he was ordered to turn any such devices over to FTI. Every day that goes by is another day that Wen could potentially be violating the Court's order and misappropriating Apple's trade secrets. Apple therefore asks that the Court compel Wen to appear for his properly noticed deposition on February 28.

**MORRISON FOERSTER**

Honorable Nathanael Cousins
February 24, 2023
Page Four

**Defendants' Position**

This is not a real discovery dispute, let alone one as urgent as Apple claims. This should be obvious from the fact that Apple is filing this joint letter brief on Friday, February 24, demanding a deposition proceed on Tuesday, February 28, a day Defendants have already told Apple does not work, including because there is already another deposition *in this case* scheduled for the same day. The close of fact discovery is months away, and there is no reason this deposition must occur on Apple's unreasonable timetable.

Notably, Apple already moved for expedited discovery (Dkt. 59), including immediate depositions, and the Court largely *denied* that motion. Dkt. 73. Indeed, Apple *withdrew* its request for an expedited deposition of Mr. Wen. *Id.* Apple's current motion in effect hopes to revive that motion, except now Apple wants it decided on an abbreviated record and an impossibly short timetable, so that it can get a round of "free" depositions now and then depose everyone again later.

Apple baselessly accuses Mr. Wen of seeking to delay his deposition to prevent purported "bad facts" from coming out until after Defendants' motions to dismiss are heard. But that makes no sense. Either Apple's complaint states a claim or it does not. Nothing Mr. Wen says at his deposition could have any effect on whether the allegations within the four corners of the complaint are sufficient.

**Apple's allegations of stalling are groundless.** Defendants have gone to great lengths to collect, review, and produce documents as quickly as possible given the staggering volume of documents to review (all files across several devices and repositories) and the technical issues with many of the files requiring review. Over the roughly three months since the December 1, 2022 hearing (which time included the holidays), counsel for Defendants have spent hundreds of hours on this effort, as have their forensic and document vendors. For context, Defendants have produced ***293,806 pages*** of documents on a rolling basis over the last three months. Apple has produced ***373 pages***, all in the last two weeks.

There is nothing improper about the fact that Mr. Wen has continued to identify documents and devices in the course of his and counsel's review; the Court's order expressly envisions that likelihood by requiring Mr. Wen to return material "of which he is aware ***or becomes aware*** as being in his possession." Dkt. 55 at 1 (emphasis added). There was never any requirement, as Apple now suggests, that Mr. Wen complete his return and review of *all* documents and repositories already.

Nor was there ever any requirement that Mr. Wen sit for a deposition in the middle of this review effort, let alone that he be required to sit for deposition twice. Nevertheless, when

**MORRISON FOERSTER**

Honorable Nathanael Cousins
February 24, 2023
Page Five


Apple demanded a deposition, Defendants planned to make Mr. Wen available on the noticed date of February 7.  While preparing for the deposition, Mr. Wen and counsel discovered that there were additional devices and locations that may have been used to store or transmit Apple documents.  Setec, Defendants' forensics vendor, immediately imaged these additional devices and locations and started transmitting documents for review and production.  Defendants immediately informed Apple, and are working diligently to produce any additional documents as soon as they can.

Of course, if Apple wants to depose Mr. Wen now before document productions are complete, that is its prerogative—though it is inexplicable and facially harassing for Apple to insist on a day that Defendants' counsel is unavailable in another deposition in this case.  Apple understands the inefficiency of deposing Mr. Wen now, before document production is complete, which is why Apple has openly stated to Defendants (but omits from this letter brief) that Apple fully intends to multiply proceedings by demanding to depose Mr. Wen *again* at the more logical time, after his document production is complete.  Apple identifies no reason at all that this is appropriate or fair; indeed, it *withdrew* its request for similar relief previously because the Court likely would have rejected it otherwise.

**Apple's purported trade secrets are not at risk.**  To create the illusion of urgency where none exists, Apple asserts that "[e]very day that goes by is another day that Wen could potentially be violating the Court's order and misappropriating Apple's trade secrets."  The "potential" for a violation is not grounds for the emergency relief Apple seeks.  In any case, no such "potential" exists.  Shortly after Apple sued him, Mr. Wen surrendered *all* devices that he knew at that time had ever contained Apple confidential information, including five physical devices and ten cloud-based data sets from three different personal accounts, to Setec.  When Mr. Wen and his counsel recently discovered additional devices and cloud-based storage accounts that could potentially contain Apple confidential information, Mr. Wen again surrendered all access to Setec within three days.  Mr. Wen cannot misappropriate confidential information from devices or accounts to which he does not have access.  Nor does Apple explain how deposing Mr. Wen (once now, and then again later) would solve this problem, if there were one.

Apple nebulously suggests that some documents "embodying Apple's SoC designs" were "located on Rivos' systems and Rivos-issued devices."  But Apple tellingly provides no further description of those documents, cites no Bates numbers, and points to no specific Rivos system or device.  Nor has Apple asked Defendants to remediate these "most sensitive documents" from Rivos' system or Rivos-issued devices.  And once again, deposing Mr. Wen four days from now does not address this "problem" at all.  There is no urgency here, and Apple's motion should be denied.

**MORRISON FOERSTER**

Honorable Nathanael Cousins
February 24, 2023
Page Six


Respectfully submitted,

| MORRISON & FOERSTER LLP | QUINN EMMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| */s/ Mary Prendergast* | */s/ David Eiseman* |
| Mary Prendergast | David Eiseman |
| *Attorneys for Plaintiff Apple Inc.* | *Attorneys for Defendants Rivos Inc., et al.* |

### ATTESTATION OF CONCURRENCE

I, Mary Prendergast, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from David Eiseman.

Dated: February 24, 2023                                   */s/ Mary Prendergast*
                                                                                   Mary Prendergast