# EXHIBIT B

# FILED UNDER SEAL

BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile:  650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile:  202.887.0763

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendants. | Case No.     5:22-CV-2637-EJD<br><br>**DECLARATION OF KENNETH A. KUWAYTI IN SUPPORT OF APPLE INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date:         March 2, 2023<br>Time:        9:00 a.m.<br>Ctrm:        4<br>Judge:      Hon. Edward J. Davila<br>Trial Date: Not Set<br>Date Action Filed: April 29, 2022 |

I, Kenneth A. Kuwayti, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I submit this declaration in support of Apple Inc.'s ("Apple") Sur-Reply in Opposition to Defendants' Motions to Dismiss.

3. Attached as **Exhibit 1** is a true and correct copy of an email I sent to David Eiseman dated February 21, 2023, asking Defendants to withdraw their motions to dismiss based upon the discovery that had been produced following the filing of Apple's opposition briefs. Defendants refused.

4. Attached as **Exhibit 2** is a true and correct copy of excerpts from the deposition of Mr. Laurent Pinot, conducted on February 16, 2023.

5. Since Apple's opposition briefs were filed on January 17, 2023, we have received discovery from Defendants that, according to the metadata, shows that each Individual Defendant retained Apple confidential documents. Documents produced by Defendants listing Jim Hardage as the custodian include numerous source code and Verilog files dating from the period when he worked at Apple. These files are marked as confidential, and apparently were contained on one of Mr. Hardage's USB drives. Defendants' counsel informed us for the first time in a January 17, 2023 letter that they had been in possession of Mr. Hardage's USB drives since June 20, 2022.

6. Defendants Laurent Pinot and Prabhu Rajamani are listed as the custodians of documents that contain the name of an internal Apple SoC project code in their file titles and are marked confidential. These file names are described on page 3 of Apple's sur-reply brief and are not repeated here to avoid the need for additional sealing.

7. Defendant Kai Wang is listed as the custodian of screenshots which purport to contain excerpts of a GPU component microarchitecture specification. These screenshots contain the footer "Apple Registered Confidential – Do Not Distribute." This screenshot and file name is described on page 3 of Apple's sur-reply brief.

8. Defendant Weidong Ye is listed as the custodian of multiple source code files dating from his time working at Apple that are labeled "confidential and proprietary." One of

1  these source code files is identified on page 3 of Apple's sur-reply brief.

2        9.     Document metadata for and manual review of the documents produced by
3  Defendants listing Mr. Wen as the custodian show that, as alleged in Apple's Complaint, Mr.
4  Wen retained hundreds of files that have been marked as Apple confidential, many of which are
5  listed by file name in Appendix B to the Roffman declaration. Those file names are not repeated
6  here to avoid the need for additional sealing. On February 3, 2023, Rivos's counsel informed
7  Apple, for the first time, that they had just recently become aware that Mr. Wen had remained in
8  possession throughout the lawsuit of three additional devices that they believed might contain
9  Apple confidential information: an iPhone, an iMac, and a thumb drive. Counsel told us that they
10 believed there was likely Apple confidential information on these devices, but they were not sure
11 whether or not it was duplicative of what had been produced from his other devices. A little over
12 two weeks later, on February 21, 2023, Defendants' counsel told us that they had learned of
13 another device, a Mac Mini, that had remained in Mr. Wen's possession that they were going to
14 provide to the forensic vendor, FTI, for review.

15       10.    Metadata for the documents recently produced by Defendants in discovery lists
16 Rivos as the custodian on multiple technical Apple files, which we understand to mean the
17 documents were found on Rivos's file systems or Rivos-issued personal devices. Some of these
18 files are Verilog files, including "████████," "████████," "████████"
19 "████████," "████," and "████." Each includes a header stating "These materials . . .
20 contain trade secrets and confidential information which are proprietary to Apple Inc." The term
21 "██" is an Apple proprietary abbreviation meaning "████████████." Another file—
22 "████████████████████," which is a presentation entitled "████████
23 ████████████"—includes data regarding SoC performance and is branded "Apple
24 Confidential. Additional produced source code files explicitly reference Apple SoC project
25 names, including "████████████" and "████████." Metadata for these Rivos-
26 custodial files, which each include "████████" in the filepath, appears to show that these files
27 were discovered on Mr. Wen's partition on his Rivos-issued computer and/or Rivos's internal file
28 system, including in subfolders that appear to refer to Apple by its stock ticker symbol ("AAPL"):

| Bates Number | File Name | File Path |
|---|---|---|
| RIVOS_0110163 | ▬ | ▬ |
| RIVOS_0110184 | ▬ | ▬ |
| RIVOS_0110185 | ▬ | ▬ |
| RIVOS_0110194 | ▬ | ▬ |
| RIVOS_0110465 | ▬ | ▬ |
| RIVOS_0110728 | ▬ | ▬ |
| RIVOS_0110459 | ▬ | ▬ |

Kuwayti Decl. ISO Apple's Sur-Reply in Opposition to Defendants' Motions to Dismiss
Case No. 5:22-cv-02637-EJD

3

| | | |
|---|---|---|
| RIVOS_0197012 |  | |
| RIVOS_0197018 | | |

11. Apple served a Notice of Deposition on Mr. Wen for January 7, 2023. At Defendants' counsel's request, the parties agreed to a deposition date of February 7, 2023. However, when Apple was informed on February 3 of Mr. Wen's newly discovered devices, Apple agreed to move Mr. Wen's deposition to February 15. Then, on February 8, Mr. Wen's counsel informed Apple they could not complete production that week and proposed moving Mr. Wen's deposition *again*, to February 28. Apple reluctantly agreed, but throughout our discussions with Defendants' counsel about these postponements, we told Defendants' counsel that we wanted to take the deposition before the March 2 hearing. On February 15, however, counsel stated that their review of Mr. Wen's documents was "taking much longer than we originally anticipated," that they did not know when they would be able to complete it, and that they were no longer willing to produce Mr. Wen for deposition on February 28 and would not even provide us with a date when he can be made available. We stated that we wanted to take the deposition on the agreed upon date regardless because we wanted to take the deposition before the motion to dismiss hearing. Defendants' counsel refused to make Mr. Wen available for his deposition. As a result Apple has filed a motion to compel Mr. Wen's deposition. Now, in opposing that motion Mr. Wen's counsel is also claiming that they are not available to represent Mr. Wen at a February 28 deposition, even though *they* proposed this date and have never before told us that counsel was unavailable at that time.

12. Apple has been trying to obtain discovery from Defendants of the documents that they retained from Apple since the very start of this case, when Apple moved for expedited discovery in May of 2022. Defendants finally began producing some documents from Mr. Wen in December 2022, as had been required by the June 2022 Court order entered six months earlier.

1  They did not make any meaningful production from any of the other Defendants until January 17,
2  2023.  That production is far from complete.  Among other things, Defendants have limited their
3  production to a narrow set of custodians, none of the documents from Mr. Wen's recently
4  discovered devices have been produced, Defendants have told us that there are documents that
5  have been withheld due to technical difficulties that have yet to be resolved, and there is
6  inadequate metadata for the documents that have been provided, which prevents Apple from
7  being able to determine the devices from which documents have been produced and when they
8  were last accessed.  Apple also expected, based on an agreement that we reached with Defendants
9  on the record at a hearing before the Court on December 1, 2022, that on January 17 Defendants
10 were going to provide Apple with complete interrogatory responses describing any knowledge
11 that they have of former Apple employees who retained Apple documents and the documents that
12 were retained.  Defendants are refusing to provide this information and as a result we are going
13 to have to move to compel that information a second time.  This is far from an exhaustive list of
14 the discovery issues between the parties.

15     I declare under penalty of perjury that the foregoing is true and correct.  Executed at
16 Palo Alto, California, this 24th day of February, 2023.

                                           /s/ Kenneth A. Kuwayti
                                           Kenneth A. Kuwayti

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kuwayti, Kenneth A. |
| **Sent:** | Tuesday, February 21, 2023 7:32 PM |
| **To:** | David Eiseman; QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | Apple v. Rivos: Motions to Dismiss |

Dear David:

We have reviewed Defendants' reply briefs in support of their motions to dismiss. Now that Defendants have finally begun to produce some of the documents that they took from Apple, it has become evident that the motions to dismiss cannot be maintained in good faith. The reply briefs are full of arguments that you know are contradicted by the evidence. Defendants must withdraw the motions.

We are not going to comprehensively set forth all of the many issues with the motions here, but will give you some specific examples below.

- You moved to dismiss the breach of contract claims against the Individual Defendants, which are premised on their taking and retention of Apple documents when they left in breach of a clear contractual provision to the contrary. The discovery that has now been produced confirms that every one of the Individual Defendants retained confidential documents when they left Apple, just as Apple alleged. A fundamental argument in your motion is that Apple did not sufficiently identify the confidential documents. (*See, e.g.,* Ind. Def. Reply Brief at 2-3, 10-11.) In fact, the Second Amended Complaint ("Complaint") made specific references to file names and directories that contained confidential documents and those allegations have proven to be correct.

    o   To give just one example, with respect to Mr. Hardage, your reply brief states that the Complaint is insufficient because, "the only confidential information that Apple alleges Mr. Hardage improperly retained was 'nine directories named with specific confidential SoC project names' and a 'Home' directory" and Apple's forensic vendor only stated 'that 'it is likely' that Mr. Hardage transferred a 'folder containing Apple confidential files' from his Apple-issued computer to a USB drive.'" (Ind. Def. Reply Brief at 11-12.) But even as you make these statements you are well aware that the file directories Apple specifically identified in its Complaint did in fact contain numerous highly confidential source code and Verilog files which Mr. Hardage downloaded in the last two days before he left Apple, just as Apple alleged. It is also now apparent from your January 17 2023 letter that you have been aware that Mr. Hardage possessed these documents since at least June 2022 (see Jan. 17, 2023 letter at 7), but blocked discovery of that fact until last month. Apple gave you very specific information through its Complaint of confidential documents that were taken by Mr. Hardage in his last days of employment that you know is correct. You had no good faith basis for moving to dismiss the claims against Mr. Hardage on this ground.

    o   The same discussion above applies to your argument that Apple failed to identify the trade secret documents with sufficient specificity in both the Individual Defendants' and Rivos' motions to dismiss. (*See* Ind. Def. Reply Brief at 2-3; Rivos Reply Brief at 11-13.)

- You contend, in both motions to dismiss that, at most Apple has shown that there was no misappropriation because the retention of documents was "inadvertent" and refer in particular to Mr. Pinot. (Ind. Def. Reply Brief at 1, 5-6; Rivos Reply Brief at 3-4.) But Mr. Pinot just testified in deposition on February 15 that he deliberately retained documents that he knew were Apple confidential and that he knew he

1

was not allowed to keep them.  (*See, e.g.,* Pinot Rough Tr. at 101, 111-12, 134, 136-37, 172-73, 221, 237) One of these documents is a highly confidential power grid specification that sets forth the specification and proposals for specifications for multiple Apple SoCs.  (*See id.* at 101, 112, 129-130 136, 137).

- You moved to dismiss in part because you claim Apple "acknowledges that Mr. Wen has turned over the Apple information in his possession." (Ind. Def. Reply Br. at 14) But you know that, as you revealed only in the last several weeks, Mr. Wen actually retained Apple confidential information on multiple devices that were not turned over despite the Court order requiring him to do so eight months ago (Dkts. 55, 64).  Mr. Wen has remained in possession of that data throughout the pendency of this lawsuit.

- You contend there is no basis for a trade secret claim against Rivos because there supposedly aren't sufficient allegations "accusing Rivos employees of taking affirmative actions 'after communicating with Rivos or accepting their offers with Rivos.' (*See, e.g.,* Rivos Reply Brief at 2-3).  Yet when you wrote this you had to have been aware that Mr. Pinot admitted in his deposition just two days before that he accessed multiple confidential Apple files while he was employed by Rivos, including the power grid specification described above, which he knew he should not have retained.  (*See, e.g.,* Pinot Rough at 101, 111-12, 172-73, 221-24, 237).  Mr. Pinot admitted to opening Apple confidential documents while at Rivos on multiple occasions and could not even say whether the number of documents he opened could have been more or less than 1,000.  (*See, e.g., id.* at 222-24.)

- You are aware that all of the evidence identified herein, and more, exists and yet you continue to move to dismiss the claims against the Individual Defendants and Rivos with prejudice.  (Ind. Def. Reply Brief at 1, 15); Rivos Reply Brief at 1, 13-14).  You are contending that your motion should be granted without leave to amend because certain allegations are supposedly insufficient even though you know there are documents that have already been produced that provide a factual basis for amending these allegations to provide what you contend is missing.  Yet you never inform the Court of that fact.

    - At the same time that you ask the Court to terminate the case without leave to amend, you have refused to produce Mr. Wen for his deposition prior to the hearing, contending that "Apple has no legitimate basis for insisting on deposing Mr. Wen prior to the hearing on Defendants' motions[.]"  (Feb. 17, 2023 email).  We have told you several times that Apple wanted to take Mr. Wen's deposition prior to the hearing because it believes the deposition will provide evidence that further establishes that the motion should not be granted without leave to amend.  We agreed multiple times to push back Mr. Wen's deposition at your request, to give you the chance to image and produce documents that were supposed to have been turned over to FTI eight months ago on the understanding that he was going to be produced prior to the hearing.  Now you are trying to suppress the deposition by seeking to terminate the case before the deposition can even take place.

You have made many other statements and arguments in your briefs that, based on Defendants' own recently produced discovery, have now been shown to be baseless or where you are aware the allegation could simply be amended to provide information that you claim is lacking.  It is a waste of the Court's time and the parties' time to proceed any further with these motions.  To avoid burdening the Court and Apple any further, Defendants must withdraw the motions.  *See* Defendants' Aug. 4, 2022 letter at 1 (*citing Cooter & Gell v. Hartmax Corp*., 496 U.S. 384, 393 (1990) (noting filings must be "well grounded in fact, legally tenable, and not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation."). We ask that you let us know as soon as possible whether you will agree to do so, and by no later than close of business on Wednesday, February 22.

Regards,

Ken

# EXHIBIT 2

# DOCUMENT REDACTED IN ITS ENTIRETY