QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG, <br><br> Defendants. | Case No. 5:22-CV-2637-EJD <br><br> **DEFENDANTS' OPPOSITION TO APPLE'S MOTION FOR LEAVE TO FILE SUR-REPLY** <br><br> Courtroom: 4 <br> Judge:      The Hon. Edward J. Davila |

Apple's proposed sur-reply is a *non sequitur*. Apple asks the Court's leave to submit more briefing arguing that discovery taken in the case proves the validity of contentions that are not alleged in Apple's Second Amended Complaint (the "Complaint" or "SAC," Dkt. 93). But on Defendants' motions to dismiss, Apple's Complaint must stand or fall on the sufficiency of the allegations within the Complaint's four corners. The Court should deny Apple's motion for leave to file a sur-reply for that reason alone. But even if the Court were to treat Apple's sur-reply as a proposal to *amend* the Complaint for a third time, Apple's proposed filing still mischaracterizes the discovery it seeks to introduce. And even setting *that* aside—in other words, even assuming Apple's characterization of the evidence it cites were both accurate and somehow incorporated by reference in its Complaint (neither of which is true)—it would *still* not save Apple's Complaint from dismissal with prejudice.

## I. Apple Cannot Defend Its Complaint by Attempting to Substantiate Allegations It Did Not Plead

Apple contends, without citing any law in support, that "[t]here is good cause for permitting" its sur-reply because it "is limited to new facts that were not available when Apple filed its opposition briefs." Dkt. 147 at 1. But the only relevant facts on any motion to dismiss are the well-pleaded factual allegations in the operative complaint. Indeed, the Court ***cannot consider*** material that is not in the SAC, and is submitted instead in Apple's opposition papers, in ruling on a motion to dismiss. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court ***may not*** look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *Monzon v. Southern Wine & Spirits of California*, 2011 WL 2884884, at *4 (N.D. Cal. July 19, 2011) (refusing to consider new facts alleged in plaintiff's opposition to the motion to dismiss); *In re Accuray, Inc. Shareholder Deriv. Litig.*, 757 F. Supp. 2d 919, 926 (N.D. Cal. 2010) (rejecting plaintiffs' "attempt to remedy their complaint by attaching declarations to their opposition" to defendants' motion to dismiss and noting that "the Court reviews the adequacy of Plaintiffs' claims asserted in the complaint, not the claims they assert in their brief."); *Dawkins v. Butler*, 2011 WL 902133, at *4 (S.D. Cal. Jan. 28, 2011) (court is precluded

from considering "'new' allegations that may be raised in a plaintiff's opposition to a motion to dismiss") (quoting *Schneider*, 151 F.2d at 1197 n.1); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1217 (S.D. Cal. 2001) (same). If the Court cannot consider factual allegations submitted with the plaintiff's opposition brief, it even more clearly cannot consider allegations submitted with a proposed sur-reply brief that is not contemplated by the Court's local rules or standing order. Apple entirely ignores this unbroken line of authority and cites no case (and Defendants know of none) in which a court allowed a sur-reply in opposition to a motion to dismiss whose primary aim is to introduce new evidence related to un-pled allegations.

And indeed, Apple's proposed sur-reply (Dkt. 147-2) relies almost exclusively on allegations outside the SAC to oppose Defendants' Motions to Dismiss.[1] Specifically, Apple's sur-reply attaches and focuses on (i) the deposition transcript of Individual Defendant Laurent Pinot, and (ii) an attorney declaration filled with self-serving argument and editorializing about the status of various discovery disputes between the parties, and about what various documents (not attached to the declaration) purportedly show.[2] Dkt. 147-2 and 147-3. Apple cannot remedy the defects in its Complaint by submitting extraneous material in its proposed sur-reply. *See United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (district court erred by considering a declaration submitted on a motion to dismiss); *see also DeMarco*, 149 F. Supp. 2d at 1220-22 (on motion to dismiss, refusing to consider expert affidavit offered by plaintiff). Apple does not even try to argue that the allegations in its sur-reply are pled in the SAC, that any of the external purported evidence Apple cites is somehow incorporated by reference in the SAC, or that there is some reason why the normal rules of pleading should not apply here. Apple's proposed sur-reply is irrelevant and would

---

[1] Apple's oppositions to Defendants' motions to dismiss (Dkts. 139 and 140) also relied extensively on material outside the SAC, including the transcript from the deposition of Rivos' CEO Puneet Kumar (Dkt. 140-3), and the transcript from a motion to compel hearing (Dkt. 140-2). None of this may properly be considered on a motion to dismiss.

[2] The conclusory allegations in a declaration from Apple's counsel that certain documents contain Apple trade secrets and/or confidential information lack foundation and are insufficient to establish that the documents contain protected information. *See Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *11 (N.D. Cal. May 1, 2012) ("bare, conclusory statements are insufficient to sustain Plaintiff's prima facie case"); *Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 965 (C.D. Cal. 2011) (in a trade secrets case, the "self-serving testimony" of plaintiff's own employee was insufficient to establish whether a design concept was well-known or had been attempted before).

not be helpful, and the Court should deny Apple's motion for leave to file the sur-reply on that basis alone.

## II. Apple Mischaracterizes the Evidence It Cites

Not only are the "facts" Apple's proposed sur-reply alleges outside the SAC and therefore irrelevant on this motion, but Apple also mischaracterizes the evidence it cites. Most notably, Apple's proposed sur-reply claims that Mr. Pinot admitted at his deposition that he intentionally took an Apple confidential document with him to Rivos because he wanted to use confidential information from the document to create technical specifications for Rivos. Dkt. 147-2 at 6. But Mr. Pinot admitted no such thing. Mr. Pinot testified that he could not recall ever opening the document after leaving Apple, and further explained that he was not aware of Rivos running any simulations similar to the one represented in the document. Dkt. 147-4, Ex. B. at 175:12-25. In fact, in the cited testimony (and in surrounding context), Mr. Pinot testified that he wanted to reference the document's *formatting*—"the formatting of the document in general, paragraphs, table of contents"—not any of its substance (and certainly not any of its allegedly confidential substance). Dkt. 147-4, Ex. B at 118:11-13; 136:24-137:4. Mr. Pinot further testified that "he did not understand that the formatting itself was proprietary" and that he "didn't think that the formatting and layout of this document was confidential but just the information on the pages." *Id.* at 140:13-25. Unsurprisingly, Apple has never contended in any of its three complaints, in any of its three Trade Secret Identifications, or even in this proposed sur-reply that such formatting minutiae, generated by the inherent functions of Microsoft Word, are Apple trade secrets. Nor could it. Apple's new allegations about Mr. Pinot's testimony thus would not save Apple's claims even against Mr. Pinot, and certainly not any of Apple's claims against any other Individual Defendant or against Rivos.

Apple's counsel, Mr. Kuwayti, also claims in his declaration that metadata for certain files produced by Defendants "appear[ ] to show that these files were discovered on Mr. Wen's partition on his Rivos-issued computer and/or Rivos's internal file system[.]"[3] Dkt. 147-3 ¶ 10. But Apple's

---

[3] All of the files identified in the Wilson Declaration (Dkt. 142-1) were stored on Ricky Wen's laptop, not Rivos' internal system. Contrary to what Apple's counsel says he "understands" (Dkt. 147-3 ¶ 10), the "Rivos" custodian tag does not indicate that the documents are possessed or owned

self-serving attorney declaration, in addition to not being evidence (*supra* n.2), neglects to mention that the same metadata produced with these files shows that they were "last accessed" *years* before Apple filed this lawsuit.  For example, the presentation produced at RIVOS_0100459, which Apple claims "includes data regarding SoC performance," has not been accessed since October 11, 2019.  The Verilog file produced at RIVOS_0110163 was last accessed over a decade ago, on October 23, 2012.  The most recently-accessed file, RIVOS_0110728, was last accessed on August 22, 2020, a year before Mr. Wen accepted a position at Rivos.  These cherry-picked documents do not change the fact that Apple has not shown anything more than *retention* of documents by Mr. Wen, and has still failed to establish use or disclosure by either Rivos or Mr. Wen (or, of course, any other Individual Defendant).  *See* Motion, Dkt. 100 at 10-11 (addressing "retention" issue); Reply, Dkt. 142 at 2-4 (same).

### III.   Apple's Complaint Would Fail Even with the New Allegations

Even if the new material in Apple's sur-reply was properly before the Court and accurately described (it is neither), it still would not save Apple's Complaint, let alone support Apple's hyperbole that Defendants have "no good faith basis" to seek dismissal with prejudice. Apple claims that the new discovery attached to its sur-reply "confirms that every one of the Individual Defendants took or retained Apple confidential and trade secret information[.]" Dkt. 147 at 1.  But Apple still conspicuously fails to address the Individual Defendants' argument that lawfully acquiring—then inadvertently retaining—trade secrets is not sufficient to state a claim for misappropriation under the DTSA.  *See, e.g.*, Dkt. 142 at 2 ("Apple's DTSA claim is premised on allegations that the Individual Defendants *retained* Apple files . . . Such allegations fail as a matter of law"); *see also id.* at 4-5.  The new evidence Apple improperly relies on still does not support an allegation that any Individual Defendant improperly *acquired* any Apple trade secrets, or improperly *disclosed* or *used* them.  Apple thus still fails to plead—and *cannot* plead—an essential element of its trade secret claim.  Dkt. 100 at 8-20; Dkt. 142 at 2-4.  And Apple's proposed sur-reply, like its

---

by Rivos, and certainly Mr. Kuwayti does not possess or establish any foundation to say otherwise. Defendants' counsel could easily have explained that these files were collected from Mr. Wen's laptop, had Apple asked instead of running to the Court with its unfounded and incorrect assumption.

Complaint and opposition briefs, improperly imputes actions taken by the Individual Defendants to Rivos, but fails to allege that Rivos was aware of—or ratified—any alleged wrongful acts. *See* Dkt. 143 at 2-11. The new material in Apple's proposed sur-reply does not solve this problem either.

Similarly, Apple's improper attempt to use its mischaracterization of facts learned through discovery to rescue its breach of contract claims against the Individual Defendants fails to address, much less resolve, fundamental legal defects with those claims. As the Individual Defendants explained, Apple's contract claims improperly conflate the Individual Defendants' Intellectual Property Agreements with other, unasserted Apple agreements or policies. *See* Dkt. 100 at 22; Dkt. 142 at 2-5. Apple's new sur-reply allegations do not change that fact, and another amendment cannot fix that problem. The Individual Defendants have also explained that Apple's breach of contract claim fails for alleging harm only in the most conclusory terms—"Apple continues to suffer monetary and non-monetary injury and harm"—despite caselaw from this District holding such allegations insufficient as a matter of law in the specific context of alleged breach of employee contract confidentiality provisions. Dkt. 142 at 11 (citing SAC ¶ 143). Apple's new, unpled allegations do not address that deficiency either.

If Apple thought its SAC were sufficient, it would point to allegations in the SAC that state a valid claim, rather than throwing yet more material against the wall in an eleventh-hour effort to plug gaping legal holes in the SAC. Apple's sur-reply is too little, too late. If anything, it only establishes that the deficiencies in Apple's operative complaint—already its *third* try—cannot be resolved through further amendment.

Defendants thus respectfully request that the Court deny Apple's motion for leave to file a sur-reply. But even if the Court considers the sur-reply, it should still grant Defendants' motions and dismiss Apple's claims with prejudice.

| | | |
|---|---|---|
| 1 | DATED: February 28, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 5 | | By  */s/ David Eiseman* |
| 6 | | DAVID EISEMAN |
| 7 | | VICTORIA B. PARKER |
| 8-10 | | Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang |