```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION


 4
       APPLE, INC.,                    )   CV-22-2637
 5                                     )
                    PLAINTIFF,         )   SAN JOSE, CALIFORNIA
 6                                     )
                VS.                    )   MARCH 8, 2023
 7                                     )
       RIVOS, INC., ET AL,            )   PAGES 1-24
 8                                     )
                    DEFENDANT.         )
 9                                     )
       _____ )
10
             ELECTRONIC TRANSCRIPT OF PROCEEDINGS
11                 FROM AUDIO RECORDING
          BEFORE THE HONORABLE NATHANAEL M. COUSINS
12             UNITED STATES MAGISTRATE JUDGE

13                   A P P E A R A N C E S

14


15
       FOR THE PLAINTIFF:     BY:  BRYAN JOSEPH WILSON
16                                 KENNETH ALEXANDER KUWAYTI
                              MORRISON & FOERSTER LLP
17                            755 PAGE MILL ROAD
                              PALO ALTO, CA 94304
18

19     FOR THE DEFENDANT:     BY:  ELLE XUEMENG WANG
                                   DAVID EISEMAN
20                            QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP
21                            50 CALIFORNIA STREET, 22ND FLOOR
                              SAN FRANCISCO, CA 94111
22
            APPEARANCES CONTINUED ON THE NEXT PAGE
23
       OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
24                                 CERTIFICATE NUMBER 13185

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

1   <u>APPEARANCES CONTINUED:</u>

2  FOR THE PLAINTIFF:  **BY:  DIEK O. VAN NORT**

               **MEREDITH LAUREN ANGUEIRA**

3              MORRISON FOERSTER LLP

              425 MARKET STREET

4              SAN FRANCISCO, CA 94105

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              SAN JOSE, CALIFORNIA              MARCH 8, 2023

 2                  (THE FOLLOWING PROCEEDING WAS HELD:)

 3

 4              THE COURT:  ALL RIGHT.  LET'S CALL THE APPLE VERSUS

 5      RIVOS CASE.

 6              THE CLERK:  CALLING CASE 22-CV-2637.  APPLE, INC.

 7      VERSUS RIVOS INC., ET AL.

 8          ONCE DON'T YOU GET UP HERE, COUNSEL, PLEASE IDENTIFY

 9      YOURSELVES FOR THE RECORD, BEGINNING WITH PLAINTIFF.

10              MR. WILSON:  GOOD MORNING, YOUR HONOR.

11              THE COURT:  GOOD MORNING.

12          ALL RIGHT.  TAKE TWO.  GO AHEAD.

13              MR. WILSON:  BRYAN WILSON WITH MORRISON & FOERSTER

14      FOR APPLE.

15          WITH ME ARE MY PARTNER, KEN KUWAYTI, AND MY COLLEAGUE,

16      MEREDITH ANGUEIRA.  AND ALSO WE HAVE WITH US DIEK VAN NORT, WHO

17      IS WITH APPLE.

18              THE COURT:  THANK YOU ALL FOR BEING HERE.

19          GOOD MORNING.

20              MS. WANG:  GOOD MORNING, YOUR HONOR.

21          ELLE WANG, QUINN EMANUEL, ON BEHALF OF THE DEFENDANTS.

22              THE COURT:  THANK YOU VERY MUCH.  WELCOME TO ALL OF

23      YOU.

24          ALL RIGHT.  I DON'T HAVE MY GLASSES ON, I DON'T SEE

25      BILL MURRAY IN THE COURTROOM TO MAKE A GROUNDHOG DAY REFERENCE,
```

```
 1        BUT THE DISCOVERY ISSUES WE'VE TALKED ABOUT BEFORE HERE, SO

 2        IT'S A BIT OF A REHASH.  AND I ALSO DID READ THE TRANSCRIPT

 3        BEFORE JUDGE DAVILA ON THE MOTION TO DISMISS, YOUR MOST RECENT

 4        HEARING THERE, TO SEE IF YOU RESOLVED THESE ISSUES OR SAID

 5        SOMETHING THAT WOULD HELP, IF HE HAD RESOLVED THE ISSUES, OF

 6        COURSE THERE ARE CHALLENGES, BECAUSE THERE'S CONNECTEDNESS

 7        BETWEEN THE MOTION TO DISMISS AND FUTURE MOTIONS TO DISMISS ON

 8        THE MERITS, WHICH HE'S HANDLING, AND THE DISCOVERY ISSUES WHICH

 9        WERE REFERRED TO ME.

10            SO I NEED TO HAVE AN APPRECIATION FOR WHAT HE MIGHT HAVE

11        ORDERED, MIGHT ORDER; BUT ALL SAID, WE ARE HERE TO RESOLVE THE

12        ISSUES BEFORE ME, WHICH IS THE DEPOSITION OF MR. WEN.

13            SO THAT'S MY LEAD-IN.  HOW CAN I HELP YOU?

14              MR. WILSON:  THANK YOU.  I VERY MUCH APPRECIATE THE

15        THOROUGH PREPARATION.  I THINK THAT WILL HELP THE COURT QUITE A

16        BIT.

17            THE GOOD NEWS IS, I WILL LEAP TO THE END, THEN I WANT TO

18        COME BACK AND DO A BIT -- I THINK WE MAY HAVE REACHED AGREEMENT

19        ON THE ISSUE BEFORE THE COURT RIGHT NOW.

20            I THINK WE HAVE AN AGREEMENT THAT MR. WEN WILL BE MADE

21        AVAILABLE A WEEK BEFORE FRIDAY, SO I THINK THAT WOULD BE

22        MARCH 17TH.

23              THE COURT:  ST. PATRICK'S DAY.

24              MR. WILSON:  IF MY NUMBERS ARE RIGHT, FOR A

25        DEPOSITION.
```

1          OUR FRUSTRATION IS WE HAD TO MAKE A MOTION TO GET THERE.

2    WE HAVE BEEN ASKING FOR THIS, THIS DEPOSITION, FOR WEEKS.

3          FIRST, THIS ALL STARTED OFF IN NOVEMBER.  THERE WERE TWO

4    COURT ORDERS -- THIS IS IN OUR PAPERS, BUT JUST BRIEFLY, THERE

5    WAS A COURT ORDER DIRECTING MR. WEN TO RETURN ALL HIS

6    INFORMATION TO APPLE IMMEDIATELY, RIGHT, IT WAS IMMEDIATELY.

7          TWO WEEKS AFTER THAT, WE REACHED AGREEMENT ON A PROTOCOL,

8    WHICH WAS ENTERED AS A COURT ORDER, AND THE PROTOCOL ENTERED AS

9    THE COURT ORDER SAID, I WILL TURN EVERYTHING OVER TO FTI.

10          SOME TIME WENT BY, NOTHING WAS HAPPENING, AT LEAST THAT WE

11    COULD DISCERN, SO WE MADE A MOTION TO COMPEL.  WE CAME BACK

12    HERE, WE SENT MR. KUWAYTI BACK OUT INTO THE HALLWAY, I THINK IT

13    WAS MR. EISEMAN, I WASN'T HERE FOR THAT PARTICULAR HEARING,

14    THEY REACHED AN AGREEMENT AND THE AGREEMENT WAS DOCUMENTS WOULD

15    BE PRODUCED BY JANUARY 17TH.

16          THAT CAME AND WENT, THERE'S A WHOLE OTHER SET OF ISSUES

17    THERE, BUT THE IMPORT FOR THIS PARTICULAR MOTION IS WE DID

18    FINALLY AGREE ON A DEPOSITION DATE, WHICH WOULD BE

19    FEBRUARY 7TH.

20          SHORTLY BEFORE THAT, WE WERE TOLD OH, NO, THERE ARE MORE

21    DOCUMENTS, WE NEED TO PUT IT OFF.  WE PUT IT OFF TO

22    FEBRUARY 15TH.  SHORTLY BEFORE THAT, WE WERE TOLD AGAIN, OH,

23    THERE ARE MORE DOCUMENTS, WE NEED TO PUT IT OFF AGAIN.  WE

24    AGREED TO FEBRUARY 28TH, NOT BECAUSE WE WANTED TO, BUT BECAUSE

25    WE FELT LIKE WE WERE RUSHING IN HERE TO MAKE A MOTION AT THAT

1    POINT, WHICH IS NOT SOMETHING THE COURT WOULD ENJOY OR SIMPLY

2    SOMETHING THAT WOULD NOT BE PRODUCTIVE FOR US.

3         AND THEN, OF COURSE, THEY ULTIMATELY SAID OH, NO, THERE'S

4    STILL MORE DOCUMENTS, WE ARE NOT GOING TO MAKE THE

5    FEBRUARY 28TH.

6         SO WE DIDN'T WANT TO COME IN HERE AND MAKE THIS MOTION,

7    BUT WE FELT LIKE IF WE DIDN'T DO THIS, WE WOULD BE IN A ZENO'S

8    PARADOX WHERE WE WOULD NEVER GET TO THE DEPOSITION.  SO THAT'S

9    WHY WE MADE THE MOTION.

10        WE WENT ON, YOU'VE SEEN THE COURT, YOU'VE SEEN THE PARTY'S

11   POSITIONS, THEIR PAPERS SAID IT'S OUR PREROGATIVE TO TAKE THE

12   DEPOSITION.

13        THAT SHOULD BE THE BEGINNING AND THE END OF IT.  WE DON'T

14   KNOW WHY THEY DIDN'T JUST SAY OKAY, HERE'S WHEN IT WILL BE

15   AVAILABLE.  THEY WANT TO WAIT UNTIL AFTER ALL THE DOCUMENTS

16   WILL BE PRODUCED.  WE DON'T.  THAT'S A FIGHT WE WILL MAYBE HAVE

17   AT SOME LATER DATE, BUT IT'S NOT A FIGHT WE NEED TO HAVE RIGHT

18   NOW.

19        BUT NOW WE HAVE A DATE, WE ARE READY TO PROCEED.  OUR

20   CONCERN, OF COURSE, IS THAT THERE WERE COURT ORDERS LAST

21   NOVEMBER THAT APPEARED THAT IT HAD BEEN VIOLATED, AND MAYBE IT

22   WAS INTENTIONAL, MAYBE IT WAS INADVERTENT, WE DON'T KNOW, BUT

23   WE ARE ALLOWED TO GO GET IN THERE AND TAKE THE DEPOSITION TO

24   FIND OUT WHAT HAPPENED.

25        SO THAT'S WHY WE ARE HERE.  WE ARE SORRY IT TOOK A MOTION

1    TO GET THERE.  WE ARE GLAD WE HAVE A DATE NOW, AND SO WE ARE

2    READY TO PROCEED.  I JUST WANTED TO GIVE YOU THE BACKGROUND TO

3    GIVE THE COURT A LITTLE BIT OF THE CONTEXT OF WHAT WE ARE

4    DOING.

5            THE COURT:  I APPRECIATE THE BACKGROUND REMINDER, AND

6    IT COULD ALSO BE A FOUNDATION FOR FUTURE MOTIONS.

7            MR. WILSON:  WELL, ON THAT POINT, UNFORTUNATELY,

8    THERE ARE OTHER THINGS IN THE WORKS.  IT'S BEEN OUR

9    EXPERIENCE -- AND I'M -- WE'RE AWARE THAT THE COURT HEARS THIS

10   EVERY SINGLE DAY, PEOPLE COME IN HERE AND SAY, THE OTHER PARTY

11   WON'T DO ANYTHING --

12           THE COURT:  NO, NOT AT ALL.  SOME DAYS I COME IN AND

13   I HEAR, WE'VE RESOLVED EVERYTHING, WE APPRECIATE THE COURT.

14   BUT SOME DAYS I DO HAVE DISPUTES.

15           MR. WILSON:  BUT IN EVENT, OUR FEELING IS WE DON'T

16   GET THINGS UNLESS WE THREATEN TO MAKE A MOTION OR ACTUALLY MAKE

17   A MOTION.

18       WE GET INTO THIS DANCE WHERE WE SEND OVER A MOTION, WE

19   DON'T GET IT BACK, AND THEN EVENTUALLY WE HAVE TO MAKE THESE

20   MOTIONS.

21       WE WOULD LIKE TO GET OUT OF THAT.  WE WOULD LIKE THINGS TO

22   JUST BE DONE COOPERATIVELY AND VOLUNTARILY, ACCORDING TO THE

23   RULES, BECAUSE WE'RE COMING UP ON THE FACT DISCOVERY CUTOFF.

24   IT'S JUNE, AND WE ARE HERE IN MARCH, IT'S GOING TO BE HERE

25   BEFORE WE KNOW IT, AND WE WANT TO GET THINGS MOVING.

```
 1              THE COURT:  WELL, WELCOME TO BRAINSTORMING.

 2          PROCEDURALLY, HOW CAN I HELP YOU WITH THAT?  WITH THE

 3     FRUSTRATION OF HAVING TO MAKE THREATS AND SEND LETTERS, MEET

 4     AND CONFER, AND GET A COURT ORDER BEFORE ANYTHING OCCURS.

 5          AND THAT IS -- THIS IS NOT THE ONLY CASE WHERE I FEEL THAT

 6     CONCERN BEING RAISED.  THERE'S DIFFERENT MODELS, DIFFERENT WAYS

 7     OF DOING BUSINESS.  SO WHAT ARE YOUR SUGGESTIONS ON HOW TO DO

 8     IT DIFFERENTLY?

 9              MR. WILSON:  WELL, SINCE YOU'VE INVITED ME, I DO HAVE

10     A SUGGESTION.

11          ONE OF THE THINGS THAT WE'VE SEEN WORK IN OTHER COURTS, IS

12     SIMILAR TO YOUR LETTER PROCESS, WHICH WE LIKE, IT'S EFFICIENT,

13     IT'S QUICK, AND IT'S A GOOD WAY TO RESOLVE THINGS.  HAVING A

14     TIME WHEN THE OTHER PARTY HAS TO RESPOND AND WORK.

15          THERE ARE OTHER COURTS THAT REQUIRE, FOR EXAMPLE, IF ONE

16     PARTY SENDS THEIR PART OF THE JOINT STATEMENT, THE OTHER SIDE

17     HAS TO RESPOND WITHIN, SAY, THREE DAYS.  AND THERE'S NOTHING

18     LIKE A DEADLINE TO GET THINGS TO HAPPEN.

19          SO WE THINK THAT WOULD WORK OUT.  WE DON'T WANT TO -- WE

20     KNOW YOU HAVE THE PROCEDURE WHERE WE CAN SUBMIT A DISPUTE

21     UNILATERALLY, BUT NOBODY WANTS TO DO THAT, THAT'S SORT OF A

22     FAILURE IN THE SYSTEM.  HAVING A REQUIREMENT THAT IF ONE PARTY

23     SENDS A STATEMENT, THE OTHER PARTY HAS TO RESPOND WITHIN THREE

24     BUSINESS DAYS, WOULD HELP, WE THINK.

25              THE COURT:  ALL RIGHT.
```

1          MR. WILSON:  SO THAT'S ONE SUGGESTION.

2          THE COURT:  ALL RIGHT.  I APPRECIATE THE SUGGESTION.

3      HERE'S A FEW OTHER, JUST ALTERNATIVES, NOT TO REJECT THAT

4    PROPOSAL, BUT IT'S EVIDENCE-BASED, WOULD BE SOME INCREASED

5    REPORTING TO THE COURT, IN SOME TIME PERIOD, JUST ON STATUS, SO

6    THAT I KNOW WHAT'S GOING ON AND SO YOU ARE FORCED TO BE

7    COMMUNICATING WITH EACH OTHER, EVEN IF YOU DON'T HAVE A

8    DISPUTE, YOU ARE TALKING, IN SOME INTERVAL, EVEN COMING IN AND

9    SCHEDULING A MONTHLY VISIT HERE, SO WE HAVE A DEADLINE TO MAKE

10   SURE WE GET SOMETHING DONE BY THAT PERIOD OF TIME, OR A WEEK.

11      NOW THERE'S DOWNSIDES TO ALL OF THOSE, WHICH INCLUDES

12   COST, TIME, THAT CAN BE SOMETHING THAT CLIENTS AND COUNSEL ARE

13   NOT IN FAVOR OF.  DIFFERENT COMMUNICATION METHODS, I DON'T KNOW

14   HOW YOU HAVE BEEN DOING IT, WHETHER IT'S E-MAILS, IN PERSON,

15   ZOOM, WHAT YOU HAVE BEEN DOING, BUT SOMETIMES A DIFFERENT

16   METHODOLOGY GETS YOU FASTER RESULTS, AS FAR AS THE TIME IT

17   TAKES TO GET A DISCOVERY DISPUTE RESOLVED.

18      VERY GOOD.  AND ARE THERE ANY OTHER, SINCE WE'RE HERE, ANY

19   OTHER RIPE DISCOVERY DISPUTES THAT ARE READY FOR RESOLUTION

20   TODAY OR THAT YOU TELL ME BETWEEN NOW AND MARCH 17TH, THAT YOU

21   WANT TO GET RESOLVED?

22          MR. WILSON:  WE DO HAVE AN ISSUE WHICH WE THINK IS

23    RIPE.

24      IT'S -- THERE ARE INTERROGATORIES THAT WE HAVE SERVED ON

25    RIVOS, AND THE CONTINUING RESPONSE WE HAVE BEEN GETTING FROM

1    RIVOS IS THAT THEY WILL SUPPLEMENT VARIOUS RESPONSES AND MAKE

2    VARIOUS ADDITIONAL, I THINK IT'S DOCUMENT PRODUCTIONS,

3    MR. KUWAYTI IS MORE FAMILIAR WITH THE DETAILS OF THIS, IF YOU

4    WANT TO HEAR FROM HIM, BUT I BELIEVE THE PARAMETERS THERE ARE

5    THEY HAVE SAID THEY WILL PROVIDE THESE ADDITIONAL RESPONSES,

6    INFORMATION, BUT THEY WON'T TELL US WHAT THEY ARE GOING TO

7    PROVIDE AND THEY WON'T TELL US WHEN.  ALTHOUGH I THINK WE MAY

8    HAVE FINALLY REACHED A DATE YESTERDAY.

9         SO THAT WAS A MOTION WE WERE READY TO FILE, AGAIN, NOT ONE

10   OF THESE ONES WE WANTED TO, BUT WE FELT LIKE THERE WAS NO OTHER

11   WAY TO GET RESPONSES.  SO THAT'S A MOTION TO COMPEL RIVOS TO

12   PROVIDE FURTHER DISCOVERY.

13             THE COURT:  IS THAT SOMETHING -- IS THERE A NEXUS TO

14   THE WEN DEPOSITION?  DO YOU NEED THOSE RESPONSES BEFORE THE

15   DEPOSITION?

16             MR. WILSON:  IT WOULD HELP.  IT WOULD CERTAINLY BE

17   INFORMATIVE.  SINCE WE DON'T KNOW WHAT THE RESPONSES WOULD BE

18   AND WHAT THE INFORMATION IS, I CAN'T SAY FOR SURE.

19             THE COURT:  OKAY.  THANK YOU FOR YOUR SUGGESTIONS.

20        I'M GOING TO GIVE RIVOS A CHANCE TO ADDRESS THE ISSUES,

21   BUT ALSO THEIR BRAINSTORMING ON ANY CHANGES GOING FORWARD.

22             MR. WILSON:  THANK YOU.

23        I WOULD SAY AS WELL, THE PERIODIC REPORTING TO THE COURT,

24   STATUS REPORTS AND SO ON, WE WOULD BE ALL FOR THAT, ALL IN

25   FAVOR OF THAT, THAT SOUNDS LIKE A GREAT IDEA IF IT'S NOT TOO

1    MUCH OF AN IMPOSITION ON THE COURT.

2              THE COURT:  VERY GOOD.  THANK YOU VERY MUCH.

3              MS. WANG:  GOOD MORNING, YOUR HONOR.

4         WE ARE HERE FOR DOCKET 144, WHICH IS APPLE'S MOTION FOR

5    COMPELLING MR. WEN'S DEPOSITION.  AND SO I WOULD LIKE TO

6    ADDRESS THAT FIRST, THEN DELVING INTO ALL THE OTHER ISSUES THAT

7    MR. WILSON TALKED ABOUT EARLIER.

8              THE COURT:  THANK YOU.

9              MS. WANG:  SO OUR POSITION IS THAT MR. WEN'S

10   DEPOSITION, THIS IS NOT A REAL DISPUTE, AND IN THE EVENT IT'S

11   MOOT RIGHT NOW, BECAUSE THE EVENT GIVING RISE TO APPLE'S

12   URGENCY, WHICH IS THE MOTION TO DISMISS, HAS NOW PASSED.  SO

13   THIS ISSUE SHOULD BE MOOT RIGHT NOW, AND WE OFFERED A DATE FOR

14   NEXT FRIDAY.

15        BUT WE HAVE NEVER --

16             THE COURT:  LET ME ASK JUST THE DETAILS, IS IT IN

17   PERSON OR A ZOOM DEPOSITION?

18             MS. WANG:  IT WILL BE IN PERSON, THE MEETING ROOM IN

19   OUR OFFICE.

20             THE COURT:  VERY GOOD.

21        SO FROM YOUR PERSPECTIVE, ALL THE LOGISTICS OF THE

22   DEPOSITION ARE RESOLVED, YOU'VE GOT A TIME, DATE, PLACE FOR THE

23   DEPOSITION AND IT'S GOING TO TAKE PLACE?

24             MS. WANG:  WELL, WE HAVE TO -- I HAVE TO, YOU KNOW,

25   TALK TO OUR ADMIN TO MAKE SURE WE HAVE CONFERENCE ROOMS

```
1        AVAILABLE, BUT THAT'S REALLY LOGISTICS ISSUES, WE WILL TAKE

2        CARE OF THAT.

3             BUT WE JUST WANT TO MAKE CLEAR THAT WE HAVE NEVER REFUSED

4        TO MAKE MR. WEN AVAILABLE.  WE WANT TO AVOID THE SITUATION

5        WHERE WE HAVE TO PUT MR. WEN UNNECESSARILY THROUGH A SERIES OF

6        MULTIPLE DEPOSITIONS, WHICH, YOU KNOW, APPLE MADE CLEAR IS WHAT

7        THEY INTEND TO DO.

8             SO THEY NOTICED HIS DEPOSITION --

9             THE COURT:  BUT WHY THEN DIDN'T THE DEPOSITION TAKE

10       PLACE ON FEBRUARY 28TH?  THAT WAS THE LAST TIME.

11            MS. WANG:  RIGHT.

12            YOUR HONOR, SO I'M JUST GOING TO GO BACK A LITTLE BIT JUST

13       TO PREFACE THAT.

14            THEY FIRST NOTICED HIS DEPOSITION ON FEBRUARY 7TH, AND WE

15       AGREED WE WERE PREPARING HIM FOR THAT.  BUT IN CONNECTION WITH

16       HIS PREPARATION, WE DISCOVERED THERE WERE MORE DEVICES THAT MAY

17       CONTAIN APPLE DOCUMENTS, SO WE ALERTED APPLE IMMEDIATELY, AND

18       THEN WE IMMEDIATELY COLLECTED THOSE DEVICES, IMAGED THEM AND

19       CONDUCTED A SEARCH, AND OBVIOUSLY, ALSO SEGREGATED THOSE

20       DEVICES AND CUT OFF MR. WEN'S ACCESS TO THOSE DEVICES.

21            SO WE WERE DOING THAT, AND THEN WE WERE HOPING TO

22       PRODUCE -- WE ARE HOPING TO PRODUCE DOCUMENTS IN ADVANCE OF

23       THIS DEPOSITION.  BUT THE DOCUMENTS WERE MORE VOLUMINOUS THAN

24       WE FIRST THOUGHT, SO IT'S JUST TAKING US LONGER THAN EXPECTED.

25            AND WE HAVE KEPT APPLE APPRISED EVERY STEP OF THE WAY.
```

```
 1          WHEN WE REALIZED WE COULDN'T DO HIS DEPOSITION A WEEK

 2    AFTER FEBRUARY 7TH, WE TOLD THEM.  AND THEN WE REALIZED THERE

 3    IS YET MORE DOCUMENTS THAT NEED TO BE REVIEWED, SO WE TOLD

 4    APPLE AGAIN THAT, YOU KNOW, THIS PROCESS IS TAKING REALLY LONG,

 5    WE ARE NOT DELAYING OR STALLING, IT'S JUST THAT THERE IS SO

 6    MANY DOCUMENTS AND THESE DOCUMENTS HAVE A VARIETY OF TECHNICAL

 7    ISSUES THAT WE ARE TRYING TO RESOLVE ON OUR END.

 8          SO IT IS TAKING LONGER THAN WHEN WE EXPECTED, AND WE THINK

 9    THE LOGICAL PROCEDURE IS TO, YOU KNOW, WAIT UNTIL WE PRODUCE

10    ALL THE DOCUMENTS SO THAT APPLE CAN DEPOSE MR. WEN WITH A FULL

11    SET OF HIS CUSTODIAL DOCUMENTS, AND THEN THEY CAN HAVE THEIR

12    DAY WITH MR. WEN.

13          WE ARE NEVER -- WE HAVE NEVER REFUSED TO MAKE MR. WEN

14    AVAILABLE.  AND IN FACT, OUR TIMELINE IS CONSISTENT WITH FTI,

15    THE NEUTRAL THIRD PARTY THAT APPLE APPOINTED.

16          SO YESTERDAY, FTI INFORMED US THAT IT WILL TAKE THEM WEEKS

17    TO JUST COLLECT AND IMAGE ALL THESE DEVICES, WHICH IS EXACTLY

18    HOW LONG IT'S BEEN TAKING US.  AND WE NOT ONLY IMAGED AND

19    COLLECTED THESE DEVICES, WE ARE ALSO REVIEWING, TROUBLESHOOTING

20    TECHNICAL ISSUES, PRODUCING THEM ON A ROLLING BASIS.

21          AND JUST ON MONDAY, WE INFORMED THEM, THAT WE WILL BE, YOU

22    KNOW, WE EXPECT THAT WE WILL FINISH PRODUCING MR. WEN'S

23    CUSTODIAL DOCUMENTS WITHIN THE NEXT TWO TO THREE WEEKS, AND YOU

24    KNOW, WE ARE HAPPY TO MAKE MR. WEN AVAILABLE A WEEK AFTER WE

25    COMPLETE THIS PRODUCTION.
```

1     BUT THIS MORNING, WE UNDERSTAND FROM APPLE, IS THAT THEY

2   ARE STILL UNWILLING TO WAIT FOR TWO TO THREE WEEKS FOR MORE

3   DOCUMENTS TO COME.

4     AND SO WE MADE CLEAR THAT, YOU KNOW, IF YOU INSIST ON

5   TAKING MR. WEN'S DEPOSITION, YOU KNOW, RIGHT NOW, BEFORE HIS

6   DOCUMENT PRODUCTION IS COMPLETED, WE ARE FINE WITH THAT, WE

7   OFFER NEXT WEEK, WE OFFER NEXT FRIDAY, BUT THEN THAT'S APPLE'S

8   CHANCE WITH HIM.  APPLE DOES NOT GET TO CALL HIM BACK KNOWING

9   THERE ARE MORE DOCUMENTS COMING IN A FEW WEEKS.

10     SO, YOU KNOW, FROM --

11        THE COURT:  I'M INTERRUPTING.

12     I'M NOT UNDERSTANDING -- I'M NOT HEARING A DISPUTE WHETHER

13   THERE IS GOING TO BE ANOTHER DEPOSITION LATER, THE DEFENSE

14   RAISED IN THE BRIEF THAT, AND I'M RULING UPON, I WANT TO KNOW

15   WHY THE DEPOSITION DIDN'T OCCUR ON FEBRUARY 28TH AND WHY I

16   SHOULDN'T SANCTION YOUR SIDE.

17     SO YOU MAY CONTINUE, BUT I'M NOT INTERESTED IN HEARING

18   ABOUT THAT ISSUE.

19        MS. WANG:  SO YOUR HONOR, WE ARE JUST -- WE JUST

20   THINK IT'S A LOGICAL PROCESS TO, YOU KNOW, TO WAIT UNTIL WE

21   HAVE FINISHED PRODUCING HIS DOCUMENTS BEFORE MAKING HIM

22   AVAILABLE.

23     BUT, YOU KNOW, NOW WE HAVE OFFERED A DATE BEFORE DOCUMENT

24   PRODUCTION CAN BE -- BEFORE DOCUMENT PRODUCTION IS COMPLETED,

25   AND WE JUST DON'T THINK IT'S NECESSARY TO HAVE MR. WEN, YOU

1    KNOW, SIT THROUGH MULTIPLE DEPOSITIONS UNNECESSARILY.  BUT THAT

2    IS OUR POSITION, AND APPLE HAS AGREED THAT, YOU KNOW, IF THEY

3    TAKE HIS DEPOSITION RIGHT NOW, THEN THAT'S THEIR CHANCE WITH

4    HIM.

5         SO THAT'S OUR POSITION ON THE MOTION TO COMPEL MR. WEN'S

6    DEPOSITION.

7              THE COURT:  ALL RIGHT.  THANK YOU.

8         IF I MIGHT ASK ABOUT A FEW OF THE OTHER PROCEDURAL ISSUES

9    RAISED BY MR. WILSON.

10        YOU MENTIONED INTERROGATORY RESPONSES, WITH A DESIRE FOR A

11   DEADLINE FOR WHEN THOSE ARE COMING.  I DON'T KNOW THE NUMBER OF

12   THE INTERROGATORIES THAT YOU ARE REFERENCING, MAYBE YOU CAN

13   FILL ME IN ON THAT, BUT YOU KNOW WHAT I'M TALKING ABOUT ON THAT

14   ISSUE?

15             MS. WANG:  YES.  YES, YOUR HONOR.  I CAN TALK MORE

16    ABOUT THOSE INTERROGATORIES.

17             THE COURT:  YEAH.  WHEN WILL THEY BE SERVED?

18             MS. WANG:  SO WE AGREED TO SUPPLEMENT THEM, AND THEN

19   WE ARE TRYING TO WORK OUT A NEUTRAL SUPPLEMENTATION DEADLINE

20   WITH APPLE, BECAUSE APPLE ALSO HAS SUPPLEMENTAL RESPONSES THAT

21   THEY OWE US.  WE ARE TRYING TO WORK OUT A DEADLINE.  WE ARE

22   TALKING ABOUT MARCH 17TH TO BE A MUTUAL DEADLINE.  WE PROVIDE

23   OUR SUPPLEMENTAL RESPONSES AND THEN THEY PROVIDE THEIRS.

24             THE COURT:  THAT WOULD BE THE SAME DAY AS THE WEN

25   DEPOSITION.  HOW ABOUT DOING IT MARCH 15TH?

1          MS. WANG:  WE CAN -- YES, YOU KNOW, IF APPLE -- YEAH.

2     SO LONG AS IT'S A MUTUAL DEADLINE, WE CAN ADHERE TO THAT.

3          THE COURT:  ALL RIGHT.  I WILL COME BACK TO GET THEIR

4     VIEW ON THAT IN A MOMENT.

5          AS TO THE CONCERN RAISED BY MR. WILSON ABOUT THE TIME,

6     EXPENSE, BURDEN OF THE DISCOVERY PROCESS OVERALL, ON THE

7     SUGGESTION OF HAVING A THREE-DAY RESPONSE FOR A MEET AND

8     CONFER, ANY OBJECTION TO THAT?  OR A DIFFERENT -- OTHER

9     DIFFERENT IDEAS?

10          MS. WANG:  YOUR HONOR, SO HERE'S THE -- WE HAVE BEEN

11     VERY COOPERATIVE WITH DISCOVERY.  I REALLY APPRECIATE THAT

12     MR. WILSON BROUGHT UP THE FACT THAT FACT DISCOVERY IS CLOSING

13     ON JUNE 30TH.  AND, YOU KNOW, I ALSO APPRECIATE MR. WILSON

14     MENTIONING THAT HAVING THAT DATE CERTAIN, BECAUSE THIS IS WHAT

15     APPLE HAS PRODUCED SO FAR IN THIS CASE.  AND WE PRINTED THIS

16     OUT SINGLE-SIDED.  373 PAGES OF DOCUMENTS.  THAT'S ALL THAT

17     APPLE HAS PRODUCED.

18          WE HAVE BEEN ASKING APPLE FOR A DATE CERTAIN TO MAKE

19     MEANINGFUL, SUBSTANTIAL PRODUCTION.  WE HAVEN'T RECEIVED THAT.

20     ALL WE HEARD IS THEY ARE GOING TO MAKE THEIR PRODUCTION ON A

21     ROLLING BASIS.  BUT TEN MONTHS INTO THIS LAWSUIT, WE RECEIVED

22     TWO PRODUCTIONS, THIS MUCH.  AND ON THE OTHER HAND, RIVOS AND

23     DEFENDANTS, WE HAVE PRODUCED OVER 735,000 PAGES OF DOCUMENTS.

24          SO WE ARE NOT STALLING, WE ARE NOT DELAYING, AND WE ARE

25     BEING AS COOPERATIVE AS WE CAN.

1        WITH RESPECT TO THE MOTION TO COMPEL ROG RESPONSES THAT

2   MR. WILSON BROUGHT UP EARLIER, THEY SENT US THEIR HALF OF THE

3   LETTER BRIEF ON THE EVENING OF MARCH 1ST, WHICH IS A THURSDAY,

4   AND WE RESPONDED WITH OUR -- WE RESPONDED WITH OUR PORTION ON

5   MONDAY AFTERNOON.

6        AND THEY WAITED -- THEY WAITED NEARLY 24 HOURS, UNTIL

7   ALMOST THE CLOSE OF BUSINESS YESTERDAY, TO GIVE US THEIR

8   FURTHER POSITION.  AND GIVEN THEIR FURTHER POSITION, OUR

9   UNDERSTANDING IS THEY ARE WILLING TO MEET AND CONFER MORE, AND

10  THEIR DISPUTES RAISED IN THAT LETTER BRIEF, THOSE ARE ALREADY

11  RESOLVED.

12       SO WE DON'T THINK, YOU KNOW, WE NEED TO WASTE THE COURT'S

13  TIME TO DISCUSS ISSUES THAT ARE CLEARLY NOT AT AN IMPASSE.

14  BUT, YOU KNOW, THEY ASKED FOR OUR RESPONSE WITHIN -- THEY ASKED

15  FOR A RESPONSE, WE GIVE THEM OUR RESPONSE WITHIN TWO BUSINESS

16  DAYS, SO WE REALLY DON'T UNDERSTAND, WE REALLY DON'T UNDERSTAND

17  WHERE THAT COMPLAINT IS COMING FROM, BECAUSE WE HAVE BEEN VERY

18  COOPERATIVE SINCE THE VERY BEGINNING OF THE DISCOVERY.

19       AND YOU KNOW, IF APPLE WANTS TO HAVE A STATUS REPORT, WE

20  ARE HAPPY TO DO THAT, BUT WE REALLY WOULD LIKE TO KNOW WHEN WE

21  CAN GET MORE DOCUMENTS, MEANINGFUL PRODUCTION OF DOCUMENTS FROM

22  APPLE.

23           THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

24           MS. WANG:  THANK YOU, YOUR HONOR.

25           THE COURT:  ALL RIGHT.

1       IF I MIGHT, JUST BEFORE I FORGET, THE INTERROGATORY

2   SUPPLEMENTATION DEADLINE IS MARCH 15TH.  DOES THAT WORK?

3       ALL RIGHT.  THANK YOU.

4       ALL RIGHT.  MR. WILSON, ANYTHING FURTHER YOU WOULD LIKE?

5           MR. WILSON:  YES, THREE QUICK THINGS.

6       I'M MINDFUL OF THE COURT'S TIME, BUT I THINK MS. WANG, I

7   THINK JUST MISSPOKE ABOUT THE ISSUES THAT APPLE AGREED TO ONLY

8   TAKE ONE DEPOSITION.  I THINK THAT WAS MISTAKEN.  OBVIOUSLY WE

9   DON'T AGREE TO THAT, THAT IS NOT THE CASE, BUT I WANTED TO MAKE

10  SURE THAT DOESN'T WIND UP IN THE RECORD SOMEHOW.

11      DOCUMENT PRODUCTION, WE ARE PRODUCING DOCUMENTS, BUT LET'S

12  BEAR IN MIND WHAT'S GOING ON HERE, THE DOCUMENTS WE RECEIVED OR

13  DOCUMENTS THAT ARE BEING RETURNED TO US BY THE DEFENDANTS WHO

14  TOOK THEM WHO SHOULDN'T HAVE HAD THEM.  SO THERE'S NOT AN

15  EQUIVALENCE THERE IN THE DOCUMENT PRODUCTION.

16      I DON'T THINK RIVOS HAS PRODUCED DOCUMENTS.  THESE ARE

17  FROM INDIVIDUAL DEFENDANTS.  WE HAD ANOTHER SET OF FIGHTS,

18  WHICH UNFORTUNATELY MAY WIND UP BEFORE YOU AGAIN, ALTHOUGH

19  HOPEFULLY EVERYBODY WILL TAKE YOUR GUIDANCE TODAY TO HEART AND

20  WE WILL AVOID THAT, BUT RIVOS HAS NOT BEEN PRODUCING DOCUMENTS.

21  WE HAVE BEEN TRYING TO GET INFORMATION FROM RIVOS AND THEY HAVE

22  BEEN FIGHTING US EVERY STEP OF THE WAY.

23      AND THEN LASTLY ON THE TIMING OF THE STATEMENTS, THIS MAY

24  BE TOO MUCH IN THE WEEDS, BUT WE DIFFER ON THAT.  WE THINK WE

25  SUBMITTED OUR PART IN THE STATEMENT ON THE DISCOVERY DISPUTE

1    BACK ON FEBRUARY 16TH, AND IF THAT'S IMPORTANT FOR THE COURT,

2    WE CAN FIND IT, BUT I JUST WANTED TO CORRECT THAT ONE ISSUE.

3            THE COURT:  ALL RIGHT.  THANKS VERY MUCH.

4            MR. WILSON:  THANK YOU.

5            THE COURT:  ALL RIGHT.  THANK YOU FOR YOUR

6    PRESENTATIONS.

7            SO THIS IS KIND OF MULTIPLE ISSUES HERE, BUT I WILL

8    SUMMARIZE WHAT THEY ARE.

9            AS TO THE WEN DEPOSITION, THE PARTIES RESOLVED THE

10   SHORT-TERM ISSUE BY AGREEING THAT THE DEPOSITION WILL PROCEED

11   ON MARCH 17TH AS NOTICED AND AGREED UPON, AND SO THAT RESOLVES

12   THAT ISSUE.

13           DEEPER CONCERNS RAISED BY APPLE ABOUT THE DISCOVERY

14   PROCESS, AND SORT OF WHAT'S TO COME, THAT I WANTED TO ADDRESS

15   SECOND, I SET MARCH 17TH FOR THE DEADLINE FOR THE MUTUAL, BOTH

16   DIRECTIONS, SUPPLEMENTATION OF INTERROGATORIES REFERENCED BY

17   THE PARTIES.

18           AND THAT'S NOT A CONDITION OF THE WEN DEPOSITION, THE WEN

19   DEPOSITION SHOULD TAKE PLACE AS SCHEDULED, BUT FOR THE PURPOSE

20   OF MAKING THIS DEADLINE BEFORE, INFORMATION WILL BE EXCHANGED

21   BEFORE THE DEPOSITION.  BUT IF YOU HAVE A DISPUTE ABOUT THE

22   INTERROGATORIES, I AM NOT EXPECTING THAT'S GOING TO BLOW UP THE

23   WEN DEPOSITION ON THE 17TH.

24           I ADOPT THE PROPOSAL FROM MR. WILSON TO HAVE A THREE-DAY

25   RESPONSE EXPECTATION FOR DISCOVERY DISPUTES BETWEEN THE

1    PARTIES, THREE BUSINESS DAYS, AS BEING A SENSIBLE ONE.

2         MY CAUTION IS THAT JUST HAVING AN EXCHANGE OF LETTERS IS

3    NOT SUFFICIENT ITSELF, IN MY EXPERIENCE, TO WORK OUT MOST

4    ISSUES, YOU NEED TO TALK TO EACH OTHER, AND NOT JUST STATE YOUR

5    POSITIONS ON EACH SIDE, BUT THEN HAVE DIRECT COMMUNICATION TO

6    TRY TO RESOLVE WHAT'S BEEN PRESENTED.

7         SO BY SETTING A THREE-DAY PERIOD, I'M NOT SAYING THAT ALL

8    I WANT TO OCCUR IS YOU SEND LETTERS BACK AND FORTH AND THEN

9    COME TO COURT, I'M SAYING THAT SHOULD BE THE SEQUENCE OF

10   RESPONDING, BUT THEN THERE SHOULD BE SOME ADDITIONAL

11   CONFERRING, MAYBE THERE MIGHT BE DIFFERENT ROUNDS OF DIRECT

12   COMMUNICATION, I'M NOT SUGGESTING THAT THERE SHOULDN'T BE

13   DIRECT COMMUNICATION, PHONE CALL OR IN PERSON, ZOOM, THAT IS

14   PART OF THE STEP OF WORKING IT OUT.  SO IT'S A SMALL MEASURE,

15   BUT I THINK THAT THAT IS HELPFUL.

16        SECONDLY, BY MARCH 24TH, OR ON MARCH 24TH, I WILL ASK YOU

17   TO PROVIDE THE JOINT DISCOVERY STATUS REPORT.  THAT'S GOING TO

18   BE A WEEK AFTER THE WEN DEPOSITION.

19        SO ONE THING I WANT TO KNOW IS, DID THE DEPOSITION OCCUR?

20   HOPING THE DEPOSITION WILL HAVE OCCURRED, ARE THOSE ISSUES

21   RESOLVED?  HOPING THE ANSWER IS YES.  I WILL THEN NOTE THAT

22   THAT HAS BEEN RESOLVED.  THE INTERROGATORIES HAVE BEEN

23   SUPPLEMENTED, AND IT'S A CHANCE FOR ME TO -- IF THERE'S OTHER

24   ISSUES THAT ARE UNRESOLVED, YOU CAN TELL ME ABOUT THEM AT THAT

25   POINT IN TIME.

 1          ALSO, IF YOU HAVE OTHER PROCEDURAL SUGGESTIONS ON HOW TO

 2     FACILITATE AN EFFICIENT DISCOVERY PROCESS GOING FORWARD, YOU

 3     CAN USE THAT PROCESS TO TALK ABOUT THEM AND TO PROPOSE THEM TO

 4     ME ON YOUR REPORT ON THE 24TH.  BECAUSE MAYBE THERE ARE THINGS

 5     YOU DIDN'T THINK OF TODAY THAT, UPON REVIEW, WOULD BE HELPFUL

 6     TO YOU TO MAKE THE PROCESS FAIR AND COST EFFECTIVE TOO.

 7          I WILL SET A DISCOVERY STATUS HEARING HERE IN PERSON ON

 8     MARCH 29TH AT 11 A.M., AND YOU CAN USE YOUR FILING ON THE 24TH

 9     TO PROPOSE AGENDA ITEMS.

10          NOW IT MAY BE THAT YOU GET TO THE 24TH AND YOU SAY THERE'S

11     NOTHING TO DISCUSS, EVERYTHING IS GOING ACCORDING TO SCHEDULE,

12     THERE'S NO DISPUTES, YOU DON'T WANT TO COME HERE ON THE 29TH TO

13     TALK ABOUT ANYTHING.  AND IF YOU TELL ME THAT, I HAVE OTHER

14     BUSINESS TO DO, WE WILL VACATE THE HEARING.  BUT I WANT TO HAVE

15     A TIME SET SO YOU CAN HAVE A PLACE THAT IF THERE IS A DISPUTE,

16     THEN I WILL KNOW, ALL RIGHT, IT WILL BE PRESENTED ON THAT DAY.

17     AND WE WILL TALK THROUGH IT AND WORK IT OUT.

18          I'M NOT IMPOSING ANY FEES OR COSTS NOW AND I'M NOT RULING

19     ON A POTENTIAL SECOND WEN DEPOSITION.  I WILL TAKE THAT AS IT

20     COMES.  I MAY NOT SEE, BUT IF THERE'S A DISPUTE ABOUT THE WEN

21     DEPOSITION, I WILL HEAR ABOUT IT.  IF THERE'S A MEET AND CONFER

22     PROCESS THAT DOES NOT RESOLVE IT, THEN WE WILL DEAL WITH THAT

23     ISSUE LATER.

24          AND I'M NOT IMPOSING ANY FEES AND COSTS NOW.  IF THERE IS

25     SOME PROBLEMS WITH THE WEN DEPOSITION OR FURTHER OBSTRUCTION

1    AND OBJECTION AND IT DOES NOT OCCUR, WELL THEN I WOULD

2    ENTERTAIN ADDITIONAL ARGUMENT AND EVIDENCE ABOUT WHY IT DIDN'T

3    TAKE PLACE, AND THE ARGUMENTS MADE TODAY ABOUT THE HISTORY OF

4    THE SCHEDULING COULD BE CONSIDERED AS PART OF A RULE 37 MOTION

5    FOR SANCTIONS.

6        BUT I'M NOT REACHING THAT ISSUE TODAY, IT'S JUST WHAT I'M

7    HOPING TO AVOID BY HAVING A -- THESE OTHER INTERIM STEPS OF A

8    STATUS REPORT AND COMMUNICATION AMONG THE COUNSEL AND OTHER

9    PARTIES TO WORK OUT THE DISCOVERY DISPUTES.

10        SO I'M HOPING TO AVOID A FURTHER ROUND OF BRIEFING ABOUT

11   THINGS THAT HAVE ALREADY BEEN PASSED, BUT IF NECESSARY, THAT

12   COULD BE ONE PATH THAT WE ENTERTAIN, IF APPROPRIATE.

13        SO I THINK THAT RESOLVES THE ISSUES ON DOCKET 144, AND

14   SOME ADDITIONAL ONES ON THE DISCOVERY OVERALL.  AND IF IT

15   DOESN'T RESOLVE EVERYTHING, THEN I WILL HEAR FROM YOU ON THE

16   24TH, ON WHAT YOUR SUGGESTIONS ARE ON WHAT WE SHOULD TALK ABOUT

17   NEXT.

18        MR. WILSON, DOES THAT ADDRESS THE ISSUES RAISED BY APPLE?

19            MR. WILSON:  THAT DOES.

20            THE COURT:  VERY GOOD.

21        AND ON THE RIVOS SIDE, DOES THAT ADDRESS THE ISSUES FOR

22   TODAY?

23            MS. WANG:  YES, YOUR HONOR.

24        WE WOULD ALSO APPRECIATE IF YOUR HONOR COULD SET A

25    DEADLINE FOR APPLE TO PRODUCE DOCUMENTS FULLY.

1            THE COURT:  WELL, LET'S PUT THAT IN YOUR 24TH REPORT,

2     BECAUSE I DON'T HAVE ENOUGH CONTEXT RIGHT NOW TO KNOW WHAT THEY

3     OWE YOU, WHEN, RIGHT NOW, AND WHAT EXTENSIONS YOU MAY HAVE

4     GIVEN THEM AND WHAT THEY ARE PAST DUE ON.

5            SO I'M NOT DENYING YOUR REQUEST, BUT I'M GOING TO NEED

6     MORE DETAILS IN YOUR REPORT ON THE 24TH ABOUT WHAT YOU'VE ASKED

7     FOR AND THE SEQUENCE OF WHEN YOU ARE REQUESTING IT.

8            SO MAKE A PROPOSAL TO THEM AND THEN MAKE A PROPOSAL TO ME

9     AND THEN I CAN MORE MEANINGFULLY GRANT THAT REQUEST.

10            MS. WANG:  THANK YOU, YOUR HONOR.

11            THE COURT:  VERY GOOD.  THANK YOU.

12     HAVE A GOOD DAY.

13     WE ARE IN RECESS.

14            MR. WILSON:  THANK YOU, YOUR HONOR.

15     (THE PROCEEDINGS WERE CONCLUDED AT 1:09 P.M.)

16

17

18

19

20

21

22

23

24

25

1

2

3

4                          **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13              CERTIFY THAT THE FOREGOING IS A CORRECT

14    TRANSCRIPT FROM THE OFFICIAL ELECTRONIC SOUND

15    RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED

16    MATTER.

17

18

19

20

21

22

23

24    _____

25    SUMMER A. FISHER, CSR, CRR
      CERTIFICATE NUMBER 13185            DATED: 3/13/23