BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 202.887.0763

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 415.268.7522

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE; WEIDONG YE; LAURENCE PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendants. | Case No.   5:22-cv-02637-EJD<br><br>**DECLARATION OF BRYAN WILSON IN SUPPORT OF APPLE'S MOTION FOR SANCTIONS**<br><br>Date:   August 31, 2023<br>Time:   9:00 a.m.<br>Ctrm:   4<br>Judge:   Hon. Edward J. Davila<br>Trial Date: Not Set<br>Date Action Filed: April 29, 2022 |

I, Bryan Wilson, declare as follows:

1. I am an attorney at the law firm of Morrison & Foerster LLP. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I submit this declaration in support of Apple Inc.'s ("Apple") Motion for Sanctions.

3. Attached as **Exhibit 1** is a true and correct copy of an email chain between counsel for Apple and Elle Wang, counsel for Defendants, dated February 23, 2023.

4. Attached as **Exhibit 2** is a true and correct copy of a letter from Stephen Swedlow, counsel for Defendants to myself, dated May 11, 2022.

5. Attached as **Exhibit 3** is a true and correct copy of excerpts of the Transcript of the March 17, 2023 Deposition of Shi-Chieh ("Ricky") Wen.

6. Attached as **Exhibit 4** is a true and correct copy of Rivos Inc.'s March 15, 2023 Second Supplemental Objections and Responses to Apple Inc.'s First Set of Interrogatories.

7. Attached as **Exhibit 5** is a true and correct copy of excerpts of the Transcript of the February 16, 2023 Deposition of Laurent Pinot.

8. Attached as **Exhibit 6** is a true and correct copy of Defendant Wen Shih-Chieh A/K/A Ricky Wen's Objections and Responses to Apple Inc.'s First Set of Interrogatories, dated June 15, 2022.

9. Attached as **Exhibit 7** is a true and correct copy of an email chain between Johnathan Bridboard, Managing Director for FTI and counsel for Plaintiffs and Defendants, dated October 17, 2022.

10. Attached as **Exhibit 8** is a true and correct copy of Apple Inc.'s Second Set of Interrogatories to Defendant Rivos, Inc., dated July 7, 2022.

11. Attached as **Exhibit 9** is a true and correct copy of Defendant Weh Shih-Chieh A/K/A Ricky Wen's Verified Objections and Responses to Apple Inc.'s Second Set of Interrogatories, dated August 8, 2022.

12. Attached as **Exhibit 10** is a true and correct copy of excerpts of the Transcript of the November 2, 2022 Deposition of Puneet Kumar.

|   |   |
|---|---|
| 1 | 13. Attached as **Exhibit 11** is a true and correct copy of an email chain between Morrison Foerster and Elle Wang, counsel for Defendants, dated November 8, 2022. |

13. Attached as **Exhibit 11** is a true and correct copy of an email chain between Morrison Foerster and Elle Wang, counsel for Defendants, dated November 8, 2022.

14. Attached as **Exhibit 12** is a true and correct copy of an email chain between Morrison Foerster and Elle Wang, counsel for Defendants, dated March 23, 2023.

15. Attached as **Exhibit 13** is a true and correct copy of a letter from David Eisman, counsel for Defendants, to myself, dated January 17, 2023.

16. Attached as **Exhibit 14** is a true and correct copy of a letter from David Eisman, counsel for Defendants to myself, dated March 14, 2023.

17. Attached as **Exhibit 15** is a true and correct copy of Defendant Wen Shih-Chieh A/D/A Ricky Wen's Supplemental Objections and Responses to Apple Inc.'s First Set of Interrogatories, dated January 17, 2023.

18. Attached as **Exhibit 16** is a true and correct copy of Defendant Rivos Inc.'s Supplemental Objections and Responses to Apple Inc.'s Second Set of Interrogatories, dated January 17, 2023.

19. Attached as **Exhibit 17** is a true and correct copy of an email chain between Elle Wang, counsel for Defendants, and counsel for Apple, dated February 24, 2023.

20. Attached as **Exhibit 18** is a true and correct copy of an email chain between Elle Wang, counsel for Defendants, and counsel for Apple, dated February 17, 2023.

21. Attached as **Exhibit 19** is a true and correct copy of excerpts from the transcript of proceedings on March 2, 2023.

22. Attached as **Exhibit 20** is a true and correct copy of excerpts from the transcript of proceedings on March 8, 2023.

23. Attached as **Exhibit 21** is a true and correct copy of an email chain between Elle Wang, counsel for Defendants, and Ken Kuwayti, counsel for Apple, dated March 27, 2023.

24. Attached as **Exhibit 22** is a true and correct copy of an email chain from Ryan Malloy, counsel for Apple, to Melissa Neri, counsel for Defendants, dated March 29, 2023.

25. Attached as **Exhibit 23** is a true and correct copy of an email chain from Vicki Parker, counsel for Defendants, to Shaun deLacy, counsel for Apple, and FTI, dated October 20,

1  2022.

2  26. Attached as **Exhibit 24** is a true and correct copy of Defendant Rivos Inc.'s
3  Objections and Responses to Apple Inc.'s First Set of Interrogatories, dated June 15, 2023.

4  27. Attached as **Exhibit 25** is a true and correct copy of an email chain from Elle
5  Wang, counsel for Defendants, to Ken Kuwayti, counsel for Apple, dated March 21, 2023.

6  28. Attached as **Exhibit 26** is a true and correct copy of excerpts from the transcript of
7  proceedings on July 7, 2023.

8  29. Attached as **Exhibit 27** is a true and correct copy of an invoice from Apple's
9  forensic expert, Charles River Associates, for professional services rendered in connection with
10 the declaration of Dan Roffman submitted in support of this Motion. Charles River Associates'
11 fees totaled $14,601.30.

12 30. Attached as **Exhibit 28** is a true and correct copy of excerpts from the American
13 Intellectual Property Law Association ("AIPLA") Economic Survey Report dated September
14 2021.

15 31. Attached as **Exhibit 29** is a true and correct copy of an email chain from Nicole
16 Ang, counsel for Apple to Elle Wang, counsel for Defendants, dated March 23, 2023.

17 32. Attached as **Exhibit 30** is a true and correct copy of an email chain from Nicole
18 Ang, counsel for Apple to counsel for Defendants, dated March 22, 2023

19 33. Pursuant to Civil L.R. 37-4, the correspondence contained in the exhibits above
20 details the efforts made by Apple to secure compliance without intervention by the Court.

21                              **Apple's Request for Fees**

22 34. Below, I provide a statement of the services rendered by each person for whose
23 services fees are claimed, a summary of the time spent by each person, the manner in which time
24 records were maintained, as well as a brief description of relevant qualifications and experience
25 and a statement of the customary hourly charges of each timekeeper.

26 Apple receives a substantially discounted hourly billing rate for all timekeepers who work
27 on this matter by virtue of its longstanding relationship with Morrison & Foerster. The
28 description below is based on these discounted rates.

**A.     Biographies and Roles of the Morrison & Foerster Team**

35.     A description of timekeepers who have worked on this litigation in connection with Apple's request for its fees and costs in connection with filing its motion for sanctions and incurred in connection with Apple's motion to compel the deposition of Mr. Wen is set forth below. For timekeepers whose fees Apple is seeking in this Motion, this declaration also includes summaries of each of their roles on the case. The summaries were derived from records kept during the litigation and by conferring with the team members. Also set forth below is the number of hours from each timekeeper included in the requested fees and the billing rate for each timekeeper.

**1.     Timekeepers Included in Apple's Fees Calculation**

36.     **BRYAN J. WILSON.** I am a partner in Morrison & Foerster's Intellectual Property Practice Group. I joined the firm in 1988. I am a first-chair trial lawyer with an expansive range of experience handling intellectual property matters in a variety of venues. I have litigated trade secrets and patent cases in both state and federal courts as well as in arbitration proceedings. I am co-chair of the firm's Trade Secrets Working Group and former chair of the Litigation Department in the firm's Palo Alto office. I teach a seminar in trade secret law as a Lecturer in Law at Stanford Law School and am a contributing editor to Trade Secrets (Law and Business 2016). In 2012, 2013, 2014, 2016, and 2018, Legal 500 US recommended me as a leading attorney for trade secrets.

37.     I served as lead counsel in this case and was involved in all major strategic and tactical decisions. I oversaw all aspects of case strategy and planning, prepared for and represented Apple at hearings, and supervised briefs. I have billed 14.3 hours toward the fees sought by this Motion at the Apple-specific discounted billing rate of $1,125 per hour.

38.     **KENNETH A. KUWAYTI.** Mr. Kuwayti is a partner in Morrison & Foerster's Intellectual Property Practice Group. He joined the firm in 1992 and has more than 25 years of experience in intellectual property and other complex, high-stakes commercial litigation and trials. His cases have involved a broad range of technology industries, including software, semiconductor, Internet, and medical devices. Mr. Kuwayti has successfully brought and

1  defended numerous trade secret cases in state and federal court.  Mr. Kuwayti also represents
2  public companies and their officers and directors in securities class actions, shareholder derivative
3  suits, internal investigations, and SEC proceedings.  He frequently litigates disputes arising out of
4  mergers and acquisitions and other strategic transactions.  In addition, he represents privately
5  funded and emerging companies in disputes over corporate governance and breaches of fiduciary
6  duty, as well as in disputes among boards of directors, investors, partners, and founders.

7  39. Mr. Kuwayti was also involved in all major strategic and tactical decisions,
8  including overseeing all aspects of case strategy and planning, preparing for and representing
9  Apple at hearings, and supervising briefs.  Mr. Kuwayti has billed 20.2 hours toward the fees
10 sought by this Motion at the Apple-specific discounted billing rate of $950 per hour.

11 40. **MARY PRENDERGAST.**  Ms. Prendergast is a partner in Morrison & Foerster's
12 Intellectual Property Practice Group.  She joined the firm in 2010.  She is a trial lawyer with
13 extensive experience litigating patent and trade secrets cases in district courts across the country
14 and at the International Trade Commission.  She frequently oversees the day-to-day strategy and
15 management of complex litigation from pre-suit investigation through trial and appeal.  Ms.
16 Prendergast represents clients in a wide variety of industries, including semiconductors, software,
17 medical devices, pharmaceuticals, electronics, and telecommunications. She has substantial
18 experience with Hatch-Waxman litigation, as well as representation of technology companies
19 before the Patent Trial and Appeal Board (PTAB).

20 41. Ms. Prendergast contributed to all aspects of case strategy and planning,
21 supervised briefs and other written work product, and oversaw key portions of discovery that led
22 to the present Motion.  Ms. Prendergast billed 94.8 hours toward the fees sought by this Motion at
23 the Apple-specific discounted billing rate of $803 per hour.

24 42. **MATTHEW R. STEPHENS.**  Mr. Stephens is an associate in Morrison &
25 Foerster's Intellectual Property Litigation Group. He joined the firm in 2022.  He has experience
26 across a range of IP matters, including patent, trademark, copyright, and trade secret litigation in
27 district court, the Federal Circuit, and before the International Trade Commission. Before joining
28 private practice, Mr. Stephens clerked for the Honorable Christopher B. Latham in the U.S.

1  Bankruptcy Court for the Southern District of California. Mr. Stephens obtained his J.D. cum laude from the University of San Diego School of Law in 2012, where he served on the San Diego Law Review and was on the Moot Court Executive Board.

43. Mr. Stephens contributed to briefing relating to the instant Motion.  Mr. Stephens billed 14.8 hours toward the fees sought by this Motion at the Apple-specific discounted billing rate of $652 per hour.

44. **NICOLE M. ANG.**  Ms. Ang is an associate in Morrison & Foerster's Intellectual Property Litigation Group.  She joined the firm in 2020.  She has worked on matters involving various data storage, encryption, and semiconductor technologies in both private and government regulatory settings. Since joining the firm, she has successfully argued on behalf of pro bono clients in the District of Columbia and Virginia and contributed to other litigation proceedings by constructing motions and appeal documents.

45. Ms. Ang contributed to all aspects of discovery and briefing relating to the motion to compel Mr. Wen's deposition and the instant Motion.  Ms. Ang billed 35 hours toward the fees sought by this Motion at the Apple-specific discounted billing rate of $434 per hour.

46. **MEREDITH ANGUEIRA.**  Ms. Angueira is an associate in Morrison & Foerster's Litigation Group.  She joined the firm in 2021.  She was previously a summer associate at the firm for two summers, one of which as a Wetmore Fellow, and received her J.D. from Harvard Law School.  Ms. Angueira served as a technical editor of the Harvard Latinx Law Review and co-president of Harvard Law School's Latinx student organization, La Alianza. Ms. Angueira regularly represents clients in complex intellectual property litigation.

47. Ms. Angueira contributed to all aspects of strategy in this case, including drafting briefs and interacting with opposing counsel.  Ms. Angueira billed 12.3 hours toward the fees sought by this Motion at the Apple-specific discounted billing rate of $566.25 per hour.

48. **DAISY BELLE VISITACION.**  Ms. Visitacion is a senior paralegal in Morrison & Foerster's Litigation department and started at the firm in 2007.  Ms. Visitacion was the lead paralegal on this matter during portions of the relevant period and assisted with all aspects of motion practice and discovery.  Ms. Visitacion billed 16 hours at the discounted billing rate of

$313 per hour.

**Calculation of Morrison & Foerster's Fees**

49.     The following charts summarizes the time and amount billed by timekeeper as described above and that are included in Apple's fees request. The subtotal of attorneys' fees billed to Apple in connection with filing its motion for sanctions and incurred in connection with Apple's motion to compel the deposition of Mr. Wen for the timekeepers included in Apple's fees request is $**148,214.38**.

| Timekeeper | Title | Hours Billed Since March 2022 | Average Billing Rate Since March 2022 | Amount Billed to Apple |
|---|---|---|---|---|
| Bryan J. Wilson | Partner | 14.3 | $1,125.00 | $16,087.50 |
| Kenneth A. Kuwayti | Partner | 20.2 | $ 950.00 | $19,190.00 |
| Mary Prendergast | Partner | 94.8 | $ 803.00 | $76,124.40 |
| Nicole M. Ang | Associate | 35 | $ 434.00 | $15,190.00 |
| Meredith Angueira | Associate | 12.3 | $ 566.25 | $6,964.88 |
| Matthew R. Stephens | Associate | 14.8 | $652 | $9,649.60 |
| Daisy Belle Visitacion | Paralegal | 16 | $313 | $5,008.00 |
| **Subtotal** | | **207.4** | | **$148,214.38** |

**Morrison & Foerster's Rates Are Comparable to Prevailing Rates in the Community for Comparably Skilled Professionals**

50.     Reasonable hourly rates "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended on other grounds by* 808 F.2d 1373 (9th Cir. 1987)). Every other year, the AIPLA produces an Economic Survey that reports, among other things, billing rates for intellectual property services. "[C]ourts in this district have looked to that survey to ascertain the reasonableness of hourly rates."

1  *Erickson Prods. Inc. v. Kast*, No. 5:13-CV-05472-HRL, 2017 WL 3670790, at *1 (N.D. Cal.
2  Aug. 25, 2017).

3      51.    I have reviewed the September 2021 edition of the AIPLA Economic Survey
4  Report and compared the rates charged by Morrison & Foerster's attorneys. The 2021 AIPLA
5  Report indicates that the median billing rate for partners at private firms in "San Francisco" was
6  $595 in 2020 and the third quartile (75%) was $903. (Ex. 28 at I-37.) The median billing rate for
7  associates at private firms in the same region was $910 in 2020. (*Id.* at I-49.)

8      52.    For the fees Apple seeks by this Motion, the average billing rates for associates on
9  this case range between $434 and $652, and the average billing rates for partners on this case
10 range between $803 and $1,125. These rates are consistent with the billing rate range reported in
11 the AIPLA Economic Survey.

12     53.    I supervised a careful review of the time note entries in this case to confirm that
13 each entry reflects time appropriately allocated to Apple and to specific tasks in connection with
14 filing its motion for sanctions and incurred in connection with Apple's motion to compel the
15 deposition of Mr. Wen.

16     54.    Apple has billing requirements, including but not limited to: (i) no block billing;
17 (ii) the use of task codes; and (iii) billing in 0.10 time increments, as opposed to traditional
18 0.25 time increments.

19                        **Manner in Which Time Records Were Maintained**

20     55.    Each timekeeper for which Apple seeks fees recorded their time spent in
21 connection with filing Apple's motion for sanctions and with Apple's motion to compel the
22 deposition of Mr. Wen, at six-minute intervals. This time was submitted through Morrison &
23 Foerster's timekeeping system, with daily entries accompanied by descriptions of each task
24 completed that day. The fees described in this declaration do not represent a complete accounting
25 of Apple's expenses in connection with the relief sought in this Motion, because Apple counsel
26 will need to prepare a reply and argue this motion before the Court. Because of the recent nature
27 of the monetary sanctions sought, not all fees have been invoiced to Apple. At my direction,
28 Morrison & Foerster has therefore summarized time entries evidencing the fees Apple seeks by

1 | this Motion.
2 |     I declare under penalty of perjury that the foregoing is true and correct. Executed at
3 | Palo Alto, California on this 1st day of April, 2023.

                                          */s/*   *Bryan Wilson*
                                                     Bryan Wilson

**ATTESTATION OF E-FILED SIGNATURE**

I, Mary Prendergast, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Bryan Wilson has concurred in this filing.

Dated: April 1, 2023                               /s/ Mary Prendergast
                                                              Mary Prendergast