# EXHIBIT 1

| | |
|---|---|
| **From:** | Kuwayti, Kenneth A. |
| **Sent:** | Thursday, February 23, 2023 4:59 PM |
| **To:** | Elle Wang; deLacy, Shaun Patrick; Stephens, Matthew R.; MoFo Apple Rivos |
| **Cc:** | QE-Apple-Rivos |
| **Subject:** | RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences |
| | |
| **Categories:** | DM, #134924120 : 10684 : 0000738 : CDF1, #134756805 : 10684 : 0000738 : NMA2 |

Elle: It is simply not true that Apple has ever requested that Defendants unilaterally delete any Apple information.   To the contrary, when this case started we sent a letter to Rivos and to every individual employees containing language saying not to delete any information.  Our April 29, 2022 letter to Rivos addressed the issue of return of Apple information specifically:

> You are on notice that you need to take immediate steps to preserve all evidence
> relating to your storage and use of Apple proprietary and trade secret information on or from
> any device or storage drive, including but not limited to any external hard drives, cloud
> backups, Time Machine backups, laptops, personal computers or tablets, mobile phones,
> instant messaging applications, and email. This includes preservation of all metadata
> associated with these actions and these devices. At this point, because a lawsuit has been
> filed, you may not delete these items. We expect that Rivos will take these steps as well with
> respect to any individual employees at Rivos who may have relevant evidence.
>
> …
>
> In addition to preserving this information, Apple demands that you: … (2) **agree to a**
> **mutually agreeable plan with Apple to return to Apple all proprietary and confidential**
> **information in a manner that will preserve the information and all metadata**
> **associated with it**

Your repeated assertions that we have known since May 2022 that former Apple employees, assisted by Rivos, have been deleting documents is not grounded in fact.  What Rivos told us is the exact opposite of your assertion.  Mr. Swedlow wrote on May 11, 2022 "We confirm that Rivos and Mr. Wen are complying with their document preservation obligations."  Mr. Swedlow said nothing about deleting documents, and various Rivos attorneys stated several times in the months following May 2022 that the former Apple employees were complying with their preservation obligations.  Rivos never said anything about deleting or removing documents, and none of our communications to you about remediation suggested that Rivos should unilaterally delete documents without our consent.  The first time we suspected this might be the case was when we received your January 17, 2023 letter (which even then did not make this clear) when we immediately wrote you to ask for clarification.

We always expected that you would consult with us and reach agreement before taking any action that would involve deleting information, and never believed that you would delete information on your own in the middle of a lawsuit.  Consistent with this expectation, the parties stipulated to an order that was entered by the Court with respect to Mr. Wen that prohibited the deletion of any Apple confidential information.  Paragraph 3 of the order provides that:

Mr. Wen shall not alter, destroy, erase, or otherwise dispose of any evidence or other material, in any form, relating to this action, that may be in Mr. Wen's possession including but not limited to: (a) Apple's confidential information, including but not limited to information regarding Apple's past, current, and future systems-on-chip ("SoCs"); and (b) any devices, drives, computers, tablets, phones, electronic media, emails and email accounts, and cloud storage that currently contain, or previously contained, Apple's confidential information.

June 21, 2022 ¶3.  You have violated the Court's order.

You have asked us now, for the first time, about a proposed remediation protocol.  Are you aware of any individuals who continue to have access to confidential information? Please let us know immediately so we can take appropriate steps to address that issue. As set forth in the letter sent to you earlier today by Mary Prendergast, we believe the images and devices need to be turned over to FTI.  Any further deletion of documents will need to be conducted by FTI pursuant to a process jointly agreed upon by the parties.

In addition, at this point we need to understand exactly which documents have been "remediated" and whether any metadata has been lost.  Please provide us with a list of the documents that you have deleted, the devices from which they have been deleted, and when the deletions occurred.  Further, as set forth in Mary's letter, we need to take a deposition of Setec to understand the process that was undertaken and the forensic investigation that has been conducted.  Finally, we ask that you produce a person from your law firm who is knowledgeable about the remediation and the investigation, including the collection of devices, segregation, and preservation of evidence.

We will plan to discuss these issues with you at tomorrow's meet and confer.

Regards,

Ken

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Wednesday, February 22, 2023 3:15 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

==External Email==

---

 **This message could be suspicious**
• Similar name as someone in your company.
• You've never replied to this person.

Report or Mark Safe                    Powered by Mimecast

Ken,

As indicated in my email below, Apple has requested that Defendants remediate documents potentially containing Apple information on multiple occasions beginning as early as May 2022.  The remediation that we have performed to date was performed in reliance of and in response to Apple's requests.  In carrying out that remediation, our forensic

vendor followed a three-step process that is consistent with industry standard practice: (1) image device immediately prior to remediation, (2) permanently remove documents that hit on search terms, and (3) immediately reimage the device after remediation.

Given the fact that many of the devices at issue contain the Individual Defendants' personal information that they need to access on an ongoing basis, it is not practical to prevent the Individual Defendants from accessing their devices during the pendency of this litigation.  Moreover, Defendants' remediation has ensured that no one will have future access to documents potentially containing Apple information and has allowed Apple to receive and review all responsive documents and their metadata in their pre-remediated state.

We have now described our three-step remediation process several times and Apple has not identified a single objection to that process or articulated how Apple has been prejudiced in any way by our remediation efforts.  If Apple has a proposed remediation protocol in mind that differs from the process we have employed to date, please let us know and we will consider it.  Pending Apple's response to this email, we will agree to temporarily suspend our remediation efforts.

Elle

---

**From:** Elle Wang
**Sent:** Wednesday, February 22, 2023 12:51 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Ken,

We have not remediated anything from Mr. Pinot's personal laptop and do not plan on doing so today.  We are conferring with our client regarding your request and will get back to you.

Elle

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Wednesday, February 22, 2023 12:09 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

---

Elle: We have not yet received a response to this email.  Can you please confirm that Defendants will not go forward with unilaterally deleting any further documents, including those from Mr. Pinot's personal laptop? If your position is that you intend to continue to go forward with these deletions, please let us know that so that we can seek an appropriate remedy.

Thanks,

Ken

**From:** Kuwayti, Kenneth A.
**Sent:** Tuesday, February 21, 2023 10:11 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Elle: I'm not sure how many more times we have to say this: you should not unilaterally delete any more documents.  Please confirm first thing tomorrow that you will not delete any documents from Mr. Pinot's personal laptop as your email states, or any other documents, or we will go to the Court to seek *ex parte* relief.

We will respond more substantively to your email tomorrow.

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Tuesday, February 21, 2023 1:09 PM
**To:** deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**External Email**

Shaun,

As an initial matter, we provided a fulsome response to your January 20 email on January 26, so your statement that "many of these questions have been pending unanswered since January 17" is incorrect.

As you can imagine, we have been occupied by reviewing and producing Messrs. Pinot, Hardage, and Wen's custodial documents in advance of their depositions and troubleshooting various technical issues caused by the iWork files and other types of documents with technical issues.  In any event, we don't believe Apple is in a position to continue to demand more discovery from Defendants when Apple has only produced nine pages of documents through yesterday.

While we do not agree that we have any obligation to abide by Apple's arbitrary deadline, we respond to the points you raised in your February 17 email in line in red below.  Our further response to your February 7 email will be forthcoming.

Best,
Elle

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Friday, February 17, 2023 6:55 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

[EXTERNAL EMAIL from sdelacy@mofo.com]

Elle –

It has been over a week since we once again raised numerous questions about concerning deficiencies in defendants' production metadata, investigation, and purported remediation process.  Many of these questions have been pending and unanswered since January 17.  This is an unreasonable and unjustified delay.

We request the following, in addition to your prompt responses to our other questions:

- Please immediately provide *all* metadata for *all* produced documents (including complete family metadata and metadata for suppressed duplicate documents).  According to your statements, defendants reviewed all documents before producing them.  Defendants cannot now hold hostage metadata about those documents while improperly demanding that Apple redo the work that defendants must have done to determine that these documents were responsive and relevant.

We have never stated that we "reviewed *all* documents before producing them."  As you know, the search terms we used in connection with Defendants' January 17 document production, as disclosed in our December 12 letter, were broad.  Apple further demanded that Defendants use an even broader set of search terms both in Apple's December 26 letter and during the parties' January 6 meet and confer.  As a result, Defendants were not able to review every single document prior to producing them in advance of their initial January 17 production deadline and Apple's depositions of Messrs. Pinot, Hardage, and Wen.  We instead searched for Rivos-specific documents and documents that might contain sensitive personal information, reviewed those, and produced all documents other than ones containing Rivos confidential information (unrelated to Apple) or sensitive personal information or documents that we were unable to review because of technical difficulties (which we are still working to resolve with our vendors).  Therefore, not every document in Defendants' document production contained Apple confidential information.  To the contrary, the vast majority of documents we produced only hit on Apple's search terms by accident, including but not limited to chapters from published books (e.g., RIVOS_0186959-RIVOS_0186970), files related to open source code (e.g., RIVOS_0229002-RIVOS_0229326), and Apple News and other blast emails related to travel and weather (e.g., RIVOS_0155056-RIVOS_0155058, RIVOS_0005862-RIVOS_0005869, RIVOS_0167639-RIVOS_0167649), among others. These, and other similar documents, are irrelevant to this case and Apple has no basis to request their metadata.  We remain willing to provide all metadata, including that of the suppressed duplicate files, for all documents that Apple believes to actually contain Apple confidential information.  If Apple provides us with a list of such documents, we will consider Apple's request.

  - Apple also again requests source-identifying metadata for all produced documents.  Apple cannot determine from the current metadata which device or devices from which any document was recovered.  And as Mr. Pinot made clear in his deposition, Apple cannot rely on witnesses to recall that information.

We disagree with your characterization of Mr. Pinot's deposition testimony.  That said, we will look into the possibility of providing a spreadsheet cross referencing file path information and the devices that information comes from.

- Please immediately provide a complete explanation of the remediation procedures performed by Setec or anyone else, beginning with a description of what you mean by "remediation."  Please explain at least what was done, at whose direction, according to what criteria, the dates on which any remediation took place, who did it, and what records were kept regarding what was done.  We also once again request that no further remediation be done without Apple's knowledge and approval.  Defendants conducted this remediation without Apple's knowledge and without informing Apple until months after the fact.  The parties never agreed to, or even discussed, a remediation protocol.  We expect to have further communications on this subject but we first need to fully understand what the defendants have done.

We again direct you to our January 17 letter as well as to our January 26 email below.  The remediation process involves three steps that are consistent with industry standard practice: (1) image device immediately prior to remediation, (2) permanently remove documents that hit on search terms, and (3) immediately reimage the device after remediation.  Setec, Defendants' forensic vendor, performed the three steps at the direction of counsel and conducted all three steps in one sitting to preserve metadata.  The details as to which documents were removed from which devices are set forth in our January 17 letter.  For avoidance of doubt, the images obtained **prior to** remediation were used to conduct Defendants' searches, so any documents removed as part of the remediation process were still searched and produced to Apple along with their metadata.  We performed the remediation so that the Individual Defendants no longer have access to documents potentially containing Apple confidential information.

We disagree that we needed to notify Apple or request Apple's approval prior to performing any remediation, whether for remediations conducted in the past or in the future, especially when Apple has been requesting that Defendants segregate and remediate documents since May 2022.  *See, e.g.*, May 9, 2022 Wilson Letter at 2 ("If Rivos and Mr. Wen are unwilling to agree to the reasonable requests outlined above, there may well be need for Apple to request extraordinary relief.  This will depend on Rivos' showing of good faith to **remediate**.") (emphasis added); July 7, 2022 Hr'g Tr., 12:23-13:4 (Diek Van Nort complaining to the Court that Rivos had "no offer of **remediating** [Mr. Pinot's Time Capsule.])" (emphasis added); November 7, 2022 Wilson Letter, entitled "Re: Sequestration and **Remediation** of Apple Information" (emphasis added), at 3-4 (asking Rivos to "describ[e] the measures taken to ensure that Rivos employees cannot access these files or Apple information potentially residing on these devices"); December 1, 2022 Hr'g Tr., 17:5-9 (Ken Kuwayti asking Defendants to "provide [Apple] with a written description of their **remediation** and segregation efforts for all of the Apple documents that were located.") (emphasis added).

In addition, Apple was well aware of Defendants' remediation efforts months prior to Defendants' January 17 letter.  *See* November 22, 2022 Eiseman Letter at 1 ("While we do not believe that any of the four documents contains any Apple confidential information, we have nonetheless **remediated** them from Mr. Rajamani's personal laptop, his Rivos-issued laptop, and his home directory on Rivos' internal Network File System.") (emphasis added).  Apple raised no issue regarding Defendants' remediation efforts after receiving this information.

Finally, despite its repeated requests for remediation since last May, we do not believe that it was reasonable for Apple to wait until January 20 to first suggest that it should be consulted regarding Defendants' remediation efforts or that a remediation protocol should be put in place.  Therefore, while we are open to further communications on this subject, we do not agree that Defendants need to obtain Apple's approval prior to conducting any further remediation.

As a courtesy, please note that we will be remediating Mr. Pinot's personal laptop this coming week to remove RIVOS_0287440, RIVOS_0189369, RIVOS_0236953, RIVOS_0109775, and RIVOS_0287439 (exhibits from Mr. Pinot's deposition), as well as any other documents potentially containing Apple confidential information (to the extent such documents were not already removed as part of prior remediation efforts).

We request that you provide this information no later than Friday, February 24.  If you are not willing to confirm by next Tuesday that you will do so, please provide your availability to meet and confer on Wednesday, February 22.

Given the above, we don't believe that it is necessary to meet and confer further.  If you disagree, we are available at 10 AM on Friday, February 24.


Regards,
Shaun


Best,
Elle

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Thursday, February 9, 2023 22:35

**To:** deLacy, Shaun Patrick <SdeLacy@mofo.com>; Stephens, Matthew R. <MStephens@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**External Email**

---

Shaun,

We are considering the issues you raised in your email and discussing them with our clients.  We will respond as soon as we are able to do so.

We are also working to complete our production of documents relating to the individual defendants whose depositions Apple has noticed so that Apple can review those documents before the depositions.

On the document production front, we note that Defendants have already produced 236,919 pages of documents.  On the other hand, even though Defendants' first set of document requests were served more than seven months ago on July 6, 2022, Apple has yet to produce a single page of documents in response to Defendants' document requests.

Discovery is a two-way street.  Apple cannot continuously demand more discovery from Defendants while ignoring its own discovery obligations.  Please provide us with a date certain by which Apple intends to start producing documents in response to all of Defendants' outstanding document requests.

Best,
Elle

---

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Thursday, February 9, 2023 2:04 PM
**To:** Stephens, Matthew R. <MStephens@mofo.com>; Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**[EXTERNAL EMAIL from sdelacy@mofo.com]**

---

Elle –

We have not received a response to our previous email.  Please provide by end-of-day today either your response or your availability to meet and confer tomorrow.

Regards,
Shaun

---

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Tuesday, February 7, 2023 21:49
**To:** Stephens, Matthew R. <MStephens@mofo.com>; Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>

**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Elle –

We write to further follow up on Defendants' responses to our initial questions.  Our follow up is in-line below, in green.  Please confirm Defendants' agree to provide the requested documents and information and a date certain by which Apple can expect your responses and supplemental production, or provide your availability to meet and confer on Friday, February 10.

---

**From:** Stephens, Matthew R. <MStephens@mofo.com>
**Sent:** Friday, January 27, 2023 22:11
**To:** Elle Wang <ellewang@quinnemanuel.com>; deLacy, Shaun Patrick <SdeLacy@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Elle –
We understand from David Eiseman's January 17, 2023 letter and your email below that Rivos' vendor, Setec, has remediated certain Apple confidential material from the devices associated with the individuals identified in the September 14, 2022 Roffman Declaration. *See* Eiseman January 17, 2023 Letter at 5 & n.1.  We were surprised to learn that Rivos apparently deleted this information without first consulting Apple on the procedure for doing so. We will need to understand whether Rivos' "remediation" efforts resulted in the loss of any metadata from the affected devices. Going forward, we ask that you consult with us before any future deletions so that an appropriate protocol can be implemented to ensure no metadata is lost.

Regards,
Matt

**MATTHEW STEPHENS**
Associate
MStephens@mofo.com
T +1 (737) 309-0664
M +1 (737) 297-3565

**ꟿ0RRISON FOERSTER**

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Thursday, January 26, 2023 4:38 PM
**To:** deLacy, Shaun Patrick <SdeLacy@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**External Email**

---

Shaun,

As a general matter, Defendants object to Apple's rhetoric and mischaracterizations of Defendants' remediation and segregation efforts or any insinuation that Defendants' remediation and segregation efforts are in any way deficient.  Your email on January 20 also contains a number of incorrect assumptions which are clearly explained in our January 17 letter.  Nonetheless, Defendants respond to each of your points in line below in <span style="color:red">red</span>.

---

**From:** Elle Wang
**Sent:** Tuesday, January 24, 2023 1:43 PM
**To:** deLacy, Shaun Patrick <SdeLacy@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Shaun,

It has been less than two business days since we received your email.  Apple's repeated attempt to set arbitrary deadlines by which it demands a response is inappropriate and counterproductive.  We have been in communications with our document production vendor and forensics investigation vendor to discuss the various issues you raised in order to provide a fulsome, accurate response to your lengthy email, which we will provide in a timely manner.

As we have repeatedly stated, we are open to discussing later deposition dates that you prematurely noticed, but Apple insisted on taking these depositions knowing document production is not yet complete and that we will only make each deponent available once.  In any event, if Apple insists on going forward with taking Mr. Hardage's deposition next week, we can confirm for you that all responsive, non-privileged custodial documents of Mr. Hardage identified by counsel, including documents contained on the two USB drives and documents responsive to Apple's additional search terms requested in its December 26, 2022 email, will be produced prior to February 1.

Best,
Elle

---

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Tuesday, January 24, 2023 12:15 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**[EXTERNAL EMAIL from sdelacy@mofo.com]**

---

Elle –

We have yet to receive your responses to our questions for last Friday.  Please provide by close-of-business today your responses to all of the requests from my email below.  We are especially concerned by your continued silence as to the nature of your January 17 production, which appears to fall far short of what the parties agreed to on record at the December 1, 2022 discovery hearing.  We have depositions coming up, including the deposition of Jim Hardage on February 1, and the lack of information is prejudicing our ability to prepare for them.  We do not even know at this point whether you have searched for documents on Mr. Hardage's two USB drives, whether you are withholding documents taken by Mr. Hardage that were found in response to Rivos' search terms, or whether you are prioritizing producing documents for Mr. Hardage and the other deponents in advance of their depositions as we discussed.

Regards,
Shaun

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Monday, January 23, 2023 12:28
**To:** Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

Elle –

Following up, please provide by close-of-business today your responses to the questions in my email for which we requested responses by end-of-day Friday.

Best,
Shaun

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Friday, January 20, 2023 18:42
**To:** deLacy, Shaun Patrick <SdeLacy@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

<mark>External Email</mark>

Hi Shaun,

We are in receipt of your email and the issues you raised therein and will respond in due course.

Best,
Elle

**From:** deLacy, Shaun Patrick <SdeLacy@mofo.com>
**Sent:** Friday, January 20, 2023 2:12 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Defendants' Discovery Responses & Correspondences

<mark>[EXTERNAL EMAIL from sdelacy@mofo.com]</mark>

Elle –

We are writing in response to your production letters of January 17.  It appears from your letters that Defendants are withholding documents identified by searches using Defendants' December 12 proposed search terms, contrary to the parties' December 1, 2022 record agreements and subsequent discussions.  For example, you state, for each Defendant and Messrs. Yang and Phansalkar, that "[a]ny non-privileged, responsive documents will be produced and remediated (to the extent not already remediated) *after* Setec completes the additional searches requested by Apple in its December 26, 2022 letter."  (Jan. 17, 2023 Eiseman Ltr. (the "Eiseman Letter") at 6-9 (emphasis added).)  Given the impending depositions, we ask that you let us know by end of day today whether you are withholding production of, or

have otherwise yet to produce, any documents identified during your search using Defendants December 12 search terms and, if so, your basis for doing so.

Rivos confirms that it is not withholding any responsive, non-privileged documents identified during its search using the search terms Defendants disclosed in their December 12 letter.  Responsive, non-privileged documents have been produced unless they (1) contain Rivos confidential or trade secret information (unrelated to Apple); (2) contain sensitive personal information; or (3) have technical issues and are thus currently unreviewable.  We are investigating the technical issues and will produce any responsive documents once those issues have been resolved.  As explained in our January 17 letter, Setec will **remediate** any additional documents after it completes the additional searches requested by Apple.

Could you please provide more detail on the nature of technical issues and "unreviewable" documents?  In particular, are certain files corrupted or are they unreviewable due to their nature (*e.g.*, file extension, format) and how many documents this has impacted?

We would also like to understand, by end of day today, your statement that "no documents were identified on Rivos-issued devices or servers based on the file path information provided in the September 14, 2022 Roffman Declaration, as the file paths from Apple-issued devices cannot be mapped onto Rivos-issued devices or servers. A unique hash value for each document must be provided to enable this search." (Eiseman Ltr. at 5.)  Your letter is the first time that you have raised this issue.  We have understood for many months now that you were searching the Rivos systems and devices for the documents that were identified by the file name in Appendix B to Dan Roffman's May 20 declaration, and subsequently in the September 14 declaration.  You never indicated that you were not able to conduct a search by file path or that you were not searching by hash value.  The hash value of those documents is available to, and has been available to Setec, this entire time as it can be retrieved by examining the devices.  But if you wanted Apple to provide those values, you should have raised this rather than mentioning it for the first time in your production letter.  Further, while Apple can provide hash values for most of the documents, it does not have access to all of the hash values – only Setec, for example, has access to the hash values of the documents that are contained on the file directories identified by Apple to which Mr. Hardage downloaded documents.  Please explain to us what Rivos has done to search for the file names on its systems and devices so that we can understand the nature of this problem and the parties can discuss a solution.  That solution will require Setec to provide hash values to at least those documents to which Apple does not have access.

As explained, the filepath information provided in the Roffman Declaration was generated using Apple-issued devices that cannot be mapped onto Rivos-issued devices or servers.  In other words, even if there were to be a matching file on both Apple-issued devices and Rivos-issued devices (and, based on our searches to date, we believe we have already identified any such instances), that file cannot be found on a Rivos-issued device by copying and pasting a filepath generated from an Apple-issued device.  The only way to accurately identify a matching file is by using a unique hash value.  Apple is wrong to suggest that those hash values are available to Setec.  Unless Apple agrees to produce the documents themselves (which we have repeatedly requested and Apple has refused) or their forensic images, only Apple is in the possession of the hash values of documents and must provide them to Defendants.

Apple suggests that Setec has access to the hash values of the documents found on Mr. Hardage's USB drives, but Mr. Hardage's USB drives are not "Rivos-issued devices or servers."  Additionally, Apple has not identified specific documents for Mr. Hardage, but rather full folders.  We have now produced non-privileged, responsive documents found on Mr. Hardage's USB drives.  But that does not change the fact that Apple still needs to provide all hash values for all other documents referred to in the Roffman Declaration in order for Setec to identify matching files on Rivos-issued devices and servers.

To be clear, Defendants have taken painstaking efforts to identify matching files using the filepath information provided in the Roffman Declaration, including, for example, searching for folder names and file names contained in the filepaths.  But that approach has resulted in false hits due, at least in part, to the fact that many of the file names Apple identified are generic names such as "███████" or "███████."

11

As explained in our January 17 letter, this issue is only with Rivos-issued devices and servers. Defendants have searched individuals' personal devices using the filepaths provided in the Roffman Declaration appendices and have produced all non-privileged, responsive documents that do not fall into one of the three categories mentioned above.

To the extent MD5 hash values are available for documents identified in the Roffman Declaration, we will provide such values to facilitate Defendants' additional searches. For certain documents, including Mr. Hardage's, the original documents are not available to Mr. Roffman or his team and so cannot be hashed. In those cases, Setec will need to derive the hash from the documents on defendants' devices in Setec's possession.

Finally, we would like to understand, by close of business today, whether Defendants plan to produce documents on a rolling basis in advance of the upcoming depositions and what the plan is for doing so.

Rivos confirms that it will produce any remaining nonprivileged, responsive documents on a rolling basis, prioritizing the custodial documents of Mr. Hardage, Mr. Pinot, and Mr. Wen.

Based on our preliminary review, we also see multiple issues with the production, and have additional questions. Apple may raise additional issues as we continue our review. We recognize that these will take longer to track down, and ask that you respond to the remaining issues by end of the day on Tuesday, January 24:

  We ask that you confirm our understanding of the following details of your search and related activities (Eiseman Ltr. at 5-9). We do not expect this information should be difficult to provide, as we are simply trying to understand what you are saying you have done:

- Personal devices for Defendants Pinot (iPhone, iPad) and Wang (laptop) were searched using the terms "Apple proprietary," "Apple confidential," "Apple trade secret," and "trade secret" only.

This is incorrect. Separate from and in addition to the current search, Rivos undertook remediation efforts in November 2022. During those sessions, Setec imaged the personal devices of Mr. Pinot (iPhone, iPad) and Mr. Wang (laptop), followed by a search using the terms "Apple proprietary," "Apple confidential," "Apple trade secret," and "trade secret." Setec removed the resulting documents and immediately reimaged the devices to ensure the integrity of metadata. All the original images are subject to the current search (search terms disclosed in Defendants' December 12, 2022 letter + September 14, 2022 Roffman Declaration appendices), as well as the additional search that Apple requested in its December 26 letter. Any responsive documents have been or will be produced. Setec will also remediate any additional responsive documents identified after it completes the additional search requested by Apple (and will reimage the devices and accounts after remediation).

- Personal devices and cloud-based storage for Defendant Rajamani (laptop, Google Drive, Gmail) were searched for files identified in Appendix E to the Sept. 14, 2022 Roffman Declaration and using the terms "Apple proprietary," "Apple confidential," "Apple trade secret," and "trade secret" only.

This is incorrect. Mr. Rajamani's personal devices were separately and additionally imaged, searched, and remediated in November 2022, as discussed above with respect to Messrs. Pinot and Wang.

- Personal devices for Defendant Hardage (desktop, iPad, iPhone) were searched using the terms "Apple proprietary," "Apple confidential," "Apple trade secret," "trade secret," and unidentified Apple project code names only.

This is incorrect.

Please explain how this statement is incorrect. In particular, please confirm whether Mr. Hardage's devices were remediated in the same manner as described above for Messrs. Pinot, Wang, and Rajamani. As we have stated in previous correspondence, we are concerned that the procedure for this "remediation" was never discussed with Apple

and that metadata may have been lost.  We again ask that the procedure for any further remediation of the devices of Mr. Hardage or anyone else be discussed in advance with Apple.  Additionally, please provide the additional Apple project code names used to search Mr. Hardage's devices as described in the Eiseman Letter and references above.

- Personal devices for Defendant Ye (iPhone) were searched for files identified in Appendix I of the Roffman Declaration only.

This is incorrect.

Please explain how this is incorrect.  In particular, please confirm whether Mr. Ye's devices were remediated as described above for Messrs. Pinot, Wang, and Rajamani, and if so, what searches were applied to Mr. Ye's device to locate responsive documents for remediation.

- Personal devices for Defendant Ye (laptop, two external hard drives that potentially had been connected to a device connected to Mr. Ye's personal iCloud account) were not searched.

During its efforts in November 2022, Setec sought to image Mr. Ye's personal laptop but discovered it was unable to do so because the current imaging software is incompatible with the latest OS system, to which Mr. Ye had upgraded shortly beforehand.  As a result, Setec took possession of Mr. Ye's personal laptop and Mr. Ye has not had access to it or any information on it since November 2022.  This segregation effort is described in Defendants' January 17 letter.

Additionally, Mr. Ye provided to Setec two external hard drives that may have been connected to a device that had connected to Mr. Ye's personal iCloud account.  Those two external hard drives are in Setec's possession and have been inaccessible to Mr. Ye since November 2022.  Apple has not alleged that either device contained any Apple confidential information.

Please confirm that Setec has sought or is seeking appropriate forensic imaging software to image and search Mr. Ye's personal laptop.  Additionally, please provide an expected timeline upon which Setec's review of Mr. Ye's laptop will be completed.

Please additionally confirm that Mr. Ye's external hard drives, which were previously unknown to Apple and which Defendants admit were connected to a device connected to Mr. Ye's iCloud account, will be searched for responsive documents using the parties' proposed sets of search terms.

- Prior to November 14, 2022, none of Defendant Pinot's personal iCloud drive, personal laptop (secondary), and personal iMac were segregated.

Mr. Pinot's secondary personal laptop and iMac have not been in use since at least the beginning of this lawsuit.  As part of Rivos' remediation/segregation efforts in November 2022, Mr. Pinot provided these two devices to Setec, even though Apple has not alleged that either device contained any Apple confidential information.

As for Mr. Pinot's iCloud drive, Defendants do not agree that it needs to be segregated given that most, if not all, of the documents stored on Mr. Pinot's iCloud drive are personal, and Mr. Pinot has not used the drive to access Apple confidential documents.  In an abundance of caution, however, Mr. Pinot voluntarily agreed to relinquish possession and access to his iCloud drive during Rivos' remediation efforts in November 2022.  Setec then took possession of Mr. Pinot's iCloud drive and has maintained possession since.

Your response suggests that there may be documents on Mr. Pinot's iCloud drive that are Apple documents that are not personal.  Please confirm whether this is the case and whether it has been searched.

- Prior to November 14, 2022, none of Mr. Ye's two external hard drives that potentially had been connected to a device connected to Mr. Ye's personal iCloud account were segregated.

During Rivos' remediation efforts in November 2022, Mr. Ye provided to counsel for Rivos two external hard drives that may have potentially connected to a device connected to Mr. Ye's personal iCloud account, even though Apple has not alleged that either device contained any Apple confidential information.  Nonetheless, these two external hard drives are in Setec's possession and their content cannot be accessed by Mr. Ye.

- This production does not include documents identified on personal devices for named defendants, including at least Mr. Hardage's two USB drives and these drive have not been searched.

As discussed in our January 17 letter, Mr. Hardage's two USB drives have been in Setec's possession and inaccessible to Mr. Hardage since at least June 20, 2022, before Mr. Hardage was named as a defendant in this case.  In any event, we have produced any nonprivileged, responsive documents from Mr. Hardage's USB drives that do not fall into one of the three categories described above.

Please confirm Defendants are not withholding any documents from Mr. Hardage's USB drives on the basis that they "have technical issues and are thus currently unreviewable."

- Rivos-issued devices for Defendants Pinot, Ye, Rajamani, Hardage, and Wang were searched using the terms "Apple proprietary," "Apple confidential," "Apple trade secret," and "trade secret" only.

This is incorrect.  As our January 17 letter made clear, the search using terms "Apple proprietary," "Apple confidential," "Apple trade secret," and "trade secret" was conducted separate from and in addition to the search using the search terms disclosed in Defendants' December 12 letter, the appendices to the September 14, 2022 Roffman Declaration, and the additional search requested by Apple.

- Setec did not access or investigate Mr. Wang's iCloud drive or Rivos devices on the basis that his system does not automatically sync to iCloud, despite that iCloud drives can be manually accessed via web browser on any computer system.

This is incorrect.  As our January 17 letter made clear, Mr. Wang's iCloud drive was collected and searched using the search terms disclosed in Defendants' December 12 letter, Appendix H to the September 14, 2022 Roffman Declaration, and the additional search requested by Apple.

- Mr. Wen's Rivos-issued laptop was provided to FTI for analysis.  (Eiseman Ltr. at 5.)

Mr. Wen's forensics protocol does not require Defendants to provide Mr. Wen's Rivos-issued laptop to FTI for analysis.  Nonetheless, Setec, rather than Mr. Wen, has been in possession of Mr. Wen's Rivos-issued laptop since at least June 1, 2022.

Please confirm that Mr. Wen's Rivos-issued laptop was searched using the search terms proposed by the parties and for documents in the appendices to the September 14, 2022 Roffman Declaration and that any responsive documents have been produced.

Additionally, we ask that you provide information about the following aspects of your production:

- Please identify the collection and segregation dates for each device identified on the table in the Eiseman Letter (pp. 1-2), to the extent not otherwise indicated in the Eiseman Letter.

This information was not required by the parties' agreement made on the record during the December 1, 2022 hearing.  Nevertheless, Defendants provided the dates on which they segregated various devices in their January 17 letter.  This is the first time Apple has requested the dates of collection for each device.  Please provide your basis for requesting this information now and we will consider the request.

This is certainly not the "first time" that Apple has requested this information and it is required by the parties' agreement.  We have been asking Rivos to tell Apple whether it collected and segregated these devices since the outset of the case.  Mr. Swedlow stated on the record in court that Rivos had and Rivos then retracted the statement.  And as part of the parties' agreement on the record, Defendants agreed to provide Apple "with a written description of their remediation and segregation efforts for all of the Apple documents that were located."  (Dec. 1 Hearing Tr. at 17.)  Obviously that includes the date of collection and segregation of the devices.  To the extent the Eiseman Letter provides segregation dates, it is not readily apparent which devices were segregated on which dates.  Please supplement the chart in the Eiseman Letter (pp. 1-4) with segregation dates for each device.  This information is relevant to Apple's claims and Rivos's defenses in this matter.  At a minimum, up until those segregations dates, the defendants continued to have access to the documents  to potentially  transfer or use any Apple confidential or proprietary information on a given device, and the information may have been transferred to or used by or for Rivos.  Please confirm immediately that you will provide us with these dates.

- Please describe how documents were or will be "remediated" as described in the Eiseman Letter and whether anyone (at Setec or otherwise) has validated the remediation by reviewing the post-remediation images of any remediated devices.  We would like to be consulted on this process to ensure no metadata is lost.

This information was not required by the parties' agreement made on the record during the December 1, 2022 hearing.  Nevertheless, Defendants described Setec's remediation process in Footnote 1 of their January 17 letter.

Defendants' cited "description" merely states that documents were "remediated," with images made before and after the purported "remediation."  It provides no details on how such remediation was carried out nor are we aware of an industry standard method for remediation that Setec may have followed.  Please describe the tools, methods, and procedure used by Setec to remediate Apple confidential documents located on defendants systems and devices.  This information is critical for Apple to determine the likelihood that any metadata was lost, and whether such remediation efforts were successful, complete, and irreversible.

- Please identify the forensic tools and eDiscovery processes used by Setec to collect, process, identify, and produce documents from Defendants devices and storage locations, including but not limited to which tools were used to extract and search for files from each device.

This information was not required by the parties' agreement made on the record during the December 1, 2022 hearing.  Please provide your basis for requesting this information and we will consider it.

This information, which will necessarily be disclosed by you as part of your forensic expert report, is necessary to assess the meaning and nature of captured metadata in produced documents.  For example, the forensic tools used to image and forensically analyze devices can impact certain access and modification dates associated with imaged documents, potentially obscuring or destroying underlying forensic information.  Additionally, understanding how Setec processed forensic images allows Apple to determine whether Setec's efforts may have, for example due to known technical limitations, omitted any Apple confidential material.

- Please identify the filesystem (*e.g.*, NFS, APFS) of each device or storage location searched by Setec.

This information is provided in Defendants' January 17 letter.

The filesystem for each device is not described in any way by the January 17 Eiseman Letter.  There is no reference to *any* filesystem in the Eiseman Letter.  Please promptly provide this information.

- Please provide an explanation for why numerous files, including from Defendants Wen, Pinot, Ye, Wang, and Hardage, have "Date Created" metadata for the same date and approximate time on one of 12/16/2022, 12/30/2022, 1/4/2023, and 1/10/2023.

Our understanding is that due to the nature of certain file types, including files stored on iCloud or other cloud-based storage such as Google Drive, the metadata automatically updates to the contemporaneous date that the documents were collected, extracted, and transferred to our document production vendor's hosting platform.  The dates you identified above are among the dates files were transferred from Setec to our document production vendor.

Please provide the basis for your understanding.

- Please provide search hit counts for all devices identified in the Eiseman Letter for (a) Defendants' December 12 search terms and (b) Apple's December 26 search terms.

The search terms that Defendants used were extremely broad and the vast majority of the documents that hit on search terms did not reflect any Apple confidential information.  The additional search terms requested by Apple are even broader, resulting in even more nonresponsive hits.  Given the above, we do not believe hit counts are relevant.

Although we dispute that hit counts are not relevant, we are willing to forego our request with your assurance that all responsive documents identified by the parties' search terms have now been produced.

Lastly, we have identified the following issues in your production which need to be addressed.  Please confirm by January 24 that you will address these and that you will provide the information requested by the end of next week:

- We do not have filepath information for every document.  A number of documents indicate that a portion of the filepath was "[Truncated]" or otherwise suppressed, such as RIVOS_0135998.  Please provide full filepath information for every document.

The filepath for RIVOS_0135998, or any other document in our January 17 production, does not appear to be "truncated" on our end.  We are looking into this issue and will get back to you, but Apple may need to speak with its own document platform vendor.  This request is also overly burdensome due to the sheer volume of documents.  Defendants do not agree that Apple can, in good faith, claim each document hitting on Apple's search terms or identified in the Roffman Declaration appendices to be Apple's trade secret or even Apple confidential information.  For example, the very document you cited, RIVOS_0135998, appears to be a collage of the images of a bird, a fruit platter, a leis flower, and a waterfall:



Nonetheless, if Apple identifies a list of documents that it in good faith believes to be Apple trade secret and/or Apple confidential and that appear to have incomplete metadata, Defendants are willing to provide any missing metadata, to the extent they exist.

The document Apple identified was merely an example to illustrate the deficiencies in Defendants' metadata. Defendants' request for identification of relevant documents improperly shifts Defendants' discovery burdens to Apple. As you have previously explained, including above, "[r]esponsive, non-privileged documents have been produced unless they (1) contain Rivos confidential or trade secret information (unrelated to Apple); (2) contain sensitive personal information; or (3) have technical issues and are thus currently unreviewable." Defendants cannot now withhold critical information about these produced documents, which you admit are responsive to Apple's discovery requests, including those related to Apple's trade secrets and confidential information. Further, Defendants' refusal to explain how Setec forensically examined Defendants' devices and storage locations makes it impossible for Apple to assess any purported burden related to producing all available metadata, including metadata which Setec has already forensically recovered. Please confirm you will promptly produce all metadata, including forensically-recovered information, for all produced documents.

- In many instances, where duplicate documents were identified, it is apparent that metadata was suppressed other than for the produced copy (*e.g.*, RIVOS_0135998 includes multiple filepaths indicating suppressed duplicates and related metadata). To the extent that duplicates of a responsive document were identified, provide complete metadata for any such duplicates.

This request is overly burdensome due to the sheer volume of documents. Again, if Apple identifies a list of documents that it in good faith believes to be Apple trade secret and/or Apple confidential and that appear to have incomplete metadata, Defendants are willing to provide metadata for duplicative documents, to the extent they exist.

Defendants' request for identification of relevant documents improperly shifts Defendants' discovery burdens to Apple. As you have previously explained, including above, "[r]esponsive, non-privileged documents have been produced unless they (1) contain Rivos confidential or trade secret information (unrelated to Apple); (2) contain sensitive personal

information; or (3) have technical issues and are thus currently unreviewable." Defendants cannot now withhold critical information about these produced documents, which you admit are responsive to Apple's discovery requests, including those related to Apple's trade secrets and confidential information. Further, Defendants' refusal to explain how Setec forensically examined Defendants' devices and storage locations makes it impossible for Apple to assess any purported burden related to producing all available metadata, including metadata which Setec has already forensically recovered. Please confirm you will promptly produce all metadata, including forensically-recovered information, for all produced documents, including any duplicates previously suppressed from production.

- For many files, , only the embedded content files were produced (*e.g.*, embedded files for "████████ ████████" were produced, but the keynote itself was not). Please produce "container" files and related metadata for Apple documents such as keynotes.

This request is overly burdensome due to the sheer volume of documents. If Apple identifies a list of documents that it in good faith believes to be Apple trade secret and/or Apple confidential and that appear to lack "container" files and related metadata, Defendants are willing to provide that information, to the extent it exists.

Defendants' request for identification of relevant documents improperly shifts Defendants' discovery burdens to Apple. As you have previously explained, including above, "[r]esponsive, non-privileged documents have been produced unless they (1) contain Rivos confidential or trade secret information (unrelated to Apple); (2) contain sensitive personal information; or (3) have technical issues and are thus currently unreviewable." Defendants cannot now withhold critical information about these produced documents, which you admit are responsive to Apple's discovery requests, including those related to Apple's trade secrets and confidential information. Further, Defendants' refusal to explain how Setec forensically examined Defendants' devices and storage locations makes it impossible for Apple to assess any purported burden related to producing all available container files. Please confirm you will promptly produce all container files (*e.g.*, .key, .numbers) for produced documents.

- For many documents we are unable to identify the source device from which the documents came. Please provide metadata sufficient to identify the source device(s).

Whether a document came from an individual's personal device, an individual's Rivos-issued device, or from a Rivos server is readily apparent from the custodian and filepath information.

The metadata provided is insufficient to identify which particular one of an individual's personal devices the document was produced from. For instance, the filepath for RIVOS_0142898 is ████████████████████████ ████████████████████. This filepath does not identify the source device and the name of the root directory or hard drive (*e.g.*, "████████") on which a file was located is insufficient to determine the identity of the source device.

- For a number of emails we do not have complete email families and/or do not have the metadata for the email or attachments. (*e.g.*, RIVOS_0003232 is an email attachment for which no cover email or email metadata was produced). Please provide complete email families and metadata for all produced emails and email attachments, including at least To, From, CC, BCC, Subject, Received Date, and Sent Date.

If Apple identifies a list of documents that it in good faith believes to reflect Apple trade secret and/or Apple confidential information and that are missing family members, Defendants are willing to produce their family members and related metadata, to the extent they exist.

Defendants' request for identification of relevant documents improperly shifts Defendants' discovery burdens to Apple. As you have previously explained, including above, "[r]esponsive, non-privileged documents have been produced unless they (1) contain Rivos confidential or trade secret information (unrelated to Apple); (2) contain sensitive personal information; or (3) have technical issues and are thus currently unreviewable." Defendants cannot now withhold critical information about these produced documents, which you admit are responsive to Apple's discovery requests, including

those related to Apple's trade secrets and confidential information.  Further, Defendants' refusal to explain how Setec forensically examined Defendants' devices and storage locations makes it impossible for Apple to assess any purported burden related to producing all available metadata and complete email families, including metadata which Setec has already forensically recovered.  Please confirm you will promptly produce complete email families and all metadata, including forensically-recovered information, for all produced documents.

Regards,
Shaun

Best,
Elle

Regards,
Shaun

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Tuesday, January 17, 2023 22:08
**To:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** Apple v. Rivos - Defendants' Discovery Responses & Correspondences

**External Email**

---

Counsel,

Please find attached for service.

Best,
Elle

**Elle Wang**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6429 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
ellewang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

=====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.