# EXHIBIT 2

**quinn emanuel** trial lawyers | chicago

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606-1881 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7488**

WRITER'S EMAIL ADDRESS
**stephenswedlow@quinnemanuel.com**

May 11, 2022

Bryan Wilson
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5603
bwilson@mofo.com

Re:     Apple Inc. v. Rivos, Inc. et al, Case No. 5:22-cv-02637-NC (N.D. Cal.)

Counsel,

We write in response to your May 9, 2022 letter.

As we previously stated, although we have no reason to believe that Rivos or any Rivos employee has misappropriated any Apple proprietary or trade secret information, we take Apple's allegations seriously.  To that end, Brian Wallenfelt's May 4, 2022 letter stated that "Rivos intends to comply fully with its data preservation obligations in view of your complaint and letters, and we have also conveyed to our employees the importance of complying with these obligations."  We confirm that Rivos and Mr. Wen are complying with their document preservation obligations.

We likewise confirm that Mr. Wen has not used or disclosed any Apple proprietary or trade secret information in connection with his employment at Rivos.  Going forward, Mr. Wen will continue to not use or disclose any Apple proprietary or trade secret information.

With respect to Rivos, your suggestion that Rivos is waiting for additional information before initiating its investigation is not well-taken.  We have begun interviewing the 43 former Apple employees currently employed by Rivos to whom Apple sent letters.  We will provide an update regarding our investigation on May 20, 2022 and anticipate being able to respond to the requests Apple made regarding each employee by May 31, 2022.  We have also confirmed that Rivos has sufficient onboarding processes in place to prevent the use of other companies' confidential or proprietary information for any purpose in Rivos' business.  In fact, every employee of Rivos, including the former Apple employees to whom Apple directed its letters, signed an agreement

**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI |
MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY |
STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

stating:

> I will not disclose to the Company, or use for its benefit, any confidential information or material in violation of the rights of my former employers or any third parties. I agree not to improperly use or disclose, or bring onto the premises of the Company, any confidential or proprietary information or material of any third party for which I have provided or currently provide service.

Although Rivos is willing to consider Apple's proposal for a neutral investigation, Rivos must first complete its own investigation regarding Apple's claims.  There is no reason for Apple to wait to provide information regarding what it believes a proper forensic investigation should entail.  Accordingly, we reiterate our request for the forensic information identified in Apple's Complaint and letters to Rivos employees so that we may search Rivos' systems for the alleged Apple information.  At present, we can conduct a search for certain keywords such as "Apple Confidential" or "Apple Trade Secret" but in order to conduct a fulsome investigation at the outset (and avoid the delay and disruption of multiple investigations), we need to understand the full scope of information that Apple would like us to search for and investigate.

Finally, we note that Apple still has not pointed to any facts regarding any Rivos-specific conduct to support its trade secret misappropriation claim against Rivos.  Indeed, Apple's July 9, 2021 letter that Apple faults Rivos for not responding to did not request a response.  And Apple's Complaint contains no allegations of any specific wrongful conduct by Rivos to support Apple's claim against Rivos; instead, Apple's allegations directed to Rivos are limited to allegations such as "Apple has reason to believe" and similar "information and belief"-type allegations.  *See* Complaint ¶¶ 4, 34, 37, 79-80.  If Apple has any other basis to believe Rivos is a proper defendant in this case beyond the allegations in its Complaint, please identify such basis as soon as practicable.

Nonetheless, in the spirit of cooperation, Rivos is diligently investigating each of Apple's allegations against every current Rivos employee, regardless of whether the person is currently represented by Quinn Emanuel.[1]  We trust that this commitment resolves Apple's threat to seek "extraordinary relief" from the Court.

We look forward to receiving the information requested, so that we may conduct a prompt and thorough forensic examination of Rivos' systems.

Sincerely,

*/s/ Stephen Swedlow*
Stephen Swedlow

---

[1]   Chien-Chih Yu, who appears to have received a letter from Apple, is not, and has never been, an employee of Rivos.  As we previously informed you, Bhasi Kaithamana ended his employment with Rivos and has retained separate counsel.