# EXHIBIT 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted pro hac vice* \)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:   (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 5:22-CV-2637-EJD |
| Plaintiff, | **DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, | Courtroom: 4 |
| Defendants. | Judge: Hon. Edward J. Davila |
| | Date Action Filed: April 29, 2022 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Wen Shih-Chieh a/k/a Ricky Wen ("Wen") hereby responds to the Requests for Interrogatories, Set One, propounded by Plaintiff Apple Inc. ("Apple") as follows.

**PRELIMINARY STATEMENT**

Wen's investigation, discovery, and analysis are ongoing. The responses to these Interrogatories are based on information presently available to Wen after a reasonable investigation. Wen reserves the right to supplement or amend these responses as further information and/or documents are identified, disclosed, or discovered. Wen's responses are without prejudice to his right to introduce as evidence any subsequently discovered or unintentionally omitted information and/or documents.

Wen's responses to these Interrogatories are not intended to be and shall not be construed as a concession or admission by Wen of the competency, relevance, materiality, privilege, or admissibility of the Interrogatories or his responses thereto, or of any document or information referred to in the Interrogatories or these responses. The fact that Wen has responded to any Interrogatory, or any part of any Interrogatory, does not imply or admit that he accepts or admits the existence of any facts stated or assumed by such Interrogatories. The failure of Wen to object to any of the Interrogatories on a specific ground shall not be construed as a waiver of his right to object at a later time on that ground or any additional grounds. Wen reserves the right to object to further discovery regarding the same subject matter as any Interrogatory, and to object to the introduction into evidence of any information provided in response to the Interrogatories.

Except as otherwise stated, capitalized terms as used herein shall have the meanings assigned to them by the Interrogatories. Wen's use of such defined terms does not imply or admit that he accepts or admits the existence of any facts assumed by such Interrogatories or defined terms or that he agrees with such defined terms.

**GENERAL OBJECTIONS**

1. Wen objects to these Interrogatories, including their Definitions, to the extent they attempt to impose upon Wen obligations beyond those imposed or authorized by the Federal Rules

1  of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule,
2  or regulation.
3      2.   Wen objects to these Interrogatories to the extent they seek information not
4  material or necessary to the prosecution and defense of this action.
5      3.   Wen objects to these Interrogatories to the extent they are vague, ambiguous,
6  overbroad, unduly burdensome, disproportionate to the needs of the action, unintelligible, or
7  otherwise lack particularity and thereby require Wen to engage in conjecture as to their meaning.
8  Wen's response to each Interrogatory is subject to his reasonable interpretation of such
9  Interrogatory.
10     4.   Wen objects to these Interrogatories to the extent they do not specify the
11 information sought with reasonable particularity.
12     5.   Wen objects to these Interrogatories to the extent they seek information or
13 documents protected by any relevant privilege or legal protection, including, without limitation,
14 the attorney client privilege, the work product doctrine, common interest privilege, or any other
15 applicable privilege (collectively, "Privileged Information").  Such information will not be
16 provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be
17 deemed a waiver of any privilege with respect to such information or of any work product doctrine
18 protections which may attach thereto.
19     6.   Consistent with the foregoing privileges, Wen will not produce discovery from
20 outside counsel retained in connection with this action in response to any Interrogatory
21 notwithstanding that such outside counsel may have acquired knowledge or information
22 responsive to that Interrogatory in the course of representing Wen.
23     7.   Wen objects to these Interrogatories to the extent their scope is not restricted to the
24 time period relevant to the allegations in the action or without reference to a reasonable and
25 relevant time period as overbroad, unduly burdensome, beyond the scope of the allegations in the
26 action, not relevant to any claim or defense, and not proportional, material, and necessary to the
27 prosecution or defense of the action.  Wen's response to each Interrogatory incorporates a
28 reasonable time period, taking into account the nature and scope of the Interrogatory.

8.  Wen objects to these Interrogatories to the extent they seek information that is already in the possession, custody, or control of Apple or otherwise equally accessible to Apple, including information available from public sources.

9.  Wen objects to these Interrogatories to the extent they seek information not within Wen's possession, custody, or control or purport to require Wen to seek information in the possession, custody, or control of third parties. Wen disclaims any obligation to obtain or produce information that is not within his possession, custody, or control. The voluntary production of information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

10. Wen objects to these Interrogatories to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Rivos' business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Rivos, or violate any agreement or order pursuant to which Rivos or Wen are precluded from disclosing such information. Any information provided by Wen in response to these Interrogatories is being provided for purposes of this action only. Wen reserves the right to withhold personal, private, or non-responsive information. Wen also objects to the use of any information provided in this action in any other action or proceeding and/or in any manner inconsistent with the any Confidentiality Order to be entered in this action. For the avoidance of doubt, any discovery provided to Apple will be governed by the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

11. Wen objects to these Interrogatories to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

12. Wen objects to these Interrogatories to the extent the information sought therein could be obtained through other, less burdensome discovery, such as document requests, and is not, therefore, the proper subject of an Interrogatory.

13. Wen objects to these Interrogatories to the extent they assume facts that do not exist.

14. Wen objects to these Interrogatories to the extent they seek information related to expert disclosure. Wen will comply with obligations related to expert disclosure in accordance with the schedule to be agreed upon by the parties or entered by the Court.

15. Wen objects to these Interrogatories as premature, including because Defendants have not responded Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

16. These Objections shall apply to each of the Interrogatories as if fully set forth therein.

## OBJECTIONS TO DEFINITIONS

1. Wen objects to the definition of "Rivos" to the extent it encompasses persons and entities other than Rivos Inc. and is overbroad, vague, and ambiguous with respect to which "predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing" they refer to. Except as stated otherwise in any response to a specific Interrogatory, Wen construes the term "Rivos" to encompass only Rivos Inc. and its employees and agents.

2. Wen objects to the definition of "Apple" to the extent it fails to encompass Apple's employees and agents. Except as stated otherwise in any response to a specific Interrogatory, Rivos construes the term "Apple" to encompass Apple and its employees and agents.

3. Wen objects to the definition "External Storage Device" to the extent is encompasses cloud storage services that are not devices, including iCloud Drive, Google Drive, OneDrive, DropBox, and other similar cloud service storages. Except as stated otherwise in any response to a specific Interrogatory, Wen construes the term "External Storage Device" to refer to physical devices that can be connected to a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, network attached storage (NAS) devices, external solid state drives, and external hard drives.

## RESPONSES TO REQUEST FOR INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You retained for any period of time after your termination by Apple, including the current location of each such document or information.

**RESPONSE TO INTERROGATORY NO. 1:**

Wen incorporates by reference his General Objections. Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Wen further objects to this Interrogatory to the extent it seeks Privileged Information. Wen further objects to this Interrogatory as premature, including because Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Wen responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Wen's response to Request for Production No. 1, as well as the parties' ongoing meet and confer discussions, Wen will provide the computing device, iCloud account, and Google Drive identified in the Declaration of Daniel Roffman in Support of Apple's Ex Parte Motion for a Temporary Restraining Order, Expedited Discovery, and Order to Show Cause (Dkt. No. 22-4), or forensic images thereof, following entry of a suitable inspection protocol.

Wen's investigation is ongoing. Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

**INTERROGATORY NO. 2:**

Describe how each of the Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You identified in response to Interrogatory No. 1 was retained, downloaded, transferred, or received by

1  You, including by identifying any External Storage Device(s) that was or were used to transfer or
2  store such documents and/or information.
3  **RESPONSE TO INTERROGATORY NO. 2:**
4       Wen incorporates by reference his General Objections. Wen further objects to this
5  Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous,
6  including without limitation through its use of the undefined term "Apple confidential documents
7  and information." Wen further objects to this Interrogatory to the extent it seeks information that
8  is not relevant to any claim or defense currently in this case and not proportional to the needs of
9  the case. Wen further objects to this Interrogatory to the extent it seeks Privileged Information.
10 Wen further objects to this Interrogatory as premature, including because Defendants have not
11 responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.
12      Subject to and without waiving the foregoing objections, based on the non-confidential
13 allegations in Apple's complaint, Wen responds as follows:
14      On August 2, 2021, Wen gave Apple notice that Wen was leaving the company. Before
15 leaving Apple, Wen transferred files from his Apple-issued devices onto three external hard drives
16 that Wen purchased to back-up personal files. Wen did not intend to transfer any Apple data to his
17 external hard drives. Wen only wanted to backup personal files and photos before returning his
18 Apple-issued devices to Apple. Before resigning, Wen transferred an entire folder from his
19 Apple-issued laptop onto one of the external hard drives. At the time, Wen thought the folder he
20 transferred only contained personal documents, photos, and videos.
21      Wen first learned that the folder he transferred to an external hard drive may have
22 contained some Apple files on April 29, 2022 when he received a letter from Apple's counsel
23 attaching Apple's complaint. The letter accused him of transferring data from an Apple-issued
24 device to an external hard drive, including some Apple confidential information. After he
25 received the letter, Wen briefly accessed his external hard drives to see what Apple's lawyers were
26 talking about, but did not review the contents of the files on the hard drives themselves or transfer
27 or copy these files in any manner. Wen has not accessed the materials on the hard drives since
28 then. He has only shared these hard drives and the files on them with a forensic examiner retained

by counsel representing Rivos and Wen. No one else has received or accessed these hard drives or the files on them. Wen turned over these hard drives to the forensic examiner and therefore does not have possession of, or access to, any of these hard drives.

While Wen has no reason to believe that it contains any Apple confidential, proprietary or trade secret information, in addition to the hard-drives, Wen has also turned over his work laptop to the forensic examiner for imaging.

Wen's investigation is ongoing. Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

**INTERROGATORY NO. 3:**

Describe in detail how, and by whom, each of the Apple confidential documents and information (excluding personnel documents, such as compensation memoranda and performance evaluations) that You identified in response to Interrogatory No. 1 has been accessed, transferred, disclosed, or used by You or any other Person(s) after the end of Your employment with Apple.

**RESPONSE TO INTERROGATORY NO. 3:**

Wen incorporates by reference his General Objections. Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Wen further objects to this Interrogatory to the extent it seeks Privileged Information. Wen further objects to this Interrogatory as premature, including because Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, and based on the non-confidential allegations in Apple's complaint, Wen responds as follows: Wen first learned that the folder he transferred to an external hard drive may have contained some Apple files on April 29, 2022 when he received a letter from Apple's counsel attaching Apple's complaint. The letter accused him of transferring data from an Apple-issued device to an external hard drive, including some Apple confidential information. After he received the letter, Wen briefly accessed his external hard

drives to see what Apple's lawyers were talking about, but did not review the contents of the files on the hard drives themselves or transfer or copy these files in any manner. Wen has not accessed the materials on the hard drives since then. Wen has only shared these hard drives and the files on them with a forensic examiner retained by counsel representing Rivos and Wen. No one else has received or accessed these hard drives or the files on them. Wen turned over these hard drives to the forensic examiner and therefore does not have possession of, or access to, any of these hard drives.

As to Wen's iCloud account, the only Apple documents that have been identified to date are draft performance assessments from 2020 of four Apple employees,[1] whom Wen managed, totaling 16-pages of entirely non-technical information. Because Wen modified these documents in 2020 (at the request of his manager during his employment at Apple) using iCloud note, they were saved to his iCloud account; Defendants' forensic examiner has confirmed they were loaded into the iCloud account in 2020. These same documents were also found on Wen's Rivos laptop as a result of an automatic syncing process that occurs when a user logs into his iCloud account from a new device. More specifically, when Wen accessed his iCloud account for the first time after receiving his Rivos-issued laptop, the iCloud account and the device automatically synced, which resulted in copies of the files in the iCloud account being automatically stored in the new laptop and vice versa.

As to Wen's Google drive, Defendants' forensic examiner found seven bank statements, dated 2015, for Article Circle, LLC. While these documents were identified in Appendix B to the Roffman Declaration, they do not have any connection to Apple. Rather, they reflect rent payments for an investment property that Wen owns with his wife.

Wen's investigation is ongoing. Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

---

[1] None of these employees have been hired by Rivos.

**INTERROGATORY NO. 4:**

Describe in detail all Apple confidential document and/or information (excluding personnel documents, such as compensation memoranda and performance evaluations) which you have deleted, wiped, scrubbed, removed, or otherwise rendered inaccessible on Your External Storage Devices since accepting your offer of employment from Rivos, including by identifying when, by whom, and how this occurred.

**RESPONSE TO INTERROGATORY NO. 4:**

Wen incorporates by reference his General Objections. Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Wen further objects to this Interrogatory on the grounds that it seeks information about an overbroad and irrelevant timeframe. Wen further objects to this Interrogatory to the extent it seeks Privileged Information. Wen further objects to this Interrogatory as premature, including because Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Wen responds as follows: Following a good faith investigation, Wen has no knowledge that he deleted, wiped, scrubbed, removed, or otherwise rendered inaccessible in his External Storage Devices any Apple confidential information or documents as described in this Interrogatory since his employment at Apple ended.

Wen's investigation is ongoing. Wen reserves all rights to amend or supplement his objections and/or responses as his investigation continues.

| | | |
|---|---|---|
| 1 | DATED: June 15, 2022 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By  */s/ Stephen Swedlow* |
| 6 | | STEPHEN SWEDLOW |
| | | DAVID EISEMAN |
| 7 | | VICTORIA B. PARKER |
| 8 | | Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen |