# EXHIBIT 8

1 | BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
2 | KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
3 | MORRISON & FOERSTER LLP
755 Page Mill Road
4 | Palo Alto, California  94304-1018
Telephone: 650.813.5600
5 | Facsimile: 650.494.0792

6 | ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
7 | DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
8 | MORRISON & FOERSTER LLP
425 Market Street
9 | San Francisco, California 94105-2482
Telephone: 415.268.7000
10 | Facsimile: 202.887.0763

11 | MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
12 | MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
13 | Washington, District of Columbia 20037
Telephone: 202.887.1500
14 | Facsimile: 415.268.7522

15 | Attorneys for Plaintiff
APPLE INC.

16

17 | UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
18

SAN JOSE DIVISION
19

20 | APPLE INC., a California corporation,

Plaintiff,
21

v.
22

23 | RIVOS, INC., a Delaware corporation; WEN
SHIH-CHIEH a/k/a RICKY WEN, and BHASI
KAITHAMANA,
24

Defendant.
25

Case No.    5:22-cv-02637-EJD

**APPLE INC.'S SECOND SET OF
INTERROGATORIES TO
DEFENDANT RIVOS, INC.**

Courtroom: 4
Judge: Hon. Edward J. Davila

Date Action Filed: April 29, 2022

26

27

28

1   PROPOUNDING PARTY:   PLAINTIFF APPLE INC.

2   RESPONDING PARTY:    DEFENDANT RIVOS, INC.

3   SET NO:              TWO

4       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and as authorized by

5   the Court, Plaintiff Apple Inc. ("Apple") requests that Defendant Rivos, Inc. ("Rivos") answer the

6   following interrogatories in the manner set forth in the Federal Rules of Civil Procedure.

7   **DEFINITIONS**

8       The following words, terms, or phrases shall, for purposes of the Interrogatories, have the

9   meanings specified, unless otherwise expressly stated in the Interrogatories:

10       1.      "You", "Your" and/or "Rivos" means Rivos, Inc., including without limitation, its

11   predecessors, successors, present and former officers, directors, employees, representatives,

12   agents, all persons or entities acting or purporting to act or that have acted or purported to have

13   acted on behalf of any of the foregoing.

14       1.      "Apple" means Apple Inc.

15       2.      "SoC" means system-on-chip.

16       3.      "Computing Device" means any device that includes a processor, memory, and

17   storage capabilities.

18       4.      "External Storage Device" means any device can be connected to (e.g., physically

19   or wirelessly) a Computing Device and used to store data transferred from the Computing Device,

20   including mass storage devices, USB storage drives, network attached storage (NAS) devices,

21   cloud storage services (e.g., iCloud Drive, Google Drive, OneDrive, DropBox), external solid

22   state drives, and external hard drives.

23       5.      "Rivos Computing Device" means any Computing Device used in connection with

24   work performed for Rivos, including but not limited to Computing Devices located at Rivos'

25   corporate offices and Computing Devices used by Rivos employees in the course of their

26   employment at Rivos.

27

28

6.      "Document" has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and "writing(s)" and "recording(s)" under Rule 1001 of the Federal Rules of Evidence.

7.      "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

8.      "Person(s)" means natural persons as well as business entities and other organizations and associations, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

## INTERROGATORIES

### INTERROGATORY NO. 5:

Describe all Communications with any third party concerning this lawsuit or the allegations against Rivos in this lawsuit, including without limitation, describing the nature of Rivos' relationship with such third party and by identifying the three persons most knowledgeable about such information.

1   **INTERROGATORY NO. 6:**

2        State whether any data originating from Apple relating to SoCs or SoC components

3   currently resides or has ever resided on any Rivos Computing Device or External Storage Device

4   and describe with particularity each item, including without limitation, by identifying its (i) file

5   name; (ii) location; (iii) creation date; (iv) last modified date; and, if applicable, (v) deletion date.

6   For avoidance of doubt, a complete answer to this Interrogatory should include (a) any intentional

7   introduction of Apple confidential information to Rivos Computing Devices, and (b) any

8   automatic syncing of Apple confidential information to Rivos Computing Devices, including but

9   not limited to the automatic syncing described in Paragraph 8 of the Declaration of Wen Shih-

10  Chieh a/k/a Ricky Wen (Dkt. 40-2) and Pages 7–8 of Defendants' brief at Dkt. 40.

11  **INTERROGATORY NO. 7:**

12       Identify all Computing Devices or External Storage Devices that were in the possession of

13  a current or former Rivos employee that You have collected to determine whether any Apple

14  confidential documents or information relating to SoCs or SoC components was stored on such

15  Computing Devices or External Storage Devices, including the identity of the Person from whom

16  You obtained each such Computing Device or External Storage Device.

17  **INTERROGATORY NO. 8:**

18       Describe Your policies, processes, practices, or methods for determining whether a Rivos

19  employee who was formerly at Apple has retained any Apple confidential documents or

20  information relating to SoCs or SoC components upon departing Apple, including any

21  Communications with that employee before they joined Rivos, any investigation conducted by

22  You regarding whether that employee retained any Apple confidential documents or information

23  relating to SoCs or SoC components, and identify the three persons most knowledgeable about

24  such policies, processes, practices, or methods.

25  **INTERROGATORY NO. 9:**

26       Describe in detail Your Communications with former Apple employees hired by Rivos

27  with regard to removing data from Apple-issued devices, including but not limited to the

28

1   Communications described in paragraphs 5–7 of the Declaration of Puneet Kumar (Dkt. 40-1),

2   and identify the three persons most knowledgeable about such Communications.

3   **INTERROGATORY NO. 10:**

4       Describe Your policies, processes, practices, or methods for determining that Rivos

5   employees are complying with any agreements to not bring third party confidential information to

6   Rivos, including but not limited to the agreement described in paragraph 10 of the Declaration of

7   Puneet Kumar (Dkt. 40-1), and identify the three persons most knowledgeable about such

8   policies, processes, practices, or methods.

9   **INTERROGATORY NO. 11:**

10      Describe any Communications You exchanged with any former Apple employee via an

11  encrypted messaging service prior to the date on which that former Apple employee started work

12  at Rivos, including but not limited to messages sent via WhatsApp, Telegram, or Signal, and a

13  summary of the subject matter of such Communications.

14  **INTERROGATORY NO. 12:**

15      Describe any Communications between You and any current Apple employee regarding

16  Rivos, SoCs or SoC components, or any potential or offered employment, including but not

17  limited to identifying the means of communication, the dates on which such Communications

18  occurred, the identities of any Rivos employees involved in such Communications, and

19  summarizing the subject matter of such Communications.

20

21  Dated:        July 7, 2022                MORRISON & FOERSTER LLP

22

23                                  By:   */s/Bryan Wilson*
                                          BRYAN WILSON
24
                                          Attorneys for Plaintiff
25                                        APPLE INC.

26

27

28

APPLE INC.'S INTERROGATORIES TO RIVOS, INC., SET TWO
CASE NO. 5:22-CV-02637-EJD                                                    4