# EXHIBIT 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:     (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants Rivos Inc.,
Wen Shih-Chieh a/k/a Ricky Wen,
Jim Hardage, Weidong Ye, Laurent Pinot,
Prabhu Rajamani, and Kai Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>          v.<br><br>RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>               Defendants. | Case No. 5:22-cv-02637-EJD<br><br>**DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES**<br><br>Courtroom: 4<br><br>Judge: Hon. Edward J. Davila<br><br>Date Action Filed: April 29, 2022 |

DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S
SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Wen Shih-Chieh a/k/a Ricky Wen ("Wen") hereby responds to the Interrogatories, Set Two ("Interrogatories"), propounded by Plaintiff Apple Inc. ("Apple") as follows.

### **<u>RESERVATION OF RIGHTS</u>**

Wen's responses to the Interrogatories ("Responses") are based on Wen's interpretation and understanding of the Interrogatories based on his current knowledge, understanding, and belief as to the facts and information available to him as of the date of these Responses.  Additional discovery and investigation may lead to additions to or changes in these Responses.  These Responses, therefore, are being given without prejudice to Wen's right to revise, amend, correct, supplement, modify or clarify his Responses.  Wen also reserves the right to produce subsequently discovered information and to introduce such subsequently discovered information at the time of any hearing or trial in this case.

In responding to these Interrogatories, Wen does not waive any objection that may be applicable to:  (a) the use for any purpose of any information or documents given in response to the Interrogatories, or (b) the authenticity, admissibility, relevancy, or materiality of any of the information to any issue in this case.

Wen also does not waive any objection made in these Interrogatories, or any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to Apple's Interrogatories.  The inadvertent disclosure of such information or the inadvertent identification or production of any documents shall not constitute a waiver of any applicable privilege as to that document or any other document identified or produced by Wen.

Neither the fact that Wen has provided information in response to the Interrogatories nor the Responses themselves should be construed as a waiver of any objections or construed as an admission or acknowledgement that such Interrogatories are proper; that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery; that such documents or information are properly discoverable; or that other such discovery requests will be treated in a similar fashion in this or any other proceeding.

All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents herein are expressly reserved.

## **GENERAL OBJECTIONS**

1.     Wen objects to these Interrogatories to the extent they attempt to impose upon Wen obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2.     Wen objects to these Interrogatories to the extent they are irrelevant, ambiguous, overly overbroad, unduly burdensome, disproportionate to the needs of the case, unintelligible, or otherwise lack particularity and thereby require Wen to engage in conjecture as to their meaning.

3.     Wen objects to these Interrogatories to the extent they do not specify the documents or information sought with reasonable particularity.

4.     Wen objects to these Interrogatories to the extent they seek documents or information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information").  Such documents and information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such documents or information, or of any work product doctrine protections which may attach thereto.

5.     Consistent with the foregoing privileges, Wen will not produce discovery from outside counsel retained in connection with this matter in response to any Interrogatory notwithstanding that such outside counsel may have acquired documents, knowledge or information responsive to that Interrogatory in the course of representing Wen.

6.     Wen objects to these Interrogatories to the extent their scope is not restricted to the time period relevant to the allegations in the case, or without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, beyond the scope of the allegations in the case, not relevant to any claim or defense, and not proportional, material and necessary to the prosecution or defense of the case.  Wen's response to each Interrogatory incorporates a reasonable time period, taking into account the nature and scope of the Interrogatory.

7.      Wen objects to these Interrogatories to the extent they seek documents or information that is already in the possession, custody, or control of Apple or otherwise equally accessible to Apple, including documents and information available from public sources.

8.      Wen objects to these Interrogatories to the extent they seek documents or information not within Wen's possession, custody, or control or purport to require Wen to seek documents or information in the knowledge, possession, custody, or control of third parties.  Wen disclaims any obligation to obtain or produce documents or information that is not within his knowledge, possession, custody, or control.  The voluntary production of documents or information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

9.      Wen objects to these Interrogatories to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Wen, violate the privacy or proprietary rights of others, or breach any duty or regulatory requirement, or violate any agreement or order pursuant to which Wen is precluded from disclosing such information.  Any documents or information provided by Wen in response to the Interrogatories is being provided for purposes of this case only.  Wen reserves the right to withhold personal, private, or non-responsive documents or information.  Wen also objects to the use of any documents or information provided in this case in any other case or proceeding and/or in any manner inconsistent with any Confidentiality Order to be entered in this case.  For the avoidance of doubt, any discovery provided to Apple will be governed by the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

10.     Wen objects to these Interrogatories to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

11.     Wen objects to these Interrogatories to the extent they assume facts that do not exist.

12.     Wen objects to these Interrogatories to the extent they purport to impose a duty on Wen to undertake a search for documents or information beyond a diligent search of the centrally

located and reasonably accessible files and electronically stored information where there is a reasonable likelihood that relevant documents and information responsive to these Interrogatories may be located.

13. Wen objects to these Interrogatories to the extent they seek documents or information related to expert disclosure. Wen will comply with obligations related to expert disclosure in accordance with the schedule to be agreed upon by the parties or entered by the Court.

14. These Objections shall apply to each of the Interrogatories as if fully set forth therein.

## OBJECTIONS TO DEFINITIONS:

1. Wen objects to the definition of "Rivos" to the extent it encompasses persons and entities other than Rivos Inc. and is overbroad, vague, and ambiguous with respect to which "predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing" they refer to. Except as stated otherwise in any response to a specific Interrogatory, Wen construes the term "Rivos" to encompass only Rivos Inc.

2. Wen objects to the definition of "External Storage Device" to the extent it encompasses cloud storage services that are not devices, including iCloud Drive, Google Drive, OneDrive, DropBox, and other similar cloud service storages. Except as stated otherwise in any response to a specific Interrogatory, Wen construes the term "External Storage Device" to refer to physical devices that can be connected to a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, network attached storage (NAS) devices, external solid state drives, and external hard drives.

3. Wen objects to Apple's definition of "Document" to the extent it is inconsistent with, or purports to expand, Wen's obligations under the Federal Rules of Civil Procedure. Wen will interpret "Document" in accordance with the Federal Rules of Civil Procedure.

DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES

4.      Wen objects to Apple's definition of "Communication" as overbroad, vague, and unduly burdensome.  Wen will interpret "Communication" according to its ordinary and customary usage.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 5:**

Identify all Computing Devices or External Storage Devices in Your possession, custody, or control, or Rivos' possession, custody, or control, that have been connected to any of the three external hard drives identified in Paragraph 5 of Your June 3, 2022 declaration (Dkt. 40-2), or any other device on which Apple confidential documents or information were stored.

**RESPONSE TO INTERROGATORY NO. 5:**

Wen incorporates by reference his General Objections and Objections to Definitions.  Wen further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents or information."  Wen further objects to this Interrogatory to the extent it seeks Privileged Information.  Wen further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case.  Wen further objects to this Interrogatory to the extent it is duplicative of prior discovery served by Apple.

Subject to and without waiving the foregoing objections, Wen responds as follows: My home computer, a 2021 24-inch Mac.  I have surrendered all devices identified in Paragraph 5 of my June 3, 2022 declaration to Setec Investigations, and I understand that Setec Investigations has provided forensic images of those devices to FTI for analysis.  Those devices are therefore no longer within my possession, custody, or control.

Discovery is not complete, and Wen's investigation is ongoing.  Wen's Response is based on his knowledge to date following a reasonable investigation.  Wen reserves the right to amend his Response to this Interrogatory in accordance with the Federal Rules of Civil Procedure.

1   **INTERROGATORY NO. 6:**

2       Describe in detail all Communications between You and anyone at Rivos that related to

3   retaining or deleting Apple confidential information in your possession, custody, or control,

4   including the identity of the persons at Rivos with whom you communicated.

5   **RESPONSE TO INTERROGATORY NO. 6:**

6       Wen incorporates by reference his General Objections and Objections to Definitions.  Wen

7   further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague and

8   ambiguous, including without limitation through its use of the undefined term "Apple confidential

9   information."  Wen further objects to this Interrogatory to the extent it seeks Privileged

10  Information.  Wen further objects to this Interrogatory to the extent it seeks information that is not

11  relevant to any claim or defense currently in this case and not proportional to the needs of the case.

12  Wen further objects to this Interrogatory to the extent it is duplicative of prior discovery served by

13  Apple.  Wen further objects to this Interrogatory to the extent it seeks Privileged Information.

14      Subject to and without waiving the foregoing objections, Wen responds as follows: Prior to

15  my departure from Apple, Rivos instructed me to check to make sure no Apple work-related

16  documents had synced to any of my personal accounts or devices and, if they had, to remove those

17  documents before my departure.

18      Discovery is not complete, and Wen's investigation is ongoing.  Wen's Response is based

19  on his knowledge to date following a reasonable investigation.  Wen reserves the right to amend

20  his response to this Interrogatory in accordance with the Federal Rules of Civil Procedure.

21  **INTERROGATORY NO. 7:**

22      Identify and describe all Communications you received relating to Paragraph 9 of Your

23  June 3, 2022 declaration (Dkt. 40-2) wherein you stated "When I joined Rivos, I was told not to

24  bring any Apple confidential, proprietary, or trade secret information to my new job."

25  **RESPONSE TO INTERROGATORY NO. 7:**

26      Wen incorporates by reference his General Objections and Objections to Definitions.  Wen

27  further objects to this Interrogatory to the extent it seeks information that is not relevant to any

28  claim or defense currently in this case and not proportional to the needs of the case.  Wen further

1  objects to this Interrogatory to the extent it seeks Privileged Information.  Wen further objects to

2  this Interrogatory to the extent it is duplicative of prior discovery served by Apple.  Wen further

3  objects to this Interrogatory to the extent it seeks Privileged Information.

4          Subject to and without waiving the foregoing objections, Wen responds as follows: Prior to

5  my departure from Apple, Rivos instructed me to check to make sure no Apple work-related

6  documents had synced to any of my personal accounts or devices and, if they had, to remove those

7  documents before my departure.  Additionally, I signed an agreement with Rivos stating that I

8  would not bring third party confidential information to Rivos.

9          Discovery is not complete, and Wen's investigation is ongoing.  Wen's Response is based

10  on his knowledge to date following a reasonable investigation.  Wen reserves the right to amend

11  his response to this Interrogatory in accordance with the Federal Rules of Civil Procedure.

12  **INTERROGATORY NO. 8:**

13          Describe any Communications you exchanged with any Rivos employee via an encrypted

14  messaging service prior to the start of Your employment at Rivos, including but not limited to

15  messages sent via WhatsApp, Telegram, or Signal, and a summary of the subject matter of such

16  Communications.

17  **RESPONSE TO INTERROGATORY NO. 8:**

18          Wen incorporates by reference his General Objections and Objections to Definitions.  Wen

19  further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague and

20  ambiguous, including without limitation through its use of the term "encrypted."  Wen further

21  objects to this Interrogatory to the extent it seeks Privileged Information.  Wen further objects to

22  this Interrogatory to the extent it seeks information that is not relevant to any claim or defense

23  currently in this case and not proportional to the needs of the case.  Wen further objects to this

24  Interrogatory to the extent it is duplicative of prior discovery served by Apple.

25

26

27

28

DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S
SECOND SET OF INTERROGATORIES

Dated: August 8, 2022

QUINN EMMANUEL URQUHART &
SULLIVAN, LLP

By: */s/ Stephen Swedlow*
    Stephen Swedlow

Attorneys for Defendant Wen Shih-Chieh
a/k/a Ricky Wen

DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S OBJECTIONS AND RESPONSES TO APPLE INC.'S
SECOND SET OF INTERROGATORIES

1  **<u>VERIFICATION</u>**

2  I, Ricky Wen, declare:

3  I am a defendant in the lawsuit entitled *Apple Inc. v. Rivos Inc. et al.*, Case No. 5:22-CV-

4  2637-EJD.   I have read **DEFENDANT WEN SHIH-CHIEH A/K/A RICKY WEN'S**

5  **OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF**

6  **INTERROGATORIES** and know its contents.

7  The responses in the aforementioned document are true and correct of my own knowledge,

8  except as to those matters therein stated on information and belief, and, as to those matters, I

9  believe them to be true.

10  I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct.

12  Executed this 8th day of August, 2022.

13

14

15  By _____
       Ricky Wen

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 50 California Street, 22nd Floor, San Francisco, CA 94111.

On August 8, 2022, I served true and correct copies of the following document(s) described as **DEFENDANT RICKY WEN'S VERIFICATION OF HIS OBJECTIONS AND RESPONSES TO APPLE INC.'S SECOND SET OF INTERROGATORIES** on the interested parties in this action as follows:

BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California   94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 202.887.0763

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 415.268.7522

**BY ELECTRONIC MAIL TRANSMISSION:**   I personally transmitted to the person(s) named in the attached service list who has/have previously consented in writing to receive documents via electronic mail, to the email address(es) shown on the list, delivered on the date listed below, originating from an electronic e-mail address affiliated with Quinn Emanuel Urquhart & Sullivan. A true and correct copy of the above-described document(s) was transmitted by electronic transmission through the Quinn Emanuel Urquhart & Sullivan mail server, which did not report any error in sending the transmission.

//

//

//

//

VERIFICATION

1    I declare under penalty of perjury under the laws of the United States that the foregoing is
2 true and correct.

3    Executed on August 8, 2022.

4

5                                            /s/ Victoria B. Parker
                                             Victoria B. Parker
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28