# EXHIBIT 12

| | |
|---|---|
| **From:** | Elle Wang <ellewang@quinnemanuel.com> |
| **Sent:** | Thursday, March 23, 2023 1:42 PM |
| **To:** | Kuwayti, Kenneth A.; QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | RE: Apple v. Rivos: Employees with continuing access to Apple confidential information |
| **Categories:** | DM, #135544920 : 10684 : 0000738 : CDF1, #135541943 : 10684 : 0000738 : NMA2 |

**External Email**

> ⚠ **This message could be suspicious**
> - Similar name as someone in your company.
> - You've never replied to this person.
>
> Report or Mark Safe        Powered by Mimecast

Ken,

As we've made clear in prior correspondence, we strongly disagree with Apple's characterization of Defendants' efforts to locate, segregate, and remediate any Apple documents that former Apple employees working for Rivos may have retained after leaving Apple.  Nevertheless, in an effort to avoid further disputes on this issue, Defendants will agree to further segregate the subject devices and accounts by 5:00 pm Pacific tomorrow in the manner you requested in your March 21 email.  Specifically, Mr. Pinot will turn over his personal laptop; Rivos will disable Mr. Wen's access to his personal directory on Rivos' NFS system and Google Drive; and Setec will disable Mr. Ye's access to his personal iCloud account and Mr. Rajamani's access to his personal iCloud account.

While Defendants are willing to take these steps, many of them have very important personal documents—such as documents necessary to prepare tax returns—stored on the devices and accounts at issue.  Mr. Wen also has Rivos documents related to his ongoing Rivos work in his personal directory on Rivos' NFS system.  Therefore, Defendants' agreement to the above steps is conditioned on Apple's agreement (i) that Defendants be permitted to make copies of necessary personal documents on their personal devices and accounts before they lose access to those documents, (ii) Rivos IT be permitted to make copies of Mr. Wen's Rivos work-related documents and place those documents in a new directory on Rivos' NFS system, and (iii) to schedule a call with FTI in the next several days to discuss a protocol and timeline for FTI's forensic analysis of these devices and accounts so that the devices and accounts can be analyzed, remediated if necessary, and returned to Messrs. Pinot, Wen, Ye, and Rajamani as soon as practicable.  With respect to Mr. Wen's personal directory on the NFS system, Quinn Emanuel will work with Rivos IT to make sure that Rivos IT does not copy any folders that contain any Apple documents Mr. Wen may have retained after leaving Apple; if Apple would like FTI to monitor Rivos IT's copying of Mr. Wen's work-related files, Defendants would be fine with FTI participating in the process via zoom screen sharing.

Please let us know if Apple agrees to this proposal and if Apple is available to meet and confer tomorrow regarding the remediation protocol. Thank you.

Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Wednesday, March 22, 2023 4:40 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: Your proposed timeline is completely unrealistic.  To do this properly, among other things, we need to make sure that we have two copies of good forensic images (something evidently you did not do the last time), that those images have all the metadata that we care about, that we know everything that needs to be deleted from the device, and that we can be assured that it is gone.   We are not going to be bullied into a rushed and unacceptable timeline to get you to cooperate in segregating documents that you have already represented multiple times to us and the Court you have already segregated.  We will work with you to get prompt agreement on a remediation protocol and to ensure the remediation is carried out in the appropriate fashion to everyone's satisfaction in a timely manner.

Please confirm immediately that you are segregating these devices and accounts without trying to impose any further conditions or we will raise this with the Court by phone tomorrow.  And tell us specifically when these devices will be segregated—an important detail that is not included in your email below.

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Wednesday, March 22, 2023 12:50 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken,

Shaun listed five requirements for a mediation protocol in his March 8 email, and we confirmed in Melissa Neri's March 13 email that our remediation to date met those five requirements.  We reiterated our position in David's March 14 letter.  We have not received any response from Apple identifying deficiencies in the process that we described.  We are available to meet and confer this Friday from 1-3 PM to discuss a remediation protocol.  Please let us know if this works for Apple.

As we told you during the March 20 meet and confer, segregating one's personal devices and workspace makes it very difficult for the individuals involved to carry on their personal lives and perform their Rivos job responsibilities.  That said, Defendants confirm that they will take the steps necessary to segregate the identified devices and accounts from the individuals and to work with Rivos IT to create a new NFS personal directory for Mr. Wen such that no metadata from his current personal directory is disturbed, provided that Apple agrees to a reasonable remediation protocol within five business days from the meet and confer and agrees to permit FTI to remediate any Apple confidential documents from these personal devices and accounts (while preserving non-Apple data) within two business days after the parties agree on a remediation protocol.

2

Elle

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, March 21, 2023 11:07 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

[EXTERNAL EMAIL from kkuwayti@mofo.com]

---

Elle: I write to respond to your email below.

It is totally false that Apple has ever taken the position that Rivos employees could maintain access to Apple confidential information after they left Apple to join Rivos, or that you ever told us that this was the case. Please point us specifically to any place where we ever agreed to this. You never told us that you were continuing to allow Rivos employees to have access to confidential Apple information until our meet and confer yesterday.

You have also misrepresented the record of our communications over remediation. None of the correspondence that you cite supports the proposition that you repeatedly requested permission to delete Apple confidential information off Rivos' systems or that you were "met with silence" when you proposed that the parties discuss a remediation protocol. We have told you the basic elements that we think a mediation protocol might have and we have offered to meet and confer with you over this issue. Most recently we offered to do so on March 15 – an offer to which you did not respond – and in our March 20 meet and confer, though your letter seems to ignore that as well. As we told you during that call, we are willing to meet and confer with you over that issue this week. Please let us know if you would like to do so.

More urgently, however, these devices and accounts need to be immediately segregated from the employees until the information on them can be remediated. You seem to be trying to now place the onus for segregation on us, but this is your responsibility and it should have been done ten months ago now. In general, however, we suggest that you do the following:

- Mr. Pinot's personal laptop should be provided to Setec or FTI and we should be informed that this has been done.
- The passwords on the gmail and iCloud accounts should be changed by FTI so that individuals no longer have access to them and are locked out of those accounts.
    - We understand that in the case of gmail, it is possible to create a new account and forward the old one to it so that any personal email can continue.
    - If there is something in particular on the iCloud accounts that needs to be accessed, it should be possible to arrange for a process where that can be accessed through FTI in a supervised manner.
- For Mr. Wen's personal directory on the Rivos system, Rivos should be able to cut off access. It may be possible, for example, to create a new directory on the Rivos NFS for Mr. Wen to use and restrict access to the previous folder. Alternatively, it may be possible to restrict Mr. Wen from accessing certain folders and files within the director via permissions. Setec could propose a solution, working with Rivos IT, which we could then consider.

These are all issues that you should have thought through long ago. But the first step is segregating this information from the individuals right away. Please confirm by noon tomorrow that you will do so.

Regards,

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Tuesday, March 21, 2023 12:16 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken,

Rivos' current understanding is that the following devices and accounts contain documents that may reflect material Apple alleges is its confidential information: Mr. Pinot's personal laptop, Mr. Wen's personal directory on Rivos' NFS system and Google Drive, Mr. Ye's personal iCloud account, and Mr. Rajamani's personal iCloud account.

These individuals are not accessing, and have been told they are not permitted to access, any of the documents that Apple contends contain its confidential information.  And no one besides these individuals even has the technical capability to access the individuals' respective personal devices and accounts.

Apple's position that these documents should not exist on these devices is contradicted by its position over the last several months.  Defendants have repeatedly requested—including but not limited to in correspondence dated January 17, January 26, February 21, and February 22—that they be permitted to remediate these devices and accounts to resolve any complaints Apple may have.  But Apple has steadfastly refused to allow for remediation based on purported concerns about the remediation process.  And when we asked Apple to propose a remediation process that would be acceptable to Apple, we have been met with silence.  Please provide us with a remediation protocol that is acceptable to Apple for us to review so we can remediate documents from these devices and accounts without further delay, and so these individuals can use their devices and accounts that they need for their personal and professional lives.

In the meantime, if Apple would prefer that these devices and accounts be segregated pending remediation, please propose a process that would be acceptable to Apple under which the materials on these devices and accounts that the individuals need for their work and personal lives can be transitioned to new devices and accounts.

Thank you,
Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, March 21, 2023 10:13 AM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: During yesterday's meet and confer you informed us that there are Rivos employees who continue to have access to Apple confidential information on their devices and accounts.  As we told you, this is completely unacceptable.  We

4

asked you to identify by noon today all of the individuals who continue to have access to devices or accounts or to any part of the Rivos network that contain Apple confidential information and commit to immediately segregating all such devices and accounts and information on the Rivos network.

Regards,

Ken

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.