# EXHIBIT 14

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6314**

WRITER'S EMAIL ADDRESS
**davideiseman@quinnemanuel.com**

March 14, 2023

<u>VIA EMAIL</u>
Mary Prendergast
mprendergast@mofo.com
Morrison & Foerster
2100 L Street, NW
Suite 900
Washington DC 20037

Re:     *Apple Inc. v. Rivos Inc., et al.* No. 5:22-cv-2637

Dear Mary:

I write in response to your February 23, 2023 letter regarding Defendants' remediation of files from certain devices and accounts.

As an initial matter, we disagree with your suggestion that Defendants' remediation is improper in any way, nor has Apple identified any substantive deficiency in Defendants' process or objected to a remediation process more generally.  Apple indicated in its correspondence regarding the remediation of Mr. Wen's devices that an adequate remediation process would include: "(i) a protocol for identifying documents to Apple for authorization to remediate, (ii) forensic imaging before and after any attempted remediation with adequate assurances that no metadata is being lost or impacted, (iii) an industry-standard deletion method that ensures users are no longer able to access the remediated documents, (iv) a post-deletion audit to confirm that no user can access deleted documents, and (v) a mechanism to ensure that any and all backups and copies of remediated documents are likewise discovered and remediated." (March 8 DeLacy Email).

The remediation process that Defendants have followed contains all five:

- forensic imaging of the device and/or account immediately prior to remediation using industry-standard tools (which depend on the device or account), with such remediation performed after identifying documents based on search terms disclosed in Defendants' January 17, 2023 letter (*Apple's categories (i) and (ii)*);

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

- permanent removal from the device and/or account of files hitting on the search terms disclosed in the January 17, 2023 letter, using industry-standard deletion methods (which depend on the device or account), with the pre-remediation images remaining in counsel's and its consultants' possession, to ensure that the user of the device or account can no longer access the remediated documents and/or files (*Apple's categories (ii) and (iii)*); and

- forensic imaging of the device and/or account immediately after remediation, followed by a post-remediation search to ensure that the documents no longer exist on a device, again using industry-standard tools (which depend on the device or account) (*Apple's categories (ii)-(v)*).

Apple's accusation that Defendants are somehow in violation of the Court's June 21, 2022 order for having performed remediation on Mr. Wen's devices is unfounded.  Defendants have already explained to Apple, including in their January 17, 2023 letter and subsequent meet and confers, that no remediation has been performed on any of Mr. Wen's devices or accounts.  Indeed, as Apple knows, all of Mr. Wen's devices that Defendants were aware of in November 2022 are and have been in FTI's possession, not Defendants' possession.  The same is now true for the newly-discovered devices for Mr. Wen.

Your letter also mischaracterizes our prior statements regarding the remediation of Mr. Pinot's personal laptop.  Our February 22, 2023 email, stating that Defendants "have not remediated anything from Mr. Pinot's personal laptop," was in response to Ken Kuwayti's email on that same day asking whether Defendants had performed any *additional* remediation following Mr. Pinot's deposition.  Our response had nothing to do with the details of the remediation of Mr. Pinot's personal laptop, which were set forth in our January 17, 2023 letter.

There is also nothing remarkable about Mr. Pinot not being knowledgeable about the full extent of the remediation process.  As we explained many times, the remediation was performed by Setec under the direction of counsel.  Further, in compliance with the protective order entered in this case, and in the interest of protecting *Apple's* alleged confidential information, Individual Defendants were instructed not to review any document potentially containing Apple confidential information before, during, or after the remediation.  In fact, Apple has demanded that the Individual Defendants *not* be exposed to alleged Apple confidential information.

Nor are Defendants' search and production efforts deficient.  Rather, it is Apple's production, which sits at only 123 documents spanning 384 pages, that is woefully deficient.  In any event, we respond to the various issues in your letter in turn:

- <u>Metadata for duplicates & supplemental interrogatory responses</u>.  As Defendants informed Apple last week (March 6, 2023 Wang Email; March 8, 2023 in-person meet and confer), Defendants are working on a production that will include all duplicates along with their metadata.  Defendants expect that this effort will be completed within the next two to three weeks.  As you also know, Rivos is supplementing its responses to Apple's Interrogatory Nos. 1-4.  Defendants accordingly consider these issues resolved.

2

- Identifying source devices.  As Defendants informed Apple last week (March 6, 2023 Wang Email; March 8, 2023 in-person meet and confer), Defendants are working on a metadata overlay that will include a field identifying the source device(s) of the documents.  Defendants expect this effort will be completed within the next two to three weeks, and consider this "dispute" resolved.  However, Apple also agreed to produce metadata for its prior productions, but still has not done so.

- Discovery allegedly "corroborat[ing]" Apple's claims.  We disagree that the "volume and nature" of documents potentially containing Apple confidential information "corroborates" Apple's allegations or "raises new questions" about Apple's claims.  Defendants already addressed Apple's misplaced arguments in their response to Apple's motion to dismiss sur-reply, and your letter adds nothing new.

- Forensic tools used by Setec.  Setec uses industry-standard forensic software and tools when performing remediation, document search, and metadata investigation:

  o Setec uses the software Cellebrite Digital Collector to image Mac devices.  During the remediation, Setec first uses Cellebrite Digital Collector to obtain the pre-remediation image of a given device, permanently removes certain documents from the device, and then immediately uses Cellebrite Digital Collector to obtain the post-remediation image of the same device.  Setec uses the "Move to Trash" and then "Empty Trash" function to remove documents.

  o Setec's indexing and searching platform is facilitated through the API of the dtSearch engine, which enabled Setec to conduct document searches, including searching for documents that hit on search terms and/or documents that match the file names/file paths identified in the September 14, 2022 Roffman Declaration appendices.

  o Setec uses the forensic tool Cellebrite Inspector (formerly known as BlackLight) to index the files from the pre- and post-remediation images for the purpose of compiling a list of remediated documents.

  o Contrary to your allegation, Setec does not take any action that alters the metadata for iWork files.  However, iWork files can be difficult for document review platforms to process, particularly where they were stored as package or zip files (sometimes referred to as "container files"), rather than as a single, unified file.  For example, certain images embedded in an iWork file can be extracted during the ingest process and be presented as individual image files.  FTI's document platform, Relativity, appeared to encounter a similar difficulty when the parties reviewed certain files from Mr. Wen in December.  To allow both parties to review the iWork files in their entirety, Defendants' document vendor has undertaken significant

3

efforts to resolve this issue, which Defendants corrected after their initial productions.  These efforts have included producing certain emails with package or zip iWork file attachments natively, as Mr. Wen has done in his last two productions.  Additionally, iWork files stored as package or zip files are difficult for Window-based document platforms to process without resaving the file in a single-file format, which can update the metadata for these files.  Producing iWork files in their native format may resolve this issue.  If Apple wishes to receive iWork files exclusively in their native format or propose some other solution going forward, that is something the parties should discuss so we can confirm that both parties will proceed in the same fashion.  On that note, we have been waiting for weeks for Apple to provide its proposed comments or revisions to Defendants' ESI discovery protocol.

Defendants will provide a list of documents remediated from each device or account with references to their Bates numbers, and also will provide the pre- and post-remediation images of the following devices and accounts to FTI, provided that a protocol for analyzing these images is negotiated and agreed upon by the parties:

- Mr. Rajamani's Rivos-issued laptop;

- Mr. Rajamani's iCloud account;

- Mr. Hardage's personal iPhone;

- Mr. Ye's personal iPhone; and

- Mr. Wang's personal iCloud account

Please note that, due to a technical failure of one of its external hard drives, Setec has been unable to recover the pre-remediation image of Mr. Pinot's personal laptop taken in November 2022.  This hard drive failure did not, however, result in any loss of documents or associated metadata, which were all uploaded and exported to Setec's main computers shortly after the device was imaged prior to remediation.  Nor did the hard drive failure impact the post-remediation image of Mr. Pinot's personal laptop, which will be provided to FTI.  We can provide Setec's failed hard drive to FTI for further examination and potential recovery.  Relatedly, Setec notified us on the evening of March 10, 2023 that the post-remediation image of Mr. Rajamani's personal laptop taken in November 2022 appeared to have been corrupted and could not be opened using forensic tools.  Setec immediately took another image of Mr. Rajamani's personal laptop on March 12, 2023 as a replacement.  Both the March 12, 2023 image and the corrupted post-remediation image taken in November 2022, as well as the pre-remediation image of Mr. Rajamani's personal laptop, will be provided to FTI for examination.

4

Very truly yours,

David Eiseman

DE