# EXHIBIT 17

| | |
|---|---|
| **From:** | Elle Wang <ellewang@quinnemanuel.com> |
| **Sent:** | Friday, February 24, 2023 3:40 PM |
| **To:** | Angueira, Meredith Lauren; Kuwayti, Kenneth A.; MoFo Apple Rivos |
| **Cc:** | QE-Apple-Rivos |
| **Subject:** | RE: Apple v. Rivos - Mr. Wen's deposition |
| | |
| **Categories:** | DM, #134924078 : 10684 : 0000738 : CDF1, #134789369 : 10684 : 0000738 : NMA2 |

**External Email**

> **This message could be suspicious**
> - Similar name as someone in your company.
> - You've never replied to this person.
>
> Report or Mark Safe          Powered by Mimecast

Counsel,

Among the additional sources we recently discovered for Mr. Wen, as provided in our February 3 email, are two personal accounts that Mr. Wen used during the time he was employed at Apple. One is the Gmail and Google Drive account associated with the email address ███████████████, and the other one is a DropBox account.

While Mr. Wen used these for personal purposes and does not believe these two accounts were intentionally used to store or transmit Apple information, we nonetheless took steps to discontinue Mr. Wen's access to these two accounts on February 1. Setec has imaged the two accounts and searched for responsive documents, and any non-privileged, responsive documents, to the extent they exist, are being produced. Setec will be in touch with FTI to provide access information for these two accounts in the next few days.

Mr. Wen is not aware of any other devices or cloud-based storage accounts that may contain Apple information at this time.

Elle

---

**From:** Angueira, Meredith Lauren <MAngueira@mofo.com>
**Sent:** Tuesday, February 21, 2023 7:01 AM
**To:** Elle Wang <ellewang@quinnemanuel.com>; Kuwayti, Kenneth A. <KKuwayti@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

[EXTERNAL EMAIL from mangueira@mofo.com]

Elle,

Apple is willing to agree that FTI provide hash values to Defendants on the understanding that, as you state in your email below, Defendants will provide the devices to FTI in parallel while they work to complete the review and production of Mr. Wen's custodial documents.  As these devices should have been turned to FTI over eight months ago pursuant to the Court's order please confirm that you will provide them to FTI immediately, and please copy us on the correspondence where you do so.

Sincerely,

Meredith


**MEREDITH ANGUEIRA**
Morrison & Foerster LLP
**P:** +1 (415) 465-0461

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Friday, February 17, 2023 4:50 PM
**To:** Angueira, Meredith Lauren <MAngueira@mofo.com>; Kuwayti, Kenneth A. <KKuwayti@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

**External Email**

---

Meredith,

As we indicated yesterday, Mr. Wen's deposition will not go forward on February 28.  We will provide his availability once we have an understanding of when we will be able to complete his custodial document production.

Apple's only stated reason for wanting to depose Mr. Wen now—even though we are continuing to review and produce his custodial documents, and have made clear that we are only going to produce Mr. Wen for his deposition once—is that Apple would like to take the deposition before the March 2 hearing on Defendants' pending motion to dismiss.  Apple has no legitimate basis for insisting on deposing Mr. Wen prior to the hearing on Defendants' motions, which will be decided based on the allegations in Apple's Second Amended Complaint rather than on any discovery Apple has conducted since the filing of its Second Amended Complaint.

Regarding Mr. Wen's devices, we are willing to provide them to FTI while we work to complete our review and production of Mr. Wen's custodial documents if Apple will work with Defendants to modify the protocol regarding Mr. Wen's devices to provide that FTI will supply Defendants with a list of hash values for the documents it identifies.  By doing so, Defendants will be able to avoid the situation where we first complete Mr. Wen's custodial production (a process that will end up having taken many hundreds of hours) and then are required to re-review all of the documents identified by FTI.  Please let us know whether Apple is willing to discuss such a modification of the protocol.

Best,
Elle

**From:** Angueira, Meredith Lauren <MAngueira@mofo.com>
**Sent:** Friday, February 17, 2023 12:15 PM

**To:** Elle Wang <ellewang@quinnemanuel.com>; Kuwayti, Kenneth A. <KKuwayti@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

[EXTERNAL EMAIL from mangueira@mofo.com]

Counsel,

Rivos is now improperly delaying Mr. Wen's deposition a third time. As we discussed yesterday at the end of Mr. Pinot's deposition, Mr. Wen should be made available for deposition on February 28. Mr. Wen's deposition was properly noticed on January 13, 2022 and we understood that you were operating in good faith to reschedule. You offered to reschedule Mr. Wen's deposition to February 28 via email on February 8, 2023 and we accepted that offer via email on February 10, 2023. You are now refusing to produce Mr. Wen on the date you offered. You stated during our meet and confer yesterday that you do not intend to produce Mr. Wen for his deposition until you have finished producing all of his custodial documents. This is not a proper basis for refusing to produce Mr. Wen on a date that he is available. Nor have you provided us with a date certain by which you would finish producing Wen's custodian documents. Mr. Wen is obligated to appear for his deposition on February 28.

The court's order dated July 1, 2022 requires Mr. Wen to "arrange for FTI to be able to collect for forensic imaging and analysis…devices which have been used to store or transmit Apple confidential information[.]" (See Dkt. 67 ¶ 2) This should have been done already for the devices you are currently searching and must be done immediately. You should not cease your review and production of files based on images of Wen's devices that are in your possession. Our understanding is that you and Setec are processing, reviewing, analyzing and producing data from forensic images and not the actual devices. If this is not the case, let us know immediately.

Sincerely,

Meredith

**MEREDITH ANGUEIRA**
Morrison & Foerster LLP
P: +1 (415) 465-0461

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Wednesday, February 15, 2023 2:36 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

**External Email**

Ken,

Although we are devoting substantial resources to this project, our review of the files contained in Mr. Wen's additional devices is taking much longer than we originally anticipated. At this time, we are not sure when we will be able to

complete the production of Mr. Wen's remaining non-privileged responsive documents. However, we do know that we will not be in a position to produce Mr. Wen for his deposition on February 27 or 28.

Relatedly, while we do not object to turning over Mr. Wen's additional devices to FTI, does Apple still want us to continue to produce any responsive documents found on these devices? As you know, FTI will have to image these devices upon receiving them, conduct the same search that we are currently conducting, and, according to the parties' forensics protocol, make any resulting files available to us first. We then will have seven business days to review and identify any responsive documents to be made available to Apple by FTI. We believe it is in both sides' interest to avoid doing duplicative work. If Apple prefers that we turn these devices over to FTI now, we will cease our current review and production efforts and will instead wait to review any potentially responsive documents identified by FTI under the forensic protocol. Please let us know Apple's preference on this issue.

Best,
Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, February 14, 2023 6:34 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: Can you confirm that Mr. Wen will be made available on February 27 or February 28? We would also appreciate your response as to whether Mr. Wen's additional devices have been turned over to FTI for imaging and analysis and when that was done.

Thanks,

Ken

**From:** Kuwayti, Kenneth A.
**Sent:** Friday, February 10, 2023 10:09 AM
**To:** 'Elle Wang' <ellewang@quinnemanuel.com>; MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

Elle: We aren't going to dwell on the issue in this particular email, but we do want to note that Rivos is delaying Mr. Wen's deposition a second time because of the need to image devices that were required by court order to have been imaged eight months ago now. (*See* Dkt. 64 ¶ 2.) While we appreciate your proposal to move Mr. Hardage's deposition to February 17, we have already told you that we cannot depose him on that date and have accepted February 28 for his deposition. If you want to make Mr. Hardage available on a different date prior to February 28 we have told you we would consider that. We will agree to also depose Mr. Wen on February 28, or to take the deposition on February 27 if you would prefer. Please let us know.

     We also want to make clear that Mr. Wen's devices must be turned over to FTI for imaging and analysis pursuant to the Court's order, not just by Rivos' vendor. (*See id.*) Please confirm that you have done this or will do so immediately.

     Regards,

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Thursday, February 9, 2023 1:13 PM
**To:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** RE: Apple v. Rivos - Mr. Wen's deposition

**External Email**

Counsel,

Following up on my email yesterday, Mr. Hardage confirmed that he is able to travel to Quinn Emanuel's Redwood Shores office next week for an in person deposition on February 17.  Please let us know how Apple intends to proceed.

Best,

Elle

**From:** Elle Wang
**Sent:** Wednesday, February 8, 2023 3:00 PM
**To:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Cc:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Subject:** Apple v. Rivos - Mr. Wen's deposition

Counsel,

Due to the large number of iWork files on Mr. Wen's iMac device, it is taking our forensics vendor longer than we had expected to process the files, apply the search terms, and upload any potentially responsive documents to our document platform for us to review.  At this point, we will not be in a position to review and produce all of Mr. Wen's responsive documents by the end of this week—though we do anticipate making a partial production of those documents on Friday.  Under the circumstances, we propose moving Mr. Wen's deposition to February 28 so that we can complete Mr. Wen's document production and Apple has time to review the production before Mr. Wen's deposition.

We are, however, willing to offer Mr. Hardage for his deposition on February 17.  Mr. Hardage is available on that day for a remote deposition, but he is also checking his ability to travel to California for an in-person deposition if Apple accepts that date.

We believe this proposal balances Defendants' interest in only having their witnesses deposed once while still permitting Apple to take the depositions it has noticed before the hearing on Defendants' pending motions to dismiss.

Please let us know how Apple intends to proceed.

Best,

Elle


**Elle Wang**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6429 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
ellewang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.