# EXHIBIT 21

| | |
|---|---|
| **From:** | Elle Wang <ellewang@quinnemanuel.com> |
| **Sent:** | Monday, March 27, 2023 12:39 PM |
| **To:** | Kuwayti, Kenneth A.; QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | RE: Apple v. Rivos: Employees with continuing access to Apple confidential information |

**External Email**



Ken,

Your characterization of Mr. Wang's deposition testimony is incorrect. Mr. Wang testified that he does not know whether he still has access to any Apple confidential documents in his iCloud account. Wang Rough Tr. 31:14-20, 48:1-10. More importantly, as described in our January 17, 2023 letter, all Apple documents in Mr. Wang's iCloud account—regardless of whether or not they contain Apple confidential information—were remediated in November 2022. As a result, Mr. Wang no longer has access to any Apple documents in his iCloud account.

As for Mr. Wen's personal folder on Rivos' corporate Google Drive, the only documents in that folder that may contain Apple confidential information are Mr. Wen's tar files. Again, no one at Rivos other than Mr. Wen had access to that folder, and Mr. Wen's access to the folder was cut off as of 2:52 PM last Friday. We are continuing to search for any emails Mr. Wen may have sent to himself attaching his tar files. If we locate any such emails, we will produce them. In any event, Mr. Wen's access to his Rivos email account at shwen@rivosinc.com, the email account that received the tar files, was cut off at the same time as his access to his home directory on the NFS system and personal folder on Google Drive, so he no longer has access to any emails in that email account.

During our review over the weekend, we discovered that Mr. Rajamani may still have Apple documents on his personal laptop. We are making arrangements to have that laptop segregated today. Based on our current knowledge, no one else has access to Apple confidential documents on their personal devices, accounts, or other locations.

We are available today to discuss a remediation protocol. Please let us know what time works for you.

Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Sunday, March 26, 2023 5:13 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: We haven't received any response to my email below. We can't have Rivos employees continuing to have access to Apple's confidential documents. Please confirm that you that access to these documents will be cut off, again, without deleting any documents or altering any metadata, and that nobody else has access to Apple's confidential documents.

Ken

---

**From:** Kuwayti, Kenneth A.
**Sent:** Saturday, March 25, 2023 2:47 PM
**To:** 'Elle Wang' <ellewang@quinnemanuel.com>; 'QE-Apple-Rivos' <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

Elle: Following up on my email from yesterday, I understand that Kai Wang testified that he too continues to have access to his iCloud account that contains Apple documents. (See Rough Depo Tr. at 22:7-16, 26:7-20, 76:14-24.) Can you please confirm that his access will be cut off today, and can you confirm that FTI has been the entity that has been assigning a new password to the account, as we requested?

Mr. Wen also testified that the email that he sent to his Rivos work email attaching the unix.tar file is still on the Rivos system. We have been waiting for you to produce this document to us. But access to this email needs to be cut off as well. That should be done through FTI. Can you confirm that this will be done?

As I asked yesterday, will you please confirm that there are no other individuals or instances where individuals continue to have access to devices, accounts, or other locations, that contain Apple confidential information?

Also, can you please tell us which documents were on the Google corporate drive? Have the documents from that location been produced? When you refer below to Mr. Wen's "personal folder on the Google Drive" are you referring to his personal folder on the Google corporate drive?

We remain available to discuss the remediation protocol on Monday if you want to tell us some available times. That protocol will need to be entered as a stipulation and court order, including the steps that have been taken to cut off access from these devices, accounts, and locations, and the procedure for transferring documents to the individuals while the remediation is pending.

We would appreciate your team's immediate attention to these matters.

Regards,

Ken

---

**From:** Kuwayti, Kenneth A.
**Sent:** Friday, March 24, 2023 4:56 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

Elle: Thank you for confirming that access has been cut off. Please confirm that Rivos is not aware of any other individuals who continue to have access to devices, accounts, or other locations, that contain Apple confidential information.

There is a lot to digest in your email, and I will respond further later, but I wanted to respond to two things right away.

1. Given the fact that both teams have been working flat out on the joint discovery statement to submit to the court, today is realistic for a meet and confer, but Monday is and we are available. Can you give us some windows and we will confirm availability for one of them?

2. With regards to providing the images relating to the deletion of data to CRA, there is extensive forensic work that will be involved in: (1) corroborating statements from the custodians and representations from Rivos against forensic artifacts and metadata on these devices, and (2) ascertaining any further use of the Apple files that have now been deleted. Trying to do all of this through FTI will add significant time and expense to the process—especially given all that they have to analyze already-- and given that we are in a situation where deletions have occurred we think it is a reasonable request to have these images go directly to CRA. Please let us know whether you will agree.

Thanks,

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Friday, March 24, 2023 4:39 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken – we confirm Mr. Pinot no longer has access to his personal laptop.

**From:** Elle Wang
**Sent:** Friday, March 24, 2023 3:26 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

Ken,

This is the first time that Apple has suggested that FTI should be involved in disabling Mr. Wen's access to his account; in fact, your March 21 email specifically proposed that Rivos IT cut off Mr. Wen's access. In any event, having not heard back from you for more than three hours today, Rivos IT had already started the process of disabling Mr. Wen's access to meet the 5 PM PT deadline before we received your email. We were just notified by Rivos IT at 2:52 PM that the process has been completed and Mr. Wen no longer has access to his NFS home directory or his personal folder on Google Drive. Relatedly, we had specifically instructed Rivos IT to first cut off Mr. Wen's access to his current account before giving him access to his new account so as to ensure that he could not transfer information between the two accounts. And as we told you earlier, neither Quinn Emanuel nor Rivos IT will be transferring any files between the two accounts before FTI completes the imaging process and generates the requested file listings.

We confirm that Mr. Wen is the only person who has had access to his personal folder on Google drive.

We confirm that Mr. Ye and Mr. Rajamani no longer have access to their iCloud accounts. We can similarly confirm that Mr. Pinot will no longer have access to his personal device before 5 PM PT.

3

This is the fourth time we've asked: Is Apple available today to discuss a remediation protocol?  Please respond with your team's availability.

Regarding Mr. Hardage's USB connection history, the images of the devices to which the USB drives were connected are included in our offer.  So are Mr. Wen's devices, which we understand are all already with FTI.  And no, we do not agree that any images should go to CRA.  The parties agreed to a neutral, forensics company that ***Apple*** chose.  Please let us know why you believe FTI's analysis is insufficient.

Regarding the rest of the forensic images issue, you will find our positions in Defendants' response to Apple's portion of the joint discovery report.

Elle

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Friday, March 24, 2023 1:32 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

---

Elle: Thanks for your email.  Can you please clarify whether there is any part of the procedure that I described below that you do not agree with? There are parts of my email that you do not address.  We would like FTI to be involved in the change in password to the Mr. Wen's NFS home directory and verification that the new directory has been created for him.  Can you please clarify whether any of the documents are also located on Rivos' corporate Google Drive and if so whether anybody else has access to them?  And can you confirm that access is still being cut off for all the individuals by 5:00 p.m. today?

We agree that the file listings can first be shared with Defendants only so that Defendants can determine which files should be transferred, and then Apple should have a chance to review those before FTI carries out the transfer.  If the file listings generate the names of Apple documents, those should be shared with Apple.

With respect to the images, we do not have an agreement yet that would moot this issue from the joint statement or our proposed motion.  We appreciate that you are willing to provide images of additional devices and storage locations.  But you are not correct that we limited our request to forensic images only of "devices and storage locations where Apple confidential information was stored or transmitted."  Both our half of the joint statement and the joint letter that we sent to you yesterday expressly refer to the 58 images that Setec have taken and ask for all of those images as well.   (See our Discovery Statement – referring to the 58 images and stating "Defendants cannot justify their refusal to provide all of the images given their insistence that Apple produce to FTI images for 42 former Apple employees"; Joint Letter Brief at 1 ("Apple requests an order compelling Defendants to provide forensic images to agreed upon neutral forensic vendor FTI, or all devices or storage locations they have collected in the course of their investigation, or that may have at any time been used to store or transfer Apple information.")   Please confirm that you will be providing all of the devices that were collected.  This is parallel in scope to what you have requested from us.

We also seem to have a misunderstanding with regards to the devices that must be collected and imaged.  With respect to Mr. Hardage, you state that you will produce the images of the USB drives (which we would expect both because they were collected and they were used to store Apple information) so that FTI can analyze the USB connection history.  That connection history will not be on the USB drives themselves.  We will  need images of the devices to which the USB drives were connected, which will have a device history that will show whether the USB drives were connected.  They should also have the forensic artifacts – or even the files themselves – to show whether files were accessed or

transferred. The same applies to the many devices to which Mr. Wen connected, and for any other individual who connected external drives to another device. Please confirm that you will be providing images of these devices.

Finally, you also are not responding to our request that the images relating to the deletion of data be provided directly to CRA. Please confirm that you agree with this as well.

Regards,

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Friday, March 24, 2023 10:16 AM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken,

We will agree to have FTI image the subject devices and locations of Messrs. Pinot, Wen, Ye, and Rajamani. We will also agree not to transfer files before the imaging is complete. However, once FTI completes the imaging, it should immediately generate file listings for each device/storage location imaged and share the file listings with Defendants **only** so that Defendants can determine which files should be transferred.

As for Mr. Wen's NFS home directory and personal folder on Rivos' corporate Google Drive, Rivos IT will create a new, empty directory/folder for Mr. Wen to use going forward. Once the new directory and Google Drive folder are created, Rivos IT will change the passwords to Mr. Wen's current NFS home directory and personal folder on Rivos' corporate Google Drive so that Mr. Wen will no longer have access to them.

We are available to speak with FTI on Monday regarding the imaging and analysis process. We remain available today from 1-3 PM to discuss the remediation protocol. Please let us know if that works for you.

Additionally, according to Apple's draft statement on Issue No. 1, it appears that Apple is now only requesting the forensic images of "devices and storage locations **where Apple confidential information was stored or transmitted**," as opposed to its previous overly broad demand for **all** devices and storage locations that Defendants collected regardless of whether the devices or storage locations were used to store/transmit Apple confidential information.

Given Apple's narrowed request, Defendants are willing to provide to FTI images from devices and storage locations where, to the best of Defendants' knowledge, purported Apple confidential information was stored or transmitted, to the extent they have not already been provided to FTI, so that Apple can instruct FTI to do the forensic analysis it believes is necessary to reconstruct the kMD metadata fields that Apple is requesting. Additionally, Defendants are willing to provide to FTI the two USB drives collected from Mr. Hardage so that FTI can do the necessary forensics analysis to determine their connection history. The transmission of images and external drives can be done by March 31.

As for Mr. Wen's device from which he deleted the .tar files, that device is already with FTI, as with all other devices from Mr. Wen.  FTI is free to conduct forensic analysis necessary to determine when the deletion occurred.

We believe this moots Apple's Issue No. 1 in its joint discovery statement.  If you disagree, please let us know by 11 AM PT.

Elle

---

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Thursday, March 23, 2023 11:50 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: We appreciate your confirmation that you will segregate the devices by 5:00 p.m. Pacific tomorrow and agree with the manner of segregation proposed.  We also agree that there should be a procedure to permit the return of wholly unrelated personal documents to the individuals and providing renewed access to Mr. Wen of unrelated documents on his home directory on the Rivos network.  But we cannot agree with the process that you propose.  The first step is that these devices and accounts, and the Rivos home directory now need to be turned over to FTI and imaged.  To the extent that the Defendants are provided with copies of personal documents, those copies need to be taken after their devices and accounts have already been imaged from a copy so that no metadata is lost and the contents of the device/account are preserved.  There needs to be a process for ensuring that the documents that are being returned are not Apple-related. We suggest that you provide us with a log of file names and a basic description (eg personal photo, tax return, etc.) and we will approve it promptly.  FTI should conduct the transfer of files once we agree on the list.

With respect to the Rivos home directory, FTI should again take an image.  We would like to be informed as to how access to the directory is being cut off for Mr. Wen, and propose that you provide us with a similar log prior to transferring any files to the new personal directory.  FTI should again conduct the transfer of files.

We agree with scheduling a call with FTI in the next several days to discuss a timeline for FTI's analysis of the devices and for remediation and return as soon as is practicable.

While you state that you disagree with our "characterization," the fact remains that individuals have continued to have access to a very large amount of Apple's confidential information ten months after this lawsuit was filed.  Our client is very upset and concerned and requires a process that will ensure that FTI is the one handling this, and not your firm, Setec or Rivos IT.  I would think from your side that you would want that at this point as well.

Please confirm that this procedure is acceptable to you and that neither you, Rivos IT, or Setec will be returning any of these documents to the individuals or placing them on the Rivos home directory.  We also ask you to send us a confirming email when you have segregated the devices.

Regards,

Ken

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Thursday, March 23, 2023 1:42 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>

6

**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken,

As we've made clear in prior correspondence, we strongly disagree with Apple's characterization of Defendants' efforts to locate, segregate, and remediate any Apple documents that former Apple employees working for Rivos may have retained after leaving Apple.  Nevertheless, in an effort to avoid further disputes on this issue, Defendants will agree to further segregate the subject devices and accounts by 5:00 pm Pacific tomorrow in the manner you requested in your March 21 email.  Specifically, Mr. Pinot will turn over his personal laptop; Rivos will disable Mr. Wen's access to his personal directory on Rivos' NFS system and Google Drive; and Setec will disable Mr. Ye's access to his personal iCloud account and Mr. Rajamani's access to his personal iCloud account.

While Defendants are willing to take these steps, many of them have very important personal documents—such as documents necessary to prepare tax returns—stored on the devices and accounts at issue.  Mr. Wen also has Rivos documents related to his ongoing Rivos work in his personal directory on Rivos' NFS system.  Therefore, Defendants' agreement to the above steps is conditioned on Apple's agreement (i) that Defendants be permitted to make copies of necessary personal documents on their personal devices and accounts before they lose access to those documents, (ii) Rivos IT be permitted to make copies of Mr. Wen's Rivos work-related documents and place those documents in a new directory on Rivos' NFS system, and (iii) to schedule a call with FTI in the next several days to discuss a protocol and timeline for FTI's forensic analysis of these devices and accounts so that the devices and accounts can be analyzed, remediated if necessary, and returned to Messrs. Pinot, Wen, Ye, and Rajamani as soon as practicable.  With respect to Mr. Wen's personal directory on the NFS system, Quinn Emanuel will work with Rivos IT to make sure that Rivos IT does not copy any folders that contain any Apple documents Mr. Wen may have retained after leaving Apple; if Apple would like FTI to monitor Rivos IT's copying of Mr. Wen's work-related files, Defendants would be fine with FTI participating in the process via zoom screen sharing.

Please let us know if Apple agrees to this proposal and if Apple is available to meet and confer tomorrow regarding the remediation protocol. Thank you.

Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Wednesday, March 22, 2023 4:40 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: Your proposed timeline is completely unrealistic.  To do this properly, among other things, we need to make sure that we have two copies of good forensic images (something evidently you did not do the last time), that those images have all the metadata that we care about, that we know everything that needs to be deleted from the device, and that we can be assured that it is gone.   We are not going to be bullied into a rushed and unacceptable timeline to get you to

cooperate in segregating documents that you have already represented multiple times to us and the Court you have already segregated. We will work with you to get prompt agreement on a remediation protocol and to ensure the remediation is carried out in the appropriate fashion to everyone's satisfaction in a timely manner.

Please confirm immediately that you are segregating these devices and accounts without trying to impose any further conditions or we will raise this with the Court by phone tomorrow. And tell us specifically when these devices will be segregated—an important detail that is not included in your email below.

Ken

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Wednesday, March 22, 2023 12:50 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

Ken,

Shaun listed five requirements for a mediation protocol in his March 8 email, and we confirmed in Melissa Neri's March 13 email that our remediation to date met those five requirements. We reiterated our position in David's March 14 letter. We have not received any response from Apple identifying deficiencies in the process that we described. We are available to meet and confer this Friday from 1-3 PM to discuss a remediation protocol. Please let us know if this works for Apple.

As we told you during the March 20 meet and confer, segregating one's personal devices and workspace makes it very difficult for the individuals involved to carry on their personal lives and perform their Rivos job responsibilities. That said, Defendants confirm that they will take the steps necessary to segregate the identified devices and accounts from the individuals and to work with Rivos IT to create a new NFS personal directory for Mr. Wen such that no metadata from his current personal directory is disturbed, provided that Apple agrees to a reasonable remediation protocol within five business days from the meet and confer and agrees to permit FTI to remediate any Apple confidential documents from these personal devices and accounts (while preserving non-Apple data) within two business days after the parties agree on a remediation protocol.

Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, March 21, 2023 11:07 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: I write to respond to your email below.

It is totally false that Apple has ever taken the position that Rivos employees could maintain access to Apple confidential information after they left Apple to join Rivos, or that you ever told us that this was the case. Please point us specifically to any place where we ever agreed to this. You never told us that you were continuing to allow Rivos employees to have access to confidential Apple information until our meet and confer yesterday.

You have also misrepresented the record of our communications over remediation. None of the correspondence that you cite supports the proposition that you repeatedly requested permission to delete Apple confidential information off Rivos' systems or that you were "met with silence" when you proposed that the parties discuss a remediation protocol. We have told you the basic elements that we think a mediation protocol might have and we have offered to meet and confer with you over this issue. Most recently we offered to do so on March 15 – an offer to which you did not respond – and in our March 20 meet and confer, though your letter seems to ignore that as well. As we told you during that call, we are willing to meet and confer with you over that issue this week. Please let us know if you would like to do so.

More urgently, however, these devices and accounts need to be immediately segregated from the employees until the information on them can be remediated. You seem to be trying to now place the onus for segregation on us, but this is your responsibility and it should have been done ten months ago now. In general, however, we suggest that you do the following:

- Mr. Pinot's personal laptop should be provided to Setec or FTI and we should be informed that this has been done.
- The passwords on the gmail and iCloud accounts should be changed by FTI so that individuals no longer have access to them and are locked out of those accounts.
    - We understand that in the case of gmail, it is possible to create a new account and forward the old one to it so that any personal email can continue.
    - If there is something in particular on the iCloud accounts that needs to be accessed, it should be possible to arrange for a process where that can be accessed through FTI in a supervised manner.
- For Mr. Wen's personal directory on the Rivos system, Rivos should be able to cut off access. It may be possible, for example, to create a new directory on the Rivos NFS for Mr. Wen to use and restrict access to the previous folder. Alternatively, it may be possible to restrict Mr. Wen from accessing certain folders and files within the director via permissions. Setec could propose a solution, working with Rivos IT, which we could then consider.

These are all issues that you should have thought through long ago. But the first step is segregating this information from the individuals right away. Please confirm by noon tomorrow that you will do so.

Regards,

Ken

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Tuesday, March 21, 2023 12:16 PM
**To:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** RE: Apple v. Rivos: Employees with continuing access to Apple confidential information

**External Email**

9

Ken,

Rivos' current understanding is that the following devices and accounts contain documents that may reflect material Apple alleges is its confidential information: Mr. Pinot's personal laptop, Mr. Wen's personal directory on Rivos' NFS system and Google Drive, Mr. Ye's personal iCloud account, and Mr. Rajamani's personal iCloud account.

These individuals are not accessing, and have been told they are not permitted to access, any of the documents that Apple contends contain its confidential information.  And no one besides these individuals even has the technical capability to access the individuals' respective personal devices and accounts.

Apple's position that these documents should not exist on these devices is contradicted by its position over the last several months.  Defendants have repeatedly requested—including but not limited to in correspondence dated January 17, January 26, February 21, and February 22—that they be permitted to remediate these devices and accounts to resolve any complaints Apple may have.  But Apple has steadfastly refused to allow for remediation based on purported concerns about the remediation process.  And when we asked Apple to propose a remediation process that would be acceptable to Apple, we have been met with silence.  Please provide us with a remediation protocol that is acceptable to Apple for us to review so we can remediate documents from these devices and accounts without further delay, and so these individuals can use their devices and accounts that they need for their personal and professional lives.

In the meantime, if Apple would prefer that these devices and accounts be segregated pending remediation, please propose a process that would be acceptable to Apple under which the materials on these devices and accounts that the individuals need for their work and personal lives can be transitioned to new devices and accounts.

Thank you,
Elle

**From:** Kuwayti, Kenneth A. <KKuwayti@mofo.com>
**Sent:** Tuesday, March 21, 2023 10:13 AM
**To:** Elle Wang <ellewang@quinnemanuel.com>; QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** Apple v. Rivos: Employees with continuing access to Apple confidential information

**[EXTERNAL EMAIL from kkuwayti@mofo.com]**

Elle: During yesterday's meet and confer you informed us that there are Rivos employees who continue to have access to Apple confidential information on their devices and accounts.  As we told you, this is completely unacceptable.  We asked you to identify by noon today all of the individuals who continue to have access to devices or accounts or to any part of the Rivos network that contain Apple confidential information and commit to immediately segregating all such devices and accounts and information on the Rivos network.

Regards,

Ken

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is

prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.