# EXHIBIT 24

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Stephen Swedlow (*Admitted Pro hac vice*)
  stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:    (312) 705-7400
Facsimile: (312) 705-7401

  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN and BHASI KAITHAMANA, <br><br> Defendants. | Case No. 5:22-CV-2637-EJD <br><br> **DEFENDANT RIVOS INC.'S OBJECTIONS AND RESPONSES TO APPLE INC.'S FIRST SET OF INTERROGATORIES** <br><br> Courtroom: 4 <br> Judge: Hon. Edward J. Davila <br> Date Action Filed: April 29, 2022 |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Rivos Inc. ("Rivos") hereby responds to the Requests for Interrogatories, Set One, propounded by Plaintiff Apple Inc. ("Apple") as follows.

## PRELIMINARY STATEMENT

Rivos' investigation, discovery, and analysis are ongoing. The responses to these Interrogatories are based on information presently available to Rivos after a reasonable investigation. Rivos reserves the right to supplement or amend these responses as further information and/or documents are identified, disclosed, or discovered. Rivos' responses are without prejudice to its rights to introduce as evidence any subsequently discovered or unintentionally omitted information and/or documents.

Rivos' responses to these Interrogatories are not intended to be and shall not be construed as a concession or admission by Rivos of the competency, relevance, materiality, privilege, or admissibility of the Interrogatories or its responses thereto, or of any document or information referred to in the Interrogatories or these responses. The fact that Rivos has responded to any Interrogatory, or any part of any Interrogatory, does not imply or admit that it accepts or admits the existence of any facts stated or assumed by such Interrogatories. The failure of Rivos to object to any of the Interrogatories on a specific ground shall not be construed as a waiver of its right to object at a later time on that ground or any additional grounds. Rivos reserves the right to object to further discovery regarding the same subject matter as any Interrogatory, and to object to the introduction into evidence of any information provided in response to the Interrogatories.

Except as otherwise stated, capitalized terms as used herein shall have the meanings assigned to them by the Interrogatories. Rivos' use of such defined terms does not imply or admit that it accepts or admits the existence of any facts assumed by such Interrogatories or defined terms or that it agrees with such defined terms.

## GENERAL OBJECTIONS

1. Rivos objects to these Interrogatories, including their Definitions, to the extent they attempt to impose upon Rivos obligations beyond those imposed or authorized by the Federal

Rules of Civil Procedure, Northern District of California Local Rules, or any other applicable law, rule, or regulation.

2. Rivos objects to these Interrogatories to the extent they seek information not material or necessary to the prosecution and defense of this action.

3. Rivos objects to these Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the action, unintelligible, or otherwise lack particularity and thereby require Rivos to engage in conjecture as to their meaning. Rivos' response to each Interrogatory is subject to its reasonable interpretation of such Interrogatory.

4. Rivos objects to these Interrogatories to the extent they do not specify the information sought with reasonable particularity.

5. Rivos objects to these Interrogatories to the extent they seek information or documents protected by any relevant privilege or legal protection, including, without limitation, the attorney client privilege, the work product doctrine, common interest privilege, or any other applicable privilege (collectively, "Privileged Information"). Such information will not be provided in response to the Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine protections which may attach thereto.

6. Consistent with the foregoing privileges, Rivos will not produce discovery from outside counsel retained in connection with this matter in response to any Interrogatory notwithstanding that such outside counsel may have acquired knowledge or information responsive to that Interrogatory in the course of representing Rivos.

7. Rivos objects to these Interrogatories to the extent their scope is not restricted to the time period relevant to the allegations in the case or without reference to a reasonable and relevant time period as overbroad, unduly burdensome, beyond the scope of the allegations in the case, not relevant to any claim or defense, and not proportional, material, and necessary to the prosecution or defense of the case. Rivos' response to each Interrogatory incorporates a reasonable time period, taking into account the nature and scope of the Interrogatory.

8. Rivos objects to these Interrogatories to the extent they seek information that is already in the possession, custody, or control of Apple or otherwise equally accessible to Apple, including information available from public sources.

9. Rivos objects to these Interrogatories to the extent they seek information not within Rivos' possession, custody, or control or purport to require Rivos to seek information in the possession, custody, or control of third parties. Rivos disclaims any obligation to obtain or produce information that is not within its possession, custody, or control. The voluntary production of information that may otherwise fall within this objection shall not be deemed a waiver of this objection as to other information in the possession, custody, or control of third parties.

10. Rivos objects to these Interrogatories to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Rivos' business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Rivos, or violate any agreement or order pursuant to which Rivos is precluded from disclosing such information. Any information provided by Rivos in response to the Interrogatories is being provided for purposes of this action only. Rivos reserves the right to withhold personal, private, or non-responsive information. Rivos also objects to the use of any information provided in this action in any other action or proceeding and/or in any manner inconsistent with any Confidentiality Order to be entered in this action. For the avoidance of doubt, any discovery provided to Apple will be governed by the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

11. Rivos objects to these Interrogatories to the extent they are cumulative and/or duplicative of other discovery requests and, therefore, unduly burdensome.

12. Rivos objects to these Interrogatories to the extent the information sought therein could be obtained through other, less burdensome discovery, such as document requests, and is not, therefore, the proper subject of an Interrogatory.

13. Rivos objects to these Interrogatories to the extent they assume facts that do not exist.

14. Rivos objects to these Interrogatories to the extent they purport to impose a duty on Rivos to undertake a search for information or documents beyond a diligent search of the centrally located and reasonably accessible files and electronically stored information where there is a reasonable likelihood that relevant information responsive to these Interrogatories may be located.

15. Rivos objects to these Interrogatories to the extent they seek information related to expert disclosure. Rivos will comply with obligations related to expert disclosure in accordance with the schedule to be agreed upon by the parties or entered by the Court.

16. Rivos objects to these Interrogatories as premature, including because Rivos is continuing to investigate Apple's claims regarding Apple's alleged confidential documents and information relating to SoCs and SoC components, Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

17. These Objections shall apply to each of the Interrogatories as if fully set forth therein.

## **OBJECTIONS TO DEFINITIONS**

1. Rivos objects to the definitions of "You," "Your," and "Rivos" to the extent they encompass persons and entities other than Rivos and are overbroad, vague, and ambiguous with respect to which "predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing" they refer to. Except as stated otherwise in any response to a specific Interrogatory, Rivos construes the terms "You," "Your," and "Rivos" to encompass only Rivos and its employees and agents.

2. Rivos objects to the definition of "Apple" to the extent it fails to encompass Apple's employees and agents. Except as stated otherwise in any response to a specific Interrogatory, Rivos construes the term "Apple" to encompass Apple and its employees and agents.

3. Rivos objects to the definition "External Storage Device" to the extent it encompasses cloud storage services that are not devices, including iCloud Drive, Google Drive, OneDrive, DropBox, and other similar cloud service storages. Except as stated otherwise in any response to a specific Interrogatory, Rivos construes the term "External Storage Device" to refer to physical devices that can be connected to a Computing Device and used to store data transferred from the Computing Device, including mass storage devices, USB storage drives, network attached storage (NAS) devices, external solid state drives, and external hard drives.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail Your knowledge of the downloading, transfer or retention of any Apple confidential documents and information relating to SoCs or SoC components by any former Apple employees who are currently working for, or have worked for, Rivos, including the identity of such documents and/or information and the name of the former Apple employees who downloaded, transferred, or retained them.

**RESPONSE TO INTERROGATORY NO. 1:**

Rivos incorporates by reference its General Objections. Rivos further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Rivos further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Rivos further objects to this Interrogatory to the extent it seeks Privileged Information. Rivos further objects to this Interrogatory as premature, including because Rivos is continuing to investigate Apple's claims regarding Apple's alleged confidential documents and information relating to SoCs and SoC components, Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Rivos responds as follows: Following a reasonable and good faith investigation, including interviews of former Apple

employees who are currently employed at Rivos and inspection of Rivos' systems and devices, Rivos has no knowledge of any downloading, transfer or retention of any Apple confidential documents and information relating to SoCs or SoC components on Rivos-issued devices or Rivos systems by any former Apple employees who are currently working for, or have worked for, Rivos.

Rivos' investigation is ongoing.  Rivos reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 2:**

Describe whether and how any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any current or former Apple employee were provided to, downloaded by, transferred to, retained by, disclosed to, received by, accessed by, or used by Rivos, including by identifying who provided such documents and information and the means by which they were provided to, downloaded by, transferred to, retained by, disclosed to, received by, accessed by, or used by Rivos.

**RESPONSE TO INTERROGATORY NO. 2:**

Rivos incorporates by references its General Objections.  Rivos further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information."  Rivos further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case.  Rivos further objects to this Interrogatory to the extent it seeks Privileged Information.  Rivos further objects to this Interrogatory as premature, including because Rivos is continuing to investigate Apple's claims regarding Apple's alleged confidential documents and information relating to SoCs and SoC components, Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Rivos responds as follows: Following a reasonable and good faith investigation, including interviews of former Apple employees who are currently employed at Rivos and inspection of Rivos' systems and devices,

Rivos has no knowledge of any downloading, transfer or retention of any Apple confidential documents and information relating to SoCs or SoC components on Rivos-issued devices or Rivos systems by any former Apple employees who are currently working for, or have worked for, Rivos.

Rivos' investigation is ongoing. Rivos reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

**INTERROGATORY NO. 3:**

Describe the current or last known location of any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any former Apple employees who are currently working for, or have worked for, Rivos.

**RESPONSE TO INTERROGATORY NO. 3:**

Rivos incorporates by references its General Objections. Rivos further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Rivos further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Rivos further objects to this Interrogatory to the extent it seeks Privileged Information. Rivos further objects to this Interrogatory as premature, including because Rivos is continuing to investigate Apple's claims regarding Apple's alleged confidential documents and information relating to SoCs and SoC components, Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference. Rivos further objects to this Interrogatory as it seeks information not within the possession, custody, or control of Rivos.

**INTERROGATORY NO. 4:**

Identify all Persons who accessed or viewed any Apple confidential documents and information relating to SoCs or SoC components that were downloaded, transferred, or retained by any current or former Apple employee while such Persons were employed by Rivos or while the

information was in Rivos's possession, custody, or control, and when those documents and/or information were accessed or viewed.

**RESPONSE TO INTERROGATORY NO. 4:**

Rivos incorporates by references its General Objections. Rivos further objects to this Interrogatory on the grounds it is overbroad, unduly burdensome, vague, and ambiguous, including without limitation through its use of the undefined term "Apple confidential documents and information." Rivos further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense currently in this case and not proportional to the needs of the case. Rivos further objects to this Interrogatory to the extent it seeks Privileged Information. Rivos further objects to this Interrogatory to the extent it seeks information not within the possession, custody, or control of Rivos. Rivos further objects to this Interrogatory as premature, including because Rivos is continuing to investigate Apple's claims regarding Apple's alleged confidential documents and information relating to SoCs and SoC components, Defendants have not responded to Apple's complaint, and the parties have not conducted a Rule 26(f) Conference.

Subject to and without waiving the foregoing objections, Rivos responds as follows: Following a reasonable and good faith investigation, including interviews of former Apple employees who are currently employed at Rivos and inspection of Rivos' systems and devices, Rivos has no knowledge of any downloading, transfer or retention of any Apple confidential documents and information relating to SoCs or SoC components on Rivos-issued devices or Rivos systems by any former Apple employees who are currently working for, or have worked for, Rivos.

Rivos' investigation is ongoing. Rivos reserves all rights to amend or supplement its objections and/or responses as its investigation continues.

DATED: June 15, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      /s/ Stephen Swedlow
STEPHEN SWEDLOW
DAVID EISEMAN
VICTORIA B. PARKER

Attorneys for Defendants Rivos, Inc. and Wen Shih-Chieh a/k/a Ricky Wen