# EXHIBIT 30

| | |
|---|---|
| **From:** | Ang, Nicole Mary |
| **Sent:** | Wednesday, March 22, 2023 12:44 PM |
| **To:** | QE-Apple-Rivos |
| **Cc:** | MoFo Apple Rivos |
| **Subject:** | RE: Apple v. Rivos: Meet and Confer Monday, March 20, 2023 |

Correction: this is meant to memorialize Monday's meet and confer.

**Nicole M. Ang** (she/her/hers)
Associate
nang@mofo.com
T +1 (202) 778-1656
M +1 (202) 751-1947

**MORRISON FOERSTER**

---

**From:** Ang, Nicole Mary <NAng@mofo.com>
**Date:** Wednesday, Mar 22, 2023 at 2:46 PM
**To:** QE-Apple-Rivos <qe-apple-rivos@quinnemanuel.com>
**Cc:** MoFo Apple Rivos <MoFoAppleRivos@mofo.com>
**Subject:** Apple v. Rivos: Meet and Confer Monday, March 20, 2023

Counsel,

We write to memorialize yesterday's meet and confer, along with relevant updates since.

**Joint Discovery Statement**
- The parties discussed the format of the joint discovery statement. The proposed date for an exchange was Wed, March 22, at 5pm PT. Apple would get back to Rivos about format.
- Yesterday, March 21, Apple sent over a shell with the format it intends to use. You have indicated that you would now like to exchange the parties' statements on Thursday, March 23, at noon PT. We accept.

**RFP 31-34**
- Apple's position is simple: Rivos must produce all responsive documents and must serve written responses confirming that by no later than March 24.  Apple will not accept responses that are contingent on any Apple actions; it is not interested in linking these two separate issues.  And after Apple amended its trade secret identification at Defendants' request to resolve the motion practice on this issue, you cannot now try to again stall discovery by claiming the trade secrets haven't been adequately identified.  We told you that if Rivos does not serve responses on March 24, Apple will consider Rivos to have waived all objections, including privilege objections.
- Rivos disagrees, and believes that it needs to see Apple's trade secrets in order to define the scope of discovery.
- Rivos does not intend to serve responses, objections, or documents, on March 24.
- The parties are at an impasse.

**Forensic Images**
- Rivos asked if Apple would be producing forensic images.

- Apple stated that it would be willing to produce forensic images, provided that the parties have an agreed protocol in place and Rivos bears the cost of copying the images and analyzing these forensic images.
- Rivos believes that this is "cost-shifting," and that they do not see a basis for this to be so.
- Apple pointed out that it is paying FTI, at Rivos's insistence, for all of Mr. Wen's devices and accounts being transferred to and analyzed by FTI. When Mr. Shepherd, who handled the discussion over forensic images on behalf of Rivos, was asked if he was aware that Apple was paying for this, he stated that he is aware of "some" of it.
- Yesterday, Ken sent you a proposal stating that Apple was willing to pay the costs of the imaging, but that Rivos needed to first agree on a forensic protocol and that it would pay for the cost of analysis by FTI.  Since Apple would now be bearing the cost of imaging the devices, Apple also wants Rivos to agree that it will only ask to copy images that it in good faith intends to analyze.  The details of the offer are set out in the email.  We understand you are considering it.

**February 23 Letter from M. Prendergast to Eiseman**
- Apple pointed out that it seeking forensic images of all the devices, accounts and storage locations of Rivos employees that have been collected or have been used to transmit or store Apple documents.  Rivos stated that it had understood Mary's letter to only cover the remediated devices and we clarified that this was not correct, that Apple has wanted the devices all along, and has served RFPs that cover them.  Apple also stated that it believed the devices that were relevant to Mr. Wen's deletion of the unix.tar files should go directly to CRA since he testified that he intentionally deleted the documents
- Rivos stated that it conducted an on-site remediation in November 2022. When Apple asked what "on-site remediation meant," Ms. Wang stated that someone from Setec and herself went to Rivos headquarters in Mountain View, California, in November 2022, where Setec imaged devices from certain individuals, removed documents, and then took post-remediation images. At this on-site remediation, Setec remediated a limited set of documents in response to limited search terms. Setec used a narrow set of search terms described in the January 17 letter such as "Apple Confidential," "Apple Trade Secret" or "Apple Proprietary" as referenced in the January 17, 2023 letter and only 7 devices returned search hits on these terms. These 7 devices were the ones "remediated." All devices were returned to the individuals.  (We pointed out that these terms were completely insufficient and would not even pick up on the confidentiality legend that is included on the Verilog files, which uses the terms "Apple Restricted Confidential" and "trade secrets". )
- All images taken at this on-site remediation in November 2022 were uploaded to Setec's computer. Setec used Apple search terms from the December 26, 2022 letter across all the devices imaged on-site, Rivos's servers, and Rivos's Google Drive. No documents were removed from the individuals' devices or accounts following this second search even if they hit on the search terms.
- When Apple asked if this meant that there were Rivos employees who still have access to devices and accounts that contain Apple confidential documents, Rivos stated that this was true.  Apple stated that this was the first time Rivos had stated that it is letting its employees continue to have access to devices with Apple information on it.
- Apple asked for an accounting of all people with devices that still contain Apple documents on them by noon PT, March 21, as well as a commitment that all access to Apple information would be immediately cut off.  Elle stated that you needed to talk to your client and would get back to us.
- We received an email from Rivos yesterday just before noon identifying four individuals who continue to have access to information that Apple contends is confidential, but not committing to immediately segregate and stating that Apple should propose a segregation protocol.  We responded to that email stating that the burden is on Rivos to have come up with a segregation protocol and this should have been done long ago, but proposed some suggestions for how individuals might continue to have access to accounts or the Rivos network.  We reiterated that we need a commitment from Rivos to immediately segregate these devices and accounts from the individuals by noon tomorrow.
- Apple stated that it does want to discuss a remediation protocol, and offered to meet and confer on this issue this week, and noted that a March 15 email from Ms. Ang to Ms. Wang regarding such a discussion went unanswered.

2

**Metadata**
- Apple stated that it literally does not have the fields needed in the Mac environment to determine when the documents were open or accessed. It noted that if Rivos had talked to Setec, and Setec understands the Mac world which they should, they would know that that is the case. For example, one could open a document, and the last accessed field in the Mac would not change, for many of the different file categories that we have at issue here.
- Rivos responded that it did talk to Setec about this and understand the difference between last accessed and kMDlastaccessed and why Apple would be interested in it. Rivos stated that there is no easier automated way to do this. Manual processing would take 1-5 minutes per file.  Setec could put together a custom script, but this would take 20-40 hours of programming time and Rivos believes this is too burdensome.  We said that 20-40 hours of Setec's time was very minor compared to the overall expense of this case and suggested that they start preparing the script
- You asked us if we would speak to Dan Roffman to see if he had any other ideas.  We did and he said that he thought about 20 hours of programming time sounded about right.
- Rivos asked if Apple would be willing to pay for the 20-40 hours needed to create a script for this collection. We said that we would consider it.  But now that Apple is paying for the cost of copying the images (which Apple estimates could cost in the neighborhood of $35,000 to $40,000, it seems reasonable that Rivos should pay for the cost of the script, which will be significantly less than that.  Please confirm that you will do so, and let us know right away.  This needs to get started as soon as possible.

Apple also noted that if Rivos produces forensic images of the devices and accounts , this issue would go away for the devices and accounts that are produced, as long as the protocol permits Apple to get the metadata itself

**Remediation**
- Apple raised the issue of the Pinot hard drive failing, and asked for whatever Rivos managed to save to go to CRA. Rivos stated that it is open to sending the failed hard drive to CRA, but that the laptop that was imaged is a personal laptop of Mr. Pinot and objects to all native files being sent to CRA.
- Rivos clarified that the pre-remediation image of Mr. Pinot's personal laptop was stored on a Setec hard drive that was corrupted, and that Setec has tried to fix it but failed. Rivos now does not have a pre-remediation image of this personal laptop of Mr. Pinot from November 2022. Rivos will get back to Apple as to whether another such image exists. Apple made clear that even if such an image was located, things have been lost due to this hard drive corruption, at least because any activity that happened between those two images (to the extent they exist) would not be captured. Rivos proposed sending the corrupted hard drive and all native files of documents remediated to CRA. Apple stated that it would still want metadata beyond just the native files.

**List of Remediated Documents, Devices, and Dates**
- Apple asked when Rivos would provide the list of remediated documents that it has been requesting for weeks.  Rivos promised to at least the list of documents remediated from Mr. Pinot's personal laptop in November 2022 to Apple by this week. They note that Mr. Pinot's personal iCloud account has been completely segregated from him.  When will Rivos commit to providing the list of the remaining remediated documents?
- When asked about why they segregated Mr. Pinot's personal iCloud but not the personal accounts or devices from other Rivos employees, Rivos said that it has not and does not want to do it to others because it would be an impediment to their work and personal lives.

**ESI/Forensics Protocol**
- Apple reiterated that it believes a hybrid protocol, that takes into account that some documents need to be subject to a forensic protocol rather than a standard ESI protocol, would be more appropriate for this case.
- Rivos stated that it would be open to a hybrid protocol and are open to reviewing any draft protocols Apple will show.
- Apple will make some suggestions for a protocol.

**Other Issues**

3

- The parties deferred discussions about Apple's next productions and Apple's supplementation of interrogatory responses to the March 21, 2023 meet and confer.

Thank you,
Nicole

**Nicole M. Ang** (she/her/hers)
Associate
nang@mofo.com
T +1 (202) 778-1656
M +1 (202) 751-1947

**MORRISON FOERSTER**

4