UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>            Defendants. | Case No.   5:22-cv-02637-EJD<br><br>**[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION FOR SANCTIONS AGAINST DEFENDANTS RIVOS, INC., WEN SHIH-CHIEH, AND COUNSEL FOR DEFENDANTS STEPHEN SWEDLOW, DAVID EISEMAN, AND QUINN EMANUEL** |

1    Having considered Plaintiff Apple Inc.'s Motion for Sanctions Against Defendants Rivos,
2  Inc., Wen Shih-Chieh a/k/a Ricky Wen, and Counsel for Defendants Stephen Swedlow, David
3  Eiseman and Quinn Emanuel, the Court is of the opinion that good cause has been shown and
4  GRANTS Apple's motion.

5    This Court concludes that Defendant Ricky Wen and his employer and co-Defendant
6  Rivos Inc. failed to preserve ESI in violation of Federal Rule of Civil Procedure 37(e).  Because
7  the ESI was destroyed with intent to deprive Apple of its use in this litigation, and because Apple
8  is prejudiced by the lack of evidence in proving what use Mr. Wen and Rivos made of the deleted
9  files, Apple is entitled to an adverse inference instruction against Mr. Wen and Rivos as follows:

10    "Mr. Wen and Rivos had a duty to preserve evidence related to Apple's complaint,
11  including the unix.tar archive file and associated metadata on Mr. Wen's Rivos laptop.  Mr. Wen
12  intentionally deleted the unix.tar archive file and associated metadata.  This is known as the
13  "spoliation of evidence."  Due to the spoliation of evidence, you should presume that the deleted
14  evidence would have been favorable to Apple."

15    This instruction applies against both Mr. Wen and Rivos, as Mr. Wen's employer and co-
16  defendant. "[A]n employee's misconduct with regard to spoliation can be imputed to an
17  employer." *Colonies Partners, L.P. v. Cty. of San Bernadino*, 2020 WL 1496444, at *9-11 (C.D.
18  Cal. Feb. 27, 2020).  "[A]n entity and employee defendants can both be under a duty to preserve,
19  and therefore culpable for spoliation of ESI, even if one or the other is directly responsible for the
20  destruction of evidence." *See, e.g.*, *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL
21  5870218, at *3 (N.D. Cal. Oct. 7, 2016) (finding intentional deletion of text messages by
22  employees and issuing sanction of adverse inference against defendant employer); *Laub v.*
23  *Horbaczewski,* 2020 WL 7978227, at *19 (C.D. Cal. Nov. 17, 2020) (imputing spoliation of third
24  party "key player in the case" to Defendant).

25    In addition, Apple incurred $148,214.38 in fees and $14,601.30 in costs in attempting to
26  enforce Mr. Wen's compliance with the court's orders, including fees and costs for this motion
27  for sanctions.  Due to Ricky Wen and his counsel's spoliation and failure to comply with this
28  Court's orders (Dkt. 55, 67), the Court orders Mr. Wen and Quinn Emanuel to pay monetary

sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C). Mr. Wen and his counsel must pay the "reasonable expenses, including attorney's fees, caused by the[ir] failure" to comply, which was not substantially justified. The Court awards Apple Inc. its $89,123.69 in fees and $14,601.30 costs in connection with filing this motion for sanctions as outlined in the Declaration of Bryan Wilson submitted with Apple's motion, for a total of 103,724.99.

The Court also finds Stephen Swedlow, David Eiseman, and Quinn Emanuel committed bad faith misconduct warranting sanctions under 28 U.S.C. § 1927 and this Court's inherent authority. As a result, Mr. Swedlow, Mr. Eiseman, and Quinn Emanuel are ordered to pay Apple's fees and costs incurred as a result of their misconduct, specifically those in connection with Apple's motion to compel a deposition of Mr. Wen, for a total of $59,090.69

IT IS SO ORDERED.

Dated: _____

                                            Honorable Edward J. Davila
                                            United States District Judge