```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3   Before The Honorable Nathanael M. Cousins, Magistrate Judge
 4
 5   APPLE, INC.,                  )
                                   )
 6            Plaintiff,           )
                                   )
 7   vs.                           )  Case No. C 22-02637-EJD
                                   )
 8   RIVOS, INC.,                  )
                                   )
 9            Defendant.           )
10   _____)

11                                    San Jose, California
                                      Monday, April 17, 2023
12

13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
        RECORDING 11:03 - 11:06 and 12:26 - 12:41 = 18 MINUTES
14
     APPEARANCES:
15
     For Plaintiff:
16                                Morrison & Foerster
                                  755 Page Mill Road
17                                Palo Alto, California 94304
                                  (650) 813-5600
18                           BY:  BRYAN WILSON, ESQ.
                             BY:  KEN KUWAYTI, ESQ.
19
                                  Morrison & Foerster
20                                425 Market Street
                                  San Francisco, California
21                                  94105
                                  (415) 268-7000
22                           BY:  MEREDITH ANGUEIRA, ESQ.

23                           BY:  RYAN MALLORY, ESQ.

24
               (APPEARANCES CONTINUED ON NEXT PAGE)
25
```

*Echo Reporting, Inc.*

2

1  APPEARANCES: (Cont'd.)
2  For Defendants:
3                                  Quinn Emanuel Urquhart
                                     & Sullivan, LLP
                                   50 California Street
4                                  22nd Floor
                                   San Francisco, California
5                                    94111
                                   (415) 875-6600
6                             BY:  DAVID EISEMAN, ESQ.
                              BY:  ELLE WANG, ESQ.
7
8  Transcribed by:                 Echo Reporting, Inc.
                                   Contracted Court Reporter/
9                                  Transcriber
                                   echoreporting@yahoo.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3

1 <u>Monday, April 17, 2023                           11:03 a.m.</u>
2                    P-R-O-C-E-E-D-I-N-G-S
3                            --oOo--
4          THE CLERK:  Calling civil 22-2637, Apple,
5 Incorporated versus Rivos, Incorporated, et al.
6      Counsel please state your appearances for the record.
7          THE COURT:  We can actually skip the appearances
8 for a moment.  We'll -- we'll get them on the record
9 eventually, all familiar faces, but we're here on discovery
10 status and your status report from Friday at Docket 186 has
11 many issues, which I've looked at, and I was caught by
12 Apple's statement that they were open, and I think this is
13 true on the Rivos side as well, open to more conferring
14 about the issues to keep working on them, and my
15 encouragement is to keep working on them.  And you're
16 already working on them.  I've interrupted your
17 conversation, but I wanted to check on you to get a forecast
18 of how much time you would like to work on that and also
19 you're here, and I encourage you to use the time together
20 being here to work on it.  But if you even said, on, you
21 know, you need days to work on it that, you know, these are
22 so far away from being done you want more time, I'm open to
23 what you tell me where you're at in the process as to where
24 I can come in to help you.
25          MR. KUWAYTI:  So, what I would say is I think that

4

1 a half an hour of time and possibly less would get rid of a
2 number of these issues.  We've already resolved a couple of
3 them in the short time we had.
4      I do think that there's one issue here relating to
5 custodians and search terms for apple that is going to take
6 days to resolve, but I -- Mr. Eiseman may have a different
7 view of that, but we certainly can try.  I don't think that
8 giving us two hours versus a half hour is going to change
9 that.
10           THE COURT:  All right.
11           MR. EISEMAN:  Well, I think we can resolve many
12 issues in the next half hour.  The problem with Mr. Kuwayti
13 saying it's going to take days to resolve the search terms
14 is we're taking the deposition of one of the people who's
15 subject to the search terms.  We're supposed to take his
16 deposition on Wednesday, and so we need to have it resolved
17 and get back to (audio glitch) before the deposition.  So,
18 that's a practical issue we have there.  But a half hour is
19 going to get us a long way I think towards resolving some of
20 the other issues.
21           THE COURT:  All right.  Thank you for the
22 forecast.  Let me get out of the way then.  I'll come back
23 at 11:45.  That's 40 minutes from now, and we'll get through
24 as many as we can.
25           UNIDENTIFIED SPEAKER:  If we're finished earlier,

1  should we let you know or --
2          THE COURT:  You can let my deputy know.  I'm in a
3  settlement conference.  So, I man (audio glitch) with them.
4          ALL:  Thank you.
5      (Proceedings recessed briefly.)
6          THE COURT:  We need appearances, right?
7          MS. ANGUEIRA:  So, Meredith Angueira from Morrison
8  and Foerster on behalf of Apple.  I'm here with my
9  colleagues Bryan Wilson, Ken Kuwayti, Ryan Mallory, all from
10 Morrison and Foerster, and in-house counsel for Apple, Diek
11 van Nort.
12         THE COURT:  Thank you.
13         MR. EISEMAN:  Good afternoon, your Honor.  David
14 Eiseman and Elle Wang from Quinn Emanuel, on behalf of the
15 Defendant.  Also present is Brian Wallenfelt, in-house
16 counsel (audio glitch).
17         THE COURT:  Thank you.  And you've been working
18 hard I hear, and I understand from my deputy you had some
19 things to put on the record resolving some of the issues,
20 maybe all the issues, but you tell me.
21         MS. ANGUEIRA:  Yes.  I'm happy to start off, and
22 counsel can chime in if I've misstated something, but we'll
23 walk through Apple's issues first and then Rivos' issues.
24      So, for Apple issue one regarding the mediation,
25 Defendants have agreed by April 24th to identify a list of

1  remediated documents, provide the dates on which those
2  documents were remediated, and identify the devices from
3  which those documents were remediated from.  By that same
4  date, Defendants will also -- will finish producing
5  documents related to Mr. Pino (phonetic) that have been
6  remediated, and by May 1st, produce the remaining remediated
7  documents.
8           THE COURT:  I'm sorry.  The date for that
9  production was?
10          MS. ANGUEIRA:  May 1st.
11          THE COURT:  May 1st.  If I might interject, is
12 your agreement sufficient that you know all the terms and
13 you're telling me (inaudible) or is it going to be
14 (inaudible) the documents represent?
15          MR. EISEMAN:  My view is that the parties have
16 reached the agreement and there's no reason for the Court to
17 memorialize it.
18          THE COURT:  Thank you.
19          MS. ANGUEIRA:  We would prefer that it is in the
20 court order subject to Defendants coming to us and saying
21 (audio glitch) coming to us and saying that -- okay.  We're
22 okay with that (indiscernible) update.
23          THE COURT:  (Indiscernible.)
24          MS. ANGUEIRA:  Thank you.
25          UNIDENTIFIED SPEAKER:  We would like that

1 memorialized obviously in the form of the transcript of the
2 hearing so everybody has the exact (indiscernible).
3 　　　　　THE COURT:  That will be.
4 　　　　　UNIDENTIFIED SPEAKER:  And let me just -- not to
5 cut off -- we have reached agreement on everything, and we
6 don't think that  there's a need for the Court to order
7 anything other than perhaps talking about a meet and confer
8 going forward.
9 　　　　　THE COURT:  That -- I appreciate that
10 (indiscernible), but to -- to the extent you want to have a
11 recording from which you can create a transcript, keep
12 going, and I will not interrupt.  So, we'll try again.  Go
13 ahead.
14 　　　　　MS. ANGUEIRA:  For Apple issue number two, the
15 Defendants have agreed that if they find Apple confidential
16 information, they will either turn over images of where that
17 Apple confidential information was found to FTI or produce
18 the KMD meta data fields.  And that resolves Rivos issue
19 number two as well.
20 　　　　　MR. EISEMAN:  And the -- and the one addition I
21 would add is that when we're talking about Apple -- Apple
22 confidential documents, we're talking about documents that
23 were created or -- or originated in Apple and are nonpublic.
24 　　　　　MS. ANGUEIRA:  This agreement would also apply to
25 the subpoenaed individuals who aren't Defendants in this

8

1 case.
2      (Pause.)
3           MS. ANGUEIRA:  And if there's any dispute about
4 whether a document is Apple confidential information, we can
5 identify that document to opposing counsel, either turn over
6 the images to FTI or a person handling (indiscernible).
7           MR. EISEMAN:  Or I suppose meet and confer and
8 talk about it, but --
9           MS. ANGUEIRA:  Yes.
10           MR. EISEMAN:  -- there would be further
11 discussions I think.
12           MS. ANGUEIRA:  Issue number three was resolved
13 before this hearing.  FTI will be able to pull the KMD meta
14 data fields for the information that they have in their
15 possession.
16      For Apple issue number four, Defendants have agreed to
17 produce documents responsive to the request regarding
18 Apple's SSE's (phonetic).
19           MR. EISEMAN:  For the record, that's RFP 51 I
20 believe.
21           MS. ANGUEIRA:  Or the (indiscernible).  So, the
22 agreement extends to document requests pertaining to Apple
23 SSE's or components of SSE's.
24      For issue number -- Apple's issue number five,
25 Defendant's have agreed to identify investors and funders.

1 That information would be attorneys' eyes only, and Apple
2 has agreed not to seek third party discovery without first
3 meeting and conferring with Defendants and giving them an
4 opportunity to -- and giving them the opportunity to
5 (indiscernible). This would also include the amount of the
6 investments and funding.
7      MR. EISEMAN: So, I think -- I think that
8 agreement which, you know, we -- that's consistent with our
9 understanding, covers Apple's issues five and seven.
10     MS. ANGUEIRA: We agree with that, your Honor.
11   For issue number seven, Defendants have agreed to
12 supplement the RFP's with a joint statement under that issue
13 by April 21st and supplement the ROG (indiscernible) by May
14 1st.
15   For Rivos issue number -- excuse me -- Apple issue
16 number eight, Defendants have agreed to search for Apple
17 confidential information Apple identified by Bates numbers,
18 Apple confidential information that Apple is aware of, and
19 Defendants will search for those hash values, and Defendants
20 will also search for Apple confidential information that
21 they know of to the extent there is anything beyond what
22 Apple has identified.
23     MR. EISEMAN: And that's using that same
24 definition of Apple confidential information that we talked
25 about earlier.

1          MS. ANGUEIRA:  For Rivos issue number one, the
2 parties have agree to -- to defer this issue so that we can
3 further meet and confer.  And Defendants have also agreed to
4 move Mr. Murray's deposition back until the parties have
5 been able to come to a resolution on issue one.
6          THE COURT:  And that was the one scheduled for
7 Wednesday?
8          MS. ANGUEIRA:  Yes.
9     Rivos issue number two tracks with one of Apple's
10 issues that has been resolved (indiscernible) earlier.
11      And as to issue number three related to redaction,
12 Defendants are going to identify documents with redactions
13 that they would like us to review and remove redactions
14 from.  The parties have (indiscernible) to the agreement
15 that they will agree to the redaction to first name and
16 vital information, privileged information and unreleased
17 unannounced products, but they'll meet and confer about that
18 third category before serving redaction -- redacted
19 documents.
20      And those unreleased unannounced products would be
21 unreleased, unannounced products that are not at issue in
22 this case.
23          THE COURT:  All right.  So, you said unreleased
24 unannounced products in this case, you're going to meet and
25 confer about those?

1          MS. ANGUEIRA:  Yes.  If there's some other
2 category of information that either party thinks needs to be
3 redacted too, we'll agree to meet and confer beforehand as
4 well.  Counsel agrees to --
5          UNIDENTIFIED SPEAKER:  Yes.  Yes.
6          UNIDENTIFIED SPEAKER:  Yes.
7          MR. EISEMAN:  That's fine with us.
8          THE COURT:  Is that only as to documents
9 (indiscernible) or is that a broader agreement about
10 redactions (indiscernible)?
11         MS. ANGUEIRA:  It's a broader agreement about
12 document production.
13         MR. EISEMAN:  One other issue I was just reminded
14 of is there are certain documents that Apple introduced that
15 are usually text messages that involve just phone numbers,
16 and Apple has agreed to try to locate the names that are
17 associated with the phone numbers to the extent they have
18 those names, they'll provide theme to us so that we can take
19 those into account.
20         THE COURT:  Okay.  Thank you.
21         UNIDENTIFIED SPEAKER:  Just to clarify, the
22 unreleased unannounced product, that's really an Apple
23 invention.  In the case of Rivos, there are no unreleased
24 products, and I don't think anything (indiscernible) I think
25 is non-Rivos that's not redacted.

```
 1          MR. EISEMAN:  No, but if Rivos, hypothetically,
 2 were to be developing a new bicycle right now, we could
 3 redact that because it would be an unannounced product, and
 4 it would have nothing to do with this case.  I'm not saying
 5 that Rivos is doing anything like that, but I think that --
 6          UNIDENTIFIED SPEAKER:  And it has nothing to do
 7 with --
 8          MR. EISEMAN:  The -- the agreement applies to both
 9 parties.
10          UNIDENTIFIED SPEAKER:  But it would have to have
11 nothing to do with --
12          MR. EISEMAN:  Yeah, I don't -- I don't -- sure.
13 That's fine.
14          THE COURT:  Do you have a -- I'm not trying to
15 create more (indiscernible) than what you've already done --
16 any time period in mind for the Murray deposition and
17 (indiscernible)?
18          MR. EISEMAN:  I think that from our perspective,
19 that's going to depend upon what we resolve in terms of
20 search terms I think.
21          THE COURT:  So, after the search term resolution?
22          MR. EISEMAN:  Right.
23          THE COURT:  Do you have a time -- time frame as to
24 when and how you resolve the search terms?
25          MR. EISEMAN:  We're going to have the meet and
```

```
 1  confer tomorrow.  So, that's a start, but I -- I don't know
 2  how long it's going to take after that.
 3          THE COURT:  Do you -- just so there's
 4  accountability from my end, a report on that at some certain
 5  period of time or leave it to you to do it?  Do you want me
 6  to help you with that or get out of your way?
 7          UNIDENTIFIED SPEAKER:  If we could schedule --
 8  these conferences have been incredibly helpful, as you can
 9  see.
10          THE COURT:  Only because of your good
11  collaboration.
12          UNIDENTIFIED SPEAKER:  So, scheduling another one
13  of those would be good, and I think the parties agreed that
14  they want you to order that  before we submit the next joint
15  case management conference statement, that we have an in-
16  person meet and confer.
17          THE COURT:  We -- we set the next one already,
18  didn't we?
19          MR. EISEMAN:  We did not.
20          THE COURT:  We did not.  Okay.  That was in
21  Google.  I conflate my technology cases.
22      Well, when -- when would you like to schedule that?
23  Tell me what you need to do next.
24      (Pause.)
25          THE COURT:  It's got to be by -- on or before May
```

1  10 is (indiscernible).
2          MR. EISEMAN: So, your Honor had set a May 12
3  substantial completion of production. Maybe we should do it
4  after that so that we can raise any issues relating to the
5  document production then so we only come back here --
6          THE COURT: Yeah. It gets (indiscernible) more so
7  than -- pressure to get things done after the --
8          UNIDENTIFIED SPEAKER: How about three weeks from
9  today?
10      (Pause.)
11         MR. EISEMAN: How about May 8th?
12      (Pause.)
13         THE COURT: Yeah, May 8th is good. If I could
14 indulge you to give me an update the Friday before noon, as
15 you did this one?
16         MR. EISEMAN: That's fine with the Defendants,
17 your Honor.
18         UNIDENTIFIED SPEAKER: I think on our side there's
19 some discussion here, can we do it an earlier date if we
20 have -- maybe we could do it May 1st?
21      (Pausing.)s
22         MR. EISEMAN: I'm thinking to myself. I think May
23 1st I have a conflict. Let me see one thing. If you can
24 hold on one second, your Honor. We can make May 1st work.
25         UNIDENTIFIED SPEAKER: So can we, your Honor.

```
 1            THE COURT:  All right.  So, how about we reconvene
 2  here May 1st at 11:00 o'clock.  Does that work?
 3            UNIDENTIFIED SPEAKER:  Thank you, your Honor.
 4            THE COURT:  Appreciate if you go out to breakfast
 5  first.
 6            UNIDENTIFIED SPEAKER:  We're fans of the taco
 7  truck in the parking lot.
 8            THE COURT:  Appreciate diversifying so that we
 9  keep more than one business afloat (indiscernible).  And I
10  would still like the Friday before to have kind of
11  (indiscernible) where you're at, 10 pages.
12            MR. EISEMAN:  Ten pages, five each?
13            THE COURT:  Ten pages, and I'm going to add -- I
14  add requirements (indiscernible).  No footnotes.  My eyes
15  are getting old.  I'm sanctioning someone else on Wednesday
16  for their attaching some footnotes.  If it's worth putting
17  in your status report, put it into the text.  Avoid the
18  temptation of putting any negative or snarky comments  in
19  (indiscernible).
20            MR. EISEMAN:  Thank you.
21            THE COURT:  Not because of your sins but because
22  of the sins of others, and we'll see you on May 1st at 11:00
23  a.m.
24            UNIDENTIFIED SPEAKER:  Thank you, your Honor.
25            THE COURT:  Very good.  Thank you very much for
```

```
                                                              16
 1  working through all that.  We are in recess.
 2        (Proceedings concluded at 12:41 p.m.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*Echo Reporting, Inc.*

```
                                                              17
 1              CERTIFICATE OF TRANSCRIBER
 2
 3      I certify that the foregoing is a true and correct
 4 transcript, to the best of my ability, of the above pages of
 5 the official electronic sound recording provided to me by
 6 the U.S. District Court, Northern District of California, of
 7 the proceedings taken on the date and time previously stated
 8 in the above matter.
 9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14             [signature]
15
16            Echo Reporting, Inc., Transcriber
17                Friday, April 21, 2023
18
19
20
21
22
23
24
25
```