```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      David Eiseman (Bar No. 114758)
 2    davideiseman@quinnemanuel.com
      Victoria B. Parker (Bar No. 290862)
 3    vickiparker@quinnemanuel.com
    50 California Street, 22nd Floor
 4  San Francisco, California 94111-4788
    Telephone:    (415) 875-6600
 5  Facsimile:    (415) 875-6700

 6    Ryan Landes (Bar No. 252642)
      ryanlandes@quinnemanuel.com
 7  865 S Figueroa St.
    Los Angeles, CA 90017
 8  Telephone:    (213) 443-3145
    Facsimile:    (213) 443-3100
 9
    Attorneys for Defendants Rivos Inc., Wen Shih-
10  Chieh a/k/a Ricky Wen, Jim Hardage, Weidong
    Ye, Laurent Pinot, Prabhu Rajamani and Kai
11  Wang
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| APPLE INC., | Case No. 5:22-CV-2637-EJD |
|---|---|
| Plaintiff, | **DECLARATION OF DAVID EISEMAN IN OPPOSITION TO APPLE'S MOTION FOR SANCTIONS** |
| vs. | |
| RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINO, PRABHU RAJAMANI, AND KAI WANG, | Date:       August 30, 2023<br>Time:       11:00 a.m.<br>Courtroom: 5<br>Judge:       The Hon. Nathanael M. Cousins |
| Defendants. | Trial Date:  None Set |

# DECLARATION OF DAVID EISEMAN

I, David Eiseman, declare:

1. I am an attorney at Quinn Emanuel Urquhart & Sullivan LLP, counsel of record for Defendants in this matter. The facts stated in this declaration are true and correct based on my personal knowledge, and if called and sworn in as a witness, I could and would testify competently to those facts.

2. Apple filed this lawsuit on April 29, 2022, and shortly thereafter Quinn Emanuel was hired to represent Defendants Rivos Inc. ("Rivos") and Wen Shih-Chieh a/k/a Ricky Wen ("Mr. Wen"). Immediately upon being retained, Quinn Emanuel informed Rivos and its employees, including Mr. Wen, that they should preserve all potential evidence in the case.

3. On May 20, 2022, Apple filed an Ex Parte Motion for Temporary Restraining Order, Expedited Discovery, and Order to Show Cause (Dkt. 23) ("Apple's TRO motion"). As we were preparing Rivos' and Mr. Wen's opposition to Apple's TRO motion, Mr. Wen informed Quinn Emanuel that he had deleted a folder from his Rivos-reimbursed laptop but then recovered the folder to that laptop. My understanding at the time was that, because the folder had been recovered, no documents or forensic data had been lost. Moreover, I did not know, or have any reason to think, that the folder contained Apple confidential information.

4. All statements I or anyone at Quinn Emanuel made to the Court to the effect that Defendants were complying with their document preservation obligations were based on that understanding.

5. When preparing Mr. Wen for his deposition in February 2023, we discovered that Mr. Wen had six devices or accounts that could potentially contain Apple confidential information but that had not been previously disclosed to Apple. Neither I nor, to my knowledge, anyone at Quinn Emanuel knew or had any reason to know these devices and accounts existed prior to February 2023. When we learned about the devices and accounts, we promptly sequestered them and informed Apple's counsel. All six devices and accounts were turned over to FTI, the third-party forensic vendor, on or before March 10, 2023.

6.  Additionally, in preparing Mr. Wen for his deposition in February 2023, I learned that the folder that Mr. Wen had deleted had not been "recovered" to his laptop, as I previously understood, but instead had been recopied to his laptop. It was not until after learning this additional information that I was aware that metadata relating to the documents in that folder had potentially been lost as a result.

7.  On April 28, 2023, Apple's counsel provided by email a list of about 35,000 documents that Apple contended "reflect or evidence Apple's trade secrets." A review of some of the documents on Apple's list showed that many such documents were not trade secrets on their face. One was a list of three first names, another was a photo of a rainbow gradient, and another was a photo of a bird. Each of these documents appeared on Apple's list multiple times. At a subsequent meet and confer, Defendants' counsel asked Apple's counsel to explain the presence of obviously non-trade secret documents on Apple's list. Apple's counsel acknowledged that no attorneys had reviewed the list, let alone copies of the documents themselves. Rather, Apple's counsel indicated that Apple had asked a vendor to create the list of purported trade secrets based only on file and folder names.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of July, 2023 at Kentfield, California.

/s/ David Eiseman
David Eiseman