1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   David Eiseman (Bar No. 114758)
2  davideiseman@quinnemanuel.com
   Victoria B. Parker (Bar No. 290862)
3  vickiparker@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111-4788
   Telephone:     (415) 875-6600
5  Facsimile:     (415) 875-6700

6   Ryan Landes (Bar No. 252642)
    ryanlandes@quinnemanuel.com
7  865 S Figueroa St.
   Los Angeles, CA 90017
8  Telephone:     (213) 443-3145
   Facsimile:     (213) 443-3100
9
   Attorneys for Defendants Rivos Inc., Wen Shih-
10 Chieh a/k/a Ricky Wen, Jim Hardage, Weidong
   Ye, Laurent Pinot, Prabhu Rajamani and Kai
11 Wang

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15

16 | APPLE INC.,                        | Case No. 5:22-CV-2637-EJD
17 |             Plaintiff,             | **DECLARATION OF STEPHEN SWEDLOW IN OPPOSITION TO APPLE'S MOTION FOR SANCTIONS**
18 |        vs.                         |
19 | RIVOS INC., WEN SHIH-CHIEH a/k/a   | Date:        August 30, 2023
   | RICKY WEN, JIM HARDAGE, WEIDONG    | Time:        11:00 a.m.
20 | YE, LAURENT PINO, PRABHU           | Courtroom: 5
   | RAJAMANI, AND KAI WANG,,           | Judge:       The Hon. Nathaniel M. Cousins
21 |                                    |
   |             Defendants.            | Trial Date:  None Set
22

23

24

25

26

27

28

1

### DECLARATION OF STEPHEN SWEDLOW

2       I, Stephen Swedlow, declare:

3       1.      I am a Circuit Judge in Cook County, Illinois.  Until November 30, 2022, I was an

4   attorney at Quinn Emanuel Urquhart & Sullivan LLP, counsel of record for Defendants in this

5   matter.  The facts stated in this declaration are true and correct based on my personal knowledge,

6   and if called and sworn in as a witness, I could and would testify competently to those facts.

7       2.      Apple filed this lawsuit on April 29, 2022, and shortly thereafter Quinn Emanuel

8   was hired to represent Defendants Rivos Inc. ("Rivos") and Wen Shih-Chieh a/k/a Ricky Wen

9   ("Mr. Wen").  Immediately upon being retained, Quinn Emanuel informed Rivos and its

10  employees, including Mr. Wen, that they should preserve all potential evidence in the case.

11      3.      On May 20, 2022, Apple filed an Ex Parte Motion for Temporary Restraining

12  Order, Expedited Discovery, and Order to Show Cause (Dkt. 23) ("Apple's TRO motion").  As we

13  were preparing Rivos' and Mr. Wen's opposition to Apple's TRO motion, Mr. Wen informed

14  Quinn Emanuel that he had deleted a folder from his Rivos-reimbursed laptop but then recovered

15  the folder to that laptop.  My understanding at the time was that, because the folder had been

16  recovered, no documents or forensic data had been lost.  Moreover, I did not know, or have any

17  reason to think, that the folder contained Apple confidential information.

18      4.      During the time I served as counsel for Defendants, all statements I or anyone at

19  Quinn Emanuel made to the Court to the effect that Defendants were complying with their

20  document preservation obligations were based on my understanding set forth in paragraph 3

21  above.

22

23      I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.  Executed this 20TH day of July, 2023 at CHICAGO, Illinois.

25

26  Stephen Swedlow

27

28