QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
  Elle Xuemeng Wang (Bar No. 328839)
  ellewang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Ryan Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone:     (213)-443-3000
Facsimile:     (213)-443-3100

Attorneys for Defendants Rivos Inc. and Wen Shih-Chieh a/k/a Ricky Wen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN; BHASI KAITHAMANA; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>　　　　Defendants. | Case No. 5:22-CV-2637-PCP<br><br>**DECLARATION OF ELLE X. WANG IN RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 234)**<br><br>Trial Date:　　　　None Set |

**DECLARATION OF ELLE X. WANG**

I, Elle X. Wang declare:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants Rivos Inc. ("Rivos") and Wen Shih-Chieh a/k/a Ricky Wen (collectively, "Defendants") in the above-referenced action. I make this declaration of my own personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in response to Apple Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with Plaintiff Apple Inc's ("Apple") Reply in Support of its Motion for Sanctions (Dkt. 234) (the "Motion").

3. Defendants respectfully request that the Court seal Exhibits 34, 37, 38, 39, 40, 41, 42, 43, and 44 to the Motion. These exhibits contain sensitive personal identifying information, Rivos' sensitive business information, as well as the technical details relating to the architecture of Rivos' SoC. In making this request, Defendants have carefully considered the relevant legal standard and the policy considerations outlined in the Northern District of California's Civil Local Rule 79-5. Defendants do not seek to redact any portion of Apple's Reply in Support of Its Motion for Sanctions. A version with revised redactions (reflecting only portions Apple seeks to seal (Dkt. 233)) is filed concurrently herewith as **Exhibit A**.

4. Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). However, courts also recognize that preventing the release of proprietary information and/or trade secrets is a compelling reason that would overcome this strong presumption. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). The Ninth Circuit has confirmed that "ordinarily a party must show 'compelling reasons' to keep a court document under seal." *Ctr. for Auto Safety*, 809 F. 3d at 1095. Quoting the

Supreme Court's decision in *Nixon v. Warner Communications*, however, the Ninth Circuit has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Id.* at 1097 (quoting 435 U.S. 589, 598-99 (1978)). Furthermore, "[r]ecords attached to non-dispositive motions are not subject to the strong presumption of access." *See Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621- WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (*citing Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Rather, non-dispositive motions are subject to the lesser "good cause" standard, which "requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

5.  Apple's Motion for Sanctions is a non-dispositive motion, and the confidential information sought to be sealed meets the good cause standard. Defendants make this request with the good faith belief that the information sought to be sealed consists of sensitive personal identifying information of Wen and a number of current employees of Rivos, Rivos' sensitive business information, and technical details discussing the architecture of Rivos' SoC "that might harm a litigant's competitive standing," if disclosed publicly. *Nixon*, 435 U.S. at 598. If the information sought to be sealed were made public, Rivos' competitors would gain access to its business practices, design decisions, and technical know-how regarding the development of Rivos' technology, which could harm Rivos' competitive standing. The public disclosure of the sensitive personal identifying information of Wen and other current employees of Rivos would also prejudice and harm those individuals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of August, 2023, at San Mateo, California.

*/s/ Elle X. Wang*
Elle X. Wang