1  BRYAN WILSON (CA SBN 138842)
   BWilson@mofo.com
2  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792

6  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
7  MEREDITH L. ANGUEIRA (CA SBN 333222)
   MAngueira@mofo.com
8  MORRISON & FOERSTER LLP
   425 Market Street
9  San Francisco, California 94105-2482
   Telephone: 415.268.7000
10 Facsimile: 202.887.0763

11 MARY PRENDERGAST (CA SBN 272737)
   MPrendergast@mofo.com
12 MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
13 Washington, District of Columbia 20037
   Telephone: 202.887.1500
14 Facsimile: 415.268.7522

15 Attorneys for Plaintiff
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | Case No. 5:22-cv-02637-PCP |
| Plaintiff, | **APPLE INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 227)** |
| v. | |
| RIVOS, INC., a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG, | Courtroom: 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>Trial Date: None Set |
| Defendants. | |

Pursuant to Civil Local Rule 72-2, Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A), Apple moves for relief from Magistrate Judge Cousins' discovery order dated August 9, 2023 (Dkt. 227 (minute entry); Dkt. 239 (transcript)) (collectively, the "Order"). In particular, Apple seeks relief from the rulings that (1) the scope of the intentional waiver of attorney-client privilege by Mr. Wen, Rivos, and Quinn Emanuel ("Quinn"), in response to Apple's motion for sanctions was limited to only those communications on which they rely (Dkt. 239 at 20:6-21:7); and (2) that Mr. Wen and Rivos did not waive privilege over purported instructions to preserve evidence even though Mr. Wen and Quinn described these communications in their declarations and their Opposition relies on them. (*Id.* at 21:23-22:5.)

## I.     BACKGROUND

### A.     The Privilege Waiver

In April 2023, Apple filed a motion for sanctions against Mr. Wen, Rivos, Quinn, and two individual Quinn attorneys, based, in part, on statements they made about Mr. Wen's deletion of a computer folder called "Unix.tar." (Dkt. 171.) They responded in July 2023, relying on three declarations that expressly disclosed attorney-client communications. (Dkts. 219; 219-1; 219-2; 219-3.) Those declarations state what Mr. Wen told counsel and what counsel therefore understood, including that they "did not know, or have any reason to think, that the folder contained Apple confidential information" and that their "understanding at the time was that, because the folder had been recovered, no data had been lost." (Dkt. 219-1 ¶ 3; Dkt. 219-2 ¶ 3.)

Rivos and Quinn also said they informed Mr. Wen not to delete relevant information. Messrs. Swedlow and Eiseman declared that "[i]mmediately upon being retained, Quinn Emanuel informed Rivos and its employees, including Mr. Wen, that they should preserve all potential evidence in the case." (Dkt. 219-1 ¶ 2 (Eiseman); Dkt. 219-2 ¶ 2 (Swedlow).) Mr. Wen's declaration disclosed that "Rivos instructed me and other Rivos employees to preserve and not delete documents that might be relevant to the case. . . ." (Dkt. 219-3 ¶ 11.)

Apple requested these communications and all other communications on the same subject matter. Mr. Wen and Rivos selectively produced just two privileged emails. They produced no documents at all related to the claimed instructions to preserve evidence. And the two emails they

did produce demonstrate there were other communications, and therefore only partially describe what counsel and Mr. Wen knew and when. They refused to produce any other communications on the same subject matter and have not denied that additional communications exist.

### B. The Discovery Dispute

The parties jointly submitted a discovery dispute letter on August 7, 2023. (Dkt. 225.) In this letter, and relevant to these objections, Apple moved to compel production of communications, consistent with the declarations and e-mails selectively produced, regarding: (1) Mr. Wen's actions with respect to the unix.tar folder and its contents (*id.* at 2:11-3:3); and (2) instructions to Mr. Wen regarding document preservation (*id.* at 3:4-9).

At the hearing, Mr. Wen, Rivos, and Quinn argued their waiver was limited to only those communications on which they relied to defend themselves, pointing—for the first time—to *In re National Mortgage Equity Corporation*, 120 F.R.D. 687 (C.D. Cal. 1988). (Dkt. 239 at 12:12-13:13.) Apple requested, but was not given a chance, to consider and respond to the new argument. (*Id.* at 17:22-18:5.) Judge Cousins denied Apple's motion. (*See id.* at 20:19-21:7, 23-22:5; Dkt. 227.) Judge Cousins also denied Apple's request for communications regarding the preservation instructions, without explanation. (Dkt. 239 at 21:23-22:65; Dkt. 227.)

## II. LEGAL STANDARD

The district court must modify or set aside any part of a magistrate judge's non-dispositive order "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Where a Magistrate Judge does not provide a reasoned explanation of his order, the Court "checks the order against the record to ensure that it is not clearly erroneous or contrary to the law." *Glair v. City of Los Angeles*, 2015 WL 13866204, at *1 (C.D. Cal. June 11, 2015).

## III. ARGUMENT

It was error to deny production of communications regarding (1) Mr. Wen's deletion and restoration of the unix.tar archive, and (2) instructions to Mr. Wen regarding document preservation. The holdings that Mr. Wen and Rivos could limit the scope of their waiver to only certain communications related to the unix.tar archive, and could refuse to produce document preservation communications on which they explicitly rely in their Opposition and declarations,

APPLE INC'S MOTION FOR RELIEF
CASE NO. 5: 22-cv-02637-PCP

2

were clearly erroneous and contrary to law.  These errors denied Apple a fair opportunity to challenge the assertions in the declarations and the arguments based on them.

### A. Communications Regarding Mr. Wen's Deletion of unix.tar

It was error to hold that Mr. Wen and Rivos could selectively waive privilege over documents regarding Mr. Wen's deletion of the unix.tar archive to defend against Apple's sanctions motion.  Mr. Wen, Rivos, and their counsel gained a tactical advantage by disclosing only those communications they apparently believe support them.  To explain the definitive statements they made to the Court that Mr. Wen and Rivos were complying with their document preservation obligations, and that no Apple confidential information had been found on Rivos devices (Dkt. 169-3 at 3-4), counsel rely on their "understanding" and what they "had reason to think" (Dkt. 219-1 ¶ 3; Dkt. 219-2 ¶ 3). After Apple noted their waiver and sought related communications, they produced only two e-mails.  Other communications on this same subject matter are clearly relevant to testing their explanation.

The two late-produced emails show that Mr. Wen told Rivos and Quinn he had placed on Rivos' systems, and then deleted, Apple confidential information over nine months before he informed Apple at his deposition and through supplemental interrogatory responses.  (*See* Dkt. 234-3, RIVOS_0418741 at -741 ("Some of the data files, however, are related to the designs, which I worked on at Apple."); Dkt. 165-5 at 83:25-84:10.)  These emails also show that there were additional communications between Mr. Wen, Rivos, and Quinn on this subject.  (*E.g.*, Dkt 234-3 at -741 (Mr. Wen referring to "the write up about the .tar files that I promised you").)  These communications could shed light on what Mr. Wen "recovered" when restoring unix.tar, what his counsel knew about the "recovery," what he meant when he raised concerns about "residue left on the disk," why he failed to supplement relevant interrogatory responses for nine months, and whether Mr. Wen, Rivos, and Quinn acted reasonably to mitigate any spoliation of evidence, including metadata, after Mr. Wen's deletion of unix.tar.  This disclosure of some communications while withholding others on the same subject matter, including what counsel "had reason to think," is an impermissible abuse of the attorney-client privilege. *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012); *see also Regents Univ. Cal. v. Micro*

APPLE INC'S MOTION FOR RELIEF
CASE NO. 5: 22-cv-02637-PCP

3

*Therapeutics, Inc.*, 2007 WL 2069946, at *3 (N.D. Cal. July 13, 2007) (privilege waived "when the party voluntarily injects into suit a question that turns on state of mind").

*National Mortgage* does not support Mr. Wen's and Rivos' selective waiver. There, attorneys sought to produce privileged documents, over a client's objections, to defend fraud claims against the attorneys and their client. 120 F.R.D. at 689-90. *National Mortgage* allowed a selective waiver, likening it to the narrow "self-defense" privilege waiver for attorneys defending malpractice claims. *See id.* at 692. Judge Cousins applied this reasoning and ruled that he did not "find that the Defendants here have gained a tactical advantage in litigation through these declarations. They are defensive to a motion for sanctions." (Dkt. 239 at 20:23-21:1.) Apple could not respond to this case or argument, which was raised for the first time at the hearing. *Acasio v. Lucy*, 2017 WL 1316537, at *10 (N.D. Cal. Apr. 10, 2017) ("It is even more unfair and prejudicial to raise new arguments and authorities for the first time at oral argument, taking the opposing party by surprise and affording no opportunity to respond whatsoever.").

Unlike *National Mortgage*, there is no third-party claim or adversity between client and attorney here. Apple's motion is based on discovery misconduct. Courts have not extended *National Mortgage* to the context of the sanctions Apple seeks here. The only decision Apple has found that considered *National Mortgage* in the sanctions context found it to be inapplicable. As that court explained, "the instant dispute does not involve a new suit or potential suit by a third party against the attorneys nor has the client initiated any complaints or allegations against its attorneys." *Qualcomm Inc. v. Broadcom Corp.*, 2007 WL 2900537, at *1 (S.D. Cal. Sept. 28, 2007). Apple did not have an opportunity to explain this to the Magistrate Judge because counsel withheld the case and the argument until the hearing.

Judge Cousins also erred when he found the use of declarations here substantially differed from that in *Century Aluminum*. (Dkt. 239 at 20:19-21:7.) Apple respectfully disagrees. In *Century Aluminum*, a party attempted to gain a tactical advantage by selectively releasing a privileged investigation report and opposing production of any related communications about the investigation. *Century Aluminum*, 285 F.R.D. at 472. Mr. Wen, Rivos, and Quinn seek to do the same here, by releasing two emails they believe support their sanctions defense and refusing to

APPLE INC'S MOTION FOR RELIEF
CASE NO. 5: 22-cv-02637-PCP

4

produce other communications on the same subject matter. (Dkt. 239 at 12:12-13:13.)

There is no dispute that Mr. Wen and Rivos intentionally waived privilege to defend against Apple's sanctions motion by submitting the three declarations and producing two emails describing Mr. Wen's communications with Rivos and Quinn. (*Id.* at 20:14-15.)  The only dispute is the scope of the waiver.  Under the correct application of the law, Mr. Wen and Rivos waived privilege as to all communications regarding Mr. Wen's deletion and alleged recovery of the unix.tar archive when they described privileged communications forming the basis for what they and Quinn purportedly knew, had reason to know, or understood regarding Mr. Wen's actions.  Apple is advocating only a narrow scope of the subject matter waiver.  Within that scope, all communications must be produced, not just the ones Mr. Wen and Rivos believe to be favorable.

### B.   Document Preservation Instructions

It was also error to find no subject matter waiver over instructions to Mr. Wen regarding preservation of documents.  Mr. Wen, Rivos, and Quinn affirmatively put at issue any instructions, including any litigation hold notice, given to Mr. Wen regarding preservation.  Their waiver is reinforced by Mr. Wen's deletion of relevant evidence.  *See Al Otro Lado, Inc. v. Wolf*, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020) ("preliminary showing of spoliation" overcomes "the attorney-client privilege that presumably attached to the litigation hold").  The declarations disclose these instructions from counsel but provide no details such as the date they were given, who gave them, or their substance.  Yet Rivos and Quinn rely on these instructions to argue they believed information was being preserved, and that any sanction against Mr. Wen should not be imputed to Rivos. (Dkt. 219 at 3, 17 (Arguing Mr. Wen deleted after he "received a litigation hold from Rivos").)  Because they rely on these instructions, they should be ordered to produce them, including any litigation hold and any other communications on the same subject matter.

## IV.   CONCLUSION

Relief from these rulings is warranted to compel Mr. Wen, Rivos, and Quinn to produce all communications regarding (1) Mr. Wen's deletion and restoration of the unix.tar archive, and (2) instructions to Mr. Wen regarding document preservation.  In addition, they should be ordered to produce a privilege log identifying any relevant communications they continue to withhold.

Dated: August 23, 2023

Respectfully submitted,

MORRISON & FOERSTER LLP

By: *Mary Prendergast*
    Mary Prendergast

Attorney for Plaintiff
APPLE INC.