QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

  Ryan Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 S Figueroa St.
Los Angeles, CA 90017
Telephone:     (213) 443-3145
Facsimile:     (213) 443-3100

Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG,<br><br>Defendants. | Case No. 5:22-CV-2637-PCP<br><br>**RESPONSE TO APPLE INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 227) PURSUANT TO THE COURT'S ORDER DIRECTING RESPONSE (DKT. 249)**<br><br>Courtroom:  8<br>Judge:       Hon. P. Casey Pitts<br><br>Trial Date:  None Set |

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Apple Moves for Sanctions, Forcing a Narrow Defensive Waiver of Privilege

On April 1, 2023, Apple filed a motion for sanctions that accused not only Rivos and Mr. Wen, but also Quinn Emanuel and two individual Quinn Emanuel attorneys of lying to Apple and the Court.  Apple's accusations are meritless.  But to defend against them, Quinn Emanuel needed to demonstrate that it accurately represented what it knew at the time about Mr. Wen's deletion of certain documents.  As a result, David Eiseman and Judge Steven Swedlow (a former Quinn Emanuel partner) submitted declarations describing their factual knowledge.  Dkt. 219-1, 219-2.

Specifically, Mr. Eiseman's declaration disclosed that: (i) "Mr. Wen informed Quinn Emanuel that he had deleted a folder from his Rivos-reimbursed laptop but then recovered the folder to that laptop"; (ii) "When preparing Mr. Wen for his deposition in February 2023, we discovered that Mr. Wen had six devices or accounts that could potentially contain Apple confidential information but that had not been previously disclosed to Apple"; and (iii) "in preparing Mr. Wen for his deposition in February 2023, I learned that the folder that Mr. Wen had deleted had not been 'recovered' to his laptop, as I previously understood, but instead had been recopied to his laptop." Dkt. 219-1 at ¶¶ 3, 5, 6.  Judge Swedlow's declaration contained the same statements as paragraph 3 of Mr. Eiseman's declaration (Judge Swedlow had left Quinn Emanuel before the disclosures described in paragraphs 5 and 6 of Mr. Eiseman's declaration).  Dkt. 219-2.

In his declaration, Mr. Wen explained that he had deleted certain documents despite the fact that he received a litigation hold instructing him not to.  He stated: "Within several days after Apple filed its case, Rivos instructed me and other Rivos employees to preserve and not delete documents that might be relevant to the case, including electronically stored information."  Dkt. 219-3 at ¶ 11.

Upon Apple's request, Rivos produced Mr. Wen's emails that served as the basis for the statements in Mr. Eiseman's and Judge Swedlow's declarations.  *See* Dkt. 234-2; 234-3.

### B.     Apple Demands Broad Production of Privileged Material

Having forced Quinn Emanuel to waive privilege with respect to a narrow set of communications with Mr. Wen in defending against Apple's motion, Apple then argued for a broad waiver.  Apple demanded production of "all communications—between Mr. Wen and his attorneys,

among his attorneys, or between his attorneys and consultants" having anything to do with (i) Mr. Wen's Unix.tar folder, (ii) instructions to Mr. Wen regarding document preservation, and (iii) Mr. Wen's devices and accounts disclosed to Apple in February 2023. Dkt. 225 at 2-3.

While the narrow disclosure of privileged communications was made in direct response to Apple's accusations in its motion for sanctions, Apple argued that the communications "are clearly relevant to issues at the heart of the case" and therefore the "scope of the waiver should extend at least that far[.]" Aug. 9, 2023 Tr., Dkt. 239, at 11:24-12:1. Thus Apple attempted to use its unfounded accusations against Quinn Emanuel as a springboard to demand a broad subject matter waiver of both attorney-client privilege and work product relating to issues Apple deems relevant.

After being unable to reach agreement during their meet and confer, the parties presented their respective positions to Judge Cousins in a Joint Discovery Statement. Dkt. 225.

### C. Magistrate Judge Cousins Denies Apple's Motion to Compel

Following argument by the parties, Judge Cousins found that there was a "limited waiver" of privilege, but that the "information within [the] limited waiver" had already been produced. Aug. 9, 2023 Tr. at 20:14-18. Judge Cousins explained that he had "read the briefing on the motion for sanctions" in order to understand the context for "the declarations in particular" and "discovery overall." *Id.* at 19:9-13. With that context, Judge Cousins found that Defendants had not "gained a tactical advantage in litigation through these declarations. They are defensive to a motion for sanctions." *Id.* at 20:23-21:1. Judge Cousins further found that there was no "waiver of work product from the declarations." *Id.* at 21:8-9. Judge Cousins also rejected Apple's request for production of documents and communications related to document preservation. *Id.* at 21:23-22:5. Thus, Judge Cousins denied Apple's motion to compel in its entirety. *Id.* at 20:6-7.

## II. LEGAL STANDARD

Apple faces an extremely high bar to set aside Judge Cousins' order. The Court "may modify or set aside a magistrate judge's non-dispositive pretrial order only if it is 'clearly erroneous or contrary to law.'" *In re Twitter Inc. Sec. Litig.*, 2019 WL 2127820, at *2 (N.D. Cal. May 10, 2019) (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). An order is "clearly erroneous" only if "the court is left with the definite and firm conviction that a mistake has been committed." *Id.*

(internal quotation and citation omitted); *see also Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 502 (9th Cir. 1991) ("[t]o be clearly erroneous, a decision must ... strike us as wrong with the force of a five-week old, unrefrigerated dead fish.") (internal quotation and citation omitted).  It is "contrary to law" only if it "applies an incorrect legal standard or fails to consider an element of the applicable standard."  2019 WL 2127820, at *2 (internal quotation and citation omitted).  "This standard is not easily satisfied" and "affords the magistrate judge significant deference."  *In re PFA Ins. Mktg. Litig.*, 2021 WL 5991681, at *1 (N.D. Cal. Nov. 4, 2021).

### III.     ARGUMENT

#### A.     Judge Cousins' Finding of a Narrow Waiver Was Not Clearly Erroneous or Contrary to Law

When privilege is waived by using privileged information to defend against allegations of wrongdoing, "fairness dictates that the waiver should be narrowly construed[.]"  *Apex Mun. Fund v. N-Grp. Sec.*, 841 F. Supp. 1423, 1430 (S.D. Tex. 1993).  When such a waiver is necessary, "previously withheld communications which concern the same discrete subject matter (narrowly construed) as to which the self-defense exception is invoked, should be disclosed."  *In re National Mort. Equity Corp. Mort. Pool Certificates Sec. Litig.*, 120 F.R.D. 687, 692 (C.D. Cal. 1988).[1]  As in *National Mortgage*, Rivos and its attorneys disclosed their privileged communications with Mr. Wen in "self-defense" to respond to Apple's claim that Quinn Emanuel had lied to Apple and the Court.  *Id.* at 690.  The disclosure was "no greater than the lawyer reasonably believes is necessary to vindicate innocence[.]"  *Id.* at 692 (internal quotation and citation omitted).  Apple attempts to distinguish *National Mortgage* by arguing there is no "third-party claim or adversity between client and attorney here" (Dkt 247. at 4), but *National Mortgage* recognized that ABA Model Rule 1.6 had been changed to *broaden* the lawyer's "self-defense exception" *beyond* disciplinary proceedings or in response to allegations made by a client.  120 F.R.D. at 691.  Under the circumstances, "'selective' disclosure" is permitted.  *Id.* at 692.  Rivos has produced the "previously withheld communications" regarding the "discrete subject matter" of the disclosure made in self-defense.  *Id.*

---

[1]  Apple complains it could not respond to *National Mortgage* because it was raised for the first time at the hearing.  Dkt. 247 at 4.  Respondents disagree the timing was improper.  Regardless, Apple has now addressed the case and, as discussed, its attempts to distinguish it are unpersuasive.

As the case law on which Apple relies recognizes, under Federal Rule of Evidence 502, waiver "generally results in a waiver only of the communication or information disclosed." *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 FRD 468, 472 (N.D. Cal. 2012). Accordingly, "subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." *Id.*

It was not clearly erroneous for Judge Cousins to find that this is not such an "unusual situation." *See id.* As he explained, Mr. Wen's emails to Quinn Emanuel were not disclosed for "tactical advantage," as Apple claims, but to defend against Apple's accusations. Aug. 9, 2023 Tr. at 20:19-21:1. This is in stark contrast to *Century Aluminum*, in which the defendant used selective disclosure of privileged materials "as both a shield and a sword[.]" 285 FRD at 472. There, the defendant had voluntarily produced a privileged document that "greatly strengthen[ed]" one of its liability defenses. *Id.* Here, the disclosure was not done voluntarily or to strengthen Defendants' case on the merits, but only in response to Apple's motion for sanctions.

Apple's reliance on *Regents of Univ. of California v. Micro Therapeutics, Inc.*, 2007 WL 2069946, at *1 (N.D. Cal. July 13, 2007) is similarly inapt. There, unlike here, the defendant asserted "good faith reliance" as an affirmative defense to liability. *Id.* at *4. In finding that privilege had been waived, the court found that the "claim of good faith puts squarely in issue the actions of Dawes and the reasoning behind his decision not to disclose the thesis to the PTO." *Id.* Here, by contrast, Defendants did not disclose Mr. Wen's emails to support an affirmative defense, but rather to defend against Apple's tangential sanctions motion accusing Quinn Emanuel of lying.

Finally, Mr. Wen's reference to the instruction he received not to delete potentially relevant documents was made only to provide context in the face of Apple's effort to impute Mr. Wen's conduct to Rivos. There is no dispute that Mr. Wen received a litigation hold. This is in stark contrast to *Al Otro Lado, Inc. v. Wolf*, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020) (cited by Apple), where defendants "did not issue a litigation hold notice . . . until months after the litigation began" and documents may have been destroyed "both before and after the litigation hold was

issued." Given Mr. Wen's recognition that he received a hold, it was not clearly erroneous for Judge Cousins to find that the hold itself need not be produced.

### B. Judge Cousins' Finding that Work Product Had Not Been Waived Was Not Clearly Erroneous or Contrary to Law

The Eiseman and Swedlow declarations did not disclose any work product. The declarations do not interpret the substance of any of the documents Mr. Wen deleted, or discuss whether Defendants had used any of the documents, or address whether any Apple confidential documents were on the devices Mr. Wen identified in February 2023. In short, the declarations do not provide any substantive information about any issue in the case; they only disclose the substance of two emails from Mr. Wen. There was no attorney work product in those emails.

Emblematic of its overreach, Apple demanded production of all work product, including emails amongst Quinn Emanuel attorneys, between Quinn Emanuel and its forensic consultants, and between Quinn Emanuel and Rivos in-house counsel. *See N. Cnty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, No. 08CV01518 AJB (WMC), 2012 WL 12870300, at *3 (S.D. Cal. Oct. 31, 2012) (internal communications "between and among Verizon in-house counsel regarding [disputes with third parties] . . . are subject to . . . work-product protection").

Apple's motion does not even mention "work product." But even if Apple disputes Judge Cousins' ruling on the work product issue, Judge Cousins did not "clearly err" in rejecting Apple's attempt to secure the work product of counsel, created in the course of their legal duties. Apple's request for such a broad waiver was "simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor,* 329 U.S. 495, 510 (1947).

### IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Apple's Motion for Relief.

| | |
|---|---|
| | Respectfully submitted, |
| DATED:  August 28, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ David Eiseman* |
| | DAVID EISEMAN<br>RYAN LANDES<br>VICTORIA B. PARKER |
| | Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang |