BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.6500
Facsimile: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
MEREDITH ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Telephone: 202.887.1500
Facsimile: 202.887.0763

Attorneys for Plaintiff
APPLE INC.

DAVID EISEMAN (CA SBN114758)
davideiseman@quinnemanuel.com
VICTORIA B. PARKER (CA SBN 290862)
vickiparker@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

RYAN LANDES (Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants
RIVOS INC., WEN SHIH-CHIEH A/K/A
RICKY WEN, JIM HARDAGE, WEIDONG
YE, LAURENT PINOT, PRABHU
RAJAMANI and KAI WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RIVOS INC, a Delaware corporation; WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG,<br><br>Defendant. | Case No. 5:22-cv-2637-PCP-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. P. Casey Pitts<br><br>Action Filed:  April 29, 2022 |

1    The parties jointly submit this case management statement.

2  **I.      JURISDICTION AND SERVICE**

3    No issues exist regarding jurisdiction or venue and all parties have been served.

4  **II.     FACTS**

5    **A.      Apple's Statement**

6    Apple's systems-on-chips ("SoCs") designs, including its M-series and A-series SoCs, have

7  revolutionized the personal and mobile computing worlds. Apple has devoted billions of dollars

8  and more than a decade of effort to develop the proprietary technologies and expertise necessary to

9  engineer these revolutionary SoC designs.  Rivos has hired over 50 former Apple engineers, many

10 of whom were trusted with Apple's most sensitive trade secret SoC designs and technology.  The

11 evidence continues to grow that Apple's confidential information has been used in designing Rivos

12 SoCs and was transferred to employees' Rivos laptops and Rivos' internal systems, in addition to

13 former Apple employees' devices and drives.  Rivos employees have openly discussed, considered,

14 and used Apple's trade secrets in the course of designing Rivos SoCs, including referring to

15 sensitive Apple documents and Apple SoC projects by code name. Rivos's accelerated chip

16 development timeline further suggests it has been using Apple's trade secrets.  (*See* Dkt. 255-1.)

17   Apple filed its complaint on April 29, 2022.  On May 20, 2022, Apple moved for a TRO

18 against Ricky Wen and for expedited discovery. On June 17, 2022, Wen entered into a stipulation

19 to refrain from accessing or using Apple confidential information, to preserve documents, and to

20 immediately provide the Apple documents he retained for forensic inspection.  After a July 7, 2022

21 hearing, Judge Cousins granted in part Apple's request for expedited discovery. On June 30, 2022,

22 Rivos and Wen filed motions to dismiss.  On July 14, 2022, Apple filed a First Amended Complaint,

23 mooting the motions, and named Hardage, Ye, Pinot, Rajamani, and Wang as defendants.  The

24 parties filed an initial joint case management statement on July 18, 2022.  (Dkt. 83.)

25   On August 30, 2022, Apple filed its Second Amended Complaint.  Defendants moved to

26 dismiss on September 27, 2022. The Second Amended Complaint did not include the information

27 Apple later learned through discovery regarding Defendants' use of Apple's trade secrets because

28 Rivos had blocked all discovery into its technical documents and development, and into its retention

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:22-CV-2637-PCP-NMC

1

1   and use of Apple's confidential documents.  On August 9, 2023, Judge Davila denied the motion

2   as to the DTSA claims against Wen, Rajamani, and Hardage, and the breach of contract claims

3   asserted against Wen, Pinot, Rajamani, Hardage, and Wang. Judge Davila dismissed, with leave to

4   amend, the DTSA claim asserted against Rivos, Pinot, and Ye, and the breach of contract claim

5   asserted against Ye.  On August 29, 2023, Apple filed its Third Amended Complaint to include the

6   information it has obtained in discovery thus far and Defendants have stated they will answer it.

7          Defendants have not provided "fulsome" discovery as they claim.  Even now Rivos has

8   produced *just 34 technical documents* concerning development of its SoCs.  Apple, as the *plaintiff,*

9   has now produced approximately 1600 SoC specifications along with hundreds of other

10  development documents.

11         On April 1, 2023, Apple moved for sanctions against Rivos, Wen, and their counsel related

12  to spoliation, repeated failure to comply with Court orders, false and misleading statements to the

13  Court, unilateral deletion of data in discovery, and permitting former Apple employees continued

14  access to devices containing Apple confidential information for nearly a year after this litigation

15  was filed. Judge Davila referred the motion to Judge Cousins and it was heard on August 30, 2023.

16         On August 18, 2023, this case was reassigned from Judge Davila to Judge Pitts (Dkt. 240).

17  That order vacated all pretrial conference and trial dates scheduled on or before November 13,

18  2023, but other pretrial deadlines, pretrial conference, and trial dates remain unchanged. (*Id.*)

19         **B.     Defendants' Statement**

20         This case is an attempt by Apple to suppress employee mobility and to quash the growth of

21  a promising start-up.  Apple's allegations and its conduct throughout the case has confirmed that

22  improper motivation.  Since the first employee left Apple to join Rivos in June 2021, Apple has

23  been monitoring the hiring activities of Rivos and taking forensic device images for every employee

24  who resigns from Apple to join Rivos.  Despite this extensive monitoring, Apple made little attempt

25  to contact Rivos, or any of its former employees at Rivos, regarding its alleged concerns over the

26  potential retention, or the return, of Apple confidential and/or trade secret information prior to filing

27  its complaint.  And when employees left Apple to join Rivos, Apple made little to no effort to

28  instruct them regarding their obligations, nor to address the fact that Apple's own iCloud system

1    had been automatically—without Defendants' involvement or knowledge—"syncing" Apple files

2    to various of Defendants' devices.  Rather, on April 29, 2022, ten months after the first Rivos

3    departure, Apple filed its complaint against Rivos and two of its employees, and simultaneously

4    sent 45 threatening letters to the Individual Defendants and other former Apple employees at Rivos.

5        Now, over one year into the case and a number of motions to compel later, Apple only just

6    made its allegedly trade secret documents available, but still has not identified which documents

7    Defendants allegedly misappropriated that contain or constitute Apple's purported trade secrets.

8    Apple's failure to provide this basic information has forced Defendants to move to compel for a

9    third time.  *See* Dkt. 264.  As for its alleged "trade secrets," Apple conflates "trade secrets" with

10    "Apple Confidential Information" which it self-defines to mean "any non-public Apple

11    information."  Such a broad definition violates California law and sweeps in documents that could

12    not possibly be actual trade secrets—discussions of personal anecdotes and personal opinions, or

13    general know-how devoid of any information legitimately confidential to Apple; calendar invites;

14    mass emails regarding IT upgrades; and cafeteria lunch menus.  Apple's blunderbuss approach has

15    resulted in it claiming as "trade secrets" a picture of a parrot, a rainbow gradient, school homework

16    of an Individual Defendant's child, and generic hook files generate by the open-source tool git.

17        Meanwhile, Defendants have acceded to Apple's scorched-earth discovery demands.  Apple

18    has taken over a dozen depositions, and has demanded 14 more.  Defendants have applied Apple's

19    overbroad search terms across Rivos' computer systems and dozens of the Individual Defendants'

20    professional and personal devices.  Apple has prohibited Defendants from remediating documents

21    from devices while at the same time faulting them for retaining "possession" of those documents.

22    With the benefit of fulsome discovery from Defendants, including months during which Apple was

23    able to compare Rivos' SoC and SoC component designs against its own that it had not produced

24    in discovery, Apple served a Court-ordered Third Updated Trade Secret Disclosure on September

25    1, 2023 which is plainly the product of such comparison, as it improperly molds around any overlap,

26    no matter how minor or how consistent with widespread SoC design practices.  *See Soc. Apps, LLC*

27    *v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) (without a pre-discovery trade

28    secret identification, a plaintiff may abuse the discovery process and improperly "change its claims

1   to conform to the information defendant reveal[s] [during] discovery"); *Switch Comms. Grp. v.*

2   *Ballard*, 2012 WL 2342929, at *4 (D. Nev. June 19, 2012) (same).

3        With discovery quickly coming to a close, Apple's strategic delay in providing the most

4   basic discovery has severely prejudiced Defendants' ability to prepare their defense.

5   **III.   LEGAL ISSUES**

6        **A.   Apple's Statement**

7        Apple alleges the following claims for relief: (1) breach of contract claims against the

8   Individual Defendants; and (2) claims for misappropriation of trade secrets under the DTSA against

9   Rivos, Ricky Wen, Jim Hardage, Laurent Pinot, and Prabhu Rajamani.

10        **B.   Defendants' Statement:**

11        Defendants deny that Apple is entitled to any relief.  On August 11, 2023, Judge Davila

12   granted Rivos' motion to dismiss and granted in part and denied in part the Individual Defendants'

13   motion to dismiss.  Apple filed its Third Amended Complaint on August 29, 2023.  Defendants will

14   respond to Apple's Third Amended Complaint.

15   **IV.   MOTIONS**

16        There is one fully-briefed motion pending. Apple filed a Motion for Sanctions on April 1,

17   2023 (Dkt. 171), and a hearing was held before Judge Cousins on August 30, 2023 (Dkt. 257).  On

18   September 8, 2023, the parties jointly filed a status report with Magistrate Judge Cousins presenting

19   several discovery disputes, which are currently set to be heard on September 13, 2023.

20   **V.   AMENDMENT OF PLEADINGS**

21        On June 30, 2022, Rivos and Ricky Wen moved to dismiss Apple's complaint.  Dkt. 65, 66.

22   Apple filed a First Amended Complaint on July 14, 2022, adding Hardage, Ye, Pinot, Rajamani,

23   and Wang as defendants.  Apple filed a Second Amended Complaint on August 30, 2022.

24   Defendants again moved to dismiss, and on August 11, 2023 the Court granted, with leave to

25   amend, Rivos' motion to dismiss Apple's trade secret misappropriation claim against Rivos, Ye,

26   and Pinot, and denied the remainder of the motion as described in Section II(A)(2).  On August 29,

27   2023 Apple filed a Third Amended Complaint.  Defendants will respond to the Complaint. Apple

28   reserves the right to seek leave to submit further amended pleadings for good cause.

1    **VI.    EVIDENCE PRESERVATION**

2        All parties have reviewed the Guidelines Relating to the Discovery of Electronically stored

3    Information and met and conferred regarding steps taken to preserve relevant evidence.

4        The parties have stipulated to various document preservation and forensic inspection

5    protocols (Dkts. 14, 19, 44, 45, 54, 55, 64, 67, 90, 91, 112, 113, 193, 194, 201, 203).

6        **A.    Apple's Statement**

7        In addition to the issues raised at the August 30 sanctions hearing, Apple has further

8    concerns about Defendants' evidence preservation.  Their forensic expert acknowledged that

9    several device images belonging to the defendants were lost when a hard drive failed.  Defendants

10   also unilaterally remediated former employee devices, resulting in permanent deletion of data.

11   More recently, Defendants have produced images with metadata overwritten (e.g., changed to the

12   date the data was processed, as opposed to when it was last accessed) and have not provided the

13   correct metadata or confirmed it still exists.  Apple may seek further relief from the Court.

14       **B.    Defendants' Statement**

15       Defendants have forensically preserved over 150 Rivos-reimbursed devices, employees'

16   personal devices, and Rivos corporate document repositories.  Over 100 forensic images have been

17   provided to the third-party neutral forensic consultant FTI.  Defendants are fully in compliance

18   with their preservation obligations.  Defendants have responded at length in their Opposition (Dkt.

19   219) to the unsupported allegations in Apple's Motion for Sanctions.  Apple is seeking to make this

20   case about the red herring of "evidence preservation" because it has no support for its actual claims.

21   **VII.    DISCLOSURES**

22       Apple, Rivos, and Wen exchanged initial disclosures pursuant to Rule 26(a) on July 20,

23   2022. Apple served supplemental initial disclosures on April 2, 2023.  Individual Defendants

24   Hardage, Ye, Pinot, Rajamani, and Wang served their initial disclosures on August 17, 2022.

25   **VIII.    DISCOVERY**

26       The parties held a Rule 26(f) conference on July 6, 2022. Discovery is ongoing.

27       **A.    Discovery Taken**

28       Discovery on the factual and legal issues identified in Sections II, III, and XI is ongoing.

1   The parties have exchanged substantial written discovery and document productions and will be

2   making additional productions pursuant to the stipulated ESI protocol and agreed-upon search

3   terms.  To date, Apple has taken two depositions of Puneet Kumar, Founder and CEO of Rivos, the

4   Individual Defendants, Michael Kunkel (on behalf of Setec Investigations, Defendants' previous

5   forensic vendor), and four other former Apple employees now at Rivos: Deepak Limaye; Ian

6   Kountanis; I-Shuan Tsung; and Aashish Phansalkar. Apple plans to depose 11 additional Rivos

7   employees, one former employee, and two Rivos investors.

8         Defendants have taken depositions of Apple employees Donna Cerny and Jim Vash.

9   Defendants will take at least the following additional depositions: Sami Yehia (Sept. 25), Paul

10  Turnpaugh (Sept. 27), and Dave Williamson, Daniel Murray, and Sribalan Santhanam on dates to

11  be determined.  Defendants have also requested the deposition of Johny Srouji.

12        All parties have served Rule 30(b)(6) deposition notices.

13        **B.      Scope of Anticipated Discovery**

14        Fact discovery is ongoing, and the parties expect to engage in third-party discovery and

15  expert discovery as well.  Forensic investigation is also ongoing.

16        **C.      Proposed Limitations or Modifications of the Discovery Rules**

17        After a hearing on August 9, 2023 (*see* Dkt. 225), Judge Cousins modified the parties'

18  deposition limits as follows (Dkt. 227):

19        •   Up to 90 total hours per side for 30(b)(1) fact depositions, with no limit on the number

20            of depositions; plus

21        •   Up to 21 additional hours per side for 30(b)(6) depositions.

22        Apple and Rivos have agreed that they will each receive a total of 35 interrogatories.

23        **D.      Stipulated E-Discovery Order**

24        The parties filed a stipulated ESI protocol on April 24, 2023, which was entered on April

25  28, 2023. (Dkts. 193, 194).

26        **E.      Stipulated Protective Order**

27        The Stipulated Protective Order issued on October 31, 2022. (Dkt. 113.)  The parties are

28  negotiating supplemental provisions to govern the production of source code documents.

**F.      Discovery Disputes**

**1.      Apple's Statement**

Apple has been forced to raise numerous discovery disputes for resolution. (Dkts. 96, 102, 108, 108-1, 114, 115, 116, 144, 164, 167, 186, 225.) For example, Defendants refused to provide any written or document discovery until Apple filed multiple motions to compel on November 15. (Dkts. 115, 116.)  After a hearing on December 1 (Dkt. 125, 129), Defendants finally agreed to begin responding substantively to Apple's interrogatories and produce documents by January 17, 2023.  The Court has granted other motions to compel filed by Apple. (Dkts. 104, 155, 227.)  Rivos, which accepted Apple's trade secret disclosure long ago on Dec. 1 (Dkt. 129 at 7-9) grossly mischaracterizes the facts regarding Apple's identification of trade secrets.

In the September 8, 2023 Joint Discovery Report (to be heard on September 13), Apple raised: (1) Defendants' apparent corruption of metadata; (2) Rivos' deficient response to Apple's interrogatory regarding Rivos' awareness of its employees' retention of Apple information and any action taken by Rivos in response; (3) Defendants' refusal to produce documents referring to or discussing valuation of Rivos, its anticipated revenue, and its current or anticipated funding, information highly relevant to damages; (4) Defendants' failure to provide deposition dates; and (5) Defendants' failure to respond to discovery requests regarding third parties working with Rivos. The parties will file an updated joint statement on these issues on September 12, 2023.

**2.      Defendants' Statement**

Defendants were forced to seek intervention from Judge Cousins multiple times because of Apple's continued refusal to identify its claimed trade secrets, respond to written discovery, or produce responsive documents.  Dkts. 114, 164, 186, 225, 264.  For example, while Defendants had already produced millions of pages of documents as of March 8, 2023, Apple's production remained stagnant at approximately 300 pages (with the vast majority of documents consisting of former employees' IPAs and exit check lists). March 8, 2023 Hr. Tr.  On April 3, 2023, Judge Cousins granted Defendants' request for a substantial production completion deadline in view of Apple's deficient document production and ordered Apple to promptly provide deposition dates for its witnesses after weeks of delay.  Dkt. 174.  On the same day, Judge Cousins ordered Apple to

1  provide a list of documents that evidence and reflect Apple's trade secrets (Dkt. 173) which, as

2  discussed in the September 8 Joint Discovery Statement (Dkt. 264), contained thousands of

3  irrelevant documents and was not even reviewed by Apple's attorneys.  Apple had to be ordered

4  by the Court *again* to finally have its attorneys review and provide a good-faith list.  That revised

5  list continues to be deficient and untethered to Apple's claimed trade secrets, forcing Defendants

6  to seek Judge Cousins' intervention for a third time.  Defendants had to move to compel *again*

7  regarding Apple's refusal to produce basic discovery including the documents it claims to constitute

8  its alleged trade secrets, and information about that material.  The Court ordered that discovery

9  (Dkt. 237), but Apple violated the order by only making the material available on a single source

10  code computer in counsel's Palo Alto office, contrary to the governing protective order (Dkt. 113).

11  **IX.   CLASS ACTION**

12  This matter is not a class action.

13  **X.   RELATED CASES**

14  There are no related cases to the instant case.

15  **XI.   RELIEF**

16  **A.   Apple's Statement**

17  Apple seeks injunctive and monetary relief as set forth in the Third Amended Complaint.

18  **B.   Defendants' Statement**

19  Defendants deny that Apple is entitled to the requested relief, and judgment should be

20  entered in favor of Defendants and against Apple.  Defendants also seek fees and costs and such

21  other relief as the Court deems just and proper.

22  **XII.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

23  The parties have engaged in settlement discussions. They remain willing to participate in

24  an early settlement conference or in mediation with a private mediator or court-appointed mediator.

25  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

26  The parties have been assigned to Judge Cousins for resolution of discovery disputes and

27  other disputes as referred.

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:22-cv-2637-PCP-NMC

1  **XIV.   OTHER REFERENCES**

2      This matter is not currently suitable for reference to binding arbitration, a special master, or

3  the Judicial Panel on Multidistrict Litigation.

4  **XV.    NARROWING OF ISSUES**

5          **A.      Apple's Statement**

6      Apple anticipates that the issues in this case can be narrowed before trial.

7          **B.      Defendants' Statement**

8      Apple's operative Third Updated Trade Secret Disclosure incorporates by reference its

9  Second Updated Trade Secret Disclosure, which describes five broad categories of "SoC designs

10 and SoC component designs" for over 50 projects.  Among those categories is a category covering

11 Apple chip specifications and, although Apple stated during a recent meet and confer that it intends

12 to rely on a limited number of specifications at trial, Apple has produced 1600 such specifications.

13 The case should be limited to the issues Apple actually intends to assert.

14 **XVI.   EXPEDITED TRIAL PROCEDURE**

15     This matter is not suitable for the expedited Trial Procedure of General Order 64.

16 **XVII.  SCHEDULING**

17     The current schedule is as follows:

18

| Event | Current Deadline |
|---|---|
| Close of Fact Discovery | October 25, 2023 |
| Opening Expert Reports with Designations[1] | December 1, 2023 |
| Rebuttal Expert Reports with Designations[2] | December 18, 2023 |
| Close of Expert Discovery | January 22, 2024 |
| Deadline to File Joint Trial Setting Conference Statement | December 4, 2023 |
| Joint Trial Setting Conference | December 14, 2023 |

---

[1] The Opening Expert Report deadline shall be the deadline for any expert report on which the proffering party bears the burden of proof.
[2] The Rebuttal Expert Report deadline shall be the deadline for any responsive expert report to any opening expert report.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:22-CV-2637-PCP-NMC

9

| Deadline to File Dispositive Motions | February 9, 2024 |
|---|---|
| Last Day to File Oppositions to Dispositive Motions | March 1, 2024 |
| Last Day to File Replies Supporting Dispositive Motions | March 8, 2024 |
| Last Day for Hearing on Dispositive Motions | March 28, 2024 |
| Final Pretrial Conference | TBD |
| Trial | TBD |

## XVIII. TRIAL

### A.     Apple's Statement

Apple requests a jury trial to the extent permitted by law. Apple currently anticipates that the trial will take approximately eight (8) trial days assuming all defendants are tried together, but reserves the right to amend this estimate based on further developments in this matter.

### B.     Defendants' Statement

Defendants request a jury trial to the extent permitted by law.  Defendants anticipate that the trial will take approximately seven to nine Court days.  That said, Defendants have not responded to the Third Amended Complaint, nor have they had a meaningful opportunity to inspect Apple's technical documents the Court ordered Apple to produce.  Nor has Apple meaningfully responded to discovery regarding the scope of, and factual basis for, its claims.  Accordingly, Defendants may need to amend their trial time estimate based on further developments.

## XIX.   INTERESTED ENTITIES OR PERSONS

### A.     **Apple's Disclosure:** None

### B.     **Rivos' and the Individual Defendants' Disclosure:** None.

## XX.   PROFESSIONAL CONDUCT

The attorneys of record have reviewed the Court's Guidelines for Professional Conduct.

1

2                                              Respectfully Submitted,

3      Dated:  September 11, 2023               MORRISON & FOERSTER LLP

4

5                                              By: */s/ Mary Prendergast*
                                                   Mary Prendergast
6                                                  Bryan Wilson
                                                   Kenneth A. Kuwayti
7                                                  Arturo J. Gonzalez
                                                   Ryan Malloy
8
                                                   *Attorneys for Plaintiff*
9                                                  APPLE INC.

10     Dated:  September 11, 2023               QUINN, EMANUEL, URQUHART &
                                               SULLIVAN, LLP
11

12

13                                             By: */s/ David Eiseman*
                                                   David Eiseman
14                                                 Vicki Parker
                                                   Ryan Landes
15
                                                   *Attorneys for Defendants*
16                                                 RIVOS INC., WEN SHIH-CHIEH a/k/a
                                                   RICKY WEN, JIM HARDAGE,
17                                                 WEIDONG YE, LAURENT PINOT,
                                                   PRABHU RAJAMANI, and KAI WANG
18

19

20

21                       **ATTESTATION OF CONCURRENCE**

22          I, Mary Predergast, am the ECF User whose ID and password are being used to file this

23     JOINT CASE MANAGEMENT STATEMENT. In compliance with Local Rule 5-1(h)(3), I

24     hereby attest that David Eiseman has concurred in this filing.

25

26

27      Dated: September 11, 2023               */s/ Mary Prendergast*
                                               Mary Prendergast
28

       JOINT CASE MANAGEMENT STATEMENT          11
       CASE NO. 5:22-CV-2637-PCP-NMC