UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 5:22-CV-2637-PCP (NMC) |
| Plaintiff, | **SUPPLEMENT TO AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| vs. | |
| RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, BHASI KAITHAMANA, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI and KAI WANG | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Supplement to the Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1. PURPOSES AND LIMITATIONS**

1.1     The Parties intend for this document to supplement the October 31, 2022 Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials (Dkt. 113), which shall continue to apply in full force and effect insofar as modified below. The Definitions in the October 31, 2022 Order are incorporated by reference. To the extent there are conflicts between this Supplement and the October 31, 2022 Protective Order, this Supplement shall govern.

1.2     The Parties may retroactively apply this Supplement to the Protective Order to any previously produced documents by re-producing the document with a confidentiality designation as provided in this Supplement. If a document is reproduced under this Supplement, the Receiving Party must destroy any previously produced copies of the document and treat the document consistent with the revised designation.

1.3     Any document produced pursuant to this Supplement shall be designated by the Producing Party as "EXTREMELY CONFIDENTIAL — TECHNICAL TRADE SECRET," notwithstanding the fact that it meets the definition of "Source Code" set forth below, if the Producing Party intends to rely on that document at trial. For all other documents produced pursuant to this Supplement, the Producing Party may designate those documents as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it meets the definition of "Source Code" set forth below.

1.4     If a Producing Party determines that a document initially produced as "HIGHLY CONFIDENTIAL – SOURCE CODE" may be used at trial, the Producing Party must notify the Receiving Party and reproduce the document as "EXTREMELY CONFIDENTIAL – TECHNICAL TRADE SECRET" as soon as the Producing Party determines that the document may be used at trial, and in no event after the service of an initial trial exhibit list. If a Producing Party produces a document as "EXTREMELY CONFIDENTIAL – TECHNICAL TRADE SECRET" after that deadline, the use of such a document at trial shall be subject to any rules governing use of documents not on a trial exhibit list.

1

Case No. 5:22-CV-2637-PCP (NMC)
SUPPLEMENT TO AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

## 2. DEFINITIONS

2.18    Technical Trade Secret Protected Material:  any material that is designated as "EXTREMELY CONFIDENTIAL — TECHNICAL TRADE SECRET," as provided for in this Supplement to the Protective Order.  Nothing herein shall be construed as an admission that material designated as Technical Trade Secret Protected Material actually contains trade secret information, nor shall a designation of material as Technical Trade Secret Protected Material prevent a party from challenging the existence of trade secrets within the material.

2.19    Technical Trade Secret Designating Party:  the Party who has designated material as "EXTREMELY CONFIDENTIAL — TECHNICAL TRADE SECRET."

2.20    Technical Trade Secret Possessing Party:  any Party who possesses (whether by receipt from the opposing party or otherwise) materials designated as "EXTREMELY CONFIDENTIAL — TECHNICAL TRADE SECRET" by the opposing Party or any non-Party.

2.18    Source Code:  any material that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Supplement to the Protective Order, including computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## 17. DISCLOSURE OF "EXTREMELY CONFIDENTIAL – TECHNICAL TRADE SECRET" MATERIAL.

Unless otherwise ordered by the Court or permitted in writing by the Technical Trade Secret Designating Party, Technical Trade Secret Protected Material may only be disclosed to:

17.1    Technical Trade Secret Possessing Party's Outside Counsel of Record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a Competitor of a Party, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

17.2   No more than three (3) of a Technical Trade Secret Possessing Party's Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, and only after a copy of that signed agreement has been provided to all other Parties, and subject to the disclosure and objection procedures of section 10 of the October 31, 2022 Order;

17.3   the Court and its personnel;

17.4   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17.5   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

17.6   any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

17.7   any other person with the prior written consent of the Producing Party.

If any authorized individual who has access to Technical Trade Secret Protected Material becomes aware of any potential or actual conflict relating to this litigation, that individual shall notify all Parties in writing Within two (2) days.

**18.   SECURITY OF TECHNICAL TRADE SECRET PROTECTED MATERIAL**

18.1   Secure Storage.   A Technical Trade Secret Possessing Party shall store Trade Secret Protected Material in a secure manner on password-protected devices or repositories (e.g., shared drive, case folder within a document management system, or other) accessible only to individuals authorized under this Supplement to the Protective Order.  For the avoidance of doubt, any individual not authorized to access Technical Trade Secret Protected Material, including other individuals working at the law firm of a party's outside counsel, shall have their access to those devices and repositories disabled.  Technical Trade Secret Protected Material shall not be stored on any devices or repositories personally owned by an individual; individuals with access to Technical Trade Secret Protected Material must store those materials on firm-issued or corporate-

issued and controlled devices or repositories.  Technical Trade Secret Protected Material shall only be accessed by authorized individuals under this Supplement to the Protective Order as minimally as necessary for the prosecution or defense of this case.  Technical Trade Secret Protected Material shall not be viewed or accessed in public places or where unauthorized individuals would otherwise be able to view the materials.  Electronic copies of Technical Trade Secret Protected Material shall only be made if reasonably necessary for the prosecution or defense of this case, and must be consistent with the requirements of this Supplement to the Protective Order.

   18.2 <u>Deposition Transcripts</u>.  Electronic copies of unredacted deposition transcripts, video files, and audio files designated "EXTREMELY CONFIDENTIAL – TECHNICAL TRADE SECRET " shall be stored in accordance with Section 4.1 and subject to all of the protections and limitations in this Supplement to the Protective Order.  Unredacted, certified hard copies of deposition transcripts shall be stored in a secured box in the offices of outside counsel, accessible only to those individuals authorized under this Supplement to the Protective Order.

   18.3 <u>Secure Transfer</u>.  Technical Trade Secret Protected Material shall be transmitted only through secure, password protected file transfer systems; it shall not be transmitted via email.  Technical Trade Secret Protected Material shall be deleted from the file transfer system within twenty-four (24) hours of it being uploaded to the file transfer system.

   18.4 <u>Records</u>.  The Technical Trade Secret Possessing Party shall maintain a record of any individual who has access to the Technical Trade Secret Protected Material, and shall provide that record to the Technical Trade Secret Designating Party at the request of that Party.

**19.** **<u>SOURCE CODE</u>**

   19.1 To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

   19.2 Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4 of the October 31, 2022 Protective Order

19.3     Any source code that is produced by Defendants in discovery shall be made available for inspection at the San Francisco office of its outside counsel, Quinn Emanuel Urquhart & Sullivan, LLP, or any other location mutually agreed by the Parties, between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays).  Any source code that is produced by Apple Inc. will be made available for inspection at the Los Angeles office of its outside counsel, Morrison & Foerster LLP, or any other location mutually agreed by the Parties, between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays).

19.4     Prior to the first inspection of any requested source code, the Receiving Party shall provide five (5) business days' notice , including identification of all persons who will review a Producing Party's source code, including members of a Receiving Party's outside law firm.  The Receiving Party shall provide three (3) business days' notice prior to any additional inspections.

19.5     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the secured computer on which the source code is provided for inspection.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the secured room.

19.6     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the secured computer itself or any other computer.

19.7     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

19.8    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 19.3 in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Parties shall meet and confer regarding any objection within two (2) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

19.9    The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 of the October 31, 2022 Protective Order whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  Any printed portion that consists of more than twenty  (20) pages of a continuous block of source code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may print out no more than 200 pages total.  The Parties will meet and confer in good faith if a Receiving Party finds that additional pages are necessary.  The Parties reserve the right to seek more pages if no agreement can be reached.

19.10   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving

Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party may make no more than three (3) additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party shall maintain a log of all paper copies of the source code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

      19.11   Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.  The Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of source code (except insofar as such code appears in any court filing or expert report).

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  October 10, 2023

By    */s/ Bryan Wilson*
      BRYAN WILSON
      Attorneys for Plaintiff and Counterclaim
      Defendant Apple Inc.

|  |  |  |
|---|---|---|
| 1 |  |  |
| 2 | DATED:  October 10, 2023 | Respectfully submitted, |
| 3 |  | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  */s/ David Eiseman*
DAVID EISEMAN
Attorneys for Defendants and Counterclaim Plaintiffs Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

**ATTESTATION OF CONCURRENCE**

I, David Eiseman, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Bryan Wilson.

DATED: October 10, 2023

By    */s/ David Eiseman*
DAVID EISEMAN

Attorneys for Defendants and Counterclaim Plaintiffs Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang