United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

        Plaintiff,

   v.

RIVOS, INC., et al.,

        Defendants.

Case No. 22-cv-02637-PCP

**SEALING ORDER**

Re: Dkt. Nos. 254, 255, 275

    Before the Court are three administrative sealing motions. First, Apple seeks to seal portions of its Third Amended Complaint containing its own confidential information. Dkt. No. 254. Second, Apple seeks to seal portions of the same document that Defendants have designated as confidential. Dkt. No. 255. Defendants, however, do not seek to seal any portion of that document. Dkt. No. 262. Third, Defendants seek to seal portions of their Answer to Apple's Third Amended Complaint as well as their Counterclaims and a corresponding exhibit. Dkt. No. 275. Apple supports sealing some but not all of this information. Dkt. No. 278.

    There is a "strong presumption in favor of access" of court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party who wishes to seal a court record "must articulate compelling reasons supported by specific factual findings … that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up). "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

Upon review of the motions, the portions of the submitted documents proposed to be sealed, the claimed bases for sealing, and the applicable legal standards and presumption in favor of access, the administrative sealing motions are **granted** as to the following portions:

- Complaint (Dkt. No. 254-3): yellow/blue highlights, except in paragraph 181
- Exhibit G (Redline) (254-4): yellow/blue highlights, except in paragraph CLXXXI

These requests are narrowly tailored to sufficiently identified sealable material.

The motions to seal another party's material are **denied** as to the following portions because the party whose material is at issue does not in fact seek to have it sealed:

- Complaint (254-3): green highlights
- Exhibit G (Redline) (254-4): green highlights
- Answer (275-2): all highlights
- Counterclaims (275-3): highlights in paragraph 24

The motions to seal Apple's material are **denied** as to the remaining portions listed below, because Apple's motion and declaration in support of sealing these portions does not establish a basis for sealing them that outweighs the "strong presumption in favor of access" of court records:

- Complaint (254-3): highlights in paragraph 181
- Exhibit G (Redline) (254-4): highlights in paragraph CLXXXI
- Counterclaims (275-3): highlights in paragraphs 38 and 42
- Exhibit A (275-4): entire document

Within 14 days of the entry of this order, but no sooner than seven days after entry, the parties shall file each of these documents, properly redacted in accordance with this order, on the public docket. Apple may, if it chooses, submit a revised declaration in support of sealing paragraph 181 of its Third Amended Complaint and the accompanying redline version, as well as paragraphs 38 and 42 of Defendants' Counterclaims (Dkt. No. 275-3) and the accompanying Exhibit A (275-4), within five days of this order. Should Apple submit a revised declaration, Defendants shall refrain from filing the material at issue on the public docket until the Court has issued a further ruling on Apple's request to seal that material.

**IT IS SO ORDERED.**

Dated: October 18, 2023

_____
P. Casey Pitts
United States District Judge

3