| | |
|---|---|
| BRYAN WILSON (CA SBN 138842) | MARY PRENDERGAST (CA SBN 272737) |
| BWilson@mofo.com | MPrendergast@mofo.com |
| KENNETH A. KUWAYTI | MORRISON & FOERSTER LLP |
| KKuwayti@mofo.com | 2100 L Street, NW, Suite 900 |
| MORRISON & FOERSTER LLP | Washington, District of Columbia 20037 |
| 755 Page Mill Road | Tel: 202.887.1500 \| Fax: 202.887.0763 |
| Palo Alto, California 94304-1018 | |
| Tel: 650.813.5600 \| Fax: 650.494.0792 | |

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
BONNIE LAU (CA SBN 246188)
BLau@mofo.com
MARGARET A. WEBB (CA SBN 319269)
MWebb@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Tel: 415.268.7000 \| Fax: 415.268.7522

Attorneys for Plaintiff and Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG, <br><br> Defendants. | Case No. 5:22-cv-02637-PCP <br><br> **APPLE INC.'S MOTION TO AMEND CASE SCHEDULE AND COMPLAINT** <br><br> Judge: Hon. P. Casey Pitts <br><br> Trial Date: Not Set <br> Action Filed: April 29, 2022 |
| RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN; JIM HARDAGE; WEIDONG YE; LAURENT PINOT; PRABHU RAJAMANI; and KAI WANG, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim Defendant. | **REDACTED PUBLIC VERSION** |

In the last two months, Apple has taken a number of depositions of Rivos employees. In those depositions, Apple has obtained substantial, and previously unknown, information regarding the scope of former Apple employees' use of Apple trade secrets at Rivos. Through this motion, pursuant to the Case Management Order (Dkt. 87) and Federal Rules of Civil Procedure Rules 15 and 16, Apple moves to amend the case schedule for the limited purpose of joining three new defendants, Messrs. Mahesh Reddy, Chih-Chieh Lee, and Deepak Limaye (the "Proposed Defendants"), for the claims already set forth in Apple's Complaint. As noted below, the Proposed Defendants—each a former Apple employee—played a prominent role in *using* Apple's claimed trade secrets at Rivos. Apple has good cause to amend its complaint based on this recent discovery and Rivos will suffer no prejudice from the amendments.

**I.    BACKGROUND**

This Court set the original case schedule in its July 19, 2022 Case Management Order. (Dkt. 87.) That order set the deadline for joinder of parties or amendment of pleadings as September 19, 2022, and required amendments sought after the deadline to comply with Federal Rule of Civil Procedure 16. (*Id.* at 1.)

Over the past months, ongoing discovery and depositions have uncovered new details about the use of Apple's misappropriated trade secrets by former Apple employees at Rivos, and specifically who directed and was involved in that use. The evidence now shows that each of the Proposed Defendants, formerly Apple employees, used Apple's trade secret SoC technology— including components of Apple's CPU cores—to develop Rivos' SoCs.

The Proposed Defendants have all signed Intellectual Property Agreements (IPAs) requiring that they not use or disclose Apple's trade secrets after their employment. (FAC ¶¶ 149, 157, 168; Proposed 4th Am. Compl. ¶¶ 151, 157, 166.) Messrs. Lee and Limaye both worked on Apple's CPU trade secrets during their Apple employment. (Proposed 4th Am. Compl. ¶¶ 11-12; *see also id.* ¶¶ 149-155 (Lee), ¶¶ 156-164 (Limaye).) Each then left Apple to join Rivos, where they used this trade secret knowledge to develop the CPU design for Rivos' SoCs. (*Id.*) Mr. Reddy similarly had access to and worked on Apple's CPU trade secrets during his Apple employment. (TAC ¶ 13; *see also id.* ¶¶ 165-171.) Like the other Proposed Defendants, he then

1  left Apple to join Rivos, where he used this trade secret knowledge to add the same trade secrets to
2  the CPU design in Rivos' SoCs. (*Id.*)
3      Apple first learned of the Proposed Defendants' acts of misappropriation, in particular their
4  use of Apple's CPU trade secrets, in the September 26, 2023, deposition of Rivos employee Ryan
5  Meek, the September 27, 2023 deposition of Mr. Reddy, and the October 3, 2023 deposition of
6  Mr. Lee.  In particular, it was during these depositions that Apple first learned:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. B, Deposition of Chih-Chieh Lee ("Lee Dep. Tr.") at 15:2-4, 22:6-23:23; Ex. C, Deposition of Ryan Meek ("Meek Dep. Tr.") at 62: 8-17). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. C, Meek Dep. Tr. at 186:16-188:19.)
- Mr. Limaye, along with Mr. Lee, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*Id.* at 62: 8-17, 186:13-188:19.)  Mr. Limaye also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.* at 186:13-188:19)
- Prior versions of SoC specifications produced by Rivos--which Apple first had the opportunity to review on October 16, 2023--show that Mr. Reddy introduced Apple's trade secrets into the specifications.  Mr. Reddy testified on September 27, 2023, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (Ex. D, Deposition of Mahesh Reddy ("Reddy Dep. Tr.") at 71:1-5; 107:8-15; 110:16-111:17.)

23      Apple sought Rivos' agreement to amend Apple's Complaint to add the Proposed
24  Defendants based on this new discovery on October 20, 2023. in exchange for Apple agreeing to a
25  reasonable extension of the case schedule.  Rivos declined.
26  **II.   LEGAL STANDARD**
27      Under Rule 16, "good cause" is required to grant leave to amend where a scheduling order
28  deadline has passed.  *See* Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses primarily on

"the diligence of the party seeking the amendment" and "the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court has broad discretion to modify a scheduling order to allow an amendment to the pleadings. *Id.* at 607-08. If good cause appears, the court then applies Rule 15(a)'s liberal standard to the motion for leave to amend. *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co.*, No. No. 16-CV-08104-CAS (GJSx), 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019)

Under Rule 15, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations omitted). A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "Prejudice to the opposing party is the most important factor." *E. W. Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 3471177, at *1 (N.D. Cal. Aug. 6, 2021) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### III.   ARGUMENT

**A.   There Is Good Cause to Amend the Case Schedule Under Rule 16**

"Allowing parties to amend based on information learned through discovery is common and well established." *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) (omitting internal quotation). Apple has diligently pursued discovery and refined its claims as it has uncovered new details of Defendants' misappropriation. Over the past two months, Apple has uncovered substantial, new, previously-unavailable evidence through depositions of Rivos employees that the Proposed Defendants used Apple's trade secrets to develop Rivos' SoCs. Now, Apple's proposed amendment seeks no more than to conform its Complaint to evidence learned in those depositions and through discovery. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *1-2 (N.D. Cal. July 25, 2017) (good cause where discovery "reveal[ed] the need to amend the complaint further based on the discovery of new facts"); *E. W. Bank*, 2021 WL 3471177, at *1

1  (finding good cause under Rule 16 where discovery revealed proposed new defendants' role in
2  misappropriation).
3      Throughout this case, Apple has asked Rivos, including through written discovery, whether
4  Rivos employees other than the named Individual Defendants retained or used Apple's trade
5  secrets at Rivos. (*See, e.g.*, Declaration of Meredith Angueira in Support of Apple Inc.'s Motion
6  to Amend Case Schedule and Complaint ("Angueira Decl.") ¶ 7; Ex. F, Apple's May 20, 2022
7  First Set of Interrogatories to Rivos at 2-3.) Defendants have been anything but forthcoming and
8  have obstructed Apple's attempts to understand the full extent of Defendants' misappropriation of
9  Apple's SoC trade secrets. It was not until the Lee, Reddy, and Meek depositions in late
10 September and early October that Apple learned of the roles the Proposed Defendants played in
11 improperly using Apple's trade secrets to develop Rivos' SoCs. And although Apple took the
12 deposition of Proposed Defendant Limaye on July 12, 2023, Mr. Limaye testified that ▌
13 ▌. (Ex. E, Deposition Deepak Limaye
14 ("Limaye Dep. Tr.") at 37:25-38:5; 57:3-8.) Mr. Meek later testified that ▌
15 ▌ (Ex. C, Meek Dep. Tr. at 62:8-
16 17, 186:13-188:19; *see also* Ex. B, Lee Dep. Tr. at 12:19-25; 13:2-4.)

17      **B.    Apple's Proposed Amendments Should be Allowed Under Rule 15**

18      With Apple having shown good cause under Rule 16, the analysis now turns to amendment
19 under Rule 15. Each of the factors supports Apple's proposed amendment here. Thus, the Court
20 should allow Apple's proposed joinder of the Proposed Defendants. Fed. R. Civ. P. 15(a) ("The
21 court should freely give leave when justice so requires."); *Eminence Cap.*, 316 F.3d at 1051
22 ("This policy is to be applied with extreme liberality.") (internal quotations omitted).

23          **1.    Defendants Will Not Be Prejudiced by Joinder of Additional Rivos
                    Employees Involved in the Same Acts of Trade Secret
24                  Misappropriation**

25      "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Cap.*, 316 F.3d at
26 1052 (citation omitted). Defendants will suffer no prejudice from Apple's proposed amendment.
27 Apple seeks nothing more than to amend its Complaint consistent with new evidence found in
28 discovery. The proposed amendment adds no new claims or defenses. There is no substantial

prejudice from an amendment where the "main claims and legal theories remain the same" or where a non-moving party is "fully prepared to litigate the substantive issue of the claim, given that both the theory and the operative facts of the claim remain the same." *Oracle*, 2017 WL 3149297, at *3-4 (internal citation omitted).

Further, at least Rivos, which employs the Proposed Defendants and benefitted from their use of Apple's trade secrets on Rivos projects, knew or should have known of all the facts in Apple's proposed amendments, since Rivos is presumably knowledgeable about how its product was built. *See Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1493 (9th Cir. 1987) ("where a [party] is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to [the opposing party] in allowing the amendment"), *vacated on other grounds by* 485 U.S. 931 (1988).

Nor does the current discovery schedule create prejudice to the existing defendants. Apple identified the trade secrets at issue as misappropriated by the Proposed Defendants in its Third Amended Complaint, filed August 29, 2023, and its Third Updated Trade Secret Disclosure, served on September 1, 2023. Apple's proposed amendments seek only to name the particular former Apple employees involved in the misappropriation of these trade secrets, and all of the Proposed Defendants have already (1) responded to subpoenas for production of documents from their personal devices, (2) been named as Rivos custodians for the production of ESI, and (3) had their depositions taken. Apple therefore does not anticipate any need to modify or extend any case deadlines to accommodate discovery for the Proposed Defendants, but has already told Defendants it is willing to agree to a reasonable extension of fact discovery if Defendants believe a reasonable extension is necessary. Thus, Defendants will suffer no undue prejudice even if they believe additional discovery is necessary from Apple's proposed amendment. *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2012 WL 3835107, at *3 (N.D. Cal. Sept. 4, 2012) (delay and the expenses incurred in responding to new claims do not constitute undue prejudice without some credible showing of unfairness); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the nonmoving party in

itself constitutes a sufficient showing of prejudice").

### 2. Apple Diligently Seeks to Amend Its Complaint in Good Faith After Learning of the Proposed Defendants' Acts

The remaining factors—undue delay, bad faith, and futility—weigh in favor of allowing Apple's proposed amendment. Apple seeks merely to join the Proposed Defendants to its existing claims based on new discovery. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) ("[A]mendment should be permitted unless . . . [the amending party] merely is seeking to prolong the litigation by adding new but baseless legal theories.").

Over the past months, Apple has uncovered new evidence showing the Proposed Defendants' central roles in Apple's existing claims for breach of contract and trade secret misappropriation. Apple now moves promptly to join these new parties upon learning of their relationship to Apple's claims. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[D]elay, by itself, is insufficient to justify denial of leave to amend."); *see also Howey v. United States*, 481 F.2d 1187, 1190, 1192 (9th Cir. 1973) (denial of leave to amend made five years after filing of original pleading was abuse of discretion absent prejudice to nonmoving party). Apple's proposed amendment will not impact case deadlines because it will not require significant, if any, new discovery. *See Avaya Inc. v. Pearce*, No. 19-cv-00565-SI, 2021 WL 366916, at *2 (N.D. Cal. Feb. 3, 2021) (allowing amendment to add two parties where it "[did] not make substantive changes to the current claims against defendants" and "the trial date is over a year away and discovery is ongoing"). And the proposed amendment is far from futile: discovery has revealed the Proposed Defendants were complicit in ongoing misappropriation by Rivos and have also breached their IPAs by using trade secret Apple information to develop Rivos SoCs. *Allen v. Bayshore Mall*, No. 12-CV-02368(JST), 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV. CONCLUSION

For the reasons stated above, Apple requests that the Court amend the Case Management

Order (Dkt. 87) for the limited purpose of allowing Apple to file its proposed Fourth Amended Complaint to add Messrs. Reddy, Lee, and Limaye as defendants.

Dated: October 23, 2023

Respectfully submitted,

MORRISON & FOERSTER LLP

By: *Bryan Wilson*
    Bryan Wilson

Attorney for Plaintiff
APPLE INC.