QUINN EMANUEL URQUHART & SULLIVAN, LLP
David Eiseman (Bar No. 114758)
davideiseman@quinnemanuel.com
Victoria B. Parker (Bar No. 290862)
vickiparker@quinnemanuel.com
Elle Xuemeng Wang (Bar No. 328839)
ellewang@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Ryan Landes (Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa St.
Los Angeles, CA 90017
Telephone:     (213) 443-3145
Facsimile:     (213) 443-3100

Attorneys for Defendants and
Counterclaim Plaintiffs Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG,<br><br>  Defendants.<br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG,<br><br>  Counterclaim Plaintiffs.<br><br>vs.<br><br>APPLE INC.,<br><br>  Counterclaim Defendant, | Case No. 5:22-CV-2637-PCP<br><br>**DEFENDANTS' OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO AMEND CASE SCHEDULE AND COMPLAINT**<br><br>Courtroom: 8<br>Judge: Hon. P. Casey Pitts<br><br>Date Action Filed: April 29, 2022 |

Apple's Motion—seeking leave by way of an administrative motion to file an amended complaint that would add three new defendants after the close of written discovery—should be denied on both procedural and substantive grounds. Civil Local Rule 7-11 does not permit a party to use an administrative motion to seek leave to amend a pleading and, in any event, Apple's Motion fails to meet the requirements of that rule. And even if the Court were to consider the substance of Apple's Motion under Federal Rule of Civil Procedure 15 or 16, Apple has failed to demonstrate good cause to add three new defendants at this late stage of the case. Not only would it be extremely prejudicial to Defendants and the three proposed new individual defendants if Apple were to be permitted to add those individuals now and extend this case even longer, Apple's proposed amendments would be futile, as they cannot survive a motion to dismiss.

## I.  BACKGROUND

Apple's deadline for joining additional parties lapsed on September 19, 2022. Dkt. 87 (Case Management Order dated 7/19/2022). Any "[a]mendments sought after the September 19, 2022 deadline must comply with Federal Rule of Civil Procedure 16." *Id.* Since then, Apple has conducted a boil-the-ocean exercise against Defendants, including scouring forensic images of the devices of *every* former Apple employee now working at Rivos, reviewing all of Rivos' most closely-held, sensitive technical documents, and taking nineteen depositions. Following months of having the benefit of conducting side-by-side comparisons between Rivos' specifications and Apple's own designs (which Apple did not make available to Defendants until the Court compelled production very recently), Apple's latest discovery responses and its purported "trade secret" disclosure make plain that Apple has reverse engineered a theory of misappropriation that is completely divorced from the allegations in its complaint.

Days before the close of written discovery, Apple asked Defendants to consent to adding three Rivos employees, Deepak Limaye, Chih-Chieh Lee, and Mahesh Reddy, as individual defendants. Defendants declined. Three days later—and on the eve of the close of written discovery—Apple hastily filed the instant Motion for *administrative relief*, requesting leave to amend its complaint for the fourth time to add the three individuals. With the exception of specific depositions the parties agreed can occur later, fact discovery closed on October 25, 2023. Dkt. 290.

## II. ARGUMENT

### A. Apple's Motion Is Procedurally Improper

Apple's attempt to shoehorn a motion for leave to amend its complaint into an administrative motion is procedurally improper, and Apple's motion should be denied on that ground alone.

Under Civil Local Rule 7-11, motions for administrative relief are reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge." Civil L.R. 7-11. Matters appropriate for such administrative relief include "motions to exceed otherwise applicable page limitations" or motions to seal. *Id.* The relief that Apple seeks in its Motion, by contrast, is squarely governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a), Rule 16(b); *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2021 WL 4927012, at *2–3 (N.D. Cal. Sept. 28, 2021). A motion for leave to amend is subject to Rule 15(a), and a motion to revise scheduling order is subject to Rule 16(b); *see also* Dkt. 87 (requiring motions to add defendants to comply with Rule 16).

Apple's Motion is a substantive request that will have a significant impact on the case, the parties, and existing case deadlines. The Motion is plainly not the type of "miscellaneous administrative matter" contemplated by Civil Local Rule 7-11. *See, e.g.*, *Silva v. B&G Foods, Inc.*, 2023 WL 5920089, at *1 (N.D. Cal. Aug. 9, 2023) (denying motion requesting amendment to scheduling order that was incorrectly filed as an administrative motion under Civil Local Rule 7-11); *Dister v. Apple-Bay E., Inc.*, 2007 WL 4045429, at *4 (N.D. Cal. Nov. 15, 2007) (denying a motion to stay that was improperly filed under Civil Local Rule 7-11); *Spieler v. Mt. Diablo Unified Sch. Dist.*, 2007 WL 1795701, at *3 (N.D. Cal. June 20, 2007) (finding "motions seeking amendment or clarification" should not be filed under Civil Local Rule 7-11).

Even if an administrative motion were proper under these circumstances, Apple's Motion does not satisfy the requirements of Civil Local Rule 7-11. It is not accompanied by an attorney declaration explaining "why a stipulation could not be obtained." Civil L.R. 7-11. It lacks a proposed order. *Id.* And it exceeds the five-page limit imposed on administrative motions. *Id.* Given these failures, Apple's eleventh-hour Motion appears aimed at depriving Defendants of a meaningful opportunity to respond fully as permitted by Civil Local Rule 7-3 (providing 14 days to

respond and a 25-page opposition) or to be heard on this critical issue that will have a substantial impact on the case. *See* Civil L.R. 7-11 ("Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination *without hearing* on the day after the opposition is due.") (emphasis added).

The procedural defects in Apple's Motion are alone sufficient to deny the Motion.

### B.  Apple Cannot Show Good Cause

If the Court for any reason considers the substance of Apple's Motion, the Court should deny the Motion because Apple has not met the requirements of either Federal Rule of Civil Procedure 15 or 16.  First, Apple has not met its burden under Rule 16 to demonstrate "good cause" to join three new defendants over a year after the joinder deadline passed.  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Good cause exists "where pretrial deadlines cannot reasonably be met despite the diligence of the party seeking the extension." *Hayward Prop.*, 2021 WL 4927012 at *3.  If the moving party has not been diligent, "the inquiry should end and the motion should be denied." *Id.* at *3.

Apple has not demonstrated the required diligence for adding any of the three individuals. Apple claims that its Motion was prompted by recently discovered facts, but that is pretextual. Apple has had all of Rivos' technical specifications since May 2023, including information showing who authored each specification and prior versions of the specifications.  With the benefit of having this wealth of information for months, Apple filed a Third Amended Complaint (Dkt. 256) without adding a single new defendant.  Apple's decision not to do so then is telling.

Even taking Apple's claim at face value, Apple waited weeks since learning of the purported "acts of misappropriation" to seek leave to add Messrs. Limaye, Reddy, and Lee as defendants—or even to raise the possibility of adding them—this falls short of the "diligence" required by Rule 16. Apple's lack of diligence is fatal to its request for leave. *See Experexchange, Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) ("If that party was not diligent, the [Rule 16] inquiry should end.").

### C.  Apple's Proposed Amendments Would Be Both Prejudicial and Futile

Nor can Apple satisfy the requirements of Rule 15.  Under Rule 15, the Court considers five factors in deciding whether a motion for leave to amend should be granted: "(1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies by amendments previously allowed."  *Hayward Prop.*, 2021 WL 4927012 at *3 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

The most important factor under Rule 15 is prejudice to the opposing party.  *See Hayward Prop.*, 2021 WL 4927012 at *3.  Here, Defendants and the three proposed individual defendants will face substantial prejudice if Apple is permitted to add new defendants at this late stage of the case and extend the case schedule.  Messrs. Limaye, Reddy, and Lee will be added to a sprawling trade secret dispute ***after written fact discovery has closed***.  Apple asserts that the need to conduct new discovery does not constitute prejudice (*see* Br. at 5), but in both cases that Apple relies on the supposedly required new discovery stemmed from adding a new claim—not adding new ***defendants***.  *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2012 WL 3835107, at *1 (N.D. Cal. Sept. 4, 2012) (granting request to plead new tort claims against existing defendants); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (same).  Unsurprisingly, Apple does not need further discovery as Apple has already deposed Messrs. Limaye, Reddy, and Lee and fully benefited from the scorched-earth discovery tactics it employed against Defendants.  But the issue is not whether Apple needs discovery—the issue is whether Defendants and Messrs. Limaye, Reddy, and Lee will be prejudiced by Apple's proposed amendments.  *See Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *4 (N.D. Cal. Aug. 14, 2017) (finding that allowing substitution of the named plaintiff after discovery and dispositive briefing would substantially prejudice the defendant).  These new individuals, if added, have a right to conduct discovery into Apple's purported claims against them, which will delay the existing case schedule.  *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming finding of prejudice where new cause of action would require party "to conduct discovery on each new registrant" after close of discovery).

Apple's proposed amendments are also futile—a key factor under Rule 15 that Apple brushes aside in one sentence. Br. at 6. In its proposed amendments, Apple relies on a handful of deposition testimony excerpts to allege trade secret misappropriation. But none of the deposition testimony it cites is remotely related to misappropriating Apple's purported "trade secrets." For just one example, immediately following the cited portion of Mr. Reddy's testimony, Mr. Reddy confirmed not once, not twice, but three times that no one at Rivos considered any work that had been performed at Apple in developing Rivos' own CPU components. Ex. D at 107:16-108:3. Apple's deliberate failure to acknowledge this testimony is striking. Apple's proposed amendments as to Messrs. Limaye, Reddy, and Lee are also legally defective because they are premised on the theory that these individuals "gained knowledge" regarding Apple's CPU design while employed at Apple and therefore they must have used that knowledge when designing Rivos' CPU. Ex. J. at ¶¶ 223-25. This is the epitome of "inevitable disclosure," a ***sanctionable*** theory that has been soundly rejected under California law. *See Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1464 (2002) (rejecting inevitable disclosure theory as inconsistent with California Business and Professions Code section 16600 and noting that "the inevitable disclosure doctrine cannot be used as a substitute for proving actual or threatened misappropriation of trade secrets"); *Bayer Corp. v. Roche Molecular Sys.*, Inc., 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999) ("California trade-secrets law does not recognize the theory of inevitable disclosure; indeed, such a rule would run counter to the strong public policy in California favoring employee mobility."). Apple's flawed allegations cannot survive a motion to dismiss and are therefore futile. Other Rule 15 factors also support denying Apple's Motion, which Defendants will address fully if the Court decides to consider the substance of Apple's Motion under Civil Local Rule 7-2.

***

Defendants respectfully request that the Court deny Apple's procedurally improper motion. However, if the Court wishes to entertain Apple's Motion, Apple should not be permitted to file a new motion, the Court should treat it as a non-administrative motion under Civil Local Rules 7-1 and 7-2, and Defendants respectfully request that they be given 14 days from the date of the Court's Order to file the standard 25-page opposition, in accordance with Civil Local Rule 7-3.

| | | |
|---|---|---|
| 1 | DATED:  October 27, 2023 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 5 | | By  */s/ David Eiseman* |
| 6-8 | | DAVID EISEMAN<br>RYAN LANDES<br>VICTORIA B. PARKER<br>ELLE X. WANG |
| 9-11 | | Attorneys for Defendants Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang |