UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG,<br><br>　　　　　Defendants.<br><br>RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG,<br><br>　　　　　Counterclaim Plaintiffs.<br><br>　vs.<br><br>APPLE INC.,<br><br>　　　　　Counterclaim Defendant, | Case No. 5:22-cv-02637-PCP<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF APPLE'S MOTION TO AMEND CASE SCHEDULE AND COMPLAINT AND RELATED FILINGS**<br><br>Ctrm:   8<br>Judge:   Hon. P. Casey Pitts<br><br>Action Filed: April 29, 2022 |

Pursuant to Dkt. 366, whereby the Court ordered the parties to prepare a joint sealing motion that consolidates all of the pending sealing motions pertaining to Apple's motion, proposed complaint, and the parties' subsequent briefing, Civil Local Rules 7-11 and 79-5, and this Court's Civil Standing Order, the Parties jointly request that the Court permit them to file under seal the documents set forth in the table below.[1]

The Parties previously filed the following administrative motions and related submissions, all of which are still currently pending, but now rendered moot by this Motion: Apple Inc.'s Corrected Administrative Motion to File Under Seal Portions of Its Motion to Amend Case Schedule and Complaint (Dkt. 317, filed as a correction to and mooting Dkt. 299); Apple Inc.'s Corrected Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 318, filed as a correction to and mooting Dkt. 297); Declaration of Andrew M. Mather in Response to Apple Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 333); Defendants and Counterclaim Plaintiffs' Administrative Motion to File Under Seal (Dkt. 344); Defendants and Counterclaim Plaintiffs' Administrative Motion to Consider Whether Apple's Material Should be Sealed (Dkt. 345); Declaration of Stephen Liu in Support of Defendants and Counterclaim Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 354); Apple's Administrative Motion to File Under Seal (Dkt. 359); and Apple's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 360). Any other filings that are implicated or superseded by this joint motion are noted in the table below on a document-by-document basis.

The bases for sealing the below documents are described herein and in the accompanying Declarations of Ryan Malloy and Victoria B. Parker in in support of this motion ("Malloy Declaration" and "Parker Declaration," respectively). Blue-highlighted material refers to material

---

[1] The parties acknowledge that on January 10, 2024, the Court stayed this case and vacated all pending deadlines (Dkt. 387). In an abundance of caution, however, Apple requested, and Rivos agreed, that the parties still file this joint sealing motion.

Apple seeks to seal, red-highlighted material refers to material Defendants seek to seal, and purple-highlighted material refers to material all Parties wish to seal.

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Apple's Proposed Fourth Amended Complaint ("Fourth Amended Complaint") (previously filed at Dkts. 297-3; 298-2; 299-3; 317-8; 318-7) | Blue-highlighted portions of Ex. 1 to this Motion. | These portions contain confidential Apple information, including an identification of documents, contents of documents, internal nomenclature, descriptions of code, and other information that Apple has asserted as trade secrets in this litigation.  They also include information about the confidential operations of Apple's business.  Public disclosure of this information would cause harm to Apple. | The Court previously granted Apple's motion to seal the highlighted portions. *See* Dkts. 292; 254; 254-3; 254-4. |
| Redline of Apple's Proposed Fourth Amended Complaint against Apple's Third Amended Complaint ("Redline") (previously filed at Dkts. 297-8; 298-12; 299-4; 317-4; 318-8) | Blue-highlighted portions of Ex. 2 to this Motion. | These portions contain confidential Apple information, including an identification of documents, contents of documents, internal nomenclature, descriptions of code, and other information that Apple has asserted as trade secrets in this litigation.  They also include information about the confidential operations of Apple's business.  Public disclosure of this | The Court previously granted Apple's motion to seal the highlighted portions. *See* Dkts. 292; 254; 254-3; 254-4. |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| | | information would cause harm to Apple. | |
| Transcript excerpts from the deposition of Chih-Chieh Lee, a Proposed Defendant, taken in this action on Oct. 3, 2023<br><br>Previously filed as Exhibit B to the Declaration of Meredith Angueira in Support of Apple's Motion to Amend Case Schedule and Complaint ("Angueira Declaration") (Dkts. 297-4; 317-5; 318-3; 332), and Exhibit 21 to the Declaration of Victoria B. Parker in Support of Defendants and Counterclaim Plaintiffs' Opposition to Apple's Motion to Amend Case Schedule and Complaint (the "Parker Declaration") (Dkts. 345-15; 354-13) | Blue- and purple-highlighted portions of Ex. 3 to this Motion. | These portions contain confidential Apple information that originated from Apple and includes technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Because of the nature of Apple's claims in this case, disclosure of this information would permit the public, including competitors or potential competitors, to discern Apple's trade secrets and infer facts and details about Apple's highly confidential technology. | |
| | Purple-highlighted portions of Ex. 3 to this Motion. | This portion contains confidential Rivos information including technical details of Rivos' in-development SoCs, the disclosure of which would permit the public, including Rivos' competitors or potential competitors, to infer facts and details about Rivos' confidential technology. | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Transcript excerpts from the deposition of Ryan Meek, taken in this action on Sept. 26, 2023<br><br>Previously filed as Exhibit C to the Angueira Declaration (Dkts. 297-5; 317-6; 318-4) and Exhibit 24 to the Parker Declaration (Dkts. 345-18; 346-25; 354-16) | Blue- and purple-highlighted portions of Ex. 4 to this Motion. | These portions contain confidential Apple information that originated from Apple and includes technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Because of the nature of Apple's claims in this case, disclosure of this information would permit the public, including competitors or potential competitors, to discern Apple's trade secrets and infer facts and details about Apple's highly confidential technology. | |
| | Purple-highlighted portions of Ex. 4 to this Motion. | This portion contains confidential Rivos information including technical details of Rivos' in-development SoCs, the disclosure of which would permit the public, including Rivos' competitors or potential competitors, to infer facts and details about Rivos' confidential technology. | |
| Transcript excerpts from the deposition of Mahesh Reddy, a Proposed Defendant, taken in this action on Sept. 27, 2023 | Blue- and purple-highlighted portions of Ex. 5 to this Motion. | These portions contain confidential Apple information that originated from Apple and includes technical | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Previously filed as Exhibit D to the Angueira Declaration (Dkts. 297-6; 317-7; 318-5; 332-1) and Exhibit 23 to the Parker Declaration (Dkts. 345-17; 346-24; 354-15) | | details of Apple technology that Apple has asserted as trade secrets in this litigation. Because of the nature of Apple's claims in this case, disclosure of this information would permit the public, including competitors or potential competitors, to discern Apple's trade secrets and infer facts and details about Apple's highly confidential technology. | |
| | Red- and purple-highlighted portions of Ex. 5 to this Motion. | These portions contain confidential Rivos information including technical details of Rivos' in-development SoCs, the disclosure of which would permit the public, including Rivos' competitors or potential competitors, to infer facts and details about Rivos' confidential technology.  They also contain the names of individuals who are not otherwise relevant to this case.  Rivos seeks to seal these names in the interest of privacy. | |
| Transcript excerpts from the deposition of Deepak Limaye, a Proposed | Blue- and purple-highlighted portions of Ex. 6 to this | These portions contain confidential Apple information that | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Defendant, taken in this action on July 12, 2023<br><br>Previously filed as Exhibit E to the Angueira Declaration (Dkts. 297-7; 298-16; 317-8; 318-6; 332-2), and Exhibit 17 to the Parker Declaration (Dkts. 345-11; 346-18; 354-10) | Motion, except as specified in the next row. | originated from Apple and includes technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Because of the nature of Apple's claims in this case, disclosure of this information would permit the public, including competitors or potential competitors, to discern Apple's trade secrets and infer facts and details about Apple's highly confidential technology. | |
| | Blue-highlighted portions at page 57, lines 23-25 of Ex. 6 to this Motion. | These portions name an individual whose identity is not otherwise related to this case.  Apple seeks to seal this individual's name in the interest of privacy. | |
| | Red- and purple-highlighted portions of Ex. 6 to this Motion. | These portions contain confidential Rivos information including technical details of Rivos' in-development SoCs, the disclosure of which would permit the public, including Rivos' competitors or potential competitors, to infer facts and details about Rivos' confidential technology.  They also | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| | | contain the names of individuals who are not otherwise relevant to this case. Rivos seeks to seal these names in the interest of privacy. | |
| Defendant and Counterclaim Plaintiffs' Opposition to Apple's Motion to Amend Case Schedule and Complaint (previously filed at Dkts. 345-2; 350; 351; 354-1) | Blue-highlighted portions of Ex. 7 to this Motion. | These portions contain confidential Apple information including technical details of Apple technology that Apple has asserted as trade secrets in this litigation.  It also includes discussion of selective portions of public documents that are informed by Defendants' counsel's access to Apple's highly confidential information under the Protective Order in this case, from which, in the context in which they are discussed in the Opposition, competitors could infer facts and details about Apple's trade secrets, designs, and other highly confidential technology.  Public disclosure of this information would cause harm to Apple. | |
| Apple's Third Updated Trade Secret Disclosure for Discovery served on Sept. 1, 2023 | Blue-highlighted portions of Ex. 8 to this Motion. | These portions contain confidential Apple information including technical details of | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Previously filed as Exhibit 1 to the Parker Declaration (Dkts. 345-3; 346-2; 354-2) | | Apple technology that Apple has asserted as trade secrets in this litigation. Public disclosure of this information would cause harm to Apple. | |
| Apple's Sixth Updated Trade Secret Disclosure for Discovery served on Oct. 20, 2023<br><br>Previously filed as Exhibit 2 to the Parker Declaration (Dkts. 345-4; 346-3; 354-3) | Blue-highlighted portions of Ex. 9 to this Motion. | These portions contain confidential Apple information including technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Public disclosure of this information would cause harm to Apple. | |
| Transcript excerpts from the deposition of David Williamson, taken in this action on Nov. 8, 2023<br><br>Previously filed as Exhibit 3 to the Parker Declaration (Dkts. 345-5; 346-4; 354-4) | Blue-highlighted portions of Ex. 10 to this Motion. | These portions contain confidential Apple information including technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Public disclosure of this information would cause harm to Apple. | |
| Transcript excerpts from the deposition of Stephan Meier, taken in this action on Nov. 17, 2023<br><br>Previously filed as Exhibit 6 to the Parker Declaration (Dkts. 345-6; 346-7; 354-5) | Blue-highlighted portions of Ex. 11 to this Motion. | These portions contain confidential Apple information about the technical details of Apple technology that Apple has asserted as trade secrets in this litigation, as well as confidential information about Apple's designs development of its | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| | | SoCs, including contents of design documents and internal nomenclature. It also includes discussion of selective portions of public documents that are informed by Defendants' counsel's access to Apple's highly confidential information under the Protective Order in this case, and from which, in the context in which they are discussed in the deposition transcript, competitors could infer facts and details about Apple's trade secrets, designs, and other highly confidential technology. Public disclosure of this information would cause harm to Apple. | |
| Transcript excerpts from the deposition of Muawya Al-Otoom, taken in this action on Oct. 5, 2023

Previously filed as Exhibit 13 to the Parker Declaration (Dkts. 345-7; 346-14; 354-6) | Blue-highlighted portions of Ex. 12 to this Motion. | These portions contain confidential Apple information about the technical details of Apple technology that Apple has asserted as trade secrets in this litigation, as well as confidential information about Apple's designs development of its SoCs, including contents of design | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| | | documents and internal nomenclature. Public disclosure of this information would cause harm to Apple. | |
| Apple's Fifth Updated Trade Secret Disclosure for Discovery served on Oct. 18, 2023<br><br>Previously filed as Exhibit 14 to the Parker Declaration (Dkts. 345-8; 346-15; 354-7) | Blue-highlighted portions of Ex. 13 to this Motion. | These portions contain confidential Apple information including technical details of Apple technology that Apple has asserted as trade secrets in this litigation. Public disclosure of this information would cause harm to Apple. | |
| Transcript excerpts from the deposition of Jean-Didier Allegrucci, taken in this action on Nov. 14, 2023<br><br>Exhibit 15 to the Parker Declaration (Dkts. 345-9; 346-16; 354-8) | Blue-highlighted portions of Ex. 14 to this Motion. | These portions contain confidential Apple information about the technical details of Apple technology that Apple has asserted as trade secrets in this litigation, as well as confidential information about Apple's designs development of its SoCs. Public disclosure of this information would cause harm to Apple. | |
| APL-RIVOS_00008905—APL-RIVOS_00008906, previously filed as Exhibit 16 to the Parker Declaration (Dkts. 345-10; 346-17; 354-9) | Blue-highlighted portions of Ex. 15 to this Motion. | These portions contain information about the confidential operations of Apple's business, including its internal organization and staffing decisions. Public disclosure of this information would | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| | | cause competitive harm to Apple. | |
| APL-RIVOS_00009348—APL-RIVOS_00009350, previously filed as Exhibit 19 to the Parker Declaration (Dkts. 345-13; 346-20; 354-11) | Blue-highlighted portions of Ex. 16 to this Motion. | These portions contain information about the confidential operations of Apple's business, including its internal organization and staffing decisions, as well as internal nomenclature for SoCs. Public disclosure of this information would cause competitive harm to Apple. These portions also name individuals whose identities are not otherwise related to this case. Apple seeks to seal their names in the interest of privacy. | |
| APL-RIVOS_00508337—APL-RIVOS_00508338, previously filed as Exhibit 25 to the Parker Declaration (Dkts. 345-19; 346-26; 354-17) | Blue-highlighted portions of Ex. 17 to this Motion. | These portions name individuals whose identities are not otherwise related to this case, or personal financial information. Apple seeks to seal this information in the interest of privacy. | |
| Exhibit A to the Declaration of Mary Prendergast in Support of Apple's Reply: email chain including an email from Defendants' counsel Vicki Parker to Apple counsel Meredith | Blue-highlighted portions of Ex. 18 to this Motion. | These portions discuss aspects of Apple technology that Apple has asserted as trade secrets in this litigation. Using the context under which this information is | |

| Document | Portion(s) to Seal | Basis for Sealing | Previous Court Action |
|---|---|---|---|
| Angueira dated October 5, 2023 (Dkts. 359-3; 360-1; 361-2) | | discussed in both the Reply and the Opposition brief to which the Reply responds, competitors could infer facts and details about Apple's trade secrets, designs, and other highly confidential technology.  Public disclosure of this information would harm Apple. | |

**Apple's Statement**

Good cause exists to warrant sealing the information summarized in the table above.

The Court has already granted Apple's motion to seal the highlighted portions of the Fourth Amended Complaint and Redline, attached to this motion as Exhibits 1 and 2.  *See* Dkt. 292 (granting the motion to seal as to all requested portions except the information in paragraph 181 of Third Amended Complaint and corresponding paragraph of redline, for which Apple does not request sealing herein); *see also* Dkt. 254 (previous motion to seal), 254-3 (Third Amended Complaint), 254-4 (redline of Third Amended Complaint against Second Amended Complaint).

As set forth in Apple's previously granted sealing request (*see* Dkt. 254), the highlighted portions reflect technical details of Apple's business, including confidential file names, document excerpts, descriptions of source code, and other information that relates to proprietary technology Apple has asserted in this case as trade secrets.  They also include details about the internal operations, structure, and workflow of Apple's business, including internal project code names. As explained in the Malloy Declaration, if made public, this information would harm Apple's competitive standing by revealing details regarding its proprietary projects.  *See, e.g.*, *Bofi Fed. Bank v. Erhart*, No. 15-cv-02353-BAS, 2016 WL 4595536, at *2-3 (S.D. Cal. June 22, 2016) (granting motion to seal declaration containing file names which revealed confidential information

regarding business operations and movant's technology infrastructure); *see also, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) (granting motion to seal sensitive materials relating to how Google technology operates); *Transperfect Global, Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations and technology).  Such information warrants sealing.

Exhibits 3-6, 10-12, and 14 are excerpts of deposition testimony from former Apple employees who now work at Rivos and current Apple employees.  This testimony discusses confidential aspects of Apple technology that Apple claims and asserts as trade secrets in this case. Disclosure of this information, along with the information in Apple's Trade Secret Disclosures (Exhibits 8, 9, and 13) would allow the public, including competitors or potential competitors, to gain insight into the highly sensitive operation of Apple's SoCs and to learn some of the very trade secrets that Apple has brought this suit to protect.  Compelling reasons thus exist to seal this information.  *See, e.g., In re Google*, 2013 WL 5366963.

Defendants' Opposition brief (Exhibit 7), as well as Exhibit 11, additionally include discussion of selective portions of public documents that are informed by Defendants' counsel's access to Apple's highly confidential information under the Protective Order in this case, from which, in the context in which they are discussed in the proposed redactions, competitors could infer facts and details about Apple's trade secrets, designs, and other highly confidential technology. The blue-highlighted portions of Exhibit 18 also contain information that, in the context of the Reply brief and the Opposition to which it responds (Dkt. 345-2), would reveal details of and insights into Apple trade secrets relating to the designs and development of its SoCs. (*See* Dkt. 354 (Declaration of Stephen Liu in Support of Defendants and Counterclaim Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed) at 4-5.) If made public, the information disclosed in the opposition brief and these exhibits would harm Apple's competitive standing by revealing detail regarding its trade secrets and proprietary projects. Such information warrants sealing. *See, e.g.*, *Bofi,* 2016 WL 4595536 at *2-3 (S.D. Cal. June 22, 2016) (granting motion to seal declaration containing file names which revealed

confidential information regarding business operations and movant's technology infrastructure); *see also, e.g.*, *In re Google*, 2013 WL 5366963 (granting motion to seal sensitive materials relating to how Google technology operates); *Transperfect*, 2013 WL 209678 (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations and technology).

Exhibits 15 and 16 also contain details about internal Apple business operations such as internal strategies related to staffing, that, if revealed, would harm Apple's competitive standing. *See Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-2549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain . . . development or commercial information, or if disclosure of the information might harm a litigant's competitive standing") (citation omitted); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 12789020, at *1 (N.D. Cal. Aug. 8, 2014) (granting motion to seal information that poses a substantial risk of negatively impacting relationships and competitive interests); *Transperfect,* 2013 WL 209678 (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations and technology).

Apple additionally seeks to seal portions of Exhibits 6, 16, and 17 to protect the names and other personally identifying information, including financial information, of individuals not related to this case. These individuals include former and current Apple employees who are not Apple officers or directors. Thus, the "public interest in" the identities of this employee "is minimal" and redactions that protect the individual's "compelling interest in their privacy, outweigh[s] the public's interest in knowing this particular information, [and] are narrowly tailored" justify sealing. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015); *see also In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *7 (N.D. Cal. Jan. 24, 2017) (finding good cause to seal "the names of Rocket Fuel employees who are not officers, directors, or named defendants in this matter").

**Defendants' Statement**

Good cause exists to warrant sealing the red and purple highlighted information highlighted in Exhibits 3-6 and summarized in the table above.

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents" and "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The Ninth Circuit has confirmed that "ordinarily a party must show 'compelling reasons' to keep a court document under seal." *Id.* at 1095. The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks and citations omitted). Quoting the Supreme Court's decision in *Nixon v. Warner Communications*, however, the court has noted that examples of what might constitute a compelling reason include "'sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting 435 U.S. 589, 598-99 (1978)). Furthermore, "[r]ecords attached to non-dispositive motions are not subject to the strong presumption of access." *See Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621- WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Rather, non-dispositive motions are subject to the lesser "good cause" standard, which "requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

The motion in connection with which these documents was a non-dispositive motion, and the confidential information sought to be sealed meets the good cause standard. As explained in the accompanying Parker Declaration, the confidential information that Rivos seeks to redact should be sealed under either the good cause or compelling reasons standard because it is narrowly tailored and comprises sensitive business and technical information of Rivos' unreleased product. Disclosure of the commercially sensitive information in the portions of the exhibits identified above could cause harm to the commercial interests of Rivos. Rivos would not generally share this

-15-   Case No. 5:22-cv-02637-PCP
JOINT ADMIN. MTN. TO FILE UNDER SEAL

business information publicly, and if such information were made public, Rivos' competitors would gain access to the details of its technical implementations and its development methodologies, which could harm Rivos' competitive standing.

Rivos also seeks to seal the personal identifying information of certain non-party individual employees of Rivos who are not otherwise implicated in this lawsuit. Disclosure of this identifying information would implicate those individuals' privacy rights, bring harm to their reputation, and harm Rivos' interest in the privacy of its affiliates or former affiliates. For these reasons, Courts of this district routinely seal this sort of information under either the compelling reasons or the good cause standard. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) (collecting cases).

Accordingly, the Parties respectfully request that this Court order that the foregoing portions of documents be filed under seal.

| | | |
|---|---|---|
| 1 | DATED: January 11, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Bryan Wilson |
| 4 | | |
| 5 | | Bryan Wilson<br>BWilson@mofo.com |
| 6 | | Kenneth A. Kuwayti<br>KKuwayti@mofo.com |
| | | Morrison & Foerster LLP |
| 7 | | 755 Page Mill Road<br>Palo Alto, California 94304-1018 |
| 8 | | Telephone: 650-813-5600<br>Fax: 650-494-0792 |
| 9 | | |
| 10 | | Arturo J. Gonzalez<br>AGonzalez@mofo.com |
| 11 | | Meredith L. Angueira<br>MAngueira@mofo.com |
| | | Morrison & Foerster LLP |
| 12 | | 425 Market Street<br>San Francisco, California 94105-2482 |
| 13 | | Telephone: 415-268-7000<br>Fax: 415-268-7522 |
| 14 | | |
| 15 | | Mary Prendergast<br>MPrendergast@mofo.com |
| 16 | | Morrison & Foerster LLP<br>2100 L Street, NW, Suite 900 |
| | | Washington, District of Columbia 20037 |
| 17 | | Telephone: 202-887-1500<br>Fax: 202-887-0763 |
| 18 | | |
| 19 | | Attorneys for Plaintiff and Counterclaim Defendant<br>Apple Inc. |

| | | |
|---|---|---|
| DATED: | January 11, 2024 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By: */s/ Vicki Parker*

David Eiseman
davideiseman@quinnemanuel.com
Victoria Parker
vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: 415-875-6600
Fax: 415-875-6700

Ryan Landes
ryanlandes@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: 213-443-3000
Fax: 213-443-3100

Attorneys for Defendants and Counterclaim Plaintiffs Rivos Inc., Wen Shih-Chieh a/k/a Ricky Wen, Jim Hardage, Weidong Ye, Laurent Pinot, Prabhu Rajamani and Kai Wang

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories listed above.

/s/ *Bryan Wilson*
Bryan Wilson