UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| APPLE INC., | Case No. 22-cv-02637-PCP |
|---|---|
| Plaintiff, | |
| v. | **SEALING ORDER** |
| RIVOS, INC., | *Redacted for public filing.* |
| Defendant. | |

This trade secrets case is stayed while the parties pursue a potential settlement. There are several outstanding requests to seal or remove previously filed documents which the Court must resolve regardless of whether the case settles. These requests are resolved as follows.

I.   **Legal Standards**

The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this strong presumption, a party who wishes to seal a court record must generally "articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana,* 447 F.3d at 1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements,

or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–9.

Although the "compelling reasons" standard presumptively applies to requests to seal, a lower "good cause" standard applies to discovery material included with motions that are only "tangentially related to the underlying cause of action." *Auto Safety*, 809 F.3d. at 1099. This is the same standard that governs protective orders under Federal Rule of Civil Procedure 26(c).

Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

## II. Motions to Seal

There are several pending sealing motions in this case. The relevant documents were filed in conjunction with (A) Rivos's amended counterclaims, (B) Rivos's opposition to Apple's motion to dismiss those counterclaims, (C) Apple's reply in support of its motion to dismiss the counterclaims, and (D) Apple's motion to amend the case schedule. They are resolved as follows.

### A. Amended Counterclaims (Dkt. Nos. 319, 330)

Rivos asked to seal information designated by Apple as confidential in Rivos's amended counterclaims and the corresponding redline between the amended and original counterclaims. Dkt. No. 319. Apple confirmed that it seeks to seal portions paragraphs 5, 43, 44, and 50 of that document on the basis that these paragraphs include information about Apple's confidential business operations and technical development, disclosure of which would cause competitive harm to Apple. Dkt. No. 330. Apple's basis for sealing the marked portions of these paragraphs is that they "contain technical details of Apple's business, including details about the internal operations, structure, and workflow of Apple's business," and that if published, "this information would harm Apple's competitive standing by revealing details regarding Apple's business considerations, decisions, and internal operations." Dkt. No. 330, at 2.

1    Apple has not justified sealing the marked portions of Rivos's amended counterclaims.
2    Here, the compelling reasons standard applies. Pleadings like complaints and counterclaims "are
3    clearly closely connected to the underlying cause of action." *See Kawasaki Jukogyo Kabushiki*
4    *Kaisha v. Rorze Corp.*, No. 22-CV-04947-PCP, 2023 WL 7420590, at *1 (N.D. Cal. Oct. 25,
5    2023). While the information at issue in Paragraphs 5, 43, 44, and 50 may indeed be non-public,
6    that alone is not compelling enough to justify sealing it. The material at issue all appears to discuss
7    run-of-the-mill business considerations such as employee pay, the titles of monthly reports, and
8    high-level discussion of the differences between Apple and its potential competitors. Apple has
9    not identified any specific injury that would result from this information being available to the
10   public. Indeed, Apple's arguments in favor of sealing are generic enough that they could plausibly
11   apply to almost any non-public information. Cookie-cutter contentions of competitive harm are
12   not the sort of "specific statement" the local rules require in order to meet the "stringent" standard
13   for sealing. The motion to seal the marked portions of Rivos's amended counterclaims (and the
14   corresponding redline document) is therefore denied.

### B. Opposition to Motion to Dismiss (Dkt. No. 362)

16   Rivos asked to seal information designated by Apple as confidential in Rivos' opposition
17   to Apple's motion to dismiss Rivos' amended counterclaims. Apple did not file a statement within
18   seven days of this motion indicating whether it sought to seal any of this material and the bases for
19   doing so as required under Local Rule 79-5(f). This sealing request is therefore denied.

### C. Reply in Support of Motion to Dismiss (Dkt. No. 369)

21   Apple requested to seal information designated by Rivos as confidential in Apple's reply in
22   support of its motion to dismiss Rivos' counterclaims. Rivos did not file a statement within seven
23   days of this motion indicating whether it sought to seal any of this material and the bases for doing
24   so as required under Local Rule 79-5(f). This sealing request is also therefore denied.

### D. Motion to Amend Case Schedule and Related Briefing (Dkt. No. 389)

26   Finally, there are pending requests to seal portions of eighteen different documents filed in
27   conjunction with Apple's motion to amend the case schedule. An initial question is what standard
28   governs these requests. Apple and Rivos both contend that the "good cause" standard applies.

Rivos specifically states that Apple's motion to amend the case schedule is a non-dispositive motion, meaning the good cause rather than compelling reasons standard applies. *See* Dkt. No. 389, at 16. But the Ninth Circuit has explained that whether or not a particular motion is "dispositive" does not determine mechanically which sealing standard applies:

> Although the apparent simplicity of the … binary approach is appealing, we do not read our case law to support such a limited reading of public access. Most litigation in a case is not literally "dispositive," but nevertheless involves important issues and information to which our case law demands the public should have access. To only apply the compelling reasons test to the narrow category of "dispositive motions" goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events. Such a reading also contradicts our precedent, which presumes that the compelling reasons standard applies to *most* judicial records.

*Auto Safety*, 809 F.3d at 1098 (cleaned up). In short, the question is not whether a particular motion is dispositive, but rather, "whether the motion at issue is more than tangentially related to the underlying cause of action," i.e., "to the merits of a case." *Id.* at 1099, 1101.

      Here, Apple's motion to amend the case schedule is more than tangentially related to the merits of this case. Although styled as a "case schedule" motion, Apple's request was more than a routine matter of scheduling. Instead, the central purpose of Apple's motion was for Apple to be allowed to file an amended complaint—clearly a pleading central to the merits. The ensuing fight over pleadings and parties was similarly central. Of course, this dispute will not be resolved by the Court in the event the parties agree to settle. But any case always has at least the potential to settle; whether a motion and accompanying discovery information are more than tangentially related to the merits must be considered from the perspective of the time at which the request to seal was made. Courts are a public resource. Public access promotes "the public's understanding of the judicial process and of significant public events"—processes and events that are broader than just judges' ultimate decisionmaking. *Valley Broad. Co. v. U.S. Dist. Ct. for D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986). That the judicial process and the public resources that support it can sometimes lead to settlement rather than a dispositive decision by a judge or verdict by a jury does not undermine the public interest in access to and understanding of that entire process.

4

Accordingly, the materials filed in conjunction with Apple's motion may only be sealed for compelling reasons. With this standard in mind, the individual sealing requests are addressed in turn below.

### 1. Granted: Apple's Proposed Fourth Amended Complaint

Apple seeks to seal portions of its proposed fourth amended complaint. The Court previously permitted sealing of the proposed portions as included in previous complaints. The sealing request for this document is therefore granted.

### 2. Granted: Redline of Apple's Proposed Fourth Amended Complaint against Apple's Third Amended Complaint

Apple seeks to seal the same material in the redline version of its proposed fourth amended complaint—material which the Court already permitted to be sealed. This request is also granted.

### 3. Granted: Transcript excerpts from the deposition of Chih-Chieh Lee, a Proposed Defendant, taken in this action on Oct. 3, 2023

Apple seeks to seal portions of this deposition transcript which it says include technical details of technology that Apple has asserted as trade secrets in this case. Rivos seeks to seal different portions for similar reasons. Upon review, there are compelling reasons to seal this technical information and both parties' requests are granted.

### 4. Granted: Transcript excerpts from the deposition of Ryan Meek, taken in this action on Sept. 26, 2023

Both parties seek to seal portions of this deposition transcript for similar reasons. There are compelling reasons for doing so and both parties' requests are therefore granted.

### 5. Granted: Transcript excerpts from the deposition of Mahesh Reddy, a Proposed Defendant, taken in this action on Sept. 27, 2023

Both parties seek to seal portions of this deposition transcript for similar reasons. Rivos seeks to seal the names of individuals not otherwise relevant to this case to protect their privacy. There are compelling reasons for sealing this information. Both parties' requests are granted.

**6.   Granted: Transcript excerpts from the deposition of Deepak Limaye, a Proposed Defendant, taken in this action on July 12, 2023**

Both parties seek to seal portions of this deposition transcript to protect information they say includes trade secrets or names individuals not otherwise relevant to this litigation. These requests are granted for the same reasons previously discussed.

**7.   Granted in Part: Defendant and Counterclaim Plaintiffs' Opposition to Apple's Motion to Amend Case Schedule and Complaint**

Apple seeks to seal portions of Rivos's opposition to its case schedule motion. Apple argues that these portions contain technical details of Apple technology asserted as a trade secret, as well as discussion of public documents informed by defendants' access to Apple's confidential information which could allow readers to infer details about Apple's trade secrets, both of which could harm Apple if publicly disclosed. These requests are resolved as follows (citations are to ECF-generated page and line numbers on Dkt. No. 389-10):

- 11:10–11        Granted. This refers to an asserted trade secret.
- 11:12–13        Granted only as to the term ▆▆▆▆ but otherwise denied.
- 11:15              Granted only as to the term ▆▆▆▆▆▆▆▆
- 11:16–12:14   Granted only as to the narrower teal highlights but not the broader light blue highlights. While this paragraph discusses technology asserted as a trade secret, the potential that citation to open-source GitHub content and U.S. patents might lead to inferences about how Apple's technology works does not provide a compelling reason for sealing references to these clearly public documents.
- 12:15–26       Granted. These portions reference technology asserted as a trade secret.
- 12:28–13:5    Granted for 12:28–13:1. These portions reference technology asserted as a trade secret. Denied for lines 13:2–5, except for the term ▆▆▆ and the name of the third-party vendor.

- 13:11–14;      Denied except as to the term ▮▮▮▮▮▮▮ in lines 15:13 and
  14:11;         15:15 and ▮▮▮▮ in line 15:16. Except for the reference to this
  15:3–16        term, these portions do not discuss details of Apple technology but
                 instead refer to Apple's practices with respect to its employees. Apple
                 has provided no basis for sealing this information.

- 21:24–24:3    Granted as to narrower teal highlights, which refer to technology
                asserted as a trade secret, but not as to broader light blue highlights.

**8. Granted: Apple's Third Updated Trade Secret Disclosure for Discovery served on Sept. 1, 2023**

Apple seeks to seal portions of its Third Updated Trade Secret Disclosure for Discovery, arguing that the highlighted portions discuss technical details of technology Apple has asserted as a trade secret and that public disclosure would harm Apple. Because the portions of this document proposed to be sealed directly discuss technology asserted as a trade secret, there are compelling reasons for sealing it and Apple's request is granted.

**9. Granted: Apple's Sixth Updated Trade Secret Disclosure for Discovery served on Oct. 20, 2023**

Apple similarly seeks to seal portions of its Sixth Updated Trade Secret Disclosure for Discovery. This request is granted for the same reasons.

**10. Granted: Transcript excerpts from the deposition of David Williamson, taken in this action on Nov. 8, 2023**

Apple seeks to seal portions of a deposition transcript which refer to technology asserted as a trade secret, disclosure of which Apple says would cause it harm. These narrow requests meet the compelling reasons standard and are therefore granted.

**11. Granted in part: Transcript excerpts from the deposition of Stephan Meier, taken in this action on Nov. 17, 2023**

Apple seeks to seal portions of this deposition transcript on the basis that it discusses technical details of trade secret technology, confidential information about Apple's designs and development of its system-on-a-chip, as well as portions of public documents informed by

7

defendants' access to confidential information which, in context, could allow inference of trade secrets. These requests are resolved as follows (citations are to Dkt. No. 389-14) :

- 3:23–25         Denied. This portion is basic discussion of a public document.
- 4:9–13          Denied for the same reason.
- 5:1–10          Denied. This portion quotes directly from a public patent.
- 5:13–15, 21     Denied. This portion discusses the public patent.
- 6:1–25          Denied for the same reason.
- 7:1–10          Denied. This portion quotes directly from a patent.
- 7:13–8:25       Denied. This portion discusses the patent.
- 9:1–21          Denied for the same reason.
- 10:1–14:25      Granted. This portion discusses technology asserted as trade secret.
- 15:2–25         Granted for the same reason.
- 16:14–23        Denied. This portion quotes directly from a patent.
- 17:1–25         Granted. This portion discussed technology asserted as trade secret and characterizes but does not quote the patent being discussed.
- 18:19–19:4; 19:16–20    Denied. This portion quotes directly from a patent.
- 19:7–11, 23–24  Granted. This portion characterizes but does not quote the patent.

**12.     Granted: Transcript excerpts from the deposition of Muawya Al-Otoom, taken in this action on Oct. 5, 2023**

Apple seeks to seal portions of this transcript on the basis that it discusses trade secret technology and confidential details about Apple's design and development of its technology. This request meets the compelling reasons standard and is granted.

**13.     Granted: Apple's Fifth Updated Trade Secret Disclosure for Discovery served on Oct. 18, 2023**

Apple seeks to seal portions of its Fifth Updated Trade Secret Disclosure for Discovery for similar reasons as for the Third and Sixth disclosures. This request is also granted.

8

### 14. Granted: Transcript excerpts from the deposition of Jean-Didier Allegrucci, taken in this action on Nov. 14, 2023

Apple seeks to seal portions of this transcript on the basis that it discusses trade secret technology and confidential details about Apple's design and development of its technology. This request meets the compelling reasons standard and is granted.

### 15. Granted in part: APL-RIVOS_00008905–06

Apple seeks to seal portions of this email thread, arguing that it includes information about confidential business operations and staffing decisions. This request is granted only as to the individual's name and the name of the former employer.

### 16. Granted in part: APL-RIVOS_00009348–50

Apple seeks to seal portions of this email thread, arguing that it includes information about confidential business operations and staffing decisions as well as internal nomenclature for its technology, and names of individuals not otherwise relevant to this case. This request is granted as to the names of individuals and the references to specific teams products in the last highlighted portion on page 4 of Dkt. No. 389-14, but otherwise denied.

### 17. Granted: APL-RIVOS_00508337–38

Apple seeks to seal portions of this email thread on the basis that it names individuals not otherwise relevant to this case, as well as personal financial information. This request is granted.

### 18. Granted: Exhibit A to the Declaration of Mary Prendergast in Support of Apple's Reply: email chain including an email from Defendants' counsel Vicki Parker to Apple counsel Meredith Angueira dated October 5, 2023

Finally, Apple seeks to seal portions of this email exchange between counsel on the basis that it discusses technology asserted as a trade secret. This request is granted.

### III. Motion to Remove Incorrectly Filed Document (Dkt. No. 352)

On November 22, 2023, Defendants filed an opposition to Apple's case schedule motion, Dkt. No. 346. After that brief was filed, Apple notified defendants that the brief contained information Apple claimed as confidential. Defendants subsequently refiled a version of the brief redacted accordingly, Dkt. No. 351. Defendants requested that the originally filed document be

removed from the public docket (the document has been locked while this request has been pending). This request is granted; the Clerk is directed to remove Dkt. No. 346.

### IV. Conclusion

The motions to seal are resolved as set forth above. For the sealing requests denied on the basis that the requesting party had not adequately justified sealing, the requesting party may file a renewed motion to seal accompanied by an updated declaration by March 8, 2024. The stay in this action is lifted in part for the limited purpose of allowing parties to file such renewed motions. The parties shall file each of the documents discussed above on the public docket, with only those redactions permitted in this order, by March 22, 2024, unless the document at issue is the subject of a renewed motion to seal filed on or before March 8, 2024.

The motion to remove the incorrectly filed brief is granted. Dkt. No. 346 will be removed.

**IT IS SO ORDERED.**

Dated: February 23, 2024

P. Casey Pitts
United States District Judge