UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIVOS, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-02637-PCP<br><br>**ORDER ON RENEWED MOTION TO SEAL**<br><br>Re: Dkt. No. 396 |

The Court recently resolved several sealing requests in this case. Dkt. No. 395, 2024 WL 748394. As relevant here, that order denied requests to seal portions of several documents which contain material Apple had argued should be sealed, concluding that Apple had not adequately shown compelling reasons to seal the material. The Court allowed Apple to file a renewed sealing motion accompanied by an updated declaration providing compelling reasons to seal any material for which its initial request had been denied. Apple then did so.

Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result. Apple's renewed motion and the accompanying declaration now provide the level of specificity the local rules require.

Apple's four requests are resolved as follows:

**Rivos's Brief (Dkt. No. 389-10) and Meier Deposition (Dkt. No. 389-14):** Apple first seeks to seal portions of Rivos's opposition brief and testimony filed in support of that brief. The portions at issue quote from or refer to patents and other public documents. Some of Apple's requests involve mere citations to various patents. Others involve an Apple employee being asked to read claim language. The portions that do not involve patents involve other public websites and

1  documents. Apple does not and cannot argue that this information is not already public. Instead,
2  Apple asks the Court to protect it from inferences an astute reader might draw from the discussion
3  of this admittedly public information. But Apple has cited no authority holding that courts can seal
4  already-public material because those who review it might glean additional information from its
5  context. To the contrary, under the "stringent" compelling reasons standard, a "court may seal
6  records only when it finds a compelling reason …, without relying on hypothesis or conjecture."
7  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). That
8  observers hypothetically could draw inferences from the questions asked at a deposition cannot,
9  without more, overcome the presumption of public access to court records. Apple's request to seal
10 these documents is therefore denied.

11 **Internal Email (Dkt. No. 389-19):** Apple seeks to seal references to two internal product
12 codenames in an email Rivos attached to one of its briefs. The Court previously granted Apple's
13 request to seal these codenames in another document. This request is similarly granted.

14 **Amended Counterclaims (Dkt. No. 319-2):** Apple seeks to seal portions of this complaint
15 that allege details of Apple's salary and compensation practices. Apple asserts that disclosure of
16 this information "could cause competitive harm to Apple, for example by allowing competitors to
17 leverage the information to gain an advantage over Apple in the hiring market."

18 Information concerning "recruiting strategies, policies, and procedures" may in certain
19 cases be sealable, at least under the good cause standard. *See, e.g.*, *In re High-Tech Employee*
20 *Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013). But
21 here, the higher compelling reasons standard applies. And the material Apple seeks to seal does
22 not discuss the kind of personnel "strategies, policies, and procedures" that could arguably
23 constitute a trade secret. The material does not even disclose any actual amounts of compensation.
24 Instead, it simply refers to Apple's compensation of its engineers in extremely general and relative
25 terms. The harm Apple speculates could result from disclosure of this non-specific discussion of
26 compensation seems marginal at best. And in any case, disclosing details regarding employee
27 compensation will seldom constitute a trade secret. *See* Restatement (First) of Torts § 757 (1939)
28 ("A trade secret … is not simply information as to single or ephemeral events in the conduct of the

2

business, as, for example, … the salary of certain employees."). Far from harming employers' *ability* to compete, disclosure of that information will often *require* them to compete more vigorously. Protecting an employer from price competition for employees is contrary to public policy and not a compelling reason for sealing presumptively-public documents. Apple's request to seal this information is therefore denied.

**Meier Declaration (Dkt. No. 396-1):** Apple seeks to seal portions of this declaration, which was filed in support of this renewed sealing motion. This motion is detached from the merits of the case and so not subject to the compelling reasons standard. Apple's request to seal portions of this declaration is granted.

\* \* \*

By March 29, 2024, the parties shall file on the public docket copies of each of these documents with only the redactions permitted by this order and this Court's prior sealing orders.

**IT IS SO ORDERED.**

Dated: March 21, 2024

P. Casey Pitts
United States District Judge