BRYAN WILSON (CA SBN 138842)
BWilson@mofo.com
KENNETH A. KUWAYTI (CA SBN 145384)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Tel: 650.813.5600 | Fax: 650.494.0792

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
BONNIE LAU (CA SBN 246188)
BLau@mofo.com
MARGARET A. WEBB (CA SBN 319269)
MWebb@mofo.com
MEREDITH L. ANGUEIRA (CA SBN 333222)
MAngueira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Tel: 415.268.7000 | Fax: 415.268.7522

MARY PRENDERGAST (CA SBN 272737)
MPrendergast@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, District of Columbia 20037
Tel: 202.887.1500 | Fax: 202.887.0763

Attorneys for Plaintiff and Counterclaim Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG, <br><br> Defendants. | Case No. 5:22-cv-02637-PCP <br><br> **DECLARATION OF STEPHAN MEIER IN SUPPORT OF APPLE INC.'S RENEWED MOTION TO SEAL** <br><br> Ctrm:   8 <br> Judge:   Hon. P. Casey Pitts <br><br> Action Filed:  April 29, 2022 |
| RIVOS INC., WEN SHIH-CHIEH a/k/a RICKY WEN, JIM HARDAGE, WEIDONG YE, LAURENT PINOT, PRABHU RAJAMANI, AND KAI WANG, <br><br> Counterclaim Plaintiffs. <br><br> vs. <br><br> APPLE INC., <br><br> Counterclaim Defendant, | |

I, Stephan Meier, declare as follows:

1. I am a Platform Architect at Apple Inc. I have personal knowledge of the matters set forth herein and, if called to testify, could and would testify competently thereto. I was the engineer at Apple primarily responsible for developing ▬▬▬ in Apple's high-performance CPU cores. I submit this declaration in support of Apple's Renewed Motion to Seal.

2. ▬▬▬ are hugely important to CPU performance because they help ensure that the CPU ▬▬▬. While many CPU components have fairly standardized designs, that is not the case with ▬▬▬. Dozens of different ▬▬▬ have been reported in the academic literature. There is no consensus as to which ▬▬▬ is best for use in a high-performance commercial chip. One big reason for that is that accurately evaluating the performance of a certain ▬▬▬ requires optimizing that ▬▬▬, which takes months or years. The same ▬▬▬ may provide inferior performance as presented in the academic literature yet superior performance when optimized and customized for a commercial chip. Thus, the processes of selecting a ▬▬▬ and refining it are intertwined.



3. When I began working on Apple's ▬▬▬ in the 2011 – 2012 timeframe, Apple was ▬▬▬ I began exploring new ▬▬▬. When I started, I did not know whether other ▬▬▬ would perform better ▬▬▬, much less that we would ultimately ▬▬▬. During chip development, we often find that our ideas are less successful than we hoped, or we come up with better ideas that supplant the original ones. Along the way, we invent several technologies that we do not end up using. That is why one cannot ascertain Apple's chip designs by reading Apple's patents.



4. Deciding upon the ▬▬▬ took years of work. It was not a simple matter of simulating publicly known ▬▬▬ and choosing the one with the best results. Had we done that, we would have reached a different result. Our knowledge that our ▬▬▬

1  design provides state-of-the-art performance comes from optimizing it well beyond any public
2  literature and performing thousands of simulations.
3       5.    For the foregoing reasons, the design of Apple's ▮▮▮▮▮ is a closely
4  guarded secret that Apple values highly.  It is an important reason why Apple's chips perform
5  better than its competitors' chips.
6       6.    I have reviewed the red-underlined text in Exhibits A and B to Apple's motion.
7  Given that Rivos' arguments in Exhibit A and my deposition testimony in Exhibit B occurred in
8  the context of Apple's trade secret case against Rivos, I believe that Apple's competitors could
9  deduce the ▮▮▮▮▮ that Apple uses from reading the red-underlined text.  Upon
10 disclosure of that information, Apple's competitors would instantly know what it took years of
11 work and substantial resources for us to discover and develop—that the ▮▮▮▮▮
12 can yield state-of-the-art performance.

14      I declare under penalty of perjury that the foregoing is true and correct.  Executed at Santa
15 Clara, California on this 8th day of March 2024.

*(signed)* Stephan Meier

## ATTESTATION OF CONCURRENCE

I, Bryan Wilson, am the ECF User whose ID and password are being used to file this Declaration. In compliance with Local Rule 5-1(h)(3), I hereby attest that Stephan Meier has concurred in this filing.

Dated: March 8, 2024

/s/ Bryan Wilson
Bryan Wilson